

Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
Craig C. Marchiando (SBN 283829)
**CADDELL & CHAPMAN**
1331 Lamar, Suite 1070
Houston TX 77010
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

Leonard A. Bennett (*pro hac vice forthcoming*)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1A
Newport News VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

James A. Francis (*pro hac vice forthcoming*)
jfrancis@consumerlawfirm.com
John Soumilas (*pro hac vice forthcoming*)
David A. Searles (*pro hac vice forthcoming*)
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **SUSAN E. MORELAND, on behalf of herself and all others similarly situated,**<br><br>　　　　Plaintiff,<br>　　vs.<br><br>**CORELOGIC, INC,**<br><br>　　　　Defendant | Case No.: **SACV13- 00470 AG (ANx)**<br><br>**COMPLAINT**<br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

1

## PRELIMINARY STATEMENT

1.　　This is a consumer class action based upon Defendant CoreLogic Inc.'s (CoreLogic) widespread violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x (FCRA). Defendant is regulated as a consumer reporting agency (CRA) under the FCRA. Defendant is also similarly regulated as a consumer credit reporting agency (CCRA) under the California Consumer Credit Reporting Agencies Act (CCRAA), CAL. CIV. CODE §§ 1785.1–1787.3.  Defendant deprives consumers of their rights under the FCRA and CCRAA first by failing to assure the accuracy of the information in a particular consumer report that it prepares—called a "Lease Decision" report—for tenant applicants such as Plaintiff. Second, Defendant also violates the Acts by making it burdensome and costly for consumers such as Plaintiff to obtain a full copy of their files free of charge, as provided for in the FCRA. The purpose of this disclosure requirement is to allow consumers like Plaintiff to dispute (and hopefully correct) any inaccurate information that Defendant has improperly placed in their files. In addition, Defendant's lax system for creating reports further violates the FCRA and CCRAA by producing results, such as the report Defendant sold about Plaintiff, that are fraught with inaccuracy.

## JURISDICTION AND VENUE

2.　　Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3.　　Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.　　4.　　Plaintiff Susan E. Moreland is an adult individual who at all times relevant hereto resided in Vista, California.

5.     Defendant CoreLogic is a consumer reporting agency that regularly conducts business in the Sothern District of California and which is headquartered in Irvine California.

## FACTUAL ALLEGATIONS

**A.     Defendant's Practices In Papering Lease Decision Reports, And Its April 4, 2012 Report About Plaintiff**

6.     Defendant is a nationwide CRA, maintaining files of most adults in the U.S.

7.     Defendant's files contain names, addresses, social security numbers, dates of birth, and other items of personal identifying information about consumers.

8.     Defendant's files also include criminal histories, eviction records, and other types of public records and information bearing upon the credit worthiness of consumers and their eligibility for apartment leases and employment.

9.     Defendant compiles its files from information derived from various public records and also from private data furnishers.

10.     From these files, Defendant sells consumer reports (sometimes commonly called "credit reports") about millions of consumers annually.

11.     Defendant is regulated by the FCRA, and its California analogue, the CCRAA.

12.     One of the consumer reports that Defendant prepares and sells about tenant applicants is called a "Lease Decision" report.

13.     Defendant's Lease Decision reports are sold by Defendant to landlords and used in connection with tenant applications to determine whether tenants are eligible to rent the apartments for which they have applied.

14.     Nevertheless, upon information and belief, Defendant does not obtain from landlords a permissible purpose certification for the limited permissible use of Lease Decision reports, as required by the FCRA. *See* 15 U.S.C. § 1681e(a).

15.     Indeed, Defendant instructs landlords *not* to use its reports directly for the purposes of making any housing decisions even though it sells such reports knowing full well that landlords will rely upon these reports in making leasing and housing decisions.

16.     The SafeRent Identify (TM) section of Defendant's Lease Decision reports specifically provides that its purpose is "residential screening."

17.     Defendant's Lease Decision reports contain several sections, including a section on any sex-offender history about the applicant, and other "multi-state" criminal history about the applicant, and a "SafeRent Identify (TM)" section, which purportedly provides information so that potential landlords can verify the true identity of a tenant applicant.

18.     The SafeRent Identify (TM) section of Defendant's Lease Decision reports typically contains dozens of records purportedly validating the true identity of the tenant applicant, including information purportedly about the applicant's name, address, social security number, date of birth, phone number, length of residency at a particular address and other information.

19.     The SafeRent Identify (TM) section of Defendant's Lease Decision reports typically contains information that does not relate to the subject of the report, but instead relates to other persons, with different names, different dates of birth, and different social security numbers than the report's subject.

20.     At the end of Defendant's Lease Decision report, Defendant provides the following "Disclaimer":

> This locator index product may be used exclusively to identify potential previous names and addresses the applicant may have used and to obtain the applicant's date of birth and verify the applicant's Social Security Number. The results of this search shall not be used directly for the purpose of making employment or housing decisions. However, the results may be used to broaden the scope of employment and housing related background checks to include additional jurisdictions and names beyond those that the applicant disclosed and to narrow the background check by including the applicant's date of birth in those cases where this

information is not obtained from the applicant.   The results of these expanded background checks may be used for making employment or housing decisions in accordance with the FCRA and applicable state and local statutes.

21.     In the case of Plaintiff, Defendant prepared a Lease Decision report on or about April 4, 2012, allegedly about Plaintiff in connection with her application to lease an apartment in San Marcos, California.

22.     Erroneously believing that its reports should "not be used directly for the purpose of making employment or housing decisions," and consistent with its regular practice, Defendant never obtained a specific FCRA permissible purpose certification from the San Marcos, California, landlord in connection with Plaintiff's application for rent, in violation of 15 U.S.C. § 1681e(a).

23.     In the April 4, 2012 Lease Decision report, Defendant identified as many as 18 *inaccurate* records purportedly showing that Plaintiff has resided at various apartments in Texas and various locations in California, where Plaintiff has never resided.

24.     In the April 4, 2012 Lease Decision report, Defendant also misidentified Plaintiff as having used several different aliases, which she has never used, including the surnames "Mortensen," "Bertoli," and "Godinez."

25.     Although Plaintiff Susan Moreland is clearly a woman, Defendant's Lease Decision report also erroneously identified her as at least two different men, one who goes by the name "Alejandro" and the other who goes by the name "Harry."

26.     Because Defendant failed to follow any procedure that assured maximum possible accuracy, as required by 15 U.S.C. § 1681e(b), Defendant mixed information in Plaintiff's report with that of several other, unrelated people.

27.     The San Marcos, California landlord, confounded by what appeared to be an infinite number of aliases and addresses that Plaintiff never disclosed (because they were not her aliases or

former addresses), could not determine whether Plaintiff was being truthful about her identity, and thus advised her that she could not rent the apartment on her own due to Defendant's Lease Decision report.

**B.      Defendant Deprives Plaintiff Of Access To Her File, Per Its Usual Burdensome And Unlawful Procedures**

28.      Plaintiff sought to learn how Defendant could have confused her with so many other people, the source of Defendant's faulty information, and also the identity of all of the end-users of Defendant's reports who may have also been provided by Defendant, or any reseller, any misleading report about Plaintiff.

29.      As is her right under both the FCRA and CCRAA, Plaintiff requested from Defendant a copy of her consumer file.

30.      Specifically, Plaintiff made her request in writing on or about October 18, 2012, a request that Defendant received on or about October 25, 2012.

31.      Plaintiff's October 18, 2012 written request properly identified Plaintiff by name, maiden name, address, complete social security number, and complete date of birth.

32.      Nevertheless, and in accordance with its usual procedures, Defendant failed to provide to Plaintiff a copy or her file, and in fact did not respond to Plaintiff at all.

33.      Frustrated, Plaintiff visited Defendant's website in an attempt to determine how she might obtain her CoreLogic file. *See* website http://www.corelogic.com.

34.      On Defendant's website, she located a document called "Consumer Disclosure Instructions" and "Consumer Disclosure Request Form." Together with the complete instructions and a statement of FCRA rights (including Plaintiff's right to obtain her file from Defendant *free of charge*), the document was 12 pages in length and complicated.

35.     Importantly, the "Consumer Disclosure Request Form" and instructions advised that in order for Plaintiff to obtain a copy of her file, supposedly free of charge, Defendant required her to (a) complete the paper request form in writing; (b) sign the form under "penalty of law;" (c) mail the form to Defendant; and, (d) provide to Defendant a photocopy of either one or two forms of identification (depending on the type of identification), such as a driver's license, government or military government issued photo ID, social security card and/or recent utility bill.

36.     To Plaintiff's knowledge, no other CRA has such a burdensome procedure for consumers to obtain a copy of their consumer files.

37.     Defendant's standardized "Consumer Disclosure Request Form" and procedure effectively deprives consumers such as Plaintiff from obtaining a copy of their files free of charge. Minimally, consumers such as Plaintiff are required to expend moneys on printing Defendant's paper forms, photocopying one or two forms of identification, and traveling to a post office and mailing to Defendant its required form and related photocopies.

38.     Defendant's procedure for requesting consumer files is not only contrary to industry practice, but it is also in contravention of regulatory guidance which mandates that both nationwide and specialty CRAs use a streamlined process in permitting consumers to quickly and easily obtain their files, including over the telephone or Internet, without the need for printing any particular forms, photocopying records, purchasing postage and mailing requests.

39.     The Federal Trade Commission (FTC), which had primary jurisdiction to enforce the FCRA for some 40 years, required nationwide and national specialty CRAs to have a "streamlined process" by which consumers my request their file disclosures, including by "[e]nabl[ing] consumers to request annual file disclosures *by a toll-free telephone number.*"  16

C.F.R. § 610.3(a)(1) (2011) (emphasis added); *see also* 15 U.S.C. § 1681(w) (specifically defining nationwide specialty CRAs to include CRAs that provide "residential or tenant history").

40.     The Consumer Financial Protection Bureau (CFPB), which now has primary jurisdiction over the FCRA, provides on its website that consumers may request their files *by calling* both national and specialty CRAs:

> Phone:  If you order your report by calling 877-322-8228, your report will be processed and mailed to you within 15 days.

http://www.consumerfinance.gov/askcfpb/1221/how-long-does-it-take-get-my-free-credit-report-after-i-order-it.html.

> If you would like to see what checking account information is stored about you, you can request a free copy of your report at:   Chex Systems:   1-800-428-9623 Telecheck:   1-800-366-2425 Certegy Check Systems:   1-866-543-6315 CoreLogic Teletrack:   1-877-309-5226

http://www.consumerfinance.gov/askcfpb/search?selected_facets=tag_exact%3Acredit+reporting+agency.

41.     The CFPB has also adopted the FTC's regulations, cited above, which provide that both nationwide and specialty CRAs must accept file requests *via telephone*, and in fact must have a designated toll-free telephone number for such requests.   *See* 12 C.F.R. §§ 1022.136 and 1022.137 (2012).

42.     The three national CRAs—Equifax, Experian and Trans Union—all permit consumers to request their FCRA file disclosures (commonly called "credit reports") via telephone or online though the Internet:  "You may request your free credit report online, request your report by phone or request your report through the mail."

https://www.annualcreditreport.com/cra/index.jsp.

43.     Indeed, the national CRAs have a free website and toll free telephone number set up just for such file requests:

**To Request your Credit Report by Phone:**
Call 1-877-322-8228
You will go through a simple verification process
over the phone.

https://www.annualcreditreport.com/cra/order?phone.

44.     The notion that a consumer must request his or her file from a CRA in writing with a particular form and with supporting documentation is Defendant's alone, and has no basis in law or industry practice.

45.     Nevertheless, Plaintiff printed out Defendant's form, made photocopies of her driver's license and social security card, drove for approximately 10 minutes to find a post office, purchased postage, paid for a return receipt for certified mail, and mailed to Defendant her request for her file on Defendant's form on or about January 18, 2013.

46.     Plaintiff had not obtained her consumer file from Defendant in the 12-month period preceding her January 18, 2013 request, which would have entitled her to her file free of charge.

47.     Nevertheless, Defendant again failed to provide to Plaintiff with a copy of her file.

48.     Defendant's practices are not accidental, but designed to frustrate consumers in their efforts to obtain their files, and thus reduce Defendant's compliance expenses relative to providing consumers with their files and processing their disputes, which will most certainly arise when consumers like Plaintiff find inaccurate information in their files.

49.     Defendant's practices also deprive consumers of a file that is truly *free of charge*, since consumers such as Plaintiff must expend some printing, postage, copying and travel expenses in order to request their files from Defendant in the burdensome and unlawful manner that Defendant requires.

50.     As a result of Defendant's actions and omissions, Plaintiff has suffered damages in the form of an inability to rent an apartment without a co-applicant, out of pocket expenses, harm to reputation, and emotional distress.

51.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

52.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## CLASS ACTION ALLEGATIONS

53.     Plaintiff brings this action on behalf of the following Classes:

**a)     For Defendant's violations of FCRA § 1681g(a) (Count I):**  All persons residing in the United States and its Territories who, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, made any request for their consumer files which was received by Defendant and who were not provided with their consumer files by Defendant.

**b)     For Defendant's violations of CCRAA § 1785.10 &15 (Count II):**  All persons residing in the State of California who, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, made any request for their consumer files which was received by Defendant and who were not provided with their consumer files by Defendant.

54.     Plaintiff also brings this action on behalf of the following Class:

      **a)**     **For Defendant's violations of FCRA § 1681j(a) (Count III)**:  All persons residing in the United States and its Territories who, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, made a request for their consumer files to Defendant using Defendant's Consumer Disclosure Request Form, and had not obtained a consumer file from Defendant in the 12-month period immediately preceding the request.

     55.     Plaintiff also brings this action on behalf of the following Classes:

      **a)**     **For Defendant's violations of FCRA § 1681e(b) (Count IV)**:  All persons residing in the United States and its Territories about whom Defendant sold, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of resolution of this case, a "Lease Decision" report.

      **b)**     **For Defendant's violations of CCRAA § 1785.14(b) (Count V)**:  All persons residing in the State of California about whom Defendant sold, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, a "Lease Decision" report.

     56.     Plaintiff also brings this action on behalf of the following Classes:

      **a)**     **For Defendant's violations of FCRA § 1681e(a) (Count VI)**:  All persons residing in the United States and its Territories about whom Defendant sold, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, a "Lease Decision" report.

      **b)**     **For Defendant's violations of CCRAA § 1785.14(a) (Count VII)**:  All persons residing in the State of California about whom Defendant sold, during the period

beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, a "Lease Decision" report.

57.     The Classes are so numerous that joinder of all members is impracticable.  Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Classes number in the thousands.

58.     There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members.  The principal questions concern whether the Defendant willfully and/or negligently violated the FCRA and/or the CCRAA by failing to provide consumers with access to all information contained in their consumer files, as well as whether the Defendant follows reasonable procedures to assure the maximum possible accuracy of the information contained in consumers' files and obtained appropriate permissible purpose certification from end-users prior to selling Lease Decision reports.

59.     Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

60.     Plaintiff will fairly and adequately protect the interests of the Classes.  Plaintiff is committed to vigorously litigating this matter.  Further, Plaintiff has secured counsel experienced in handling consumer class actions.  Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

61.     This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of

other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

62.     Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the CCRAA Classes each as a whole.

63.     Whether Defendant violated the FCRA and/or the CCRAA can be easily determined by Defendant's policies and a ministerial inspection of Defendant's business records.

64.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Management of the Classes' claims is likely to present significantly fewer difficulties than those presented in thousands of individual lawsuits.  The identities of the Class members may be derived from Defendant's records.

**CLAIMS**
**COUNT I—VIOLATION OF THE FCRA § 1681g(a)**

65.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

66.     Pursuant to section 1681n and 1681o of the FCRA, Defendant is liable for willfully failing to provide consumers such as Plaintiff, upon request, with all information in the consumer's file in violation of 15 U.S.C. § 1681g(a).

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for statutory, actual and punitive damages for violation of 15 U.S.C. §1681g(a), pursuant to 15 U.S.C. § 1681n and/or § 1681o; that the Court award costs and reasonable

1    attorney's fees, pursuant to 15 U.S.C. § 1681n and/or § 1681o; and that the Court grant such other

2    and further relief as may be just and proper.

3    ### COUNT II—VIOLATION OF THE CCRAA § 1785.10 & 15

4    67.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at

5    length herein.

6    68.    Defendant is a "consumer credit reporting agency" as defined by CAL. CIV. CODE §

7    1785.3(d).

8    69.    Plaintiff is a "consumer" as that term is defined by CAL. CIV. CODE § 1785.3(b).

9    70.    The above-mentioned reports were "consumer credit reports" as that term is defined

10   by CAL. CIV. CODE § 1785.3(c).

11   71.    Pursuant to CAL. CIV. CODE § 1785.31, Defendant is liable for violating the

12   CCRAA by failing to provide consumers, upon request, with a copy of their disclosure containing

13   all information on that consumer in violation of CAL. CIV. CODE § 1785.10 & 15 with respect to

14   Plaintiff and the Class.

15   WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed

16   Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her

17   counsel to represent the Class; that judgment be entered for Plaintiff and the Class against

18   Defendant for damages of $100 to $5,000 per Class member per violation under the CCRAA

19   and/or actual damages; that the Court award injunctive relief under the CCRAA; that the Court

20   award costs and reasonable attorney's fees under the CCRAA; and such other and further relief as

21   may be necessary, just, and proper.

## COUNT III—VIOLATION OF THE FCRA § 1681j(a)

72.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

73.     Pursuant to section 1681n and 1681o of the FCRA, Defendant is liable for willfully failing to provide consumers such as Plaintiff, upon request, with all information in the consumer's file free of charge in violation of 15 U.S.C. § 1681j(a).

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for statutory, actual and punitive damages for violation of 15 U.S.C. §1681j(a), pursuant to 15 U.S.C. § 1681n and/or § 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n and/or § 1681o; and that the Court grant such other and further relief as may be just and proper.

## COUNT IV—VIOLATION OF THE FCRA § 1681e(b)

74.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

75.     Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for negligently and willfully failing to maintain reasonable procedures to assure maximum possible accuracy of the consumer reports it sold in violation of 15 U.S.C. § 1681e(b).

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for statutory, actual and punitive damages for violation of 15 U.S.C. §1681e(b),

pursuant to 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and that the Court grant such other and further relief as may be just and proper.

## COUNT V—VIOLATION OF THE CCRAA § 1785.14(b)

76.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

77.     Defendant is a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

78.     Plaintiff is a "consumer" as that term is defined by CAL. CIV. CODE § 1785.3(b).

79.     The above-mentioned credit reports were "consumer credit reports" as that term is defined by CAL. CIV. CODE § 1785.3(c).

80.     Pursuant to CAL. CIV. CODE § 1785.14(b), Defendant is liable for violating the CCRAA by failing to follow reasonable procedures to assure "maximum possible accuracy" of the reports it sold with respect to Plaintiff and the Class.

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for damages of $100 to $5,000 per Class member per violation under the CCRAA; that judgment be entered for Plaintiff and the Class against Defendant for actual damages under the CCRAA; that judgment be entered for Plaintiff and the Class against Defendant for actual damages under the CCRAA; that the Court award injunctive relief under the CCRAA; that the Court award costs and reasonable attorney's fees under the CCRAA; and such other and further relief as may be necessary, just, and proper.

## COUNT VI—VIOLATION OF THE FCRA § 1681e(a)

81.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

82.    Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for negligently and willfully failing to maintain reasonable procedures to assure that its consumer reports are sold for permissible purposes only, and only after Defendant obtains from each end user an appropriate permissible purpose certification, in violation of 15 U.S.C. § 1681e(a).

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for statutory, actual and punitive damages for violation of 15 U.S.C. §1681e(a), pursuant to 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and that the Court grant such other and further relief as may be just and proper.

## COUNT VII—VIOLATION OF THE CCRAA § 1785.14(a)

83.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

84.    Defendant is a "consumer credit reporting agency" as defined by CAL. CIV. CODE § 1785.3(d).

85.    Plaintiff is a "consumer" as that term is defined by CAL. CIV. CODE § 1785.3(b).

86.    The above-mentioned credit reports were "consumer credit reports" as that term is defined by CAL. CIV. CODE § 1785.3(c).

87.     Pursuant to CAL. CIV. CODE § 1785.14(a), Defendant is liable for violating the CCRAA by failing to follow reasonable procedures to assure that its consumer reports are sold for permissible purposes only, and only after Defendant obtains from each end user an appropriate permissible purpose certification.

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for damages of $100 to $5,000 per Class member per violation under the CCRAA; that judgment be entered for Plaintiff and the Class against Defendant for actual damages under the CCRAA; that judgment be entered for Plaintiff and the Class against Defendant for actual damages under the CCRAA; that the Court award injunctive relief under the CCRAA; that the Court award costs and reasonable attorney's fees under the CCRAA; and such other and further relief as may be necessary, just and proper.

## JURY TRIAL DEMAND

88.     Plaintiff demands trial by jury on all issues.

Date:   March 19, 2013                          Respectfully submitted,

                                                **CADDELL & CHAPMAN**

                                                *Michael Caddell*
                                                _____
                                                Michael A. Caddell (SBN 249469)
                                                mac@caddellchapman.com
                                                Cynthia B. Chapman (SBN 164471)
                                                Craig C. Marchiando (SBN 283829)
                                                1331 Lamar, Suite 1070
                                                Houston TX 77010
                                                Telephone: (713) 751-0400
                                                Facsimile: (713) 751-0906

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Leonard A. Bennett (*pro hac vice forthcoming*)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1A
Newport News VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

James A. Francis (*pro hac vice forthcoming*)
 jfrancis@consumerlawfirm.com
John Soumilas (*pro hac vice forthcoming*)
jsoumilas@consumerlawfirm.com
David A. Searles (*pro hac vice forthcoming*)
dsearles@consumerlawfirm.com
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

***Attorneys for Plaintiff***

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV13- 470 AG (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:   Michael A. Caddell
                  Caddell & Chapman
                  1331 Lamar St., Suite 1070
                  Houston, TX 77010
                  713.751.0400 telephone

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN E. MORELAND, on behalf of herself and all others similarly situated,<br><br>PLAINTIFF(S)<br>v.<br><br>CORELOGIC, INC.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV13- 00470 AG (ANx)**<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):   `CORELOGIC, INC., 40 Pacifica, Suite 900, Irvine,CA 92618 via its registered agent for service in California: Corporation Service Co., d/b/a Lawyers Incorporting Service, 2710 Gateway Oaks Dr. Ste. 150N, Sacramento, CA 95833`

A lawsuit has been filed against you.

   Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Michael A. Caddell_____, whose address is _1331 Lamar St., Suite 1070, Houston, TX  77010, mac@caddellchapman.com_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___MAR 25 2013___

By: ___DODJIE LAGMAN___
         Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Susan E. Moreland

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

CoreLogic, Inc.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Michael A. Caddell, Caddell & Chapman,
1331 Lamar St., Suite 1070
Houston,TX 77010
713.751.0400 telephone

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. §§1681-1681x (Fair Credit Reporting Act)

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**

☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/Etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Org.
☒ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Info. Act
☐ 896 Arbitration
☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**CONTRACT**

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
☐ 153 Recovery of Overpayment of Vet. Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**

☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**

☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**TORTS**

**PERSONAL PROPERTY**

☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**

☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accomodations
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**

☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty

**Other:**

☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**

☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**

☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405 (g))
☐ 864 SSID Title XVI
☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**SACV13- 00470 AG (ANx)**

FOR OFFICE USE ONLY: Case Number: _____

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)



CIVIL COVER SHEET

Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | San Diego County |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** *Michael Caddell*   DATE: March 19, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |