1   NANCY R. THOMAS (CA SBN 236185)
    NThomas@mofo.com
2   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
3   Los Angeles, California  90017-3543
    Phone: (213) 892-5561
4   Fax: (213) 892-5454

5   JAMES F. McCABE (CA SBN 104686)
    JMcCabe@mofo.com
6   MORRISON & FOERSTER LLP
    425 Market Street
7   San Francisco, California  94105-2482
    Phone: (415) 268-7011
8   Fax: (415) 268-7522

9   RONALD I. RAETHER (*pro hac vice* forthcoming)
    rraether@ficlaw.com
10  PETER T. SNOW
    psnow@ficlaw.com
11  FARUKI IRELAND & COX P.L.L.
    500 Courthouse Plaza, S.W.
12  10 North Ludlow Street
    Dayton, OH 45402-1818
13  Phone:  (937) 227-3733
    Fax:  (937) 227-3717
14
    Attorneys for Defendant
15  CORELOGIC, INC.

16              UNITED STATES DISTRICT COURT

17              CENTRAL DISTRICT OF CALIFORNIA

18                   SOUTHERN DIVISION

19

20  SUSAN E. MORELAND, on behalf     Case No. SACV 13-00470 AG (ANx)
    of herself and all others similarly
21  situated,                        **ANSWER OF DEFENDANT
                                      CORELOGIC, INC.**
22              Plaintiff,

23       v.

24  CORELOGIC, INC.,                 Hon. Andrew J. Guilford

25              Defendant.

26

27

28

1   Defendant CoreLogic, Inc. ("CoreLogic") responds as follows to Plaintiff's

2   Complaint and to the extent not expressly admitted, CoreLogic denies the

3   allegations of the Complaint.

4   <u>PLAINTIFF'S "PRELIMINARY STATEMENT"</u>

5   1.   Paragraph 1 of the Complaint is labeled as Plaintiff's "Preliminary

6   Statement." It consists entirely of legal argument and requires no response. To the

7   extent that a response is nevertheless deemed necessary, CoreLogic denies the

8   allegations of paragraph 1 of the Complaint.

9   <u>JURISDICTION AND VENUE</u>

10   2.   CoreLogic admits that Plaintiff asserts that this Court has jurisdiction

11   over this action under 15 U.S.C. § 1681p and CoreLogic further states that 28

12   U.S.C. § 1331 generally provides subject matter jurisdiction for such claims.

13   CoreLogic admits that Plaintiff asserts that this Court has supplemental jurisdiction

14   for the California state law claims under 28 U.S.C. § 1367. CoreLogic denies all

15   remaining allegations in paragraph 2 of the Complaint.

16   3.   CoreLogic admits the allegations of paragraph 3 of the Complaint.

17   <u>PARTIES</u>

18   4.   CoreLogic denies the allegations of paragraph 4 of the Complaint for

19   lack of knowledge or information sufficient to form a belief as to the truth of the

20   matters asserted.

21   5.   CoreLogic admits that its executive offices are in California.

22   CoreLogic denies the remaining allegations of paragraph 5 of the Complaint.

23   CoreLogic is not a "consumer reporting agency" and is an entity separate and

24   independent from CoreLogic SafeRent, LLC.

25   6.-26.   CoreLogic denies paragraphs 6 though 26 of the Complaint.

26   27.-28.   CoreLogic denies paragraphs 27 and 28 of the Complaint for lack of

27   knowledge or information sufficient to form a belief as to the truth of the matters

28   asserted.

29.-32.  CoreLogic denies paragraphs 29 through 32 of the Complaint.

33.    CoreLogic denies the allegations of paragraph 33 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

34.    CoreLogic admits that the CoreLogic SafeRent website provides documents entitled "Consumer Disclosure Instructions" and "Consumer Disclosure Request Form."  CoreLogic denies the remaining allegations of paragraph 34 of the Complaint.

35.-36.  CoreLogic denies the allegations of paragraphs 35 and 36 of the Complaint.

37.-44.  Paragraphs 37-44 of the Complaint consist of legal argument and purported facts regarding entities not a party to this matter and separate and independent of CoreLogic and require no response.  To the extent those paragraphs contain factual allegations regarding Plaintiff or CoreLogic, CoreLogic denies the allegations of paragraphs 37-44 of the Complaint.

45.-52.  CoreLogic denies the allegations of paragraphs 45 through 52 of the Complaint.

CLASS ACTION ALLEGATIONS

53.-64.  CoreLogic denies the allegations of paragraphs 53 through 64 of the Complaint, including all sub-parts.

CLAIMS

COUNT I – ALLEGED VIOLATION OF THE FCRA § 1681g(a)

65.    CoreLogic incorporates its response to the previous paragraphs of the Complaint as if fully restated.

66.    CoreLogic denies the allegations of paragraph 66 of the Complaint.

COUNT II – ALLEGED VIOLATION OF THE CCRAA § 1785.10 AND 15

67.    CoreLogic incorporates its responses to the previous paragraphs of the Complaint as if fully restated.

3

1    68.    CoreLogic denies the allegations of paragraph 68 of the Complaint.

2    69.    CoreLogic denies the allegations of paragraph 69 of the Complaint for

3  lack of knowledge or information sufficient to form a belief as to the truth of the

4  matters asserted.

5    70.-71.  CoreLogic denies the allegations of paragraphs 70 and 71 of the

6  Complaint.

7    COUNT III – ALLEGED VIOLATION OF THE FCRA § 1681j(a)

8    72.    CoreLogic incorporates its response to the previous paragraphs of the

9  Complaint as if fully restated.

10    73.    CoreLogic denies the allegations of paragraph 73 of the Complaint.

11    COUNT IV – ALLEGED VIOLATION OF THE FCRA § 1681e(b)

12    74.    CoreLogic incorporates its response to the previous paragraphs of the

13  Complaint as if fully restated.

14    75.    CoreLogic denies the allegations of paragraph 75 of the Complaint.

15    COUNT V – ALLEGED VIOLATION OF THE CCRAA § 7185.14(b)

16    76.    CoreLogic incorporates its response to the previous paragraphs of the

17  Complaint as if fully restated.

18    77.    CoreLogic denies the allegations of paragraph 77 of the Complaint.

19    78.    CoreLogic denies the allegations of paragraph 78 of the Complaint for

20  lack of knowledge or information sufficient to form a belief as to the truth of the

21  matters asserted.

22    79.-80.  CoreLogic denies the allegations of paragraphs 79 and 80 of the

23  Complaint.

24    COUNT VI – ALLEGED VIOLATION OF THE FCRA § 1681E(a)

25    81.    CoreLogic incorporates its response to the previous paragraphs of the

26  Complaint as if fully restated.

27    82.    CoreLogic denies the allegations of paragraph 82 of the Complaint.

28

4

COUNT VII – ALLEGED VIOLATION OF THE CCRAA § 1785.14(a)

83.    CoreLogic incorporates its response to the previous paragraphs of the Complaint as if fully restated.

84.    CoreLogic denies the allegations of paragraph 84 of the Complaint.

85.    CoreLogic denies the allegations of paragraph 85 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

86.-87.   CoreLogic denies the allegations of paragraphs 86 and 87 of the Complaint.

PLAINTIFF'S JURY DEMAND

88.    Paragraph 88 of the Complaint merely requests a jury; no response is necessary.

PRAYER FOR RELIEF

CoreLogic denies that it is liable to Plaintiff for any of the requests for relief set forth in any of the WHEREFORE clauses included throughout the Complaint.

ADDITIONAL DEFENSES

Without admitting any of the allegations in the Complaint that have previously been denied and without admitting or acknowledging that CoreLogic bears any burden of proof as to the allegations in the Complaint, CoreLogic asserts the following additional defenses.  CoreLogic also intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action, and hereby reserves the right to amend this Answer in order to assert all such further defenses.

FIRST ADDITIONAL DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND ADDITIONAL DEFENSE

The Complaint fails to the extent that Plaintiff lacks standing or has not taken action necessary to avail herself of the rights she claims under the Fair Credit

5

1  Reporting Act ("FCRA") or the California Consumer Credit Reporting Agencies
2  Act ("CCRAA").

### THIRD ADDITIONAL DEFENSE

4      Plaintiff cannot recover against CoreLogic to the extent that the Complaint,
5  and each of its purported causes of action, are barred by the doctrines of waiver,
6  laches, estoppel, res judicata, release and/or unclean hands.

### FOURTH ADDITIONAL DEFENSE

8      Plaintiff's alleged damages, if any, are the result of the acts, errors, and
9  omissions of third-parties not controlled by CoreLogic, which were the sole cause
10 of any such damages.

### FIFTH ADDITIONAL DEFENSE

12     Plaintiff's alleged damages, if any, are speculative or uncertain and therefore
13 not compensable.

### SIXTH ADDITIONAL DEFENSE

15     Plaintiff's claims are barred, in whole or in part, by lack of injury or
16 damages, whether actual, presumed or otherwise.

### SEVENTH ADDITIONAL DEFENSE

18     Plaintiff's alleged damages, if any, are the result of Plaintiff's own acts,
19 errors, and omissions, which were the sole cause of any such damages.

### EIGHTH ADDITIONAL DEFENSE

21     Plaintiff failed to take reasonable steps to protect herself from the damages, if
22 any, alleged in the Complaint and failed to mitigate any such alleged damages.

### NINTH ADDITIONAL DEFENSE

24     Plaintiffs' claims for punitive damages are unconstitutional because they
25 violate constitutional protections of the United States Constitution.  An award of
26 punitive damages in this action would violate the due process rights of CoreLogic
27 under (1) the Fifth and Fourteenth Amendments to the United States Constitution;
28 and (2) the cruel and unusual punishment clause of the Eighth Amendment to the

United States Constitution.  Punitive damages are penal in nature, and CoreLogic is being subjected to a claim for criminal penalty without the constitutional safeguards against double jeopardy, vagueness, lack of specific guidelines and standards, self incrimination, proof beyond a reasonable doubt, equal protection, substantive due process, and procedural due process.

TENTH ADDITIONAL DEFENSE

Plaintiffs' claims against CoreLogic fail to the extent CoreLogic is not a proper party to this lawsuit.

ELEVENTH ADDITIONAL DEFENSE

CoreLogic reserves the right to amend its answer and to raise additional defenses that may arise during the course of this litigation.

WHEREFORE, CoreLogic requests that this Court:

    (a)    find that Plaintiff take nothing on its claims against CoreLogic;

    (b)    dismiss Plaintiff's Complaint with prejudice and deny Plaintiff any and all relief requested in the Complaint;

    (c)    enter judgment in favor of CoreLogic;

    (d)    deny any motion for class certification;

    (e)    award CoreLogic its attorneys' fees and costs of suit incurred in the defense of the Complaint; and

    (f)    award CoreLogic such other relief as this Court deems appropriate.

| | |
|---|---|
| 1 | Dated:  May 20, 2013 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |

Dated:  May 20, 2013

Respectfully submitted,

MORRISON & FOERSTER LLP

By:    /s/  Nancy R. Thomas
          Nancy R. Thomas

FARUKI IRELAND & COX P.L.L.

Attorneys for Defendant
CORELOGIC, INC.

8

**CERTIFICATE OF SERVICE BY MAIL**
(Fed. R. Civ. Proc. Rule 5(b))

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 707 Wilshire Boulevard, Los Angeles, California 90017; I am not a party to the within cause; I am over the age of eighteen years and I am readily familiar with Morrison & Foerster's practice for collection and processing of correspondence for mailing with the United States Postal Service and know that in the ordinary course of Morrison & Foerster's business practice the document described below will be deposited with the United States Postal Service on the same date that it is placed at Morrison & Foerster with postage thereon fully prepaid for collection and mailing.

I further declare that on the date hereof I served a copy of:

**ANSWER OF DEFENDANT CORELOGIC, INC.**

on the following by placing a true copy thereof enclosed in a sealed envelope addressed as follows for collection and mailing at Morrison & Foerster LLP, 707 Wilshire Boulevard, Los Angeles, California 90017, in accordance with Morrison & Foerster's ordinary business practices:

Craig C. Marchiando, Esq.
Caddell and Chapman
1331 Lamar, Suite 1070
Houston, TX 77010

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the above is true and correct.

Executed at Los Angeles, California, this 20th day of May, 2013.

_____          _____
Alicia C. Vargas                            (signature)
(typed)