NANCY R. THOMAS (CA SBN 236185)
NThomas@mofo.com
MORRISON & FOERSTER
555 West Fifth Street, Suite 3500
Los Angeles, CA  90013
Phone:  (213) 892-5561
Fax:  (213) 892-5454

JAMES F. MCCABE (CA SBN 104686)
JMcCabe@mofo.com
MORRISON & FOERSTER
425 Market Street
San Francisco, CA  94105-2482
Phone:  (415) 268-7011
Fax:  (415) 268-7522

RONALD I. RAETHER (admitted *pro hac vice*)
rraether@ficlaw.com
DONALD E. BURTON (admitted *pro hac vice*)
dburton@ficlaw.com
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402-1818
Phone:  (937) 227-3733
Fax:  (937) 227-3717

Attorneys for Defendant
CORELOGIC SAFERENT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN E. MORELAND, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>    v.<br><br>CORELOGIC SAFERENT, LLC,<br><br>          Defendant. | Case No. SACV 13-00470 AG (ANx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hon. Andrew J. Guilford<br><br>Date:        September 9, 2013<br>Time:       10:00 a.m.<br>Courtroom:  10D<br><br>Action filed:  March 25, 2013<br>FAC filed:   June 6, 2013 |

## NOTICE OF MOTION AND MOTION

Please take notice that on September 9, 2013 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Andrew J. Guilford, United States District Court, Central District of California, 411 West Fourth Street, Room 1053 Santa Ana, CA 92701-4516, Defendant CoreLogic SafeRent, LLC will, and hereby does, move the Court for an order granting Defendant's motion to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is based on this Notice of Motion and Motion, the brief in support thereof, the pleadings and other files herein, and such other written and oral argument as may be presented to the Court.  This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 10, 2013.

Dated:  August 5, 2013                    FARUKI IRELAND & COX P.L.L.


                                          By: /s/ Ronald I. Raether
                                              Ronald I. Raether

                                          Attorneys for Defendant
                                          CoreLogic SafeRent, LLC

# <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................. 1

ARGUMENT ........................................................................................ 3

I.      THIS COURT SHOULD DISMISS CLAIMS IV-VII BECAUSE AN IDENTIFY REPORT DOES NOT BEAR ON ELIGIBILITY AS REQUIRED TO BE AN FCRA "CONSUMER REPORT" .......................... 3

     A.      The Report of Which Plaintiff Complains in Claims IV and VI is Not a "Consumer Report" Under the FCRA ...................................... 3

     B.      The "Permissible Purpose" of Claim VI Fails for the Additional Reason That There Is No Allegation That the "Lease Decision" Report Provided on Plaintiff Was Used for a Purpose That Is Impermissible Under the FCRA ............................................................ 8

     C.      Plaintiff's State Law Claims V and VII of the First Amended Complaint Should Likewise be Dismissed ........................................... 9

II.      THIS COURT SHOULD ALSO DISMISS CLAIMS I-III (WHICH ARE PLAINTIFF'S CLAIMS RELATING TO HER ALLEGED REQUESTS FOR HER FILE) ............................................................. 10

     A.      The Identity Verification Requirements of Which Plaintiff Complains Are Obligated To Secure "Proper Identification" Before Disclosing a Consumer File (Claim I) ..................................... 11

     B.      The "Proper Identification" Obligation Also Applies to a Request for a File Under 15 U.S.C. § 1681j (Claim III) ................... 15

     C.      Plaintiff's Claims Relating to File Requests (Claims I and III) Do Not Appear to Be Based on Her Allegation That She Filled Out Defendant's Disclosure Form ...................................................... 16

     D.      Plaintiff's Claim Under the CCRAA Relating to Her File Request (Claim II) Should Be Dismissed for the Same Reasons As Claims I and III .............................................................................. 18

CONCLUSION ................................................................................... 19

1

## <u>TABLE OF AUTHORITIES</u>

2

3 <u>CASES</u>
**Page(s)**

4 *Ashcroft v. Iqbal,* 556
U.S. 662, 129 S. Ct. 1937 (2009) ......................................................... 5

5

6 *Carvalho v. Equifax Info. Servs., LLC,*
629 F.3d 876 (9th Cir. 2010) ............................................................ 12

7 *Dotzler v. Perot,*
914 F. Supp. 328 (E.D. Mo. 1996) ...................................................... 8

8

9 *Garrison v. Equifax Info., Servs., LLC,*
No. 10-13990, 2012 U.S. Dist. Lexis 52942
(E.D. Mich. Apr. 16, 2012) ........................................................... 17-18

10

11 *Gomon v. TRW, Inc.,*
28 Cal. App. 4th 1161, 34 Cal. Rptr. 2d 256 (1994) ...................................... 13

12 *Harris v. Rand,*
682 F.3d 846 (9th Cir. 2012) ............................................................. 5

13

14 *Individual Reference Servs. Group, Inc. v. FTC,*
145 F. Supp. 2d 6 (D.D.C. 2001) ....................................................... 10

15 *Lewis v. Trans Union LLC,*
No. 1:13-CV-00229-LJO-BAM, 2013 U.S. Dist. Lexis 55160

16 (E.D. Cal. Apr. 17, 2013) ......................................................... 7, 12-13, 25

17 *Ley v. Boron Oil Co.,*
419 F. Supp. 1240 (W.D. Pa 1976) ...................................................... 13

18

19 *Olson v. Six Rivers Nat'l Bank,*
111 Cal. App. 4th 1, 3 Cal. Rptr 3d 301 (2003) ........................................... 12

20 *Parrino v. FHP, Inc.,*
146 F.3d 699 (9th Cir.), *cert. denied*, 525 U.S. 1001,

21 119 S. Ct. 510 (1998) .................................................................... 7

22 *Singletery v. Equifax Info., Servs.,*
No. 2:09-cv-489-TMP, 2011 U.S. Dist. Lexis 156215

23 (N.D. Ala. Sept. 21, 2011) .......................................................... 15, 21

24 *Smith v. Waverly Partners, LLC,*
No. 3:10-cv-28, 2011 U.S. Dist. Lexis 90135

25 (W.D.N.C. Aug. 12, 2011) ............................................................ 7-8

26 *Trans Union Corp. v. FTC,*
81 F.3d 228 (D.C. Cir. 1996) ........................................................... 10

27

28

*Van Egmond v. Wells Fargo Home Mortg.,*
  No. SACV 12-0112 DOC (MLGx), 2012 U.S. Dist. Lexis 42061
  (C.D. Cal. Mar. 21, 2012) .................................................................... 7

*Washington v. CSC Credit Servs.,*
  199 F.3d 263 (5th Cir.), *cert. denied*, 530 U.S. 1261,
  120 S. Ct. 2718 (2000) ...................................................................... 11

## **STATUTES**

Cal. Civ. Code
  § 1758.14(a) .................................................................................... 12
  § 1758.14(b) .................................................................................... 12
  § 1785.10 ........................................................................................ 24
  § 1785.10(a) .................................................................................... 24
  § 1785.10(b) ................................................................................. 24-25
  § 1785.15 .................................................................................... 24, 25
  § 1785.15(a) .................................................................................... 25
  § 1785.15(b) ................................................................................. 3, 25
  § 1785.3(c) ...................................................................................... 12

12 C.F.R. 1022.123 ................................................................................ 17

16 C.F.R.
  § 614 ....................................................................... 16, 16-17, 17
  § 614.1(b)(1), (2) ............................................................................ 19

15 U.S.C.
  § 1681 ............................................................................................... 1
  § 1681a ........................................................................................... 20
  § 1681a(d) ................................................................................. 2, 5, 7
  § 1681a(d)(1) ................................................................................. 10
  § 1681b ...................................................................................... 5, 11
  § 1681e(a) .............................................................................. 4, 11, 12
  § 1681e(b) ................................................................................. 4, 12
  § 1681g ................................... 14, 16, 17, 19, 20, 21, 22, 25
  § 1681g(a) ....................................................................................... 15
  § 1681g(a)(1) .................................................................................. 3
  § 1681h ................................................................................. 15, 19, 24
  § 1681h(a) ....................................................................................... 3
  § 1681h(a)(1) .................................................................................. 15
  § 1681j ..................................... 14, 18, 20, 21, 23, 24, 25

1
2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

3   The facts alleged in the Complaint do not state a claim against Defendant
4   CoreLogic SafeRent LLC ("SafeRent") under either the Fair Credit Reporting Act,
5   15 U.S.C. §§ 1681 *et seq*. ("FCRA") or its state law analogue, the California
6   Consumer Credit Reporting Agencies Act ("CCRAA").  The claims that Plaintiff
7   attempts to state fall into two distinct categories:  (1) claims premised on the
8   assumption that SafeRent's "Identify Report" is a "consumer report" as that term is
9   defined in the FCRA and the CCRAA equivalent, and (2) claims that when
10  SafeRent responded to Plaintiff's request to disclose information in SafeRent's file
11  about Plaintiff, SafeRent violated the FCRA or CCRAA by allegedly requiring the
12  Plaintiff to provide certain proof that she was who she claimed to be.[1]  As
13  demonstrated below, the First Amended Complaint should be dismissed in its
14  entirety.

15  This Court should dismiss Plaintiff's claims that depend on alleged
16  inaccuracies in a consumer report (Claims IV and V) because the complained of
17  inaccuracies did not appear in a "consumer report" as that term is defined by the
18  FCRA.  Claims VI and VII, alleging failure by SafeRent to obtain a certification
19  that a "consumer report" was to be used for a permissible purpose, should likewise
20  be dismissed because the allegedly inaccurate information was not in a "consumer
21  report" for purposes of the FCRA and because there is no allegation that Plaintiff's
22  report was actually used for a purpose that is impermissible under the FCRA.

23  "Consumer report" is a term defined in the FCRA.  It is central to the
24  application of the FCRA, since the vast majority of FCRA obligations apply only to
25  persons who prepare or person who use "consumer reports".  For a communication

26
27

---

[1] Discussion at a general level in this memorandum of Plaintiff's claims under the
FCRA also encompass the analogous CCRAA claims unless otherwise noted.

28

1

1   to meet the "consumer report" definition , the communication at issue must include

2   information "bearing on" at least one of several enumerated characteristics,

3   including credit standing or credit worthiness, and it must be provided for the

4   purpose of establishing the consumer's eligibility for credit, insurance,

5   employment, or certain other benefits, including securing an apartment lease.  15

6   U.S.C. § 1681a(d).  A report that does not "bear on" eligibility characteristics is not

7   a "consumer report."  The Identify Report at issue here contains no "bear on"

8   information: it is limited to identification information such as birth date, social

9   security number and associated addresses.  The fact that the complaint fails to

10  adequately allege that Plaintiff's Identify Report contained "bear on" information

11  means that the Complaint fails to state a claim as to Claims IV through VII.

12       As to Plaintiff's claims for failure to disclose her report upon request (Claims

13  I-III), those claims should be dismissed because the precautions that Plaintiff

14  alleges SafeRent adopted to ensure that a requester provide "proper identification"

15  (a requirement under both the FCRA (15 U.S.C. § 1681h(a)) and the CCRAA (Cal.

16  Civil Code § 1785.15(b)) were presumptively reasonable under an authoritative

17  interpretation of the FCRA.

18       SafeRent sells reports other than Identify Report, with different names, for

19  landlord use in evaluating potential tenants.  SafeRent treats those reports as

20  "consumer reports," and conducts itself as a "consumer reporting agency."  Under

21  the FCRA, consumer reporting agencies are obligated to provide to any consumer,

22  on the consumer's request, information in the consumer's file.  15 U.S.C.

23  §1681g(a)(1).  Plaintiff's second set of claims – the first through third causes of

24  action – relates to how SafeRent discharged this obligation.  Plaintiff contends that

25  the procedures SafeRent allegedly employs to be sure that it is giving consumer file

26  information to the consumer who is the subject of the file (and not an impostor) are

27  unduly onerous.  These claims are legally deficient because SafeRent's alleged

28  requirements for proof of identity are, under authoritative interpretation of the

2

1  FCRA (*i.e.*, as a matter of law), permissible and indeed required safeguards; in fact,

2  identity verification is also for the consumer's benefit, in order to thwart attempts,

3  through fraud and impersonation, to commit identity theft, or to invade a person's

4  privacy.

5      This Court should therefore dismiss plaintiff's First Amended Complaint in

6  its entirety.

7                              **ARGUMENT**

8  **I.    THIS COURT SHOULD DISMISS CLAIMS IV-VII BECAUSE**
   **AN IDENTIFY REPORT DOES NOT BEAR ON ELIGIBILITY**
9  **AS REQUIRED TO BE AN FCRA "CONSUMER REPORT"**

10     In the fourth cause of action, Plaintiff claims that SafeRent violated 15

11 U.S.C. § 1681e(b), which provides, as to the accuracy of a "consumer report," that

12 "[w]henever a consumer reporting agency prepares a *consumer report* it shall

13 follow reasonable procedures to assure maximum possible accuracy of the

14 information concerning the individual about whom the report relates."  (Emphasis

15 added).

16     In the sixth cause of action, Plaintiff claims that SafeRent violated 15 U.S.C.

17 § 1681e(a), which provides that a consumer reporting agency "maintain reasonable

18 procedures … to limit the furnishing of *consumer reports*" to only persons having a

19 permissible purpose under the statute (emphasis added).

20     These claims can be resolved at the pleading stage because the FCRA

21 provisions on inaccuracy and impermissible purpose apply only to a "consumer

22 report."  The report that SafeRent provided on Plaintiff of which Plaintiff complains

23 was not a "consumer report."

24     **A.    The Report of Which Plaintiff Complains in Claims IV and VI**
   **is Not a "Consumer Report" Under the FCRA**
25

26     The allegation that the report is a "consumer report: is a legal conclusion that

27 under *Twombly/Iqbal* standard, this Court need not accept as true."  *Harris v. Rand*,

28 682 F.3d 846, 850 (9th Cir. 2012) ("'the tenet that a court must accept as true all of

                                   3

the allegations contained in a complaint is inapplicable to legal conclusions.'"')
(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)).

Consumer report" is a defined term under the FCRA:

"The term 'consumer report' means any written, oral, or other
communication of any information by a consumer reporting agency
bearing on a consumer's credit worthiness, credit standing, credit
capacity, character, general reputation, personal characteristics, or
mode of living which is used or expected to be used or collected in
whole or in part for the purpose of serving as a factor in establishing
the consumer's eligibility for (A) credit or insurance to be used
primarily for personal, family, or household purposes; (B)
employment purposes; or (C) any other purpose authorized under [15
USCS § 1681b].

15 U.S.C. §1681a(d).

"To be a 'consumer report' the information must bear on at least one of the
seven characteristics listed in this definition."  40 Years Experience With the Fair
Credit Reporting Act -- an FTC Staff Report with Summary of Interpretations
(Federal Trade Commission, July 2011), p. 21 ("FTC Report") (available at
www.ftc.gov/os/statutes/fcrajump.shtm).

Here, none of the alleged inaccuracies in Plaintiff's report -- among which
were listing numerous residences where Plaintiff had never resided (First Amended
Complaint, ¶ 23); identifying multiple names (¶ 24); listing obviously masculine
names (Plaintiff is a woman) (¶ 25) -- bears on the seven characteristics.

Plaintiff alleges that the above information appeared in a "SafeRent Identify"
report "purportedly validating the true identity of the tenant applicant, including
information purportedly about the applicant's name, address, social security
number, date of birth, phone number, length of residency at a particular address and
other information."  First Amended Complaint, ¶ 18.  Plaintiff bases her putative

4

class Claims IV-VII on that "SafeRent Identify" report.  First Amended Complaint,

¶ 19.  ("The SafeRent Identify™ section of Defendant's Lease Decision reports

typically contains information that does not relate to the subject of the report, but

instead relates to other persons, with different names, different dates of birth, and

different social security numbers than the report's subject.").

     As alleged in the Amended Complaint and further shown in Exhibit A[2],

Plaintiff's  report shows in the SafeRent Identify section no more than names,

social security number, date of birth, address, and a date corresponding to an

address (e.g., "03/2012-").  None of these identifying items, as a matter of law,

bears on the seven characteristics.  *Smith v. Waverly Partners, LLC*, No. 3:10-cv-

28, 2011 U.S. Dist. LEXIS 90135, at *13 (W.D. N.C. Aug. 12, 2011)

("AlliedBarton did not communicate any information bearing on Plaintiff's 'credit

worthiness, credit standing, credit capacity, character, general reputation, personal

characteristics, or mode of living.'  15 U.S.C. § 1681a(d).  Instead, it merely

provided Plaintiff's name, Social Security Number, prior addresses, date of birth,

and driver's license information.  Such minimal information does not bear on any

---

[2] Claims IV-VII of the First Amended Complaint are based on deficiencies in an alleged "consumer report," but Plaintiff, while clearly aware of the contents of her report, has failed to attach a copy of that report to her complaint.  Nevertheless, a copy is attached as Exhibit A to this motion (personal information is redacted from Exhibit A; an unredacted copy is available if this Court requests it), and this Court can consider Exhibit A without converting this motion into a motion for summary judgment.  *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir.) (holding Court may consider documents central to plaintiff's claim on a motion to dismiss where the authenticity of the document is not disputed), cert. denied, 525 U.S. 1001, 119 S. Ct. 510 (1998).  *Van Egmond v. Wells Fargo Home Mortg.*, No. SACV 12-0112 DOC (MLGx), 2012 U.S. Dist. LEXIS 42061, at *6-7 n. 2 (C.D. Cal. Mar. 21, 2012) (considering "document without converting Defendant's Rule 12(b)(6) Motion into a motion for summary judgment because it is incorporated by reference into Plaintiff's complaint, it is integral to Plaintiff's claims, and its authenticity is not disputed.").  *Accord: Lewis v. Trans Union LLC*, 1:13-CV-00229-LJO-BAM, 2013 U.S. Dist. LEXIS 55160, at *11 n.2 (E.D. Cal. Apr. 17, 2013).

of the seven enumerated factors in § 1681a(d), and is thus not a consumer report.")

*Accord: Dotzler v. Perot*, 914 F. Supp. 328, 330 (E.D. Mo. 1996) ("TRW supplied DataLink with an address update containing plaintiffs' names and current and former addresses as well as Dyck's social security information.  This information did not bear on plaintiffs' credit or general character….").

Plaintiff also tosses into paragraph 18 of the First Amended Complaint "length of residency at a particular address," which in fact is not shown on the report.  Regardless, length of residency is also not a factor that bears on eligibility. *Dotzler*, 914 F. Supp. at 330 (list of current and former addresses).  "A report limited to identifying information such as a consumer's name, address, *former addresses*, or phone numbers, does not constitute a 'consumer report' if it does not bear on any of the seven factors and is not used to determine eligibility."  FTC Report, p. 21 (emphasis added).  The SafeRent Identity report is not used to determine eligibility.  Rather, Plaintiff admits (¶ 17) that the purpose of SafeRent Identify report is to "verify the true identity of a tenant applicant" rather than to determine the tenant's eligibility to undertake a lease.

Plaintiff also alleges that the SafeRent Identify report can be part of larger report that contains other sections actually devoted to information that bears on the seven factors.[3]  That allegation does not change the above analysis, based on FCRA caselaw that has developed around consumer credit reports that contain both credit information and background information that does not relate to credit eligibility.  A typical consumer credit report provided by one of the big three credit bureaus (Equifax, Trans Union, Experian) contains (i) a credit "header" with identifying

---

[3] "Defendant's Lease Decision reports contain several sections, including a section on any sex offender history about the applicant, and other 'multi-state' criminal history about the applicant, and, a 'SafeRent Identify™' section, which purportedly provides information so that potential landlords can verify the true identity of tenant applicant."  First Amended Complaint, ¶ 17.

information ("[t]he header of a credit file contains the identifying information of the consumer with whom the credit file is associated including an individual's name (and any other names previously used), current and former addresses, Social Security Number (SSN), date of birth, and phone numbers"), followed by (ii) "trade lines," which are "the accounts in a consumer's name reported by creditors such as auto lenders, mortgage lenders, or credit card issuers"), which are then followed, sometimes, by (iii) public records (such as bankruptcies and liens). "Key Dimensions and Processes in the U.S. Credit Reporting System" (Consumer Financial Protection Bureau, December 2012), pp. 6, 8 (attached as Ex. B).

If the alleged inaccuracy in a consumer credit report is in a section that, like the credit header in a consumer credit report, merely "verif[ies] the true identity" of the subject (¶ 17), then the fact that that section is part of a larger report does not convert the identity verification section into a consumer report. *Trans Union Corp. v. FTC*, 81 F.3d 228, 229, 231-32 (D.C. Cir. 1996) (rejecting the theory that inclusion of "identification information" (*id*. at 232) such as "name, zip code, age, social security number" (*id*.) in a larger report that includes trade lines means that the identification information was transmitted for purpose of determining credit eligibility); *Individual Reference Servs. Group, Inc. v. FTC*, 145 F. Supp. 2d 6, 17 (D.D.C. 2001) ("In 2000, the FTC stated that the 'credit header' data at issue in this litigation - the name, address, social security number, and phone number of the consumer - was not subject to the FCRA because it 'does not bear on creditworthiness, credit capacity, credit standing, character, general reputation, personal characteristics, or mode of living, unless such terms are given an impermissibly broad meaning.' . . . 15 U.S.C. § 1681a(d)(1). Both sides agree that credit header information is not currently subject to the FCRA.") (citations to the record omitted).

Here, the SafeRent Identify report in fact provided only credit header-type information (*i.e*., identifying information that falls outside the definition of

7

1  "consumer report" in FCRA).  The SafeRent Identity Report is the only "section"

2  on which Plaintiff's claim of inaccuracy is based.  The inclusion of other "sections"

3  in the report does not make the SafeRent Identify report a "consumer report."

4       The FCRA claims asserted in Claims IV and VI should therefore be

5  dismissed because they are based on the header-type, identity information, which as

6  a matter of law does not satisfy the FCRA's definition of "consumer report."

7  **B.**    **The "Permissible Purpose" of Claim VI Fails for the Additional**

    **Reason That There Is No Allegation That the "Lease Decision"**

8      **Report Provided on Plaintiff Was Used for a Purpose That Is**

    **Impermissible Under the FCRA**

9

10       To the extent that Plaintiff argues that the "permissible purpose" claim of

11  Claim VI is directed to the Lease Decision report as a whole, the "permissible

12  purpose" claim still fails.  There is no actionable claim under § 1681e(a) unless

13  there has first been a disclosure to a person who actually lacked a purpose for which

14  consumer reports may be used under the FCRA.  15 U.S.C. 1681e(a) ("Every

15  consumer reporting agency shall maintain reasonable procedures designed … to

16  limit the furnishing of consumer reports to the purposes listed under § 1681b of this

17  title.");  *Washington v. CSC Credit Services*, 199 F.3d 263, 266 (5th Cir.), cert.

18  denied, 530 U.S. 1261, 120 S. Ct. 2718 (2000).  Here, Plaintiff merely alleges that

19  SafeRent failed to obtain a permissible purpose certification from landlords who

20  intended to use the Lease Decision report for leasing and housing decisions in

21  residential screening (First Amended Complaint, ¶¶ 13-16).  However, Plaintiff

22  does not assert that, under 15 U.S.C. 1681b, tenant screening is an impermissible

23  purpose for a consumer report.  In fact, the FTC Report references (pp. 23, 84)

24  residential screening as a permissible purpose for a report.  For this reason alone,

25  Claim VI should be dismissed.[4]

26  ─────────────────

[4] The facts will show that the user who requested a Lease Decision record on

27  Plaintiff certified that he had a permissible purpose; it is unclear on what basis

Plaintiff would argue that certification was not obtained.  If Plaintiff's claim is that

28   

(Footnote continues on next page.)

8

**C.      Plaintiff's State Law Claims V and VII of the First Amended Complaint Should Likewise be Dismissed**

In Claims V and VII of the First Amended Complaint, Plaintiff alleges parallel claims to her § 1681e(b) and § 1681e(a) FCRA claims, under the CCRAA §§ 1758.14(b) and 1785.14(a), respectively, of the California Civil Code.  The CCRAA's definition of "consumer credit report" in Cal. Civ. Code § 1785.3(c) is arguably narrower than the definition of "consumer report" in the FCRA, in the sense that it lists only three characteristics ("credit worthiness, credit standing, or for credit capacity").  The CCRAA claims fail for a reason similar to why the FCRA-based claims fail, in that the identifying information at issue does not bear on the listed characteristics of credit worthiness, credit standing or credit capacity.[5] This Court should apply the authority discussed above as to the definition of a "consumer report" under the FCRA and dismiss the parallel claims under the CCRAA.

*Gomon v. TRW, Inc*., 28 Cal. App. 4th 1161, 34 Cal. Rptr. 2d 256 (1994), provides further support for dismissing the CCRAA claims, and provides persuasive authority for dismissing the FCRA claims.  In *Goman*, the plaintiff alleged that defendant TRW violated the CCRAA in disclosing an "IDV" report to a third party.  The information contained in an IDV was limited to 1) address and 2)

(Footnote continued from previous page.)

a separate certification was not provided for the SafeRent Identify section of the report, then the claim fails for the reason stated above:  the SafeRent Identify report does not constitute a "consumer report" under the FCRA.

[5] "The Ninth Circuit has recognized that, 'because the CCRAA is substantially based on the Federal Fair Credit Reporting Act ["FCRA"], judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.'  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (citing *Olson v. Six Rivers Nat'l Bank*, 111 Cal.App.4th 1, 3, 3 Cal. Rptr. 3d 301 (2003))."  *Lewis v. Trans Union, LLC*, No. 1:13-CV-00229-LJO-BAM, 2013 U.S. Dist. LEXIS 55160, at *6 (E.D. Cal. Apr. 17, 2013).

employment information (place of employment).  The Court held that "[t]here is no evidence the address or employment information furnished to Super Bureau had any bearing on Gomon's credit.  Therefore, it was not a consumer credit report under the CCRAA."  *Id.* at 1167, 34 Cal. Rptr. 2d at 261  "The information disclosed in the IDV report did not include information relating to Gomon's credit worthiness, credit standing or credit capacity. . . .   As the district court noted in *Ley v. Boron Oil Co*., 419 F. Supp. 1240 (W.D., Pa.) (1976), a report such as that present here, even if dealing with 'residence, marital status, age and absence of any criminal or civil court records,' does not contain the type of information required of a consumer credit report.  (*Id*. at 1243.)"  *Id*. at 1168-69.  The law under the CCRAA is thus consistent with the law as it has developed under the FCRA and confirms that the header information allegedly provided on Plaintiff was not a "consumer credit report" under the CCRAA.

This Court should therefore dismiss Claims IV-VII of the First Amended Complaint.  As a matter of law, the information Plaintiff alleges as included in an Identify Report does not bear on eligibility and thus is not a "consumer report" as that term is defined under the FCRA or the CCRAA.

## II.     THIS COURT SHOULD ALSO DISMISS CLAIMS I-III (WHICH ARE PLAINTIFF'S CLAIMS RELATING TO HER ALLEGED REQUESTS FOR HER FILE)

Plaintiff alleges, based on an incomplete request to SafeRent for her file in October 2012 (First Amended Complaint, ¶¶ 30-31), that she was entitled to a copy of her file at SafeRent under 15 U.S.C. § 1681g (Claim I).  That statute requires a consumer reporting agency to provide consumer with a copy of her file upon request.  Plaintiff also alleges, that by requiring her to expend effort to allegedly provide verification of her identity, SafeRent violated 15 U.S.C. § 1681j (Claim III), which requires a consumer reporting agency to provide a file upon request free of charge under certain circumstances.

10

The allegations relating to Plaintiff's file requests, though, fail to state a claim. The verification process that Plaintiff alleges SafeRent used is not only permitted by the FCRA, it is required. The identity verification process that Plaintiff challenges was a reasonable precaution against disclosing potentially sensitive information about Plaintiff to someone impersonating her.

**A.      The Identity Verification Requirements of Which Plaintiff Complains Are Obligated To Secure "Proper Identification" Before Disclosing a Consumer File (Claim I)**

A consumer reporting agency's obligation to disclose a consumer's file to the consumer upon request is "subject to § 1681h(a)(1)." 15 U.S.C. § 1681g(a). Section 1681h provides that "[a] consumer reporting agency shall require, as a condition of making the disclosures required under section [1681g], *that the consumer furnish proper identification*." (Emphasis added). In other words, because of the use of "shall," it would be a violation of the FCRA for the consumer reporting agency *not* to require "proper identification." Under § 1681h(a) (1), "the credit-reporting agency must require that the requesting consumer properly identify himself in order to reduce the risk of improper disclosure and the attendant risk of identity theft." *Singletery v. Equifax Info. Servs.*, No. 2:09-cv-489-TMP. 2011 U.S. Dist. LEXIS 156215, at *33 (N.D. Ala. Sept. 21, 2011). Indeed, "[w]hen a request is made for a free annual disclosure, however, the requester is not necessarily known to [the credit reporting agency], and § 1681h mandates that [the credit reporting agency] take reasonable steps to require the requester to identify himself as the consumer whose credit file is being requested." *Id*. at *48.

"Proper identification" has been defined by a regulation issued by the FTC, entitled "Appropriate Proof of Identity" ("The Commission issued regulations

11

concerning 'appropriate proof of identity' for obtaining file disclosures and other purposes (16 CFR 614)" (FTC Report, p. 71)):

Appropriate Proof of Identity

(a)  Consumer reporting agencies shall develop and implement reasonable requirements for what information consumers shall provide to constitute proof of identity for purposes of sections 605A, 605B, and [15 U.S.C. § 1681g] of the Fair Credit Reporting Act.  In developing these requirements, the consumer reporting agencies must:

(1)  Ensure that the information is sufficient to enable the consumer reporting agency to match consumers with their files; and

(2)  Adjust the information to be commensurate with an identifiable risk of harm arising from misidentifying the consumer.

(b)  Examples of information that might constitute reasonable information requirements for proof of identity are provided for illustrative purposes only, as follows:

(1)  Consumer file match:  The identification information of the consumer including his or her full name (first, middle initial, last, suffix), any other or previously used names, current and/or recent full address (street number and name, apt. no., city, state, and zip code), full 9 digits of Social Security number, and/or date of birth.

(2)  Additional proof of identity:  copies of government issued identification documents, utility bills, and/or other methods of authentication of a person's identity which may include, but would not be limited to, answering questions to which only the consumer might be expected to know the answer.

1   16 C.F.R. § 614.[6]

2       Plaintiff alleges (First Amended Complaint, ¶ 35) that SafeRent's

3   "'Consumer Disclosure Request Form and instructions advised that in order for

4   Plaintiff to obtain a copy of her file, supposedly free of charge, Defendant required

5   her to (a) complete the paper request form in writing; (b) sign the form under

6   'penalty of law;' (c) mail the form to Defendant; and, (d) provide to Defendant a

7   photocopy of either one or two forms of identification (depending on the type of

8   identification), such as a driver's license, government or military government

9   issued photo ID, social security card and/or recent utility bill."[7]

10      The above list of identity verification items that Plaintiff alleges were

11  required by SafeRent is a reasonable and necessary implementation of a "proper

12  identification" requirement applicable to a request for a file under 15 U.S.C.

13  § 1681g (Claim I) and expressly permitted by 16 C.F.R. § 614.  *Garrison v. Equifax*

14  *Info. Servs., LLC*, No. 10-13990, 2012 U.S. Dist. LEXIS 52942 (E.D. Mich.

15  Apr. 16, 2012), is persuasive authority on this point.  In *Garrison*, the court granted

16  summary judgment on Plaintiff's claim under § 1681j for failure to disclose his

17  credit score.  One of the Defendants (Trans Union) told Plaintiff that his address

18  was not listed in its records, and that, in order "to protect the confidentiality of

19  [Plaintiff's] credit report," he needed to "complete the attached form and submit

20  verification of [his] current address," and provide copies of two forms of

21  verification from a list that included driver's license; state ID card; bank statement;

22

23  [6] This regulation, originally issued by the Federal Trade Commission, was republished in 2011 by the newly-created Bureau of Consumer Financial Protection as 12 C.F.R. 1022.123.

24

25  [7] SafeRent's process, however, did not require a consumer to use the form as alleged in order to obtain a copy of their file nor was the submission of all the information as asserted in the Amended Complaint required.  Nonetheless, even assuming that the allegation in the amended complaint are true (as required by the applicable standard), the Amended Complaint fails as a matter of law.

26

27

28

cancelled check; government issued ID card; and utility bills ("[w]ater, [g]as, [e]lectric, or [t]elephone"). *Id*. at *4. Plaintiff failed to fill out the form and sent copies of his driver's license, tribal driver's license, cable bill, and voter registration card. He therefore did not meet Trans Union's requirement of completing a written disclosure form. Trans Union requested that information again, but Plaintiff did not respond. *Id*. at *15-16.

> The Court found that "the undisputed evidence reveals that Defendant Trans Union's requests were reasonable," and that Plaintiff failed to comply with them:

> > Plaintiff's own version of the events confirms that he did not provide sufficient verifying information to Defendant Trans Union. Defendant . . . sent a letter to Plaintiff, dated September 2, 2010, stating it had been unable to locate the credit report and reiterating the requisite verifying documents needed from Plaintiff and included another disclosure request form. Prior to the filing of his complaint, Plaintiff did not send the requisite information to Defendant Trans Union. Plaintiff does not dispute this fact. I therefore suggest that there is no genuine issue of material fact in dispute. *The documents Defendant Trans Union required Plaintiff to furnish are expressly identified as reasonable requirements under the applicable regulation. See* 16 C.F.R. § 614.1(b)(1),(2). I therefore suggest that the undisputed evidence reveals that Defendant Trans Union's requests were reasonable, that Plaintiff failed to comply with the reasonable requests for verifying documents, and that said failure relieved Defendant Trans Union of any statutory duty to disclose Plaintiff's credit report.

*Id.* at *17-18 (emphasis added; quotation marks omitted) (quoting with approval the Magistrate Judge's Report and Recommendation).

1       *Garrison* shows that it is reasonable under § 1681h for a consumer reporting

2   agency to require a requester to provide verifying information on a form, and that it

3   is reasonable to require the copies of the verifying information listed in Trans

4   Union's disclosure form.  Indeed, *Garrison* approved verification requirements

5   more stringent than the list of requirements alleged by Plaintiff to have been

6   required by SafeRent, since Plaintiff's submission of a valid driver's license as the

7   sole documentary evidence of identity would have met SafeRent's alleged

8   requirements.  Plaintiff's § 1681g claim (Claim I) should therefore be dismissed.

9
10       **B.**    **The "Proper Identification" Obligation Also Applies to a Request for a File Under 15 U.S.C. § 1681j (Claim III)**

11       The identification requirements Plaintiff alleges to have been required are

12   also proper for a request made under 15 U.S.C. § 1681j (Count III), which provides:

13       Nationwide consumer reporting agencies

14       (A) In general

15       All consumer reporting agencies described in subsections (p) and (w)

16       [1] of section [1681a] shall make all disclosures *pursuant to section*

17       *[1681g]* once during any 12-month period upon request of the

18       consumer and without charge to the consumer.

19    (Emphasis added).

20       Section 1681j does not create any disclosure obligation in addition to that

21   created by section 1681g; it simply requires consumer reporting agencies of a

22   certain size and scope to provide the section 1681g disclosures free of charge once

23   every twelve months and in other limited circumstances.  When a disclosure request

24   is made to a "nationwide consumer reporting agency," it remains a request under

25   section 1681g, and it remains subject to the section 1681h requirement of "proper

26   identification."

27       Not only is that the clear import of the statutory structure, but it would also

28   be incongruous for Congress to *require* in one section of the FCRA that smaller

1    consumer reporting agencies verify the identity of a person requesting a copy of his
2    or her consumer report prior to providing a copy of the file, but at the same time, in
3    another FCRA section, *prohibit* the larger consumer reporting agencies, such as
4    Experian, Equifax and Trans Union (all nationwide consumer reporting agencies)
5    from requesting the same proof of identity.  *Singletery*, 2011 U.S. Dist. LEXIS
6    156215, at *32-33 (applying the "proper identification" requirement to a request
7    made to nationwide consumer reporting agency Equifax under § 1681j).  This Court
8    should therefore reject Plaintiff's apparent position in the First Amended Complaint
9    (¶ 49)[8] that a § 1681g request made to a nationwide specialty consumer reporting
10   agency is not subject to the "proper identification" requirement.  The statutory
11   obligation to obtain from Plaintiff "proper identification" before disclosing her file
12   disposes of Plaintiff's third claim, for a violation of § 1681j.

13       **C.    Plaintiff's Claims Relating to File Requests (Claims I and III)**
             **Do Not Appear to Be Based on Her Allegation That She**
14           **Filled Out Defendant's Disclosure Form**

15       Plaintiff alleges at one point in the First Amended Complaint that she
16   actually complied with Defendant's alleged process, in that she filled out
17   Defendant's form, attached sufficient verifying information, and returned it by
18   certified mail (First Amended Complaint, ¶ 45), and further alleges that SafeRent
19   failed to respond (*id.* at ¶ 47).[9]  However, these factual allegations are not the
20   alleged basis for her claims made in Claims I and III.

21   _____

22   [8] "Defendant's practices [i.e., requesting that the consumer submit a Disclosure
     Form] also deprive consumer of a file that is truly *free of charge*, since consumers
23   such as Plaintiff must expend some printing, postage, copying, and travel expenses
     in order to request their files."
24

25   [9] In contrast, in ¶ 31 of the First Amended Complaint, Plaintiff merely alleges that,
     on October 18, 2012, she mailed a written request that "*identified* Plaintiff by name
26   maiden name, address, complete social security number, and complete date of
     birth."  Plaintiff does not allege, though, because she cannot, that she provided
27   *verification* of that information, such as a copy of social security card, a copy of a
     government-issued photo ID (*e.g.*, a driver's license) or other authentication, rather

28                                                    (Footnote continues on next page.)

1    Claims I and III are barebones, stating in one conclusory paragraph the
2    FCRA statutory section alleged to be violated, and incorporating the fact section of
3    the pleading by reference, leaving the Court to infer upon which, if any, of the pled
4    facts the claims are based.  The basis for the claims, though, does not appear to be
5    the allegation that Plaintiff submitted SafeRent's disclosure form and SafeRent
6    failed to respond.  Claim I (15 U.S.C. § 1681g) states that SafeRent failed to
7    provide "consumers such as Plaintiff" their files "upon request" (First Amended
8    Complaint, ¶ 66), without specifying that the request used SafeRent's form.  The
9    purported class is defined to include consumers who "made *any* request for their
10   consumer files which was received by Defendant and who were not provided with
11   their consumer files by Defendant."  First Amended Complaint, ¶ 53(b) (emphasis
12   added).

13   In Claim III (15 U.S.C. § 1681j), the purported class is defined to include
14   merely those persons who "made a request for their consumer files to Defendant
15   using Defendant's Consumer Disclosure Request Form, and had not obtained a
16   consumer file from Defendant in the 12-month period immediately preceding the
17   request."  First Amended Complaint, ¶ 54.  While this class definition does mention
18   Defendant's form, by its terms consumers can fall into the alleged class without
19   showing that SafeRent failed to respond to the request.  Similarly, the violation of
20   FCRA alleged in Claim III that SafeRent failed "to provide consumers such as
21   Plaintiff, upon request, with all information in the consumer's file *free of charge*."
22   First Amended Complaint, ¶ 73 (emphasis added).  Again, it is not alleged that
23   SafeRent failed to respond.

24
25
     _____

26   (Footnote continued from previous page.)

27   than just sending a letter purporting to be that person and *listing* the identifying
     information.

28

1     In short, the language of the class allegations, and of Claims I and III, as well

2  as the length at which allegations regarding the alleged burdensomeness of

3  SafeRent's process for submitting a request set forth in the fact section of the First

4  Amended Complaint, all indicate that the claims regarding file requests are not

5  simply alleging that the FCRA was violated because Plaintiff filled out SafeRent's

6  form and SafeRent did not respond.[10]  Rather, the claims are based on Plaintiff's

7  challenge to the alleged process used by SafeRent to verify the identity of the

8  inquirer.  As explained at length above, section 1681h permits the procedures at

9  issue, and so Claims I and III fail as a matter of law.

10     Lastly, some of the allegations of Plaintiff's file request claims are

11  gratuitous.  Plaintiff references the statutory requirements that nationwide consumer

12  reporting agencies provide a toll free number for consumers to request their file (¶¶

13  39-43) but nowhere alleges that SafeRent fails to make this option available to

14  consumers or that she ever attempted to locate or call the 1-800 number.  These

15  allegations can therefore be disregarded for purposes of analyzing whether Plaintiff

16  has stated a claim.  In sum, Claims I and III should be dismissed.

17     **D.    Plaintiff's Claim Under the CCRAA Relating to Her File Request (Claim II) Should Be Dismissed for the Same Reasons As Claims I and III**

18

19     In Claim II, Plaintiff asserts a claim under the CCRAA's provisions on

20  disclosure of files.  Citing Cal. Civil Code § 1785.10 and § 1785.15.  Section

21  1785.10(a) requires a consumer reporting agency "upon request and proper

22

---

23  [10] Alternatively, if the violation alleged in Counts I and III is, in fact, that SafeRent

24  failed to respond to a request for the consumer's file on a form provided by SafeRent, then the purported class definitions ("any request" (¶ 53(a) -- part of the

25  definition of the § 1681g class); or all consumers who made a request on SafeRent's form who were eligible to receive the file free of charge, regardless of

26  whether SafeRent responded (¶ 54(a), the § 1681j class)) are overbroad, and the

27  class allegations should be stricken as to Claims I and III, and Claim II to the extent it survives.

28

identification of any consumer" to permit the consumer to inspect the files maintained about the consumer at the time of the request.  Section 1785.10(b) requires a consumer reporting agency, following contact "by a consumer regarding information which may be contained in the agency files regarding that consumer" to advise the consumer of various CCCRA rights, including the right to obtain a copy of her file under § 1785.15.  There is no allegation in the First Amended Complaint that SafeRent failed to make the required disclosures.

As to § 1785.15(a), it parallels §§ 1681g, and 1681j of the FCRA by requiring a consumer reporting agency to provide a file at the consumer's request only upon furnishing of "proper identification."  Cal. Civil Code § 1785.15(b).  Looking to interpretation of the FCRA for guidance (*Lewis*, 2013 U.S. Dist. LEXIS 55160, at *6-7), this Court should dismiss Claim II under the FCRA for the same reasons that Plaintiff's claims under §§ 1681g and 1681j under the FCRA (Claims I and III, respectively) should be dismissed.

## CONCLUSION

For the above reasons, this Court should dismiss plaintiff's First Amended Complaint in its entirety.


Dated:     August 5, 2013                FARUKI IRELAND & COX P.L.L.


                                         By: /s/ Ronald I. Raether
                                             Ronald I. Raether


                                         MORRISON & FOERSTER LLP


                                             Attorneys for Defendant
                                             CoreLogic SafeRent, LLC

743274.1

19