# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

To: ☒ U.S. District Judge / ☐ U.S. Magistrate Judge _Andrew J. Guilford_

From: _Denise Vo_____, Deputy Clerk    Date Received: _8/20/13_

Case No.: _SACV 13-470 AG_    Case Title: _Susan E. Moreland v. Corelogic Inc_

Document Entitled: _Second Amended Complaint_

---

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

☐ Local Rule 11-3.1    Document not legible
☐ Local Rule 11-3.8    Lacking name, address, phone and facsimile numbers
☐ Local Rule 11-4.1    No copy provided for judge
☐ Local Rule 19-1    Complaint/Petition includes more than ten (10) Does or fictitiously named parties
☐ Local Rule 15-1    Proposed amended pleading not under separate cover
☐ Local Rule 11-6    Memorandum/brief exceeds 25 pages
☐ Local Rule 11-8    Memorandum/brief exceeding 10 pages shall contain table of contents
☐ Local Rule 7.1-1    No Certification of Interested Parties and/or no copies
☐ Local Rule 6.1    Written notice of motion lacking or timeliness of notice incorrect
☐ Local Rule 56-1    Statement of uncontroverted facts and/or proposed judgment lacking
☐ Local Rule 56-2    Statement of genuine issues of material fact lacking
☐ Local Rule 7-19.1    Notice to other parties of ex parte application lacking
☐ Local Rule 16-6    Pretrial conference order not signed by all counsel
☐ FRCvP Rule 5(d)    No proof of service attached to document(s)
☒ Other: _Rule 15: A party may amend its pleading once as a matter of course within 21 days after serving it unless the court orders otherwise._

FILED
CLERK U.S. DISTRICT COURT

AUG 20 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

**Note:** Please refer to the court's Internet website at www.cacd.uscourts.gov for local rules and applicable forms.

---

### ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐ The document is to be filed and processed. The filing date is ORDERED to be the date the document was stamped "received but not filed" with the Clerk. Counsel* is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83-7.

_____    _____
Date                              U.S. District Judge / U.S. Magistrate Judge

☒ The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to *counsel. *Counsel shall immediately notify, in writing, all parties previously served with the attached documents that said documents have **not** been filed with the Court.

_8/20/13_____    _ANDREW J. GUILFORD_____
Date                              U.S. District Judge / U.S. Magistrate Judge

*The term "counsel" as used herein also includes any pro se party. See Local Rule 1-3.

---

Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
Craig C. Marchiando (SBN 283829)
**CADDELL & CHAPMAN**
1331 Lamar, Suite 1070
Houston TX  77010
Telephone:  (713) 751-0400
Facsimile:  (713) 751-0906

Leonard A. Bennett (*pro hac vice*)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1A
Newport News VA 23606
Telephone:  (757) 930-3660
Facsimile:  (757) 930-3662

James A. Francis (*pro hac vice*)
jfrancis@consumerlawfirm.com
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia PA 19110
Telephone:  (215) 735-8600
Facsimile:  (215) 940-8000

*Attorneys for Plaintiff*

ORIGINAL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| **SUSAN E. MORELAND, on behalf of herself and all others similarly situated,** | No.:  SACV13-00470 AG (ANx) |
| **Plaintiff,** | **SECOND AMENDED COMPLAINT CLASS ACTION** |
| **vs.** | **DEMAND FOR JURY TRIAL** |
| **CORELOGIC SAFERENT LLC,** | |
| **Defendant.** | |

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff Susan E. Moreland files this Second Amended Class Action Complaint.

## PRELIMINARY STATEMENT

1.      This is a consumer class action based upon Defendant CoreLogic SafeRent LLC's ("SafeRent") widespread violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x ("FCRA"). Defendant is regulated as a consumer reporting agency ("CRA") under the FCRA. Defendant is also similarly regulated as a consumer credit reporting agency ("CCRA") under the California Consumer Credit Reporting Agencies Act ("CCRAA"), CAL. CIV. CODE §§ 1785.1–1787.3. Defendant deprives consumers of their rights under the FCRA and CCRAA first by failing to assure the accuracy of the information in a particular consumer report that it prepares—called a "Lease Decision" report—for tenant applicants such as Plaintiff. Second, Defendant also violates the Acts by making it burdensome and costly for consumers such as Plaintiff to obtain a full copy of their files free of charge, as provided for in the FCRA. The purpose of this disclosure requirement is to allow consumers like Plaintiff to dispute (and hopefully correct) any inaccurate information that Defendant has improperly placed in their files. In addition, Defendant's lax system for creating reports further violates the FCRA and CCRAA by producing results, such as the report Defendant sold about Plaintiff, that are fraught with inaccuracy.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff Susan E. Moreland is an adult individual who at all times relevant hereto resided in Vista, California.

5.      Defendant SafeRent is a consumer reporting agency that regularly

2

conducts business in the Southern District of California.

## FACTUAL ALLEGATIONS

A.  **Defendant's Practices In Papering Lease Decision Reports, And Its April 4, 2012 Report About Plaintiff**

6.   Defendant is a nationwide CRA, maintaining files of most adults in the U.S.

7.   Defendant's files contain names, addresses, social security numbers, dates of birth, and other items of personal identifying information about consumers.

8.   Defendant's files also include criminal histories, eviction records, and other types of public records and information bearing upon the credit worthiness of consumers and their eligibility for apartment leases and employment.

9.   Defendant compiles its files from information derived from various public records and also from private data furnishers.

10.   From these files, Defendant sells consumer reports (sometimes commonly called "credit reports") about millions of consumers annually.

11.   Defendant is regulated by the FCRA, and its California analogue, the CCRAA, because the information in its files bears upon consumers' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, 15 U.S.C. § 1681a(d), CAL. CIV. CODE § 1785.3(c), and Defendant sells that information—in the case of Plaintiff and the Classes she seeks to represent—to those seeking to determine whether consumers like Plaintiff are eligible to rent housing.

12.   One of the consumer reports that Defendant prepares and sells about tenant applicants is called a "Lease Decision" report.

13.   Lease Decision reports are sold by Defendant to landlords and used in connection with tenant applications to determine whether tenants are eligible to rent the apartments for which they have applied.

14. Nevertheless, upon information and belief, Defendant does not obtain from landlords a permissible purpose certification for the limited permissible use of Lease Decision reports, as required by the FCRA. *See* 15 U.S.C. § 1681e(a).

15. Indeed, Defendant instructs landlords *not* to use its reports directly for the purposes of making any housing decisions even though it sells such reports knowing full well that landlords will rely upon these reports in making leasing and housing decisions.

16. Although Defendant prepares Lease Decision reports and sells them to landlords that it at least has reason to suspect will use the reports to determine whether consumers are eligible to rent housing, Defendant treats Lease Decision reports as not governed by the FCRA.

17. Confusingly, however, two different sections of Plaintiff's Lease Decision report have a field in which the "permissible purpose" of the report is listed. In both places on Plaintiff's report, the permissible purpose is "resident screening." This "permissible purpose" acknowledgement by the purchaser is indicative of information that the seller treats as governed by the FCRA.

18. Since it treats Lease Decision reports as falling outside the governance of the FCRA, Defendant does not apply any of the FCRA's protections for consumers who are subjects of Lease Decision reports.

19. Defendant's Lease Decision reports contain several sections, including a section on any sex-offender history about the applicant, and other "multi-state" criminal history about the applicant, and a section which purportedly provides information so that potential landlords can verify the true identity of a tenant applicant.

20. Defendant's Lease Decision reports typically contain dozens of records purportedly validating the true identity of the tenant applicant, including information purportedly about the applicant's name, address, social security number, date of

4

birth, phone number, the date on which successive residencies at particular addresses began, and other information.

21.     Defendant's Lease Decision reports also typically contain information that does not relate to the subject of the report, but instead relates to other persons, with different names, different dates of birth, and different social security numbers than the report's subject.

22.     At the end of Defendant's Lease Decision report, Defendant provides the following "Disclaimer":

> This locator index product may be used exclusively to identify potential previous names and addresses the applicant may have used and to obtain the applicant's date of birth and verify the applicant's Social Security Number. The results of this search shall not be used directly for the purpose of making employment or housing decisions. However, the results may be used to broaden the scope of employment and housing related background checks to include additional jurisdictions and names beyond those that the applicant disclosed and to narrow the background check by including the applicant's date of birth in those cases where this information is not obtained from the applicant. The results of these expanded background checks may be used for making employment or housing decisions in accordance with the FCRA and applicable state and local statutes.

23.     Elsewhere in Plaintiff's report, however, Defendant warns that:

> A person must have a permissible purpose under the Fair Credit Reporting Act (FCRA) to obtain a consumer report. The FCRA imposes penalties against anyone who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses, including fines, up to two years in prison or both. A consumer reporting agency may not prohibit you from disclosing the contents of the report directly to the consumer. It is recommended that you refer all inquiries regarding the information contained in this report directly to the Corelogic SafeRent consumer request line: 1-888-333-2413.

24.     Since the FCRA only governs reports that meet a certain criteria, such a warning is unnecessary in a report that falls outside the FCRA.

25.     In the case of Plaintiff, Defendant prepared a Lease Decision report on or about April 4, 2012, allegedly about Plaintiff in connection with her application to lease an apartment in San Marcos, California.

26.     Plaintiff's Lease Decision report is a unified, twenty-one page document that contains varying categories of information about Plaintiff including multi-state criminal history, sex offender information, and supposed prior residences of Plaintiff.

27.     Erroneously believing that its reports should "not be used directly for the purpose of making employment or housing decisions," and consistent with its regular practice, Defendant never obtained a specific FCRA permissible purpose certification from the San Marcos, California, landlord in connection with Plaintiff's application for rent, in violation of 15 U.S.C. § 1681e(a).

28.     Defendant failed to obtain this certification despite twice listing the report's purpose as "resident screening," which is an eligibility determination under the FCRA.

29.     In the April 4, 2012 Lease Decision report, Defendant identified as many as 18 *inaccurate* records purportedly showing that Plaintiff has resided at various apartments in Texas and various locations in California, where Plaintiff has never resided.

30.     In the April 4, 2012 Lease Decision report, Defendant also misidentified Plaintiff as having used several different aliases, which she has never used, including the surnames "Mortensen," "Bertoli," and "Godinez."

31.     Although Plaintiff Susan Moreland is clearly a woman, Defendant's Lease Decision report also erroneously identified her as at least two different men, one who goes by the name "Alejandro" and the other who goes by the name "Harry."

32.     Because Defendant failed to follow any procedure that assured maximum possible accuracy, as required by 15 U.S.C. § 1681e(b), Defendant mixed information in Plaintiff's report with that of several other, unrelated people.

33.     Defendant's Lease Decision report also contains information about Plaintiff's alleged criminal history, as Defendant performed "multi-state criminal" and "multi-state sex offender" searches about Plaintiff.

34.     The San Marcos, California landlord, confounded by what appeared to be an infinite number of aliases and addresses that Plaintiff never disclosed (because they were not her aliases or former addresses), could not determine whether Plaintiff was being truthful about her identity, and thus advised her that she could not rent the apartment on her own due to Defendant's Lease Decision report.

**B.     Defendant Deprives Plaintiff Of Access To Her File, Per Its Usual Burdensome And Unlawful Procedures**

35.     Plaintiff sought to learn how Defendant could have confused her with so many other people, the source of Defendant's faulty information, and also the identity of all of the end-users of Defendant's reports who may have also been provided by Defendant, or any reseller, any misleading report about Plaintiff.

36.     As is her right under both the FCRA and CCRAA, Plaintiff requested from Defendant a copy of her consumer file.

37.     Specifically, Plaintiff made her request in writing on or about October 18, 2012, a request that Defendant received on or about October 25, 2012.

38.     Plaintiff's October 18, 2012 written request properly identified Plaintiff by name, maiden name, address, complete social security number, and complete date of birth.

39.     Nevertheless, and in accordance with its usual procedures, Defendant failed to provide to Plaintiff a copy or her file, and in fact did not respond to Plaintiff at all.

40.     Frustrated, Plaintiff visited Defendant's website in an attempt to determine how she might obtain her SafeRent file. *See* website http://www.corelogic.com.

41.    On Defendant's website, she located a document called "Consumer Disclosure Instructions" and "Consumer Disclosure Request Form." Together with the complete instructions and a statement of FCRA rights (including Plaintiff's right to obtain her file from Defendant *free of charge*), the document was 12 pages in length and complicated.

42.    Importantly, the "Consumer Disclosure Request Form" and instructions advised that in order for Plaintiff to obtain a copy of her file, supposedly free of charge, Defendant required her to (a) complete the paper request form in writing; (b) sign the form under "penalty of law;" (c) mail the form to Defendant; and, (d) provide to Defendant a photocopy of either one or two forms of identification (depending on the type of identification), such as a driver's license, government or military government issued photo ID, social security card and/or recent utility bill.

43.    To Plaintiff's knowledge, no other CRA has such a burdensome procedure for consumers to obtain a copy of their consumer files.

44.    Defendant's standardized "Consumer Disclosure Request Form" and procedure effectively deprives consumers such as Plaintiff from obtaining a copy of their files free of charge.  Minimally, consumers such as Plaintiff are required to expend moneys on printing Defendant's paper forms, photocopying one or two forms of identification, and traveling to a post office and mailing to Defendant its required form and related photocopies.

45.    Defendant's procedure for requesting consumer files is not only contrary to industry practice, but it is also in contravention of regulatory guidance which mandates that both nationwide and specialty CRAs use a streamlined process in permitting consumers to quickly and easily obtain their files, including over the telephone or Internet, without the need for printing any particular forms, photocopying records, purchasing postage, and mailing requests.

1    46.    Defendant's process, on the other hand, is onerous and difficult for consumers from the beginning, regardless of whether Defendant has any genuine doubt as to the identity of the person requesting a consumer's file.

47.    The Federal Trade Commission (FTC), which had primary jurisdiction to enforce the FCRA for some 40 years, required nationwide and national specialty CRAs to have a "streamlined process" by which consumers my request their file disclosures, including by "[e]nabl[ing] consumers to request annual file disclosures *by a toll-free telephone number.*" 16 C.F.R. § 610.3(a)(1) (2011) (emphasis added); *see also* 15 U.S.C. § 1681(w) (specifically defining nationwide specialty CRAs to include CRAs that provide "residential or tenant history").

48.    The Consumer Financial Protection Bureau (CFPB), which now has primary jurisdiction over the FCRA, provides on its website that consumers may request their files *by calling* both national and specialty CRAs:

> Phone:  If you order your report by calling 877-322-8228, your report will be processed and mailed to you within 15 days.

http://www.consumerfinance.gov/askcfpb/1221/how-long-does-it-take-get-my-free-credit-report-after-i-order-it.html.

> If you would like to see what checking account information is stored about you, you can request a free copy of your report at:  Chex Systems: 1-800-428-9623 Telecheck:  1-800-366-2425 Certegy Check Systems: 1-866-543-6315 CoreLogic Teletrack:  1-877-309-5226

http://www.consumerfinance.gov/askcfpb/search?selected_facets=tag_exact%3Acredit+reporting+agency.

49.    The CFPB has also adopted the FTC's regulations, cited above, which provide that both nationwide and specialty CRAs must accept file requests *via telephone*, and in fact must have a designated toll-free telephone number for such requests. *See* 12 C.F.R. §§ 1022.136 and 1022.137 (2012).

50.    The three national CRAs—Equifax, Experian and Trans Union—all permit consumers to request their FCRA file disclosures (commonly called "credit reports") via telephone or online though the Internet: "You may request your free

credit report online, request your report by phone or request your report through the mail." https://www.annualcreditreport.com/cra/index.jsp.

51.    Indeed, the national CRAs have a free website and toll free telephone number set up just for such file requests:

**To Request your Credit Report by Phone:**
Call 1-877-322-8228
You will go through a simple verification process over the phone.

https://www.annualcreditreport.com/cra/order?phone.

52.    The notion that a consumer must request his or her file from a CRA in writing with a particular form and with supporting documentation is Defendant's alone, and has no basis in law or industry practice.

53.    Given that Defendant did not even respond—not to ask Plaintiff for more information, or to suggest that she use Defendant's form, or anything—to Plaintiff's letter request for her file, it obviously seeks to erect onerous barriers to consumers attempting to enforce even the most basic of FCRA rights.

54.    Although the above authorities show that it is commonplace to allow consumers to simply call a CRA and order a copy of their files, Defendant here subjects consumers to an aggravating and burdensome process in order to obtain their files.

55.    Nevertheless, Plaintiff printed out Defendant's form, made photocopies of her driver's license and social security card, drove for approximately 10 minutes to find a post office, purchased postage, paid for a return receipt for certified mail, and mailed to Defendant her request for her file on Defendant's form on or about January 18, 2013.

56.    Plaintiff had not obtained her consumer file from Defendant in the 12-month period preceding her January 18, 2013 request, which would have entitled her to her file free of charge.

10

57.     Nevertheless, Defendant again failed to provide to Plaintiff with a copy of her file.

58.     Defendant's practices are not accidental, but designed to frustrate consumers in their efforts to obtain their files, and thus reduce Defendant's compliance expenses relative to providing consumers with their files and processing their disputes, which will most certainly arise when consumers like Plaintiff find inaccurate information in their files.

59.     Defendant's practices also deprive consumers of a file that is truly *free of charge*, since consumers such as Plaintiff must expend some printing, postage, copying, and travel expenses in order to request their files from Defendant in the burdensome and unlawful manner that Defendant requires.

60.     Other CRAs, on the other hand, permit consumers to obtain their files free of charge by allowing them to do so by calling a toll-free number or requesting the file over the Internet.

61.     As a result of Defendant's actions and omissions, Plaintiff has suffered damages in the form of an inability to rent an apartment without a co-applicant, out-of-pocket expenses, harm to reputation, and emotional distress.

62.     At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

63.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## CLASS ACTION ALLEGATIONS

64.     Plaintiff brings this action on behalf of the following Classes:

11

**a)** **For Defendant's violations of FCRA § 1681g(a) (Count I)**: All persons residing in the United States and its Territories who, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, made any request for their consumer files which was received by Defendant and who were not provided with their consumer files by Defendant.

**b)** **For Defendant's violations of CCRAA § 1785.10 & 15 (Count II):** All persons residing in the State of California who, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, made any request for their consumer files which was received by Defendant and who were not provided with their consumer files by Defendant.

65. Plaintiff also brings this action on behalf of the following Class:

**a)** **For Defendant's violations of FCRA § 1681j(a) (Count III)**: All persons residing in the United States and its Territories who, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, made a request for their consumer files to Defendant using Defendant's Consumer Disclosure Request Form, and had not obtained a consumer file from Defendant in the 12-month period immediately preceding the request.

66. Plaintiff also brings this action on behalf of the following Classes:

**a)** **For Defendant's violations of FCRA § 1681e(b) (Count IV)**: All persons residing in the United States and its Territories about whom Defendant sold, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, a "Lease Decision" report.

**b)     For Defendant's violations of CCRAA § 1785.14(b) (Count V):** All persons residing in the State of California about whom Defendant sold, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, a "Lease Decision" report.

67.     Plaintiff also brings this action on behalf of the following Classes:

**a)     For Defendant's violations of FCRA § 1681e(a) (Count VI):** All persons residing in the United States and its Territories about whom Defendant sold, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, a "Lease Decision" report.

**b)     For Defendant's violations of CCRAA § 1785.14(a) (Count VII):** All persons residing in the State of California about whom Defendant sold, during the period beginning two (2) years prior to the filing of this Complaint and continuing through the date of the resolution of this case, a "Lease Decision" report.

68.     The Classes are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Classes number in the thousands.

69.     There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. The principal questions concern whether the Defendant willfully and/or negligently violated the FCRA and/or the CCRAA by failing to provide consumers with access to all information contained in their consumer files, as well as whether the Defendant follows reasonable procedures to assure the maximum possible accuracy of the information contained in consumers' files and obtained appropriate permissible purpose certification from end-users prior to selling Lease Decision reports.

70.   Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

71.   Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

72.   This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

73.   Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the CCRAA Classes each as a whole.

74.   Whether Defendant violated the FCRA and/or the CCRAA can be easily determined by Defendant's policies and a ministerial inspection of Defendant's business records.

75.   A class action is a superior method for the fair and efficient adjudication of this controversy.   Management of the Classes' claims is likely to present significantly fewer difficulties than those presented in thousands of individual lawsuits.   The identities of the Class members may be derived from Defendant's records.

## CLAIMS

### COUNT I—VIOLATION OF THE FCRA § 1681g(a)

76.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

77.    Pursuant to section 1681n and 1681o of the FCRA, Defendant is liable for willfully failing to provide consumers such as Plaintiff, upon request, with all information in the consumer's file in violation of 15 U.S.C. § 1681g(a).

78.    Though mandated by law to provide the file free of charge, Defendant has developed a complicated system requiring consumers to expend time, effort, and money in order to obtain their files, in violation of the FCRA.

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for statutory, actual and punitive damages for violation of 15 U.S.C. §1681g(a), pursuant to 15 U.S.C. § 1681n and/or § 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n and/or § 1681o; and that the Court grant such other and further relief as may be just and proper.

### COUNT II—VIOLATION OF THE CCRAA § 1785.10 & 15

79.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

80.    Defendant is a "consumer credit reporting agency" as defined by CAL. CIV. CODE § 1785.3(d).

81.    Plaintiff is a "consumer" as that term is defined by CAL. CIV. CODE § 1785.3(b).

82.    The above-mentioned reports were "consumer credit reports" as that term is defined by CAL. CIV. CODE § 1785.3(c).

83. Pursuant to CAL. CIV. CODE § 1785.31, Defendant is liable for violating the CCRAA by failing to provide consumers, upon request, with a copy of their disclosure containing all information on that consumer in violation of CAL. CIV. CODE § 1785.10 & 15 with respect to Plaintiff and the Class.

84. Though mandated to provide the file free of charge, Defendant has developed a complicated system requiring consumers to expend time, effort, and money in order to obtain their files.

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for damages of $100 to $5,000 per Class member per violation under the CCRAA and/or actual damages; that the Court award injunctive relief under the CCRAA; that the Court award costs and reasonable attorney's fees under the CCRAA; and such other and further relief as may be necessary, just, and proper.

## COUNT III—VIOLATION OF THE FCRA § 1681j(a)

85. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

86. Pursuant to section 1681n and 1681o of the FCRA, Defendant is liable for willfully failing to provide consumers such as Plaintiff, upon request, with all information in the consumer's file free of charge in violation of 15 U.S.C. § 1681j(a).

87. Though mandated to provide the file free of charge, Defendant has developed a complicated system requiring consumers to expend time, effort, and money in order to obtain their files.

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for statutory, actual and punitive damages for violation of 15 U.S.C. §1681j(a), pursuant to 15 U.S.C. § 1681n and/or § 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n and/or § 1681o; and that the Court grant such other and further relief as may be just and proper.

## COUNT IV—VIOLATION OF THE FCRA § 1681e(b)

88.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

89.     Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for negligently and willfully failing to maintain reasonable procedures to assure maximum possible accuracy of the consumer reports it sold in violation of 15 U.S.C. § 1681e(b).

90.     Defendant prepared consumer reports about Plaintiff and thousands of similar consumers, and Plaintiff's report was fraught with inaccuracies that have caused her to be denied housing.

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for statutory, actual and punitive damages for violation of 15 U.S.C. §1681e(b), pursuant to 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and that the Court grant such other and further relief as may be just and proper.

## COUNT V—VIOLATION OF THE CCRAA § 1785.14(b)

91. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

92. Defendant is a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

93. Plaintiff is a "consumer" as that term is defined by CAL. CIV. CODE § 1785.3(b).

94. The above-mentioned credit reports were "consumer credit reports" as that term is defined by CAL. CIV. CODE § 1785.3(c).

95. Pursuant to CAL. CIV. CODE § 1785.14(b), Defendant is liable for violating the CCRAA by failing to follow reasonable procedures to assure "maximum possible accuracy" of the reports it sold with respect to Plaintiff and the Class.

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for damages of $100 to $5,000 per Class member per violation under the CCRAA; that judgment be entered for Plaintiff and the Class against Defendant for actual damages under the CCRAA; that judgment be entered for Plaintiff and the Class against Defendant for actual damages under the CCRAA; that the Court award injunctive relief under the CCRAA; that the Court award costs and reasonable attorney's fees under the CCRAA; and such other and further relief as may be necessary, just, and proper.

## COUNT VI—VIOLATION OF THE FCRA § 1681e(a)

96. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

97.     Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for negligently and willfully failing to maintain reasonable procedures to assure that its consumer reports are sold for permissible purposes only, and only after Defendant obtains from each end user an appropriate permissible purpose certification, in violation of 15 U.S.C. § 1681e(a).

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for statutory, actual and punitive damages for violation of 15 U.S.C. §1681e(a), pursuant to 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and that the Court grant such other and further relief as may be just and proper.

## COUNT VII—VIOLATION OF THE CCRAA § 1785.14(a)

98.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

99.     Defendant is a "consumer credit reporting agency" as defined by CAL. CIV. CODE § 1785.3(d).

100.    Plaintiff is a "consumer" as that term is defined by CAL. CIV. CODE § 1785.3(b).

101.    The above-mentioned credit reports were "consumer credit reports" as that term is defined by CAL. CIV. CODE § 1785.3(c).

102.    Pursuant to CAL. CIV. CODE § 1785.14(a), Defendant is liable for violating the CCRAA by failing to follow reasonable procedures to assure that its consumer reports are sold for permissible purposes only, and only after Defendant obtains from each end user an appropriate permissible purpose certification.

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for damages of $100 to $5,000 per Class member per violation under the CCRAA; that judgment be entered for Plaintiff and the Class against Defendant for actual damages under the CCRAA; that judgment be entered for Plaintiff and the Class against Defendant for actual damages under the CCRAA; that the Court award injunctive relief under the CCRAA; that the Court award costs and reasonable attorney's fees under the CCRAA; and such other and further relief as may be necessary, just and proper.

## JURY TRIAL DEMAND

103.   Plaintiff demands trial by jury on all issues.

Date: August 19, 2013                                    Respectfully submitted,

                                                         **CADDELL & CHAPMAN**

                                                         *Michael Caddell*

                                                         Michael A. Caddell (SBN 249469)
                                                         mac@caddellchapman.com
                                                         Cynthia B. Chapman (SBN 164471)
                                                         Craig C. Marchiando (SBN 283829)
                                                         1331 Lamar, Suite 1070
                                                         Houston TX  77010
                                                         Telephone:  (713) 751-0400
                                                         Facsimile:  (713) 751-0906

                                                         Leonard A. Bennett (*pro hac vice*)
                                                         **CONSUMER LITIGATION ASSOCIATES, P.C.**
                                                         763 J. Clyde Morris Blvd., Suite 1A
                                                         Newport News VA 23601
                                                         Telephone:  (757) 930-3660
                                                         Facsimile:  (757) 930-3662

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

James A. Francis (*pro hac vice*)
  jfrancis@consumerlawfirm.com
John Soumilas (*pro hac vice*)
jsoumilas@consumerlawfirm.com
David A. Searles (*pro hac vice*)
dsearles@consumerlawfirm.com
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia PA 19110
Telephone:  (215) 735-8600
Facsimile:  (215) 940-8000

***Attorneys for Plaintiff***

1  Michael A. Caddell (SBN 249469)
   mac@caddellchapman.com
2  Cynthia B. Chapman (SBN 164471)
   Craig C. Marchiando (SBN 283829)
3  **CADDELL & CHAPMAN**
   1331 Lamar, Suite 1070
4  Houston TX  77010
   Telephone:  (713) 751-0400
5  Facsimile:  (713) 751-0906

6  Leonard A. Bennett (*pro hac vice*)
   **CONSUMER LITIGATION ASSOCIATES, P.C.**
7  763 J. Clyde Morris Blvd., Suite 1A
   Newport News VA 23606
8  Telephone:  (757) 930-3660
   Facsimile:  (757) 930-3662
9
   James A. Francis (*pro hac vice*)
10  jfrancis@consumerlawfirm.com
   John Soumilas (*pro hac vice*)
11 David A. Searles (*pro hac vice*)
   **FRANCIS & MAILMAN, P.C.**
12 Land Title Building, 19th Floor
   100 South Broad Street
13 Philadelphia PA 19110
   Telephone:  (215) 735-8600
14 Facsimile:  (215) 940-8000

15 *Attorneys for Plaintiff*

16
17            UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
18                 SOUTHERN DIVISION

19 **SUSAN E. MORELAND, on behalf**        No.: SACV13-00470 AG (ANx)
20 **of herself and all others similarly**
   **situated,**                          **PROOF OF SERVICE BY**
21                                          **U.S. MAIL**
                  **Plaintiff,**
22      **vs.**

23 **CORELOGIC SAFERENT LLC,**

24            **Defendant.**

25

26     I hereby certify that on August 19, 2013, I manually filed the foregoing

27 document with the Clerk of Court by Federal Express.  Further,  I am a citizen of the

28 United States and employed in Houston, Texas.  I am over the age of eighteen years

22

and not a party to the within-entitled action.  My business address is 1331 Lamar St., Suite 1070, Houston, TX 77010.

I am readily familiar with Caddell & Chapman's practice for collection and processing of documents for service via U.S. Mail.  Under that practice it would be deposited with the U.S. Postal Service on the same date as the Proof of Service with postage thereon fully prepaid in the ordinary course of business.

On August 19, I served the following documents:

1.   **Second Amended Complaint Class Action with demand for jury trial; and**

2.   **Proof of Service via U.S. Mail**

to the parties listed below, addressed as follows:

Nancy R. Thomas (CA SBN 236185)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Phone: (213) 892-5561
Fax: (213) 892-5454

James F. McCabe (CA SBN 104686)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Phone: (415) 268-7011
Fax: (415) 268-7522

Ronald I. Raether (*pro hac vice* )
Peter T. Snow
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402-1818
Phone: (937) 227-3733
Fax: (937) 227-3717

***Attorneys for Defendant***
***CORELOGIC SAFERENT LLC***

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 19, 2013, at  Houston, Texas.

_____
Craig C. Marchiando

23

# CADDELL & CHAPMAN
### ATTORNEYS AT LAW
THE PARK IN HOUSTON CENTER
1331 LAMAR, SUITE 1070
HOUSTON, TEXAS 77010-3027

TEL (713) 751-0400
FAX (713) 751-0906

WWW.CADDELLCHAPMAN.COM

August 19, 2013

via FEDERAL EXPRESS

Clerk, U.S. District Court
U.S. District Court for the Central District
of California, Southern Division
411 West Fourth St., Room 1053
Santa Ana, CA 92701-4516

Re:  *Cause No. SACV13-00470-AG (ANx); Susan E. Moreland, on behalf of herself and all others similarly situated, v. Corelogic Saferent, LLC,* in the United States District Court for the Central District of California, Southern Division.

Dear Sir or Madame:

Enclosed for filing among the papers in the above-styled litigation is the Second Amended Complaint – Class Action. I have enclosed one original and two copies of this document. Please place your file stamp on the enclosed documents and return one copy to me in the self-addressed stamped envelope which is also enclosed.

Thank you for your prompt attention to this matter. If you have questions, please do not hesitate to contact me.

Sincerely,

Kathryn E. Kersh, CP
Paralegal to Michael A. Caddell

/KEK

cc:   Mr. Michael A. Caddell
      Ms. Cynthia B. Chapman
      Mr. Craig C. Marchiando

CLERK 2D AM COMPLAINT.DOCX



RECEIVED
CLERK, U.S. DISTRICT COURT
SOUTHERN DIVISION
AUG 2 0 2013
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

(INT)

FP1 **286**   1
FP2 **284**        D

TO REUSE: Cover or mark throu

Align top of FedEx Exp

Page 1 of 1

From:  (713) 751-0400        Origin ID: EIXA
Kathy Kersh
Caddell and Chapman
1331 Lamar, Suite 1070
Houston, TX 77010

Ship Date: 19AUG13
ActWgt: 1.0 LB
CAD: 9174700/INET3430

Delivery Address Bar Code

Ref #     C57.131
Invoice #
PO #
Dept #

BILL SENDER

SHIP TO:  (714) 338-4543
Civil Intake Dept.
Clerk, U.S. District Court
411 W 4TH ST
Room 1053
SANTA ANA, CA 92701

TUE - 20 AUG 3:00P
STANDARD OVERNIGHT
ASR
92701
CA-US

TRK#  7964 9707 9069
9291

A7 APVA

SNA

Align bottom of Peel and S