1  NANCY R. THOMAS (CA SBN 236185)
2  NThomas@mofo.com
   MORRISON & FOERSTER
3  555 West Fifth Street, Suite 3500
4  Los Angeles, CA  90013
   Phone:  (213) 892-5561
5  Fax:  (213) 892-5454

6
   JAMES F. MCCABE (CA SBN 104686)
7  JMcCabe@mofo.com
8  MORRISON & FOERSTER
   425 Market Street
9  San Francisco, CA  94105-2482
10 Phone:  (415) 268-7011
   Fax:  (415) 268-7522
11
12 RONALD I. RAETHER (admitted *pro hac vice*)
   rraether@ficlaw.com
13 DONALD E. BURTON (admitted *pro hac vice*)
14 dburton@ficlaw.com
   FARUKI IRELAND & COX P.L.L.
15 500 Courthouse Plaza, S.W.
16 10 North Ludlow Street
   Dayton, OH 45402-1818
17 Phone:  (937) 227-3733
18 Fax:  (937) 227-3717

19 Attorneys for Defendant
   CORELOGIC SAFERENT, LLC
20

21                UNITED STATES DISTRICT COURT
22                CENTRAL DISTRICT OF CALIFORNIA
23

| 24 | SUSAN E. MORELAND, on behalf of herself and all others similarly situated, | Case No. SACV 13-00470 AG (ANx) |
|---|---|---|
| 25 | | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND** |
| 26 | | |
| 27 | Plaintiff, | |
| 28 | | |

| | |
|---|---|
| 1 | **AUTHORITIES IN SUPPORT** |
| 2 |              v. | **THEREOF** |
| 3 | CORELOGIC SAFERENT, LLC, | Hon. Andrew J. Guilford |
| 4 |                  Defendant. | Date:         October 21, 2013 |
| 5 | | Time:         10:00 a.m. |
| 6 | | Courtroom:   10D |
| 7 | | Action filed:  March 25, 2013 |
| 8 | | FAC filed:    June 6, 2013 |
|   | | SAC filed:    August 20, 2013 |

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

Please take notice that on October 21, 2013 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Andrew J. Guilford, United States District Court, Central District of California, 411 West Fourth Street, Room 1053 Santa Ana, CA 92701-4516, Defendant CoreLogic SafeRent, LLC will, and hereby does, move the Court for an order granting Defendant's motion to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is based on this Notice of Motion and Motion, the brief in support thereof, the pleadings and other files herein, and such other written and oral argument as may be presented to the Court.  This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on August 23, 2013.

Dated:  September 9, 2013               FARUKI IRELAND & COX P.L.L.


                                       By: /s/ Ronald I. Raether
                                            Ronald I. Raether

                                       Attorneys for Defendant
                                       CoreLogic SafeRent, LLC

1

## **<u>TABLE OF CONTENTS</u>**

2

**Page**

3

INTRODUCTION ............................................................................................ 1

ARGUMENT ................................................................................................... 4

I.      THE COURT SHOULD DISMISS CLAIMS IV-VII BECAUSE AN
        IDENTIFY REPORT DOES NOT "BEAR ON" ELIGIBILITY AND
        THEREFORE IS NOT A "CONSUMER REPORT" ................................... 4

        A.      The Information of Which Plaintiff Complains in Claims IV
                and VI is Not a "Consumer Report" Under the FCRA ....................... 4

        B.      The "Permissible Purpose" of Claim VI Fails for the Additional
                Reason That There Is No Allegation That the "Lease Decision"
                Report Provided on Plaintiff Was Used for a Purpose That Is
                Impermissible Under the FCRA ....................................................... 9

        C.      Plaintiff's State Law Claims V and VII of the
                Second Amended Complaint Should Likewise be Dismissed ............ 11

II.     THE COURT SHOULD ALSO DISMISS CLAIMS I-III (WHICH
        ARE CLAIMS RELATING TO PLAINTIFF'S ALLEGED
        REQUESTS FOR HER FILE) ............................................................. 13

        A.      The Identity Verification Requirements of Which Plaintiff
                Complains Are Obligated To Secure "Proper Identification"
                Before Disclosing a Consumer File (Claim I) ................................. 14

        B.      The "Proper Identification" Obligation Also Applies to a
                Request for a File Under 15 U.S.C. § 1681j (Claim III) .................. 18

        C.      Plaintiff's Claims Relating to File Requests (Claims I and III)
                Do Not Appear to Be Based on Her Allegation That She Filled
                Out Defendant's Disclosure Form ................................................... 19

        D.      Plaintiff's Claim Under the CCRAA Relating to Her File
                Request (Claim II) Should Be Dismissed for the Same Reasons
                As Claims I and III ....................................................................... 22

CONCLUSION ............................................................................................. 22

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

## CASES

**Page(s)**

*Ali v. Vikar Mgmt. Ltd.,*
    994 F. Supp. 492 (S.D.N.Y. 1998) ................................................................. 9

*Ashcroft v. Iqbal,* 556
    U.S. 662, 129 S. Ct. 1937 (2009) ......................................................... 4, 14

*Carvalho v. Equifax Info. Servs., LLC,*
    629 F.3d 876 (9th Cir. 2010) ........................................................... 10, 12

*Cassara v. DAC Servs., Inc.,*
    276 F.3d 1210 (10th Cir. 2002) ............................................................ 10

*Cisneros v. U.D. Registry, Inc.,*
    39 Cal. App. 4th 548, 46 Cal. Rptr. (1995) ......................................... 9

*Dalton v. Capital Associated Indus.,*
    257 F.3d 409 (4th Cir. 2001) ............................................................... 10

*Dotzler v. Perot,*
    914 F. Supp. 328 (E.D. Mo. 1996) .................................................. 6-7

*Garrison v. Equifax Info., Servs., LLC,*
    No. 10-13990, 2012 U.S. Dist. Lexis 52942
    (E.D. Mich. Apr. 16, 2012) ................................................................ 16

*Gomon v. TRW, Inc.,*
    28 Cal. App. 4th 1161, 34 Cal. Rptr. 2d 256 (1994) ....................... 12

*Guimond v. Trans Union Credit Info. Co.,*
    45 F.3d 1329 (9th Cir. 1995) .............................................................. 10

*Harris v. Rand,*
    682 F.3d 846 (9th Cir. 2012) ..................................................... 4, 13-14

*Henson v. CSC Credit Servs.,*
    29 F.3d 280 (7th Cir. 1994) ................................................................ 10

*Individual Reference Servs. Group, Inc. v. FTC,*
    145 F. Supp. 2d 6 (D.D.C. 2001) ........................................................ 8

ii

*Koropoulos v. Credit Bureau, Inc.,*
    734 F.2d 37 (D.C. Cir. 1984)......................................................... 10

*Lewis v. Trans Union LLC,*
    No. 1:13-CV-00229-LJO-BAM, 2013 U.S. Dist. Lexis 55160
    (E.D. Cal. Apr. 17, 2013) .................................................... 6, 12, 22

*Ley v. Boron Oil Co.,*
    419 F. Supp. 1240 (W.D. Pa 1976) ........................................... 12-13

*Olson v. Six Rivers Nat'l Bank,*
    111 Cal. App. 4th 1, 3 Cal. Rptr 3d 301 (2003)............................... 12

*Parrino v. FHP, Inc.,*
    146 F.3d 699 (9th Cir.), *cert. denied*, 525 U.S. 1001,
    119 S. Ct. 510 (1998) ....................................................................... 6

*Philbin v. Trans Union Corp.,*
    101 F.3d 957 (3rd Cir. 1996)........................................................... 10

*Singletery v. Equifax Info., Servs.,*
    No. 2:09-cv-489-TMP, 2011 U.S. Dist. Lexis 156215
    (N.D. Ala. Sept. 21, 2011)........................................................ 14, 19

*Smith v. Waverly Partners, LLC,*
    No. 3:10-cv-28, 2011 U.S. Dist. Lexis 90135
    (W.D.N.C. Aug. 12, 2011) ................................................................ 6

*Spence v. TRW, Inc.,*
    92 F.3d 380 (6th Cir. 1996) ........................................................... 10

*Trans Union Corp. v. FTC,*
    81 F.3d 228 (D.C. Cir. 1996)........................................................ 6, 8

*Van Egmond v. Wells Fargo Home Mortg.,*
    No. SACV 12-0112 DOC (MLGx), 2012 U.S. Dist. Lexis 42061
    (C.D. Cal. Mar. 21, 2012)................................................................. 6

*Washington v. CSC Credit Servs.,*
    199 F.3d 263 (5th Cir.), *cert. denied*, 530 U.S. 1261,
    120 S. Ct. 2718 (2000) ............................................................ 10, 11

iii

# **STATUTES**

Cal. Civ. Code
     § 1758.14(a) ................................................................................. 11
     § 1758.14(b) ................................................................................. 11
     § 1785.10 ...................................................................................... 22
     § 1785.10(a) .................................................................................. 22
     § 1785.10(b) .................................................................................. 22
     § 1785.15 ...................................................................................... 22
     § 1785.15(a) .................................................................................. 22
     § 1785.15(b) ............................................................................... 3, 22
     § 1785.3(c) ................................................................................ 11-12

12 C.F.R. § 1022.123 ........................................................................ 16

16 C.F.R.
     § 614 ..................................................................................... 15-16, 16
     § 614.1(b)(1), (2) ........................................................................... 17

15 U.S.C.
     § 1681a ......................................................................................... 18
     § 1681a(d) .............................................................................. 2, 4-5, 6
     § 1681a(d)(1) .................................................................................. 8
     § 1681b .......................................................................................... 5, 9
     § 1681e(a) .................................................................................... 4, 11
     § 1681e(b) .................................................................................... 4, 11
     § 1681g ........................................................ 13, 14, 15, 16, 18, 19, 20, 21, 22
     § 1681g(a) ...................................................................................... 14
     § 1681g(a)(1) .................................................................................. 3
     § 1681h ................................................................................. 14, 18, 19
     § 1681h(a) ...................................................................................... 3
     § 1681h(a)(1) ................................................................................. 14
     § 1681j ...................................................................... 13, 18, 19, 20, 21, 22

RULES
     Fed. R. Civ. P. 15(a)(1)(B) ............................................................... 1

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Defendant CoreLogic SafeRent LLC ("SafeRent") moved to dismiss the First Amended Complaint because the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA") and its state law analogue, the California Consumer Credit Reporting Agencies Act ("CCRAA"), provide no relief for the claims alleged by Plaintiff as a matter of law.  The claims in the First Amended Complaint fell into two distinct categories:  (1) claims premised on the assumption that SafeRent's "Identify Report" is a "consumer report" as that term is defined in the FCRA and the CCRAA equivalent, and (2) claims that when SafeRent responded to Plaintiff's request to disclose information in SafeRent's file about Plaintiff, SafeRent violated the FCRA (or CCRAA) by allegedly requiring Plaintiff to provide certain proof that she was who she claimed to be.[1]

Rather than responding to the legal arguments made by SafeRent, Plaintiff invoked her right to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).  The few additional allegations made by Plaintiff do not change the conclusion that the Second Amended Complaint ("SAC"), like its predecessor, does not state a claim against SafeRent under either FCRA or CCRAA.  The SAC pursues the same two categories of claims that SafeRent's motion to dismiss demonstrates should be dismissed in their entirety.

The Court should dismiss Plaintiff's claims that depend on alleged inaccuracies in a consumer report (Claims IV and V) because the report in which the alleged inaccuracies appear is not a "consumer report" as that term is defined by the FCRA.  Claims VI and VII, alleging that SafeRent failed to obtain from the

---

[1] Discussion at a general level in this memorandum of Plaintiff's claims under the FCRA also encompass the analogous CCRAA claims unless otherwise noted.

1

report's buyer a certification that the report was to be used for a "permissible purpose," should likewise be dismissed for the same reason and because, even if the report were a "consumer report," Plaintiff does not allege that the report was actually used for a purpose that is impermissible under the FCRA.

"Consumer report" is a term defined in the FCRA.  It is central to the application of the FCRA, since the vast majority of FCRA obligations apply only to persons who prepare or use "consumer reports."  For a communication to meet the "consumer report" definition, the communication must include information "bearing on" at least one of several enumerated characteristics, including credit standing or credit worthiness, and it must be provided for the purpose of establishing the consumer's eligibility for credit, insurance, employment, or for certain other benefits, including securing an apartment lease.  15 U.S.C. § 1681a(d). A report that does not "bear on" eligibility characteristics is not a "consumer report."  Case law and regulatory guidance establish that identifying information – names, address histories, social security numbers and the like – do not "bear on" the enumerated characteristics.

The Identify Report at issue here contains no "bear on" information:  its purpose is simply to verify identity, and it is limited to identification information such as birth date, social security number and possible associated addresses. Plaintiff's work around for this legal obstacle is to treat the Identify Report – actually a standalone communication -- as a separate component of a different report, which report has information that meets the FCRA's definition of "consumer report."  This argument does not change the indisputable conclusion that the information at issue, whether as a separate report or part of a larger report, does not "bear on" eligibility.  As a result, the Complaint fails as to Claims IV through VII as a matter of law.

As to Plaintiff's claims for failure to disclose her report upon request (Claims I-III), those claims should be dismissed because the precautions that Plaintiff alleges SafeRent adopted to ensure that a requester provide "proper identification" (a requirement under both the FCRA (15 U.S.C. § 1681h(a)) and the CCRAA (Cal. Civil Code § 1785.15(b)) were presumptively reasonable under an authoritative interpretation of the FCRA.

As to Claims I through III of the SAC, SafeRent sells reports other than Identify Report, with different names, for landlord use in evaluating potential tenants. SafeRent treats those reports as "consumer reports," and conducts itself as a "consumer reporting agency." Under the FCRA, consumer reporting agencies are obligated to provide to any consumer, at the consumer's request, information in the consumer's file. 15 U.S.C. §1681g(a)(1). Plaintiff's second set of claims (I through III) relates to how SafeRent discharged this obligation. Plaintiff contends that the procedures SafeRent allegedly employed to be sure that it is giving consumer file information to the consumer who is the subject of the file (and not an impostor) are unduly onerous. The operative facts alleged by Plaintiff in the SAC remain unchanged from the First Amended Complaint.

These claims remain legally deficient because SafeRent's alleged requirements for proof of identity are, under authoritative interpretation of the FCRA (*i.e.*, as a matter of law), permissible and indeed required safeguards; in fact, identity verification is also for the consumer's benefit, in order to thwart attempts, through fraud and impersonation, to commit identity theft, or to invade a person's privacy.

For the reasons set forth below, this Court should therefore dismiss plaintiff's Second Amended Complaint in its entirety.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ARGUMENT**

**I.   THE COURT SHOULD DISMISS CLAIMS IV-VII BECAUSE AN IDENTIFY REPORT DOES NOT "BEAR ON" ELIGIBILITY AND THEREFORE IS NOT A "CONSUMER REPORT"**

In the fourth cause of action, Plaintiff claims that SafeRent violated 15 U.S.C. § 1681e(b), which provides, as to the accuracy of a "consumer report," that "[w]henever a consumer reporting agency prepares a *consumer report* it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  (Emphasis added).

In the sixth cause of action, Plaintiff claims that SafeRent violated 15 U.S.C. § 1681e(a), which provides that a consumer reporting agency "maintain reasonable procedures … to limit the furnishing of *consumer reports*" to only persons having a permissible purpose under the statute (emphasis added).

These claims can be resolved at the pleading stage because the FCRA provisions on inaccuracy and impermissible purpose apply only to a "consumer report."  The alleged Identify information of which Plaintiff complains does not "bear on" eligibility.  The Identify report here is not a "consumer report."

**A.   The Information of Which Plaintiff Complains in Claims IV and VI is Not a "Consumer Report" Under the FCRA**

The allegation that the report is a "consumer report" is a legal conclusion that, under the *Twombly/Iqbal* standard, this Court need not accept as true.  *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012) ("'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)).

"Consumer report" is a defined term under the FCRA:

> "The term 'consumer report' means any written, oral, or other
> communication of any information by a consumer reporting agency
> bearing on a consumer's credit worthiness, credit standing, credit
> capacity, character, general reputation, personal characteristics, or
> mode of living which is used or expected to be used or collected in
> whole or in part for the purpose of serving as a factor in establishing
> the consumer's eligibility for (A) credit or insurance to be used
> primarily for personal, family, or household purposes; (B)
> employment purposes; or (C) any other purpose authorized under [15
> USCS § 1681b]."

15 U.S.C. § 1681a(d).

"To be a 'consumer report' the information must bear on at least one of the seven characteristics listed in this definition."  40 Years Experience With the Fair Credit Reporting Act -- an FTC Staff Report with Summary of Interpretations (Federal Trade Commission, July 2011), p. 21 ("FTC Report") (available at www.ftc.gov/os/statutes/fcrajump.shtm).

Here, the alleged inaccuracies in Plaintiff's report -- among which were listing numerous residences where Plaintiff had never resided (SAC, ¶ 29); identifying multiple names (*id*. ¶ 30); listing obviously masculine names (Plaintiff is a woman) (*id*. ¶ 31) – do not "bear on" the seven characteristics.

Plaintiff alleges that the above information appeared in a section of Lease Decision and Reports "purportedly validating the true identity of the tenant applicant, including information purportedly about the applicant's name, address, social security number, date of birth, phone number, the date on which successive residences at particular addresses began, and other information."  SAC, ¶ 20. Plaintiff bases her putative class Claims IV-VII on that report.  *Id*. ¶ 21 ("Defendant's Lease Decision report also typically contain information that does not

5

relate to the subject of the report, but instead relates to other persons, with different names, different dates of birth, and different social security numbers than the report's subject.").

As alleged in the Amended Complaint and as further shown in Exhibit A,[2] the "SafeRent Identify" report shows no more than names, social security number, date of birth, address, and a date corresponding to an address (e.g., "03/2012-"). None of these identifying items, as a matter of law, bears on the seven characteristics. *Trans Union Corp. v. FTC*, 81 F.3d 228, 229, 231-32 (D.C. Cir. 1996); *Smith v. Waverly Partners, LLC*, No. 3:10-cv-28, 2011 U.S. Dist. LEXIS 90135, at *13 (W.D. N.C. Aug. 12, 2011) ("AlliedBarton did not communicate any information bearing on Plaintiff's 'credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.' 15 U.S.C. § 1681a(d). Instead, it merely provided Plaintiff's name, Social Security Number, prior addresses, date of birth, and driver's license information. Such minimal information does not bear on any of the seven enumerated factors in § 1681a(d), and is thus not a consumer report.") *Accord: Dotzler v. Perot*, 914 F. Supp. 328,

---

[2] Claims IV-VII of the First Amended Complaint are based on deficiencies in an alleged "consumer report," but Plaintiff, while clearly aware of the contents of her report, has failed to attach a copy to her complaint. Nevertheless, a copy of the "Lease Decision and Reports" is attached as Exhibit A to this motion (personal information is redacted from Exhibit A; an unredacted copy is available if this Court requests it), and this Court can consider Exhibit A without converting this motion into a motion for summary judgment. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir.) (holding that Court may consider documents central to plaintiff's claim on a motion to dismiss where the authenticity of the document is not disputed), cert. denied, 525 U.S. 1001, 119 S. Ct. 510 (1998); *Van Egmond v. Wells Fargo Home Mortg.*, No. SACV 12-0112 DOC (MLGx), 2012 U.S. Dist. LEXIS 42061, at *6-7 n. 2 (C.D. Cal. Mar. 21, 2012) (considering "document without converting Defendant's Rule 12(b)(6) Motion into a motion for summary judgment because it is incorporated by reference into Plaintiff's complaint, it is integral to Plaintiff's claims, and its authenticity is not disputed."); *Lewis v. Trans Union LLC*, 1:13-CV-00229-LJO-BAM, 2013 U.S. Dist. LEXIS 55160, at *11 n.2 (E.D. Cal. Apr. 17, 2013).

330 (E.D. Mo. 1996) ("TRW supplied DataLink with an address update containing plaintiffs' names and current and former addresses as well as Dyck's social security information. This information did not bear on plaintiffs' credit or general character….").

Plaintiff amended her complaint to add references in paragraph 20 of the Second Amended Complaint to the inclusion in the report of "the date on which successive residencies at particular addresses began," but a list of former addresses is not a factor that bears on eligibility. *Dotzler*, 914 F. Supp. at 330 (list of current and former addresses). In addition, the allegations in the SAC establish that the alleged SafeRent Identify section of the Lease Decision report is not used to determine eligibility. Rather, Plaintiff admits (SAC, ¶ 19) that the purpose of SafeRent Identify report is to "verify the true identity of a tenant applicant" instead of determining the tenant's eligibility to undertake a lease.

SafeRent pointed out this fatal flaw in Plaintiff's claims when it moved to dismiss the First Amended Complaint. Plaintiff asserts in the SAC that the SafeRent Identify report is part of larger report that contains other sections actually devoted to information that bears on the seven factors.[3] Those allegations do not change the above analysis. FCRA caselaw that has developed around consumer credit reports that contain both credit information and background information that does not relate to credit eligibility. A typical consumer credit report provided by one of the big three credit bureaus (Equifax, Trans Union, Experian) contains (i) a

---

[3] "Defendant's Lease Decision reports contain several sections, including a section on any sex-offender history about the applicant, and other 'multi-state' criminal history about the applicant, and a section which purportedly provides information so that potential landlords can verify the true identity of a tenant applicant." SAC, ¶ 19. "Plaintiff's Lease Decision report is a unified, twenty-one page document that contains varying categories of information about Plaintiff including multi-state criminal history, sex offender information, and supposed prior residences of Plaintiff." *Id*. ¶ 26.

credit "header" with identifying information ("[t]he header of a credit file contains the identifying information of the consumer with whom the credit file is associated including an individual's name (and any other names previously used), current and former addresses, Social Security Number (SSN), date of birth, and phone numbers"), followed by (ii) "trade lines," which are "the accounts in a consumer's name reported by creditors such as auto lenders, mortgage lenders, or credit card issuers," which are then followed, sometimes, by (iii) public records (such as bankruptcies and liens).  "Key Dimensions and Processes in the U.S. Credit Reporting System" (Consumer Financial Protection Bureau, December 2012), pp. 6, 8 (attached as Exhibit B).

   If the alleged inaccuracy in a consumer credit report is in a section that, like the credit header in a consumer credit report, merely "verif[ies] the true identity" of the subject (SAC, ¶ 19), then the fact that that section is part of a larger report does not convert the identity verification section into a consumer report.  *Trans Union Corp. v. FTC*, 81 F.3d 228, 229, 231-32 (D.C. Cir. 1996) (rejecting the theory that inclusion of "identification information" (*id*. at 232) such as "name, zip code, age, social security number" (*id*.) in a larger report that includes trade lines means that the identification information was transmitted for purpose of determining credit eligibility); *Individual Reference Servs. Group, Inc. v. FTC*, 145 F. Supp. 2d 6, 17 (D.D.C. 2001) ("In 2000, the FTC stated that the 'credit header' data at issue in this litigation - the name, address, social security number, and phone number of the consumer - was not subject to the FCRA because it 'does not bear on creditworthiness, credit capacity, credit standing, character, general reputation, personal characteristics, or mode of living, unless such terms are given an impermissibly broad meaning.' . . . 15 U.S.C. § 1681a(d)(1).").

   Here, the SafeRent Identify section of the report in fact provided only credit header-type information (*i.e*., identifying information that falls outside the

definition of "consumer report" in FCRA).  The SafeRent Identify Report is the only section of the alleged overall report on which Plaintiff's claim of inaccuracy is based -- *i.e*., Plaintiff's assertions regarding inaccurate names and residences.  The inclusion of other sections in the report does not make the SafeRent Identify Report or section a "consumer report."

The FCRA claims asserted in Claims IV and VI should therefore be dismissed because they are based on the header-type, identity information, which as a matter of law does not satisfy the FCRA's definition of "consumer report."

### B. The "Permissible Purpose" of Claim VI Fails for the Additional Reason That There Is No Allegation That the "Lease Decision" Report Provided on Plaintiff Was Used for a Purpose That Is Impermissible Under the FCRA

In her attempts to avoid the FCRA's clear prohibition that identifying information does not meet the definition of consumer report, Plaintiff now admits facts in the SAC that require dismissal of Claim VI.  On the one hand Plaintiff tries to reconstitute Lease Decision and Identify Reports as a single report to come within the FCRA's definition of "consumer report."  SAC, ¶ 26.  Plaintiff then expresses "confusion" that different sections of the report include an "acknowledgement by the purchaser" that the "permissible purpose is 'resident screening.'"  *Id*. ¶17.  This new allegation however is fatal to Plaintiff's "permissible purpose" claim.  Claim VI alleges a violation of 15 U.S.C. 1681e(a), which states that "[e]very consumer reporting agency shall maintain reasonable procedures designed … to limit the furnishing of consumer reports to the purposes listed under § 1681b of this title."  As Plaintiff readily admits, it is indisputable that residential screening is a permissible purpose under § 1681b of the FCRA.  See, the FTC Report, pp. 23, 84.  *Cisneros v. U.D. Registry, Inc*., 39 Cal. App. 4th 548, 560-61, 46 Cal. Rptr. 2d 233 (1995) (citing federal FCRA cases); *Ali v. Vikar Mgmt. Ltd.*, 994 F. Supp. 492, 498 (S.D.N.Y. 1998) (citing the FTC).  As there is no actionable

claim under § 1681e(a) unless there has first been a disclosure to a person who actually lacked a purpose for which consumer reports may be used under the FCRA, *Washington v. CSC Credit Services*, 199 F.3d 263, 266 (5th Cir.), cert. denied, 530 U.S. 1261, 120 S. Ct. 2718 (2000),  Claim VI fails as a matter of law.

In *Washington,* 199 F.3d at 266, the court drew on a significant body of case law developed under section 1681e(b), a different "reasonable procedures" requirement of the FCRA.  That statute requires that consumer reporting agencies take measures to assure the "maximum possible accuracy" of consumer reports. Nearly every circuit court in the country, including the Ninth Circuit, has held a private plaintiff cannot assert a claim for violation of the "maximum possible accuracy" procedures requirement without establishing that the defendant distributed a report that was inaccurate.[4]  In other words, it is insufficient to prove only that the defendant had inadequate procedures -- for a consumer to recover, the consumer must show that the absence of procedures led to a result against which the procedures were designed to protect.

In sum, a consumer may sue a consumer reporting agency for failing to maintain procedures for permissible purpose sales only if the consumer reporting agency has furnished the consumer's report for an *impermissible* purpose.

---

[4] *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 415 (4th Cir. 2001) ("To make out a 'violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information.'"  (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 964 (3d Cir. 1996); *Spence v. TRW, Inc.*, 92 F.3d 380, 382 (6th Cir. 1996) (per curiam); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Cassara v. DAC Servs., Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002); see also *Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 39 (D.C. Cir. 1984).  Similarly, the Ninth Circuit and other courts have held that a claim under section 1681i for inadequate reinvestigation of a dispute regarding accuracy of a consumer's report "require[s] that an actual inaccuracy exist for a plaintiff to state a claim."  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (citing First and Ninth Circuits).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> "[T]he actionable harm the FCRA envisions is improper
> disclosure [of consumer reports], not the mere *risk* of
> improper disclosure that arises when 'reasonable
> procedures' are not followed and disclosures are made.
> Accordingly, a plaintiff bringing a claim that a reporting
> agency violated the 'reasonable procedures' requirement
> of § 1681e must first show that the reporting agency
> released the report in violation of § 1681b."

*Washington*, 199 F.3d at 267 (emphasis in original).

Here, however, Plaintiff does not – and cannot -- assert that the report was used for an impermissible purpose.  In fact, Plaintiff's new allegation admits that the intended use was "resident screening" (SAC, ¶ 28) – and Plaintiff specifically alleges that the report at issue was obtained "in connection with [Plaintiff's] application to lease an apartment in San Marcos, California" (*id*. ¶ 25); a permissible purpose under the FCRA.  Instead, Plaintiff alleges merely that SafeRent failed to obtain a permissible purpose certification (*id*. ¶¶ 15-18, 22-23, 27-28).  *Washington* and the other "reasonable procedures" cases cited above confirm that by failing to allege that Defendant sold reports about her for an impermissible purpose (indeed affirmatively alleging the opposite), Plaintiff cannot make a claim under 15 U.S.C. 1681e(a), and Claim VI should be dismissed.

### C.    Plaintiff's State Law Claims V and VII of the Second Amended Complaint Should Likewise be Dismissed

In Claims V and VII of the Second Amended Complaint, Plaintiff alleges parallel claims to her § 1681e(b) and § 1681e(a) FCRA claims, under the CCRAA §§ 1758.14(b) and 1785.14(a), respectively, of the California Civil Code.  The CCRAA's definition of "consumer credit report" in Cal. Civ. Code § 1785.3(c) is

11

arguably narrower than the definition of "consumer report" in the FCRA, in the sense that it lists only three characteristics ("credit worthiness, credit standing, or for credit capacity"). The CCRAA claims fail for a reason similar to why the FCRA-based claims fail, in that the identifying information at issue does not bear on the listed characteristics of credit worthiness, credit standing or credit capacity.[5] This Court should apply the authority discussed above as to the definition of a "consumer report" under the FCRA and dismiss the parallel claims under the CCRAA.

*Gomon v. TRW, Inc*., 28 Cal. App. 4th 1161, 34 Cal. Rptr. 2d 256 (1994), provides further support for dismissing the CCRAA claims, and provides persuasive authority for dismissing the FCRA claims. In *Goman*, the plaintiff alleged that defendant TRW violated the CCRAA in disclosing an "IDV" report to a third party. The information contained in an IDV was limited to 1) address and 2) employment information (place of employment). The Court held that "[t]here is no evidence the address or employment information furnished to Super Bureau had any bearing on Gomon's credit. Therefore, it was not a consumer credit report under the CCRAA." *Id*. at 1167, 34 Cal. Rptr. 2d at 261. "The information disclosed in the IDV report did not include information relating to Gomon's credit worthiness, credit standing or credit capacity. . . .   As the district court noted in *Ley v. Boron Oil Co*. (W.D., Pa.) (1976) 419 F. Supp. 1240, a report such as that present here, even if dealing with 'residence, marital status, age and absence of any criminal

---

[5] The Ninth Circuit has recognized that, "because the CCRAA 'is substantially based on the Federal Fair Credit Reporting Act ["FCRA"], judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 889 (9th Cir. 2010) (quoting *Olson v. Six Rivers Nat'l Bank*, 111 Cal.App. 4th 1, 3, 3 Cal. Rptr. 3d 301 (2003))." *Lewis v. Trans Union, LLC*, No. 1:13-CV-00229-LJO-BAM, 2013 U.S. Dist. LEXIS 55160, at *6 (E.D. Cal. Apr. 17, 2013).

or civil court records,' does not contain the type of information required of a consumer credit report.  (*Id*. at p. 1243.)"  *Gomon*, 28 Cal. App. 4th at 1168-69. The law under the CCRAA is thus consistent with the law as it has developed under the FCRA and confirms that the header information allegedly provided on Plaintiff was not a "consumer credit report" under the CCRAA.

This Court should therefore dismiss Claims IV-VII of the Second Amended Complaint.  As a matter of law, the information Plaintiff alleges as included in an Identify Report does not bear on eligibility and thus is not a "consumer report" as that term is defined under the FCRA or the CCRAA.

## II.    THE COURT SHOULD ALSO DISMISS CLAIMS I-III (WHICH ARE CLAIMS RELATING TO PLAINTIFF'S ALLEGED REQUESTS FOR HER FILE)

Plaintiff alleges that, having made on an incomplete request to SafeRent in October 2012 (SAC, ¶¶ 37-38), she was entitled to a copy of her file under 15 U.S.C. § 1681g (Claim I).  That statute requires a consumer reporting agency to provide a consumer with a copy of her file upon request.  Plaintiff also alleges, that by requiring her to expend effort to allegedly provide verification of her identity, SafeRent violated 15 U.S.C. § 1681j (Claim III), which requires a consumer reporting agency to provide a file upon request free of charge under certain circumstances.

The allegations relating to Plaintiff's file requests, though, fail to state a claim.  As explained in SafeRent's motion to dismiss the First Amended Complaint, the alleged verification process of SafeRent establishes safeguards that, under authoritative interpretation of the FCRA, are permissible and, indeed, required. Plaintiff attempts to address these defects by adding allegations that the process was "aggravating and burdensome" and "erect[ed] onerous barriers."  SAC, ¶¶ 53, 54. This Court need not accept as true such allegations, which are legal conclusions under the *Twombly/Iqbal* standard. *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir.

13

2012) ("'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)).  The verification process that Plaintiff alleges SafeRent used has not changed from the FAC; these allegations remain unchanged.  As previously explained, the identity verification process that Plaintiff challenges was a reasonable precaution against disclosing potentially sensitive information about Plaintiff to someone impersonating her.  Indeed, this alleged process is not only permitted by the FCRA, it is required.

> **A.**   **The Identity Verification Requirements of Which Plaintiff Complains Are Obligated To Secure "Proper Identification" Before Disclosing a Consumer File (Claim I)**

A consumer reporting agency's obligation to disclose a consumer's file to the consumer upon request is "subject to § 1681h(a)(1)."  15 U.S.C. § 1681g(a).  Section 1681h provides that "[a] consumer reporting agency shall require, as a condition of making the disclosures required under section [1681g], *that the consumer furnish proper identification*."  (Emphasis added).  In other words, because of the use of "shall," it would be a violation of the FCRA for the consumer reporting agency *not* to require "proper identification."  Under § 1681h(a) (1), "the credit-reporting agency must require that the requesting consumer properly identify himself in order to reduce the risk of improper disclosure and the attendant risk of identity theft."  *Singletery v. Equifax Info. Servs.*, No. 2:09-cv-489-TMP.  2011 U.S. Dist. LEXIS 156215, at *33 (N.D. Ala. Sept. 21, 2011).  Indeed, "[w]hen a request is made for a free annual disclosure, however, the requester is not necessarily known to [the credit reporting agency], and § 1681h mandates that [the credit reporting agency] take reasonable steps to require the requester to identify himself as the consumer whose credit file is being requested."  *Id*. at *48.  "Proper identification" has been defined by a regulation issued by the FTC, entitled "Appropriate Proof of Identity" ("The Commission issued regulations concerning

14

'appropriate proof of identity' for obtaining file disclosures and other purposes (16 CFR 614)" (FTC Report, p. 71)):

Appropriate Proof of Identity

(a)  Consumer reporting agencies shall develop and implement reasonable requirements for what information consumers shall provide to constitute proof of identity for purposes of sections 605A, 605B, and [15 U.S.C. § 1681g] of the Fair Credit Reporting Act.  In developing these requirements, the consumer reporting agencies must:

(1)  Ensure that the information is sufficient to enable the consumer reporting agency to match consumers with their files; and

(2)  Adjust the information to be commensurate with an identifiable risk of harm arising from misidentifying the consumer.

(b)  Examples of information that might constitute reasonable information requirements for proof of identity are provided for illustrative purposes only, as follows:

(1)  Consumer file match:  The identification information of the consumer including his or her full name (first, middle initial, last, suffix), any other or previously used names, current and/or recent full address (street number and name, apt. no., city, state, and zip code), full 9 digits of Social Security number, and/or date of birth.

(2)  Additional proof of identity:  copies of government issued identification documents, utility bills, and/or other methods of authentication of a person's identity which may include, but would not be limited to, answering questions to which only the consumer might be expected to know the answer.

15

16 C.F.R. § 614.[6]

Plaintiff alleges (SAC, ¶ 42) that SafeRent's "'Consumer Disclosure Request Form' and instructions advised that in order for Plaintiff to obtain a copy of her file, supposedly free of charge, Defendant required her to (a) complete the paper request form in writing; (b) sign the form under 'penalty of law;' (c) mail the form to Defendant; and, (d) provide to Defendant a photocopy of either one or two forms of identification (depending on the type of identification), such as a driver's license, government or military government issued photo ID, social security card and/or recent utility bill."[7]

The above list of identity verification items that Plaintiff alleges were required by SafeRent is a reasonable and necessary implementation of a "proper identification" requirement applicable to a request for a file under 15 U.S.C. § 1681g (Claim I) and expressly permitted by 16 C.F.R. § 614. *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 U.S. Dist. LEXIS 52942 (E.D. Mich. Apr. 16, 2012), is persuasive authority on this point.  In *Garrison*, the court granted to Trans Union summary judgment on Plaintiff's claim under § 1681j for failure to disclose his credit score.  One of the Defendants (Trans Union) told Plaintiff that his address was not listed in its records, and that, in order "to protect the confidentiality of [Plaintiff's] credit report," he needed to "complete the attached form and submit verification of [his] current address," and provide copies of two

---

[6] This regulation, originally issued by the Federal Trade Commission, was republished in 2011 by the newly-created Bureau of Consumer Financial Protection as 12 C.F.R. § 1022.123.

[7] SafeRent's process, however, did not require a consumer to use the form as alleged in order to obtain a copy of their file, nor was the submission of all the information as asserted in the Amended Complaint required.  Nonetheless, even assuming that the allegations in the amended complaint are true (as required by the applicable standard), the Amended Complaint fails as a matter of law.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

forms of verification from a list that included driver's license; state ID card; bank statement; cancelled check; government issued ID card; and utility bills ("[w]ater, [g]as, [e]lectric, or [t]elephone").  *Id*. at *4.  Plaintiff failed to fill out the form and sent copies of his driver's license, tribal driver's license, cable bill, and voter registration card.  He therefore did not meet Trans Union's requirement of completing a written disclosure form.  Trans Union requested that information again, but Plaintiff did not respond.  *Id*. at *15-16.

The Court found that "the undisputed evidence reveals that Defendant Trans Union's requests were reasonable," and that Plaintiff failed to comply with them:

Plaintiff's own version of the events confirms that he did not provide sufficient verifying information to Defendant Trans Union. Defendant . . . sent a letter to Plaintiff, dated September 2, 2010, stating it had been unable to locate the credit report and reiterating the requisite verifying documents needed from Plaintiff and included another disclosure request form.  Prior to the filing of his complaint, Plaintiff did not send the requisite information to Defendant Trans Union.  Plaintiff does not dispute this fact.  I therefore suggest that there is no genuine issue of material fact in dispute. *The documents Defendant Trans Union required Plaintiff to furnish are expressly identified as reasonable requirements under the applicable regulation.  See* 16 C.F.R. § 614.1(b)(1),(2).  I therefore suggest that the undisputed evidence reveals that Defendant Trans Union's requests were reasonable, that Plaintiff failed to comply with the reasonable requests for verifying documents, and that said failure relieved Defendant Trans Union of any statutory duty to disclose Plaintiff's credit report.

17

*Id.* at *17-18 (emphasis added; quotation marks omitted) (quoting with approval the Magistrate Judge's Report and Recommendation).

*Garrison* shows that it is presumptively reasonable under § 1681h and the Appropriate Proof of Identity regulation for a consumer reporting agency to require a requester to provide verifying information on a form, and that it is reasonable to require the copies of the verifying information listed in Trans Union's disclosure form.  It is not "a complicated system" as suggested by Plaintiff's conclusory allegations.  *See, e.g.*, SAC, ¶ 78.  Indeed, *Garrison* approved verification requirements more stringent than the list of requirements alleged by Plaintiff to have been required by SafeRent, since the plaintiff's submission of a valid driver's license as the sole documentary evidence of identity would have met SafeRent's alleged requirements.  Plaintiff's § 1681g claim (Claim I) should therefore be dismissed.

### B.    The "Proper Identification" Obligation Also Applies to a Request for a File Under 15 U.S.C. § 1681j (Claim III)

The identification requirements Plaintiff alleges to have been required are also proper for a request made under 15 U.S.C. § 1681j (Count III), which provides:

> Nationwide consumer reporting agencies
>
> (A) In general
>
> All consumer reporting agencies described in subsections (p) and (w) [1] of section [1681a] shall make all disclosures *pursuant to section [1681g]* once during any 12-month period upon request of the consumer and without charge to the consumer.

 (Emphasis added).

Section 1681j does not create any disclosure obligation in addition to that created by section 1681g; it simply requires consumer reporting agencies of a certain size and scope to provide the section 1681g disclosures free of charge once

every twelve months and in other limited circumstances.  When a disclosure request is made to a "nationwide consumer reporting agency," it remains a request under section 1681g, and it remains subject to the section 1681h requirement of "proper identification."

Not only is that the clear import of the statutory structure, but it would also be incongruous for Congress to *require* in one section of the FCRA that smaller consumer reporting agencies verify the identity of a person requesting a copy of his or her consumer report prior to providing a copy of the file, but at the same time, in another FCRA section, *prohibit* the larger consumer reporting agencies, such as Experian, Equifax and Trans Union (all nationwide consumer reporting agencies), from requesting the same proof of identity.  *Singletery*, 2011 U.S. Dist. LEXIS 156215, at *32-33 (applying the "proper identification" requirement to a request made to nationwide consumer reporting agency Equifax under § 1681j).  This Court should therefore reject Plaintiff's apparent position in the Second Amended Complaint (¶ 59)[8] that a § 1681g request made to a nationwide specialty consumer reporting agency is not subject to the "proper identification" requirement.  The statutory obligation to obtain from Plaintiff "proper identification" before disclosing her file disposes of Plaintiff's third claim for a violation of § 1681j.

### C.   Plaintiff's Claims Relating to File Requests (Claims I and III) Do Not Appear to Be Based on Her Allegation That She Filled Out Defendant's Disclosure Form

Plaintiff alleges at one point in the Second Amended Complaint that she actually complied with Defendant's alleged process, in that she filled out

---

[8] "Defendant's practices [i.e., requesting that the consumer submit a Disclosure Form] also deprive consumer of a file that is truly *free of charge*, since consumers such as Plaintiff must expend some printing, postage, copying, and travel expenses in order to request their files from Defendant in the burdensome and unlawful manner that Defendant requires."  SAC, ¶ 59 (emphasis in original).

1

2   Defendant's form, attached sufficient verifying information, and returned it by

3   certified mail (SAC, ¶ 55), and further alleges that SafeRent failed to respond (*id.*

4   ¶ 57).[9]  However, these factual allegations are not the alleged basis for Claims I and
    III.

5
        Claim I (15 U.S.C. § 1681g) states that SafeRent failed to provide
6
    "consumers such as Plaintiff" their files "upon request" (SAC, ¶ 77), without
7
    specifying that the request used SafeRent's form or even what identifying
8
    information, if any, was submitted by the inquirer.  Paragraph 78 of Claim I states
9
    that "[t]hough mandated by law to provide the file free of charge, Defendant has
10
    developed a complicated system requiring consumers to expend time, effort, and
11
    money in order to obtain their files, in violation of the FCRA."  The purported class
12
    is defined to include consumers who "made *any* request for their consumer files
13
    which was received by Defendant and who were not provided with their consumer
14
    files by Defendant" and not just those who were allegedly required to follow the
15
    procedures alleged used by SafeRent.   SAC, ¶ 64(b) (emphasis added).
16
        In Claim III (15 U.S.C. § 1681j), the purported class is defined to include
17
    those persons who "made a request for their consumer files to Defendant using
18
    Defendant's Consumer Disclosure Request Form, and had not obtained a consumer
19
    file from Defendant in the 12-month period immediately preceding the request."
20
    SAC, ¶ 65.  While this class definition does mention Defendant's form, by its terms
21
    consumers can fall into the alleged class without showing that SafeRent failed to
22

23  _____

24  [9] In contrast, in ¶ 38 of the Second Amended Complaint, Plaintiff merely alleges
    that, on October 18, 2012, she mailed a written request that "*identified* Plaintiff by
25  name, maiden name, address, complete social security number, and complete date
    of birth."  (Emphasis added.)  Plaintiff does not allege, though, because she cannot,
26  that she provided *verification* of that information, such as a copy of social security
    card, a copy of a government-issued photo ID (*e.g.*, a driver's license) or other
27  authentication, rather than just sending a letter purporting to be that person and
    *listing* the identifying information.

28

respond to the request.  Similarly, the violation of FCRA alleged in Claim III, that SafeRent failed "to provide consumers such as Plaintiff, upon request, with all information in the consumer's file *free of charge*," does not appear in the putative class definition.   SAC, ¶ 86 (emphasis added); *id*. ¶ 87 ("Though mandated to provide the file free of charge, Defendant has developed a complicated system requiring consumers to expend time, effort, and money in order to obtain their files.").  Again, it is not alleged that, as to the putative class, SafeRent failed to respond.

In short, the language of the class allegations, and of Claims I and III, as well as the length at which allegations regarding the alleged burdensomeness of SafeRent's process for submitting a request are set forth in the fact section of the Second Amended Complaint, all indicate that the claims regarding file requests are not simply alleging that the FCRA was violated because Plaintiff filled out SafeRent's form and SafeRent did not respond.[10]  Rather, the claims are based on Plaintiff's challenge to the alleged process used by SafeRent to verify the identity of the inquirer.  As explained at length above, section 1681h permits the procedures at issue, and so Claims I and III fail as a matter of law.

Lastly, some of the allegations of Plaintiff's file request claims are gratuitous. Plaintiff references the statutory requirements that nationwide consumer reporting agencies provide a toll free number for consumers to request their file (SAC, ¶¶ 48-57) but nowhere alleges that SafeRent fails to make this option available to

---

[10] Alternatively, if the violation alleged in Counts I and III is, in fact, that SafeRent failed to respond to a request for the consumer's file on a form provided by SafeRent, then the purported class definitions ("any request" (¶ 64(a) -- part of the definition of the § 1681g class); or all consumers who made a request on SafeRent's form who were eligible to receive the file free of charge, regardless of whether SafeRent responded (¶ 65(a), the § 1681j class)) are overbroad, and the class allegations should be stricken as to Claims I and III, and as to Claim II as well, to the extent the latter survives dismissal.

consumers or that Plaintiff ever attempted to locate or call the 1-800 number. These allegations can therefore be disregarded for purposes of analyzing whether Plaintiff has stated a claim.  In sum, Claims I and III should be dismissed.

### D. Plaintiff's Claim Under the CCRAA Relating to Her File Request (Claim II) Should Be Dismissed for the Same Reasons As Claims I and III

In Claim II, Plaintiff asserts a claim under the CCRAA's provisions on disclosure of files citing Cal. Civil Code § 1785.10 and § 1785.15.  Section 1785.10(a) requires a consumer reporting agency "upon request and proper identification of any consumer" to permit the consumer to inspect the files maintained about the consumer at the time of the request.  Section 1785.10(b) requires a consumer reporting agency, following contact "by a consumer regarding information which may be contained in the agency files regarding that consumer" to advise the consumer of various CCCRA rights, including the right to obtain a copy of her file under § 1785.15.  There is no allegation in the Second Amended Complaint that SafeRent failed to make the required disclosures.

As to § 1785.15(a), it parallels §§ 1681g, and 1681j of the FCRA by requiring a consumer reporting agency to provide a file at the consumer's request only upon furnishing of "proper identification." Cal. Civil Code § 1785.15(b). Looking to interpretation of the FCRA for guidance (*Lewis*, 2013 U.S. Dist. LEXIS 55160, at *6-7), this Court should dismiss Claim II under the CCRAA for the same reasons that Plaintiff's claims under §§ 1681g and 1681j under the FCRA (Claims I and III, respectively) should be dismissed.

### CONCLUSION

For the above reasons, this Court should dismiss plaintiff's Second Amended Complaint in its entirety.

1

2    Dated:     September 9, 2013          FARUKI IRELAND & COX P.L.L.

3

4                                         By: /s/ Ronald I. Raether

5                                              Ronald I. Raether

6

7                                         MORRISON & FOERSTER LLP

8

9                                              Attorneys for Defendant
                                               CoreLogic SafeRent, LLC

10

11

12   756869.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28