| | |
|---|---|
| NANCY R. THOMAS (CA SBN 236185)<br>NThomas@mofo.com<br>MORRISON & FOERSTER<br>555 West Fifth Street, Suite 3500<br>Los Angeles, CA  90013<br>Phone:  (213) 892-5561<br>Fax:  (213) 892-5454<br><br>JAMES F. MCCABE (CA SBN 104686)<br>JMcCabe@mofo.com<br>MORRISON & FOERSTER<br>425 Market Street<br>San Francisco, CA  94105-2482<br>Phone:  (415) 268-7011<br>Fax:  (415) 268-7522<br><br>RONALD I. RAETHER (*pro hac vice*)<br>rraether@ficlaw.com<br>DONALD E. BURTON (*pro hac vice*)<br>dburton@ficlaw.com<br>FARUKI IRELAND & COX P.L.L.<br>500 Courthouse Plaza, S.W.<br>10 North Ludlow Street<br>Dayton, OH 45402-1818<br>Phone:  (937) 227-3733<br>Fax:  (937) 227-3717<br><br>***Attorneys for Defendant***<br>***CORELOGIC SAFERENT, LLC*** | Michael A. Caddell (SBN 249469)<br>mac@caddellchapman.com<br>Cynthia B. Chapman (SBN 164471)<br>Craig C. Marchiando (SBN 283829)<br>**CADDELL & CHAPMAN**<br>1331 Lamar, Suite 1070<br>Houston TX  77010<br>Telephone:  (713) 751-0400<br>Facsimile:  (713) 751-0906<br><br>Leonard A. Bennett (*pro hac vice*)<br>**CONSUMER LITIGATION ASSOCIATES. P.C.**<br>763 J. Clyde Morris Blvd., Suite 1A<br>Newport News VA 23606<br>Telephone:  (757) 930-3660<br>Facsimile:  (757) 930-3662<br><br>James A. Francis (*pro hac vice*)<br>jfrancis@consumerlawfirm.com<br>John Soumilas (*pro hac vice*)<br>David A. Searles (*pro hac vice*)<br>**FRANCIS & MAILMAN, P.C.**<br>Land Title Building, 19th Floor<br>100 South Broad Street<br>Philadelphia PA 19110<br>Telephone:  (215) 735-8600<br>Facsimile:  (215) 940-8000<br><br>***Attorneys for Plaintiff*** |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN E. MORELAND, on behalf of herself and all others similarly situated,<br><br>         Plaintiff,<br><br>    v.<br><br>CORELOGIC SAFERENT, LLC,<br><br>         Defendant. | Case No. SACV 13-00470 AG (ANx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Hon. Andrew J. Guilford<br><br>Action filed:  March 25, 2013<br>FAC filed:      June 6, 2013<br>SAC filed:      August 20, 2013 |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, counsel for Plaintiff Moreland ("Moreland") and Defendant CoreLogic SafeRent, LLC ("SafeRent") conducted conferences on August 22, 2013 and September 6, 2013. The Parties now submit the following Joint Report.

I. <u>NATURE OF THE DISPUTE</u>

    A. <u>Allegations of the Second Amended Complaint</u>

Plaintiff has alleged violations of the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA") and California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1 *et seq.* ("CCRAA"), individually and on behalf of several putative classes. Plaintiff's claims can be grouped into two categories: (1) claims that depend on characterizing the "Lease Decision and Reports" as a single report and characterizing the Identify section as a consumer report under the FCRA (Claims IV-VII); and (2) claims that challenge procedures used by SafeRent when consumers seek to obtain a copy of their "file" (Claims I-III).

Plaintiff alleges that her tenant application was denied in April 2012 based on inaccurate information in a "Lease Decision" consumer report prepared by SafeRent, a recognized consumer reporting agency. Plaintiff further alleges that SafeRent failed to obtain the proper certification from landlords that those reports would be used for proper purposes only (Claims VI and VII). Plaintiff alleges that, to obtain a copy of her consumer file from SafeRent, she was required to submit a request in writing that was signed under penalty of perjury, make photocopies of documents, drive to the post office, pay for postage to mail the request, and provide copies of one or two forms of identification, allegedly making it unduly burdensome to, and costly for, consumers to obtain a copy of their credit files, including the copy that is supposed to be provided free of charge once a year (Claims I-III). Claims IV and V challenge SafeRent's practices in creating Lease Decision and Reports, alleging that SafeRent fails to follow reasonable procedures

1

1  to assure maximum possible accuracy of the information in the Identify section of
2  those reports.
3       Plaintiff is seeking to represent purported nationwide and California classes
4  of persons, who, in the two years prior to March 25, 2013, made requests for
5  consumer files that were not provided by SafeRent; made requests for their
6  consumer files using Defendant's Consumer Disclosure Request Form and had not
7  obtained a consumer file from Defendant in the 12-month period immediately
8  preceding the request, meaning they were eligible to receive a copy of their file free
9  of charge (the Claim III class); or were the subject of a Lease Decision and Reports
10 prepared by SafeRent.  Plaintiff is seeking statutory, actual and punitive damages,
11 injunctive relief, and attorneys' fees and costs.
12      Defendant denies the allegations on the basis that they fail to state a claim
13 upon which relief can be granted, as detailed in SafeRent's September 9, 2013
14 motion to dismiss, or that the claims otherwise do not comport with applicable law.
15 Defendant contends that Plaintiff's claims that depend on alleged inaccuracies in a
16 consumer report (Claims IV and V) fail because the complained-of inaccuracies did
17 not appear in a "consumer report" as that term is defined by the FCRA.  Whether a
18 communication qualifies as a consumer report is central to the application of the
19 FCRA, since the vast majority of FCRA obligations apply only to persons who
20 prepare or persons who use "consumer reports."  For a communication to meet the
21 "consumer report" definition, the communication at issue must include information
22 "bearing on" at least one of several enumerated characteristics, including credit
23 standing or credit worthiness, and it must be provided for the purpose of
24 establishing the consumer's eligibility for credit, insurance, employment, or certain
25 other benefits, including securing an apartment lease.  15 U.S.C. § 1681a(d).  A
26 report that does not "bear on" eligibility characteristics is not a "consumer report."
27 Whether a separate report or a section of the Lease Decision and Reports, the
28 Identify information at issue here contains no "bear on" information: it is limited to

identification information such as birth date, social security number and associated addresses.

Claims VI and VII, alleging failure by SafeRent to obtain a certification that a "consumer report" was to be used for a permissible purpose, likewise fail because the allegedly inaccurate information was not in a "consumer report" as defined by the FCRA and because there is no allegation that Plaintiff's report was actually used for a purpose that is impermissible under the FCRA. Unable to plead this threshold issue of impermissible use, Plaintiff is unable to litigate the issue of whether reasonable procedures were in place to assure that the user has a permissible purpose.

As to Plaintiff's claims for failure to disclose her report upon request (Claims I-III), Defendant contends that those claims fail because the precautions that Plaintiff alleges SafeRent adopted to ensure that a requester provide "proper identification" (a requirement under both the FCRA (15 U.S.C. § 1681h(a)) and the CCRAA (Cal. Civil Code § 1785.15(b)) were presumptively reasonable under authoritative interpretations of the FCRA. SafeRent sells reports, other than Identify Reports (whether part of the Lease Decision and Reports) at issue in this case, with different names, for landlord use in evaluating potential tenants. SafeRent treats those reports as "consumer reports," and conducts itself as a "consumer reporting agency." Under the FCRA, consumer reporting agencies are obligated to provide to any consumer, on the consumer's request, information in the consumer's file. 15 U.S.C. § 1681g(a)(1). Plaintiff's second set of claims – the first through third causes of action – relates to how SafeRent discharged this obligation. Plaintiff contends that the procedures SafeRent allegedly employs to be sure that it is giving consumer file information to the consumer who is the subject of the file (and not an impostor) are unduly onerous. SafeRent's alleged requirements for proof of identity are, under authoritative interpretation of the FCRA (*i.e.*, as a matter of law), permissible and indeed required safeguards; in fact,

identity verification is also for the consumer's benefit, in order to thwart attempts, through fraud and impersonation, to commit identity theft, or to invade a person's privacy.

Furthermore, as to these file request claims, the description of SafeRent's procedures and the experiences of the Plaintiff are inaccurate and atypical. Moreover, the claims are unsuitable for class certification, because, among other reasons, the claims regarding permissible use will require an individual inquiry into use of SafeRent's reports by each of SafeRent's consumers, while the claims regarding file requests will require an individualized analysis of what verifying information was submitted by consumers to SafeRent. Damages, *e.g,* loss of a rental opportunity and its financial consequences, will also be an individual issue for each putative class member.

### B. Procedural History

Plaintiff filed her complaint March 25, 2013. By stipulation of the parties, she filed a first Amended Complaint on June 6, 2013 naming the correct Defendant, SafeRent, which executed a waiver of service of summons. SafeRent filed a motion to dismiss on August 5, 2013. On August 20, 2013, Plaintiff filed a second amended complaint. Pursuant to a stipulated briefing schedule, SafeRent filed a motion to dismiss the second amended complaint on September 9, 2013. The motion will be fully briefed on October 7, 2013, and is scheduled to be heard on October 21, 2013.

## II. ITEMS REQUIRED BY FED. R. CIV. P. 26(f)

### A. Rule 26(a) Disclosures

The parties will exchange Rule 26(a) disclosures on or before November 11, 2013.

  B. <u>Subjects of Discovery and Timing of Discovery</u>

    1. <u>Timing of Discovery in Light of Pending Motion to Dismiss and Motion for Class Certification</u>

The Parties agreed to a schedule that begins with discovery related to class certification. *See* Section IIIThe Parties plan to complete discovery directed to class certification and Plaintiff's individual claims in the approximately 30 day period preceding the date that Plaintiff's counsel files their motion for class certification. *See* Section III below.

    2. <u>Subjects of Discovery</u>

Plaintiff will seek discovery concerning the development and implementation of SafeRent's system for providing consumers with their files free of charge; the instances in which SafeRent is responsive to consumer requests for their files, by whatever means those requests are made; the procedures that SafeRent has in place regarding the accuracy of information it places in Lease Decision reports it prepares; the process by which SafeRent selects information to be included in Lease Decision reports; the procedures SafeRent uses to ensure that communications it sells are used for FCRA and CCRAA purposes; the size and composition of the putative Classes; and SafeRent's knowledge of FCRA and CCRAA requirements and its attempts to comply with them relating to Lease Decision reports.

SafeRent anticipates pursuing discovery concerning: Plaintiff's communications and alleged communications with SafeRent, and her alleged damages, and the appropriateness of the case for class certification.

  C. <u>Electronically stored information</u>

The parties do not anticipate atypical issues regarding ESI or issues that cannot be negotiated by the parties in good faith.

  D. <u>Limitations on Discovery</u>

The parties at this time foresee no need for limitations on discovery in addition to those set forth in the Federal Rules of Civil Procedure.

     E.     Protective Order Under Rule 26(a)

Defendant will provide to Plaintiff's counsel a draft form of protective order for materials produced in discovery.

III.     PRETRIAL SCHEDULING ORDER UNDER RULES 16(b) AND (c)

The parties have agreed, subject to the Court's approval to the following schedule:

     A.     Discovery cut-off for class certification discovery – January 31, 2014

          1.     Plaintiff's expert reports relating to class certification issues – December 18, 2013.

          2.     Defendant's expert reports relating to class certification issues – January 17, 2014.

     B.     Motion for Class Certification – March 3, 2014

     C.     Opposition to Motion for Class Certification – March 31, 2014

     D.     Reply Memorandum for Motion for Class Certification– April 14, 2014

     E.     Last Date for Hearing on Motion for Class Certification – April 28, 2014

     F.     Expert Reports – May 29, 2014

     G.     Rebuttal Expert Reports – June 30, 2014

     H.     Discovery Cutoff – July 14, 2014

     I.     Motions for Summary Judgment – August 11, 2014

     J.     Last Date to Hear Dispositive Motions – October13, 2014;

     K.     Pre-Trial Conference – Monday, November 17, 2014

     L.     Trial – Tuesday, December 9, 2014

IV.     ITEMS REQUIRED BY LOCAL RULE 26-1

     A.     Complexity of the Case

The parties agree that this is not a complex case and does not require the use of any of the procedures in the Manual for Complex Litigation.

     B.     Motion Schedule

*See* Section III above.

    C.    ADR

The parties do not believe settlement discussions will be fruitful without further development of the factual record. As their preferred choice of settlement procedure under Local Rule 16-15.4, the parties have chosen ADR Procedure No. 3, a private dispute resolution proceeding.

    D.    Trial Estimate

The parties estimate that the trial will last approximately 5 court days.

    E.    Additional Parties

The parties do not currently anticipate adding additional parties.

    F.    Expert Witnesses

*See* Section III above.

| | |
|---|---|
| Dated:  September 9, 2013 | FARUKI IRELAND & COX PLL |
| | By: /s/ Ronald I. Raether |
| | Ronald I. Raether |
| | *Attorneys for Defendant CoreLogic SafeRent, LLC* |
| | CADDELL AND CHAPMAN |
| | By: /s/ Michael A. Caddell |
| | Michael A. Caddell |

Michael A. Caddell (SBN 249469)
Cynthia B. Chapman (SBN 164471)
Craig C. Marchiando (SBN 283829)
**CADDELL & CHAPMAN**
1331 Lamar, Suite 1070
Houston TX  77010
Telephone:  (713) 751-0400
Facsimile:  (713) 751-0906

Leonard A. Bennett (*pro hac vice*)
**CONSUMER LITIGATION ASSOCIATES. P.C.**
763 J. Clyde Morris Blvd., Suite 1A
Newport News VA 23606
Telephone:  (757) 930-3660
Facsimile:  (757) 930-3662

James A. Francis (*pro hac vice*)
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia PA 19110
Telephone:  (215) 735-8600
Facsimile:  (215) 940-8000

*Attorneys for Plaintiff Susan E. Moreland*

**CERTIFICATE OF SERVICE BY MAIL**

I hereby certify that on September 9, 2013, I filed the foregoing document with the Clerk of Court using the court's CM/ECF system, which shall send a notice of electronic filing (NEF) to the following:

Nancy R. Thomas (CA SBN 236185)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Phone: (213) 892-5561
Fax: (213) 892-5454

James F. McCabe (CA SBN 104686)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Phone: (415) 268-7011
Fax: (415) 268-7522

Ronald I. Raether (*pro hac vice*)
Donald Burton (*pro hac vice*)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402-1818
Phone: (937) 227-3733
Fax: (937) 227-3717

***Attorneys for Defendant***
***CORELOGIC SAFERENT LLC***

      /s/ Michael A. Caddell
Michael A. Caddell