UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-470 AG (ANx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | SUSAN E. MORELAND v. CORELOGIC SAFERENT LLC | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS TO DISMISS

Plaintiff Susan E. Moreland filed a class action against Defendant CoreLogic SafeRent LLC ("SafeRent"). She alleges that a landlord denied her application to lease an apartment based on inaccurate information in a SafeRent report to the landlord. Moreland claims that SafeRent's policies concerning these reports violate federal and state consumer credit reporting statutes.

SafeRent has moved to dismiss Moreland's Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted. (ECF No. 46.) The Court GRANTS IN PART and DENIES IN PART this motion.

**PRELIMINARY MATTER**

After Moreland filed her First Amended Complaint ("FAC"), SafeRent filed a motion to dismiss the FAC. (ECF No. 38.) Instead of opposing that motion, Moreland filed the SAC. (ECF No. 45.) The parties appear to agree that this is the operative complaint. The Court thus DENIES as moot SafeRent's motion to dismiss the FAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-470 AG (ANx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | SUSAN E. MORELAND v. CORELOGIC SAFERENT LLC | | |

## BACKGROUND

Because the Court is considering SafeRent's motion to dismiss, it accepts all of the factual allegations in the SAC as true and construes them in the light most favorable to Moreland, the nonmoving party. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

SafeRent sells reports that help landlords make leasing decisions. Specifically, when a prospective tenant applies to lease an apartment, a landlord can buy from SafeRent a "lease decision report" about that prospective tenant. (SAC ¶¶ 12–13.) The report, which SafeRent prepares, contains information about "the applicant's name, address, social security number, date of birth, phone number, the date on which successive residencies at particular addresses began, and other information," such as criminal history and sex offender information. (*Id.* ¶¶ 12, 20, 26.)

Moreland lost out on an apartment because of an inaccurate SafeRent report. In 2012, she applied to lease an apartment in San Marcos, California. (*Id.* ¶ 25.) At the landlord's request, SafeRent prepared a lease decision report on Moreland. (*See id.*) The report identified five incorrect aliases for Moreland, including three that misidentified her as male. (*Id.* ¶¶ 30–31; *see* Def.'s Mot. Dismiss Ex. A.) The report also identified several inaccurate former addresses for Moreland, including some out-of-state addresses. (SAC ¶ 29.) The landlord was "confounded" by all of the aliases and addresses that Moreland hadn't disclosed in her application and couldn't determine whether Moreland was being honest about her identity. (*Id.* ¶ 34.) He told her that, based on the SafeRent report, he couldn't lease her the apartment. (*Id.*)

Moreland tried to figure out what had happened. After her lease application was denied, she wrote SafeRent to ask for a copy of her consumer file. (*Id.* ¶¶ 35–37.) SafeRent didn't respond. (*Id.* ¶ 39.) Moreland tried again, this time following the "complicated" and "burdensome" process set forth on SafeRent's website. (*Id.* ¶¶ 41, 43.) SafeRent still didn't give Moreland a copy of her file. (*Id.* ¶ 57.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-470 AG (ANx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | SUSAN E. MORELAND v. CORELOGIC SAFERENT LLC | | |

Litigation followed. Moreland's SAC seeks to allege seven claims under the federal Fair Credit Reporting Act ("FCRA") and its state analog, the California Consumer Credit Reporting Agencies Act ("CCRAA"). The seven claims are numbered as follows: (1) FCRA section 1681g; (2) CCRAA section 1785.10; (3) FCRA section 1681j(a); (4) FCRA section 1681e(b); (5) CCRAA section 1785.14(b); (6) FCRA section 1681e(a); and (7) CCRAA section 1785.14(a). The first three claims relate to Moreland's ability to get a free copy of her file; the last four claims relate to SafeRent's duties to control the accuracy and use of its reports. SafeRent moved to dismiss the SAC for failure to state a claim upon which relief can be granted. (ECF No. 46.)

## **LEGAL STANDARD**

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To avoid this, a complaint only needs to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* 8(a)(2). "[D]etailed factual allegations" aren't required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citation omitted). Further, a court ruling on a motion to dismiss "accept[s] all factual allegations in the complaint as true and constru[es] them in the light most favorable to the nonmoving party." *Skilstaf, Inc.*, 669 F.3d at 1014.

But a complaint must allege "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A court shouldn't accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Rather, a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . [and] plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Determining whether a complaint's allegations are sufficient is a "context-specific task that requires the reviewing court to draw on its judicial experience

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-470 AG (ANx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | SUSAN E. MORELAND v. CORELOGIC SAFERENT LLC | | |

and common sense." *Iqbal*, 556 U.S. at 679.

If a court does decide to dismiss a claim, it must also decide whether to grant the plaintiff leave to amend the complaint. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But "[a] district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency . . . or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quotation marks and citations omitted).

## ANALYSIS

SafeRent makes three arguments in its motion to dismiss the SAC. First, SafeRent argues that Moreland's first, second, and third claims should be dismissed because SafeRent's procedures are "presumptively reasonable." (Def.'s Mot. Dismiss 3:5–6.) Second, SafeRent argues that Moreland's fourth, fifth, sixth, and seventh claims should be dismissed because the SafeRent report at issue here isn't a consumer report and thus isn't regulated by the FCRA or CCRAA. Third, SafeRent argues that Moreland's sixth claim should also be dismissed because she doesn't allege that the SafeRent report was used for an improper purpose. The Court GRANTS IN PART and DENIES IN PART SafeRent's motion to dismiss the SAC, and GRANTS leave to amend.

### 1. A PER SE REASONABLE PROCEDURE

Moreland's first, second, and third claims allege violations of the parts of the FCRA and CCRAA that specify how consumers can get copies of their information from credit reporting agencies. They all relate to her ability to get a free copy of her file from SafeRent. Under the FCRA, consumers can ask for information from their files from credit reporting agencies like SafeRent, but the credit reporting agencies must ask for "proper identification" before giving out this information. 15 U.S.C. § 1681h(a). Each credit reporting agency has to come up with "reasonable" requirements for this identification. 12 C.F.R. § 1022.123. The CCRAA provides analagous state law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-470 AG (ANx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | SUSAN E. MORELAND v. CORELOGIC SAFERENT LLC | | |

SafeRent argues that its procedures are reasonable as a matter of law. But SafeRent hasn't provided any authority showing that its procedures are per se reasonable. And, even if SafeRent's procedures are objectively reasonable, that doesn't mean Moreland has failed to state a claim. Also, SafeRent hasn't provided any authority suggesting that this issue is properly resolved at this stage of litigation. The primary authority it relies on is an unpublished Eastern District of Michigan decision that addressed the issue on summary judgment. (*See* Mot. Dismiss 16:10–18:14 (discussing *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044 (E.D. Mich. Apr. 16, 2012)).) SafeRent's motion to dismiss is DENIED as to Moreland's first, second, and third claims.

## 2. A "CONSUMER REPORT"

### 2.1 Under the FCRA

Moreland's fourth and sixth claims relate to parts of the FCRA that regulate "consumer reports," a phrase that is statutorily defined. The FCRA's definition can be divided into three elements. It provides that a "consumer report" is:

> [1] any written, oral, or other communication of any information by a consumer reporting agency [2] bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living [3] which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—(A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1).

SafeRent argues that its lease decision reports don't fit within this definition and thus don't fall within the ambit of the FCRA. Specifically, SafeRent disputes whether the second, "bearing on" element is met here. (*See* Def.'s Mot. Dismiss 4:14–18.) SafeRent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-470 AG (ANx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | SUSAN E. MORELAND v. CORELOGIC SAFERENT LLC | | |

argues that the alleged inaccuracies contained in the report—specifically, the incorrect aliases and addresses—don't bear on any of the seven characteristics enumerated in the second element. (*Id.* 5:17–21.) And, SafeRent continues, if this alias and address identification information is not covered by the statutory definition, it does not matter if other, accurate information SafeRent gave to Moreland's would-be landlord does fall within the definition. (*Id.* 8:26–9:6.)

But the address information does fall within the statutory definition. Where a person lives is a fundamental "personal characteristic[]." Along with inquiries into family and profession, it's one of the first things we ask new acquaintances. Where people live and how long they live there can say a lot about their "mode of living"—how rich or poor they are, how big or small their family is, how closely or loosely they're tied to a community, what sports teams or political parties they support, how often they change jobs, and what kinds of cars or pets they have, to offer just a few examples. Put simply, *where* we live is intimately tied up with *how* we live. Within the scope of the FCRA's broad statutory language, a person's address does have *some* bearing on *at least one* of the statutorily enumerated items.

Further, SafeRent's argument conflicts with the common law SafeRent itself cites. In *Trans Union Corp. v. FTC*—the very first case SafeRent cites to support its "bearing on" argument—the D.C. Circuit noted that the "bearing on" requirement "does not seem very demanding." *Trans Union Corp. v. FTC*, 81 F.3d 228, 231 (D.C. Cir. 1996); (*see* Def.'s Mot. Dismiss 6:7–10.) Despite arguing that none of the allegedly inaccurate items in Moreland's loan decision report "as a matter of law, bear[] on the seven characteristics" identified in the FCRA's definition, SafeRent only cites to three other cases to support its "bearing on" argument. (Def.'s Mot. Dismiss 6:7–9.) All three are from sister district courts—the first an unpublished 2011 Western District of North Carolina decision, the second a 1996 Eastern District of Missouri decision, and the third a 2001 D.C. District Court decision. (*See* Def.'s Mot. Dismiss 6:9–9:9 (citing *Smith v. Waverly Partners, LLC*, No. 3:10–CV–28, 2011 WL 3564427 (W.D. N.C. Aug. 12, 2011); *Individual Reference Servs. Grp., Inc. v. FTC*, 145 F. Supp. 2d 6 (D.D.C. 2001); *Dotzler v. Perot*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-470 AG (ANx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | SUSAN E. MORELAND v. CORELOGIC SAFERENT LLC | | |

914 F. Supp. 328 (E.D. Mo. 1996)).) None of these cases are binding upon the Court and all of these cases are meaningfully distinguishable.

Thus, SafeRent hasn't met its burden under the motion to dismiss standard, so its motion to dismiss is DENIED as to Moreland's fourth claim. As detailed in Section 3 of this Order, the Court need not decide whether Moreland's sixth claim survives under this argument.

### 2.2   Under the CCRAA

Moreland's fifth and seventh claims concern parts of the CCRAA that also regulate consumer reports. Like the FCRA definition, the CCRAA definition can be divided into three elements. It provides that a "consumer credit report" is:

> [1] any written, oral, or other communication of any information by a consumer credit reporting agency [2] bearing on a consumer's credit worthiness, credit standing, or credit capacity, [3] which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: (1) credit to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) hiring of a dwelling unit, as defined in subdivision (c) of Section 1940, or (4) other purposes authorized in Section 1785.11.

Cal. Civ. Code § 1785.3(c).

SafeRent again argues that Moreland hasn't adequately pleaded the second, "bearing on" element. While both parties agree that generally, their arguments under the FCRA apply to the CCRAA, SafeRent argues that here, the CCRAA's reach is shorter, as it protects "consumer *credit* reports" that bear on one of just *three* characteristics, rather than one of the seven FCRA characteristics discussed in Section 2.1 of this Order. *Id.* (emphasis

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-470 AG (ANx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | SUSAN E. MORELAND v. CORELOGIC SAFERENT LLC | | |

added); (*see* Def.'s Mot. Dismiss 1:13-14 n.1, 11:26–12:4; Pl.'s Opp'n Def.'s Mot. Dismiss 4:1–12 n.1.) And, SafeRent argues, the CCRA's more limited wingspan doesn't stretch to touch the report at issue here.

This argument comports with the plain language of the text, the history and relationship of the two statutes, and judicial interpretation of the CCRAA. The plain language of the text provides for protection of consumer *credit* reports, rather than just consumer reports of any flavor, which supports a narrower reading of the CCRAA definition. Further, as Moreland herself points out, the CCRAA was "substantially based on the [FCRA]"—in fact, so much so that the interpretation of the latter is "entitled to substantial weight when interpreting the" former. (Pl.'s Opp'n Def.'s Mot. Dismiss 9:9–13 (quoting *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 889 (9th Cir. 2010) (quotation marks omitted)).) So, there's a strong likelihood that when the CCRAA's drafters narrowed the FCRA-provided definition from its seven characteristics to just the three listed, they did so with thought and purpose.

Finally, SafeRent points to California case law supporting its argument that Moreland hasn't pleaded enough to sustain her fifth and seventh claims. (*See* Def.'s Mot. Dismiss 12:9–13:7 (citing *Gomon v. TRW, Inc.*, 28 Cal. App. 4th 1161 (1994)).) Moreland's response misses the point. While SafeRent argues as to the adequacy of her allegations on the second, "bearing on" element, Moreland points to the adequacy of her allegations on the third element, regarding the purpose of the report. (Pl.'s Opp'n Def.'s Mot. Dismiss 9:21–28.) SafeRent hasn't attacked the adequacy of the pleadings as to the third element. And, Moreland hasn't pleaded enough facts to show SafeRent's report is a "consumer credit report" under the CCRAA.

The Court GRANTS SafeRent's motion as to the SAC's fifth and seventh claims.

**3.      AN IMPROPER PURPOSE**

Moreland's sixth claim arises under 15 U.S.C. § 1681e, a portion of the FCRA that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-470 AG (ANx) | Date | October 25, 2013 |
|---|---|---|---|
| Title | SUSAN E. MORELAND v. CORELOGIC SAFERENT LLC | | |

protects against the improper use of consumer reports. "Every consumer reporting agency shall maintain reasonable procedures designed to . . . limit the furnishing of consumer reports to the purposes listed under section 1681b of [the FCRA]," which sets forth permissible purposes. 15 U.S.C. § 1681e. "[A] plaintiff bringing a claim that a reporting agency violated the 'reasonable procedures' requirement of § 1681e must first show that the reporting agency released the report in violation of § 1681b." *Washington v. CSC Credit Servs.*, 199 F.3d 263, 266 (10th Cir. 2000).

Moreland hasn't provided legal authority countering this assertion, nor has she pleaded that her report was used for an impermissible purpose. (*See* Opp'n Def.'s Mot. Dismiss 8:7–8 n.3.) As SafeRent notes, it's undisputed that the report here was used for residential screening, a permissible purpose. While it's possible that SafeRent didn't follow required technicalities by not getting a proper certification, without actual improper release Moreland can't sustain her claim. The Court GRANTS SafeRent's motion to dismiss as to Moreland's sixth claim.

## DISPOSITION

The Court DENIES SafeRent's motion to dismiss as to Moreland's first, second, third, and fourth claims and GRANTS SafeRent's motion to dismiss as to Moreland's fifth, sixth, and seventh claims. The Court GRANTS Moreland leave to amend her complaint, but notes that "[a] district court may deny a plaintiff leave to amend . . . if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC*, 623 F.3d at 1003 (quotation marks and citations omitted).

|  | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |