NANCY R. THOMAS (CA SBN 236185)
NThomas@mofo.com
MORRISON & FOERSTER
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013
Phone: (213) 892-5561
Fax: (213) 892-5454

JAMES F. MCCABE (CA SBN 104686)
JMcCabe@mofo.com
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105-2482
Phone: (415) 268-7011
Fax: (415) 268-7522

RONALD I. RAETHER (admitted *pro hac vice*)
rraether@ficlaw.com
DONALD E. BURTON (admitted *pro hac vice*)
dburton@ficlaw.com
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402-1818
Phone: (937) 227-3733
Fax: (937) 227-3717

Attorneys for Defendant
CORELOGIC SAFERENT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN E. MORELAND, on behalf of herself and all others similarly situated,<br><br>Plaintiff, | Case No. SACV 13-00470 AG (ANx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS V AND VI OF PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM** |

| | |
|---|---|
| v.<br><br>CORELOGIC SAFERENT, LLC,<br><br>Defendant. | **OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hon. Andrew J. Guilford<br><br>Date: April 28, 2014<br>Time: 10:00 a.m.<br>Courtroom: 10D<br><br>Action filed: March 25, 2013<br>FAC filed: June 6, 2013<br>SAC filed: August 20, 2013<br>TAC filed: February 25, 2014 |

## NOTICE OF MOTION AND MOTION

Please take notice that on April 28, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Andrew J. Guilford, United States District Court, Central District of California, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516, Defendant CoreLogic SafeRent, LLC will, and hereby does, move the Court for an order granting Defendant's motion to dismiss Claims V and VI of Plaintiff's Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is based on this Notice of Motion and Motion, the brief in support thereof, the pleadings and other filings herein, and such other written and oral argument as may be presented to the Court. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on March 14, 2014.

Dated: March 25, 2014       FARUKI IRELAND & COX P.L.L.


By: /s/ Ronald I. Raether
    Ronald I. Raether

Attorneys for Defendant
CoreLogic SafeRent, LLC

# TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................... 1

ARGUMENT ............................................................................................................ 2

I.  THE COURT SHOULD DISMISS CLAIMS V AND VI BECAUSE THERE HAS NOT BEEN AN IMPROPER DISCLOSURE. .......................................... 2

II. THE COURT SHOULD DISMISS CLAIM VI BECAUSE PLAINTIFF'S CONCLUSORY ALLEGATIONS DO NOT ESTABLISH THAT THE REPORT AT ISSUE IS A "CONSUMER CREDIT REPORT" UNDER THE CCRAA. ................ 5

CONCLUSION ......................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

Page(s)

*Ali v. Vikar Mgmt. Ltd.,*
   994 F. Supp. 492 (S.D.N.Y. 1998) ...................................................................... 3

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S. Ct. 1937 (2009) .............................................................. 5, 6

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 127 S. Ct. 1955 (2007) ............................................ 5, 6, 6-7, 8

*Carvalho v. Equifax Info. Servs., LLC,*
   629 F.3d 876 (9th Cir. 2010) ................................................................................ 4

*Cassara v. DAC Servs., Inc.,*
   276 F.3d 1210 (10th Cir. 2002) ............................................................................. 4

*Cisneros v. U.D. Registry, Inc.,*
   39 Cal. App. 4th 548, 46 Cal. Rptr. 2d 233 (1995) ........................................... 3

*Dalton v. Capital Associated Indus.,*
   257 F.3d 409 (4th Cir. 2001) ................................................................................. 4

*Gomon v. TRW, Inc.,*
   28 Cal. App. 4th 1161, 34 Cal. Rptr. 2d 256 (1994) .................................. 5-6, 7-8

*Guimond v. Trans Union Credit Info. Co.,*
   45 F.3d 1329 (9th Cir. 1995) .................................................................................. 4

i

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS V AND VI OF PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
13-00470 AG (ANx)

*Harris v. Rand,*
    682 F.3d 846 (9th Cir. 2012) ............................................................................... 6

*Henson v. CSC Credit Servs.,*
    29 F.3d 280 (7th Cir. 1994) ................................................................................. 4

*Koropoulos v. Credit Bureau, Inc.,*
    734 F.2d 37 (D.C. Cir. 1984) ............................................................................... 4

*Moreland v. CoreLogic SafeRent LLC,*
    No. SACV 13-470 AG (ANx), 2013 U.S. Dist. Lexis 157302
    (N.D. Cal. Oct. 25, 2013) ............................................................................. 1, 2, 3

*Philbin v. Trans Union Corp.,*
    101 F.3d 957 (3d Cir. 1996) ................................................................................ 4

*Spence v. TRW, Inc.,*
    92 F.3d 380 (6th Cir. 1996) (per curiam) ........................................................... 4

*Washington v. CSC Credit Servs.,*
    199 F.3d 263 (5th Cir.), *cert. denied*, 530 U.S. 1261,
    120 S. Ct. 2718 (2000) ................................................................................ 1, 3, 4


**STATUTES**

Cal. Civ. Code
    § 1785.14 ............................................................................................................ 1
    § 1785.14(a) ....................................................................................................... 5
    § 1785.14(b) ....................................................................................................... 2
    § 1785.3(c) .................................................................................................... 2, 6-7

15 U.S.C.
    §§ 1681 *et seq.* .................................................................................................. 1
    § 1681b ........................................................................................................... 1, 2
    § 1681e ............................................................................................................... 1
    § 1681e(a) ........................................................................................................ 4,5
    § 1681e(b) .......................................................................................................... 4

**RULES**

Fed. R. Civ. P. 8 ......................................................................................................... 5
Fed. R. Civ. P. 8(a)(2) ................................................................................................ 8

ii

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS V AND VI OF PLAINTIFF'S THIRD
AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
13-00470 AG (ANx)

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Defendant CoreLogic SafeRent, LLC ("SafeRent") moves to dismiss Claims V and VI of the Third Amended Complaint (Doc. No. 57) ("TAC") because Plaintiff fails to allege a required element of her claimed violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA"), namely that her report was ever used for an impermissible purpose. This Court correctly dismissed these same claims from Plaintiff's Second Amended Complaint ("SAC") for the same reasons that require dismissal of these claims here.

On October 25, 2013, this Court issued an Order granting in part and denying in part SafeRent's motion to dismiss Plaintiff's SAC, dismissing the sixth (FCRA § 1681e(a)) claim since the SAC failed to allege that the report (SafeRent's Identify report) was used for an impermissible purpose. Doc. No. 51, p. 9; *Moreland v. CoreLogic SafeRent LLC*, No. SACV 13-470 AG (ANx), 2013 U.S. Dist. LEXIS 157302, at *14-15 (C.D. Cal. Oct. 25, 2013).[1] The amendments made by Plaintiff in the TAC do not cure this defect. "'[A] plaintiff bringing a claim that a reporting agency violated the "reasonable procedures" requirement of § 1681e must first show that the reporting agency released the report in violation of § 1681b.' *Washington v. CSC Credit Servs.*, 199 F.3d 263, 266 ([5]th Cir. 2000)." Doc. No. 51, p. 9; *Moreland*, 2013 U.S. Dist. LEXIS 157302, at *14 (alteration in original).

---

[1] The Court's holding considered only Claim VI of the SAC, which concerned a claim arising under § 1681e of the FCRA. However, the CCRAA analogue under Cal. Civ. Code § 1785.14 concerns the same permissible purpose concept alleged by Plaintiff in her TAC, and the Court's holding applies equally to the CCRAA claim. The Court did dismiss the CCRAA analogue from the SAC for the reason that Plaintiff failed to plead enough facts to show the Identify report is a "consumer credit report" under the CCRAA.

Plaintiff filed her TAC on February 25, 2014, four months after this Court's decision. Despite having at that point the benefit of extensive written discovery and seven depositions (including depositions of Plaintiff and her landlord who had used SafeRent's services), Plaintiff has not alleged (and cannot allege) that her report was ever used for an impermissible purpose. That failure is fatal to Claims V and VI of the TAC. As this Court previously found, "[w]hile it's possible that SafeRent didn't follow required technicalities by not getting a proper certification, without actual improper release Moreland can't sustain her claim." Doc. No. 51, p. 9; *Moreland*, 2013 U.S. Dist. LEXIS 157302, at *14. Claims V and VI do not state a claim against SafeRent under either the FCRA or the CCRAA and should be dismissed again as a matter of law.

In addition, as this Court already concluded, Claim VI under the CCRAA should be dismissed as the Identify report at issue is not a "consumer credit report" as defined by Cal. Civ. Code § 1785.3(c).[2] The TAC does not set forth any additional facts supporting Plaintiff's claim, namely facts that go to establish that the Identify report "bears on" the characteristics identified in the CCRAA. In sum, this Court should dismiss Claims V and VI of the TAC because Plaintiff's minimal efforts to cure the dismissed claims are still inadequate as a matter of law.

## ARGUMENT

### I. THE COURT SHOULD DISMISS CLAIMS V AND VI BECAUSE THERE HAS NOT BEEN AN IMPROPER DISCLOSURE.

Plaintiff tacitly admits that the alleged use of the Identify report – residential screening – is a permissible purpose under § 1681b of the FCRA. Doc. No. 57,

---

[2] This Court also dismissed Claim V of the SAC (CCRAA section 1785.14(b) – accuracy) for the same reason. Plaintiff however has dropped this claim in the TAC.

2

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS V AND VI OF PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
13-00470 AG (ANx)

TAC, ¶¶ 13 and 20.³  See *40 Years of Experience With the Fair Credit Reporting Act – an FTC Staff Report with Summary of Interpretations* (Federal Trade Commission, July 2011), pp. 23, 84 ("FTC Report") (attached as **Exhibit A**); *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 560-61, 46 Cal. Rptr. 2d 233, 241-42 (1995) (citing federal FCRA cases); *Ali v. Vikar Mgmt. Ltd.*, 994 F. Supp. 492, 498 (S.D.N.Y. 1998) (citing the FTC).

As this Court previously held, a consumer may sue a consumer reporting agency for failing to maintain procedures for permissible purpose sales only if the consumer reporting agency has furnished the consumer's report for an *impermissible* purpose. Doc. No. 51, p. 9; *Moreland v. CoreLogic SafeRent LLC*, No. SACV 13-470 AG (ANx), 2013 U.S. Dist. LEXIS 157302, at *14 (C.D. Cal. Oct. 25, 2013). There is no actionable claim under § 1681e(a) (or § 1785.14(a)) unless there has first been a disclosure to a person who actually lacked a purpose for which consumer reports or consumer credit reports may be used under the FCRA or CCRAA (Doc. No. 51, p. 9; *Moreland*, 2013 U.S. Dist. LEXIS 157302, at *14 (quoting *Washington v. CSC Credit Servs.*, 199 F.3d 263, 266 (5th Cir.), cert. denied, 530 U.S. 1261, 120 S. Ct. 2718 (2000))).⁴

---

³ Paragraph 13 states "Lease Decision reports are sold by Defendant to landlords and used in connection with tenant applications to determine whether tenants are eligible to rent housing for which they have applied."

Paragraph 20 states "[i]n the case of Plaintiff, Defendant prepared a Lease Decision report on or about April 4, 2012, allegedly about Plaintiff in connection with her application to lease a house in Vista, California."

⁴ In *Washington,* 199 F.3d at 266, the court drew on a significant body of case law developed under section 1681e(b), a different "reasonable procedures" requirement of the FCRA. That statute requires that consumer reporting agencies take measures to assure the "maximum possible accuracy" of consumer reports. Nearly every circuit court in the country, including the Ninth Circuit, has held a private plaintiff cannot assert a claim for violation of the "maximum possible accuracy" procedures

(footnote cont'd...)

3

> "[T]he actionable harm the FCRA envisions is improper disclosure [of consumer reports], not the mere *risk* of improper disclosure that arises when 'reasonable procedures' are not followed and disclosures are made. Accordingly, a plaintiff bringing a claim that a reporting agency violated the 'reasonable procedures' requirement of § 1681e must first show that the reporting agency released the report in violation of § 1681b."

*Washington*, 199 F.3d at 267 (emphasis in original).

The facts upon which Plaintiff bases her claims have not changed. In her TAC, Plaintiff still has not alleged that there was an impermissible use. Instead, Plaintiff attempts, unsuccessfully, to suggest a change in the nature of her claim by alleging that SafeRent violates section 1681e(a) if "it ha[s] reasonable grounds for believing that the consumer reports would not be used for a purpose listed in section 1681b of the FCRA," regardless of whether there was in fact a disclosure to

---

(...cont'd)
requirement without first establishing that the defendant distributed a report that was inaccurate. *See Dalton v. Capital Associated Indus.*, 257 F.3d 409, 415 (4th Cir. 2001) ("To make out a 'violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information.'" (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 964 (3d Cir. 1996); *Spence v. TRW, Inc.*, 92 F.3d 380, 382 (6th Cir. 1996) (per curiam); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Cassara v. DAC Servs., Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002); *see also Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 39 (D.C. Cir. 1984). Similarly, the Ninth Circuit and other courts have held that a claim under section 1681i for inadequate reinvestigation of a dispute regarding accuracy of a consumer's report "require[s] that an actual inaccuracy exist for a plaintiff to state a claim." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (citing First and Ninth Circuits).

4

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS V AND VI OF PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
13-00470 AG (ANx)

a person who lacked a permissible purpose. Doc. No. 57, TAC, ¶ 84. Plaintiff in essence has alleged that the information "might" possibly be used, but concedes that the information has not actually ever been used, for an impermissible purpose. The mere possibility of disclosure is not sufficient to state a claim especially where, as here, the Plaintiff concedes that there was no improper use in fact. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (stating that Fed. R. Civ. P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561, 127 S. Ct. 1955, 1968 (2007) (it is insufficient "that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery.") (alteration in original). This Court's prior ruling, *Washington* and the other "reasonable procedures" cases cited above, confirm that because Plaintiff has not, and cannot, allege that SafeRent sold reports about her for an impermissible purpose, Plaintiff cannot make a claim under 15 U.S.C. § 1681e(a) and Cal. Civ. Code § 1785.14(a), and Claims V and VI should be dismissed.

II. **THE COURT SHOULD DISMISS CLAIM VI BECAUSE PLAINTIFF'S CONCLUSORY ALLEGATIONS DO NOT ESTABLISH THAT THE REPORT AT ISSUE IS A "CONSUMER CREDIT REPORT" UNDER THE CCRAA.**

In Claim VI, Plaintiff attempts to restate her previously dismissed CCRAA impermissible use claim. However, Plaintiff's amended allegations, which are inconsistent with the record as developed in discovery,[5] do not alter established law

---

[5] The facts of this case, of which Plaintiff's counsel were aware at the time they filed the TAC, defeat her arguments that the information at issue "'bears' on the consumer's 'consumer's [sic] credit worthiness, credit standing, or credit capacity' under the CCRAA." Doc. No. 57, TAC, ¶ 89. Raul Ramos, Plaintiff's landlord for the Vista, California property, testified on December 6, 2013 that he uses the applicant's personal information to identify the person and not to determine whether they are eligible for the property. *See* Ramos Depo., p. 52, ln. 9-25 – p. 53, ln. 1-5

(footnote cont'd...)

5

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS V AND VI OF PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
13-00470 AG (ANx)

rejecting the notion that "address or employment information furnished to [users of the information] had any bearing on [Plaintiff's] credit" and is thus "not a consumer credit report under the CCRAA." *Gomon v. TRW, Inc.*, 28 Cal. App. 4th 1161, 1167, 34 Cal. Rptr. 2d 256, 261 (1994). Plaintiff's bald allegation that the Identify report is a "consumer credit report" is a legal conclusion that, under the *Twombly/Iqbal* standard, this Court need not accept as true. *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012) ("'[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)).

In an effort to resurrect her previously dismissed claim, Plaintiff has added to her TAC a conclusory allegation parroting the language of the FCRA that the information included in the Identify report, including the time an individual resided at an address, "'bears on' the consumer's 'consumer's [sic] credit worthiness, credit standing, or credit capacity' under the CCRAA." Doc. No. 57, TAC at ¶ 89.[6] This

---

(...cont'd)
(attached as **Exhibit B**). Furthermore, he would not evaluate an applicant based on what zip code or area of town they lived in, *id.* at 53, ln. 13-19, and when using the SafeRent Identify report for Plaintiff, he believed he used it consistent with the disclaimer that it shall not be used directly for the purpose of making employment or housing decisions. *Id.* at 130, ln. 3-22. The alleged inaccurate information appearing in the Identify report made Mr. Ramos "ask further questions to validate that [Plaintiff] is who she is. But beyond that, it didn't make any further impact once [he] determined her identity." *Id.* at 131, ln. 21-25 – p. 132 ln. 1-3. Plaintiff's counsel asked Mr. Ramos why he brought the inconsistencies in the Identify report to Plaintiff's attention and he answered that it was a concern because he "wanted to be able to identify her appropriately to consider her as an applicant for the property." *Id.* at 143, ln. 19-25 – p. 144, ln. 1-4. He was able to do that after she provided her driver's license. *Id.* at 145, ln. 1-3.

[6] "Consumer credit report" is a defined term under the CCRAA:

> "'Consumer credit report' means any written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or

(footnote cont'd...)

6

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS V AND VI OF PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
13-00470 AG (ANx)

attempt fails as a plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007). Plaintiff then alleges that "[w]hether a person lives in an upscale neighborhood, moves frequently, or rents rather than buys housing, as examples, can have some bearing on [the three characteristics]." Doc. No. 57, ¶ 89. These allegations, however, do not set forth any additional facts supporting Plaintiff's claim, namely facts that go to establish that the Identify report "bears on" the characteristics identified in the CCRAA. As established in *Gomon*, 28 Cal. App. 4th 1161, 34 Cal. Rptr. 2d 256, such failure compels the dismissal of the CCRAA claim in the TAC.

In *Gomon*, the plaintiff alleged that defendant TRW violated the CCRAA in disclosing an "IDV" report to a third party. The information contained in an IDV was limited to 1) address and 2) employment information (place of employment). The court held that "[t]here is no evidence the address or employment information furnished to Super Bureau had any bearing on Gomon's credit. Therefore, it was not a consumer credit report under the CCRAA." *Id.* at 1167, 34 Cal. Rptr. 2d at 261. "The information disclosed in the IDV report did not include information relating to Gomon's credit worthiness, credit standing or credit capacity. . . [A] report such as that present here, even if dealing with residence, marital status, age and absence of any criminal or civil court records, does not contain the type of

---

(...cont'd)
credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: (1) credit to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) hiring of a dwelling unit, as defined in subdivision (c) of Section 1940, or (4) other purposes authorized in Section 1785.11."

Cal. Civ. Code § 1785.3(c).

7

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS V AND VI OF PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
13-00470 AG (ANx)

information required of a consumer credit report." *Gomon*, 28 Cal. App. 4th at 1168-69, 34 Cal. Rptr. 2d at 262 (internal quotation marks and citation omitted).

Here, the information in the Identify report at issue has not changed since the Court considered it in the context of the SAC. Indeed, Plaintiff's TAC notably fails to allege the information in the Identify report had any bearing on the Plaintiff's credit worthiness, credit standing or credit capacity, alleging instead that it "can have" some bearing. Plaintiff's choice of wording of this allegation is telling, in view of the facts establishing that the Identify report was in fact not used to determine Plaintiff's credit worthiness, credit standing, or credit capacity. *See* n. 5 *supra*. Plaintiff has not and cannot allege that the header information provided on Plaintiff was a "consumer credit report" under the CCRAA. As *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974, noted, Fed. R. Civ. P. 8(a)(2) requires a complaint be pled with "enough facts to state a claim to relief that is plausible on its face." Plaintiff has failed to do so and Claim VI should be dismissed as a matter of law.

## CONCLUSION

For the above reasons, this Court should dismiss Claims V and VI of Plaintiff's Third Amended Complaint.

Dated: March 25, 2014

FARUKI IRELAND & COX P.L.L.

By: /s/ Ronald I. Raether
Ronald I. Raether

FARUKI IRELAND & COX P.L.L.

Attorneys for Defendant
CoreLogic SafeRent, LLC

823114.1

8

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS CLAIMS V AND VI OF PLAINTIFF'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
13-00470 AG (ANx)