# Exhibit B

Confidential Testimony/Attorneys' Eyes Only
Moreland, Susan E. v. Corelogic Saferent, LLC                    Raul Ramos

Page 1

UNITED STATES DISTRICT COURT

FOR THE

CENTRAL DISTRICT OF CALIFORNIA

SUSAN E. MORELAND,            )
                              )
        Plaintiff,            )
                              )
    vs.                       ) No. SACV 13-00470
                              )
CORELOGIC SAFERENT, LLC       )
                              )
        Defendant.            )
_____)

VIDEOTAPED DEPOSITION OF RAUL RAMOS

December 6, 2013

Reported by: Nichole R. Miller, CSR No. 11712, RPR

Exhibit B Page 126

Confidential Testimony/Attorneys' Eyes Only
Moreland, Susan E. v. Corelogic Saferent, LLC                                      Raul Ramos

Page 2

```
 1                      I N D E X

 2

 3   WITNESS:   RAUL RAMOS

 4   EXAMINATION                                          PAGE

 5   By Mr. Raether                                          6

 6   By Mr. Marchiando                                     141

 7

 8

 9

10                     E X H I B I T S

11   DEPOSITION EXHIBITS                                  PAGE

12   Exhibit 1    Deposition subpoena                       24

13   Exhibit 2    Documents related to applicants           26

14   Exhibit 3    An email chain                            60

15   Exhibit 4    Credco Instant Merge Credit               81

16                Report

17   Exhibit 5    Credco Instant Merge Credit               90

18                Report

19   Exhibit 6    An email chain                            94

20   Exhibit 7    An email chain                            97

21   Exhibit 8    Screening Service Agreement              100

22   Exhibit 9    An email chain                           116

23   Exhibit 10   A document entitled "Lease               118

24                Decision"

25
```

Confidential Testimony/Attorneys' Eyes Only

Moreland, Susan E. v. Corelogic Saferent, LLC

Raul Ramos

Page 3

```
 1    Exhibit 11  A document entitled "Lease        133
 2                Decision & Reports"
 3    Exhibit 12  A document entitled "Lease        135
 4                Decision & Reports"
 5    Exhibit 13  Residential Rental Agreement      137
 6
 7                         * * *
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 4

```
 1                    APPEARANCES
 2   FOR THE PLAINTIFF:
 3   CADDELL & CHAPMAN
 4   BY:  CRAIG C. MARCHIANDO, ESQ.
 5   1331 Lamar, Suite 1070
 6   Houston, Texas 77010
 7   (713)751-0400; FAX (713)751-0906
 8   ccm@caddellchapman.com
 9
10   FOR THE DEFENDANT:
11   FARUKI IRELAND & COX
12   BY:  RONALD I. RAETHER, JR., ESQ.
13   500 Courthouse Plaza, S.W.
14   10 North Ludlow Street
15   Dayton, Ohio 45402
16   (937)227-3733; FAX (937)227-3717
17   rraether@ficlaw.com
18
19   THE VIDEO OPERATOR:  JON IMEL
20
21        VIDEOTAPED DEPOSITION OF RAUL RAMOS
22   taken by Defendant at 12531 High Bluff Drive,
23   Suite 100, San Diego, California 92130, commencing
24   on Friday, December 6, 2013, at 9:06 a.m., before
25   Nichole R. Miller, Certified Shorthand Reporter.
```

Page 52

```
 1    financial status?
 2        A.   Correct.
 3        Q.   So if I listed a BMW here, that wouldn't
 4    give me an advantage over somebody who owns a Ford?
 5        A.   That's correct.
 6        Q.   I own a Jeep, by the way.  I don't own a
 7    BMW, but --
 8        A.   Okay.
 9        Q.   Up above there's personal information.  Do
10    you see that?
11        A.   Yes.
12        Q.   Why are you asking for that information?
13        A.   That way I have their identity information
14    to run the background check as well as a credit check
15    and also to have their full information in case there
16    is a need to, you know, refer to them; or if somebody
17    calls me and asks a question, I have their full
18    information.
19        Q.   So it's identifying information that you can
20    use to help in your investigation?
21        A.   Investigation as well as just mentioning
22    earlier like the logistics of running the property.
23        Q.   This personal information listed here, are
24    you using any of that in terms of evaluating their
25    ability to pay?
```

Confidential Testimony/Attorneys' Eyes Only
Moreland, Susan E. v. Corelogic Saferent, LLC                                       Raul Ramos

Page 53

```
 1     A.   No.  This is just kind of more assisting in
 2  identifying the person.
 3     Q.   And you're not using it to determine whether
 4  they are eligible for the house?
 5     A.   No.
 6     Q.   And do you know where 6570 Ambrosia Lane --
 7  do you know what part of San Diego that is?
 8     A.   I believe they referred to it somewhere in
 9  Carlsbad, because I had to contact their previous
10  landlord, and I asked them some questions, and that's
11  why I think I remember that.  I think there was an
12  email as well.
13     Q.   And would you evaluate a candidate just
14  based on what ZIP code they lived in, what area of
15  town?
16     A.   No, definitely not.
17     Q.   Does that tell you whether they are going to
18  be a good tenant or a bad tenant?
19     A.   No.
20     Q.   If you turn to page Ramos 4 in Exhibit 2,
21  and here there is references, right, "Current Address
22  Date" and "Previous Address Date"?
23     A.   Yes.
24     Q.   Why are you asking for that information?
25     A.   To get their tenant history.
```

Confidential Testimony/Attorneys' Eyes Only

Moreland, Susan E. v. Corelogic Saferent, LLC                               Raul Ramos

Page 130

```
 1              THE WITNESS:  Correct.
 2     BY MR. RAETHER:
 3         Q.   And again, on 21 of 21, there is a
 4     disclaimer specific to the SafeRent IDentify?
 5         A.   Correct.
 6         Q.   And that's that the product may only be used
 7     to identify previous names and addresses --
 8         A.   Correct.
 9         Q.   -- the applicant may have used to obtain the
10     applicant's date of birth and verify the applicant's
11     Social Security number.  Do you see that?
12         A.   Correct.
13              MARCHIANDO:  Objection.
14     BY MR. RAETHER:
15         Q.   And, "The result of this search shall not be
16     used directly for the purpose of making employment or
17     housing decisions," do you see that?
18         A.   Correct.
19         Q.   And do you think you used the SafeRent
20     IDentify product consistent with that disclaimer?
21              MARCHIANDO:  Objection.  Vague.
22              THE WITNESS:  I believe so.
23     BY MR. RAETHER:
24         Q.   And you talked earlier about being alerted
25     to some information that might suggest that
```

Confidential Testimony/Attorneys' Eyes Only
Moreland, Susan E. v. Corelogic Saferent, LLC — Raul Ramos

Page 131

1  Ms. Moreland was the victim of an identity thief.
2     A.   Potentially. It's speculative.
3     Q.   And that is what you were speculating based
4  on what?
5     A.   Based on the list of names here with her
6  social security number listed, starting with Harry E.
7  Mortensen all the way up until -- that was Harry E.
8  Mortensen on page 21 of 21 -- all the way until 18 of
9  21, where Susan's name appears under Record 14.
10    Q.   And you're referring to the pages in
11 Exhibit 10?
12    A.   That's correct.
13    Q.   So somewhere between 16/21 and 21/21, the
14 records are numbered?
15    A.   That's correct, the records are numbered.
16    Q.   Did you talk to Ms. Moreland about who Harry
17 Mortensen might be, if she knew him?
18    A.   It's none of my business, and I didn't want
19 to inquire further. I think it's more of a personal
20 matter.
21    Q.   So it didn't affect your decision whether or
22 not to lease the property to Ms. Moreland?
23    A.   It made me --
24         MARCHIANDO: Objection. Argumentative.
25         THE WITNESS: It made me ask further

```
 1   questions to validate that she is who she is.  But
 2   beyond that, it didn't make any further impact once I
 3   determined her identity.
 4   BY MR. RAETHER:
 5        Q.   So once you confirmed that she was Susan
 6   Moreland or Susan Burbano, you didn't make any other
 7   inquiry?
 8             MARCHIANDO:  Objection.  Vague.
 9             THE WITNESS:  Yeah, I pretty much left it at
10   that.
11   BY MR. RAETHER:
12        Q.   So you didn't ask her whether she knew who
13   Vicky Bertoli was --
14        A.   Not --
15        Q.   -- for example?
16        A.   Not to my recollection.
17        Q.   Or Alejandro Godinez?
18        A.   No.
19        Q.   Can we go off the record for a second.
20             THE VIDEO OPERATOR:  We are going off the
21   record.  The time is 12:52.
22             (Discussion held off the record.)
23             THE VIDEO OPERATOR:  We are back on the
24   record.  The time is 12:58.
25   ////
```

Confidential Testimony/Attorneys' Eyes Only
Moreland, Susan E. v. Corelogic Saferent, LLC                                    Raul Ramos

Page 143

1  the information in her report, and I also vaguely
2  just remember her expression, that she was really
3  surprised, and she seemed very concerned about the
4  fact that this had -- this information was showing up
5  about her.
6      Q.   Was that a face-to-face discussion, or was
7  it over the phone?
8      A.   It was face to face, yeah.
9      Q.   Was that at the residence, the 808 Loma
10 Alta?
11     A.   Correct.
12     Q.   But it was all during part of the
13 application process?
14     A.   I don't remember the time frame,
15 unfortunately.  But I remember meeting with her, and
16 potentially John being there as well, but I don't
17 remember exactly if he was there or not.  And I
18 remember providing her with that information.
19     Q.   Okay.  And when you brought the
20 inconsistencies to her attention, what were the
21 concerns that you expressed to her, your concerns?
22     A.   That her information was inconsistent with
23 the information in her application in terms of her
24 name here, that there is basically Susan versus a
25 completely different name.

1  Q.  And why was that a concern of yours?
2  A.  Because I wanted to be able to identify her
3  appropriately to consider her as an applicant for the
4  property.
5  Q.  Why is identifying her appropriately
6  important?
7  A.  Because the information that she is
8  providing me needs to be factual in order for me to
9  make an appropriate decision as to whether or not she
10  qualifies as a tenant.
11  Q.  And so if the information is inaccurate or
12  not factual, the information she provides you, that
13  would disqualify her as an applicant for a tenant,
14  right?
15  A.  Potentially.
16  Q.  Does that disqualify Ms. Moreland?
17  A.  No.
18  Q.  Was that because Ms. Moreland was a
19  co-tenant with Mr. Haining?
20  A.  It didn't disqualify her because of the fact
21  that she was able to provide identification that
22  showed that she was who she said she was on the
23  application.
24  Q.  What was that identification that she
25  provided?

Confidential Testimony/Attorneys' Eyes Only
Moreland, Susan E. v. Corelogic Saferent, LLC                    Raul Ramos

Page 145

```
 1       A.    She provided her driver's license
 2  information.  She provided accurate information about
 3  her prior residence.
 4       Q.    Do you remember -- I'm sorry.  Were you
 5  finished?
 6       A.    That's it.
 7       Q.    Do you remember what form those --
 8  obviously, driver's license, we know what form that
 9  is.  But you said she provided information about
10  prior residences.  Do you remember what precisely she
11  provided you?
12       A.    That was on the application in Exhibit 2, I
13  believe.
14       Q.    So Exhibit 2, Ramos 8?
15       A.    Yes, correct.
16       Q.    And help me understand, I guess, temporally,
17  in sequence, how all of the process worked.  They
18  would -- as I understood your testimony, anyway, all
19  of the lease terms would have been agreed to and the
20  lease put in writing and signed, and then you do a
21  background check and a credit report?  Is that
22  accurate?
23       A.    It's been a while since I've done it again,
24  but --
25       Q.    Sure.
```

Confidential Testimony/Attorneys' Eyes Only
Moreland, Susan E. v. Corelogic Saferent, LLC
Raul Ramos

Page 151

1    I declare under the penalty of perjury
2    under the laws of the State of California, United
3    States of America, that the foregoing testimony, as
4    corrected, is the truth, the whole truth, and
5    nothing but the truth.
6         Dated:_____

                              _____
                              RAUL RAMOS

I do further certify that the said deposition was not examined, read nor signed within __30__ days after its submission for reasons unknown.

*Candace Sparks* (signature)

February 11, 2014

CANDACE SPARKS, Notary Public
in and for the State of Ohio
My Commission Expires July 27, 2016

Exhibit B Page 138

```
 1  COUNTY OF SAN DIEGO,    )
 2  STATE OF CALIFORNIA,    )
 3
 4      I, Nichole R. Miller, Certified Shorthand
 5  Reporter licensed in the State of California,
 6  License No. 11712, hereby certify that the deponent
 7  was by me first duly sworn and the foregoing
 8  testimony was reported by me and was thereafter
 9  transcribed with Computer-Aided Transcription; that
10  the foregoing is a full, complete, and true record
11  of said proceeding.
12      I further certify that I am not of counsel or
13  attorney for either or any of the parties in the
14  foregoing proceeding and caption named or in any
15  way interested in the outcome of the cause in said
16  caption.
17      The dismantling, unsealing, or unbinding of
18  the original transcript will render the reporter's
19  certificates null and void.
20      In witness whereof, I have hereunto set my
21  hand this day:  December 18, 2013
22
23            [signature]
24            NICHOLE R. MILLER, CSR No. 11712, RPR.
25
```