Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
Craig C. Marchiando (SBN 283829)
**CADDELL & CHAPMAN**
1331 Lamar, Suite 1070
Houston TX  77010
Telephone:  (713) 751-0400
Facsimile:  (713) 751-0906

Leonard A. Bennett (*pro hac vice*)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1A
Newport News VA 23606
Telephone:  (757) 930-3660
Facsimile:  (757) 930-3662

James A. Francis (*pro hac vice*)
 jfrancis@consumerlawfirm.com
John Soumilas (*pro hac vice*)
David A. Searles (*pro hac vice*)
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia PA 19110
Telephone:  (215) 735-8600
Facsimile:  (215) 940-8000

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION**

| | |
|---|---|
| **SUSAN E. MORELAND, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**CORELOGIC SAFERENT LLC,**<br><br>**Defendant.** | No.:  SACV13-00470 AG (ANx)<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS CLAIMS V AND VI OF PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Hon. Andrew J. Guilford<br><br>Date:       April 28, 2014<br>Time:      10:00 a.m.<br>Courtroom: 10D |

Plaintiff Susan E. Moreland opposes Defendant Corelogic SafeRent, LLC's motion to Dismiss Counts V and VI of Plaintiff's Third Amended Complaint. (Dkt. 60.) In support of her Opposition, Plaintiff shows the Court as follows.

1

## I. INTRODUCTION AND BACKGROUND

Plaintiff's claims involve SafeRent's preparation of reports that it markets to landlords for their evaluation of applicants to rent housing. (Dkt. 57 ¶¶ 11–14.) SafeRent believes these Lease Decision reports are not governed by the Fair Credit Reporting Act ("FCRA") or its California analogue, the Consumer Credit Reporting Agencies Act ("CCRAA") (Dkt. 60 at 1–2), so it fails to follow any FCRA and CCRAA mandates relating to those reports and consumers' rights. (Dkt. 57 ¶¶ 1, 17, 25, 29–32, 37, 45–46, 51–52, 69–70, 75–76, 78–79, 81–82.)

SafeRent prepared a Lease Decision report about Plaintiff for her prospective California landlord on April 4, 2012. (*Id.* ¶ 20.) Because SafeRent does not employ reasonable procedures to assure maximum possible accuracy of the information that goes into Lease Decision reports, Plaintiff's report was riddled with errors including former addresses, aliases incorrectly attributed to Plaintiff, and identifying her as a man. (*Id.* ¶¶ 22–25.)

Plaintiff twice wrote to SafeRent to request, as is her FCRA and CCRAA right, a disclosure of her consumer file. (*Id.* ¶¶ 28–31, 47–49.) SafeRent did not provide Plaintiff's file in response to either request. (*Id.* ¶¶ 32, 49.) Further, while the FCRA requires SafeRent to provide consumers with their files free-of-charge once every twelve months and Plaintiff had not requested that disclosure within the twelve months prior to her request, SafeRent has created a system that robs consumers of this entitlement because it requires consumers to print a form from SafeRent's Internet site, copy identification documents, drive to a post office, and purchase postage, thus incurring expenses in obtaining their supposedly "free" file disclosure. (*Id.* ¶¶ 33–39, 51–52.) After twice failing to obtain her file disclosure from SafeRent, Plaintiff filed this lawsuit.

SafeRent moved to dismiss Plaintiff's Second Amended Complaint, which the Court granted in part and denied in part. (Dkt. 51.) Plaintiff filed a Third Amended

Complaint (Dkt. 57), and SafeRent moves to dismiss Counts V and VI, which relate to allegations of SafeRent's knowledge that Lease Decision reports will be used for purposes outside those permitted by the FCRA and CCRAA. (Dkt. 60 at 2.) SafeRent argues in support of its Motion that these Counts should be dismissed because they must be based on allegations that the reports were provided for improper purposes, and Plaintiff does not provide such allegations. (*Id.* at 2.) SafeRent further seeks dismissal of Count VI claiming a Lease Decision report is not a "consumer credit report" under the CCRAA. (*Id.*) None of SafeRent's arguments support dismissal of these claims, making denial of SafeRent's Motion appropriate.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiff Properly Alleges That Defendant Furnishes Consumer Reports Despite Having Reasonable Grounds For Believing Reports Will Be Used For Impermissible Purposes

SafeRent's Motion utterly misconstrues Plaintiff's claim under FCRA Section 1681e(a), characterizing it as a claim for failing to maintain reasonable procedures to avoid selling consumer reports for impermissible purposes, the same claim the Court previously rejected. (Dkt. 60 at 3.) In reality, Plaintiff does not seek to relitigate the Court's prior decision.[1] Instead, Plaintiff's Third Amended Complaint pleads an entirely different violation of Section 1681e(a)—that SafeRent furnishes consumer reports to users knowing, allowing, and encouraging them to be used for purposes other than those permitted by the statutes.

In addition to provisions requiring consumer reporting agencies (CRAs) to maintain reasonable procedures to protect against the improper use of reports, FCRA Section 1681e(a) imposes clear and direct prohibitions on furnishing consumer

---

[1] Though the Court dismissed Plaintiff's original claim under Section 1681e(a), Plaintiff is not waiving that claim for purposes of appeal. Given the Court's order of dismissal, it would have been futile to re-assert that claim in Plaintiff's Third Amended Complaint.

3

reports when the consumer reporting agency has reason to believe the report will be used for impermissible purposes. The plain text of FCRA Section 1681e(a) states that "No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title." 15 U.S.C. § 1681e(a).[2] *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2009) (noting that Section 1681e(a) creates an "independent obligation" on CRAs to "determine that no reasonable grounds exists for suspecting impermissible use.").

Plaintiff's Third Amended Complaint specifically alleges that SafeRent furnishes consumer reports for purposes other than those permitted by the FCRA. (Dkt. 57 ¶ 19.) Plaintiff further states that SafeRent "affirmatively encourages its customers to use the reports for purposes other than those permitted by the FCRA" through a standard "Disclaimer" paragraph appearing on each consumer report it sells. (Dkt. 57 ¶ 18.) The "Disclaimer" instructs purchasers of SafeRent's reports that the reports "**shall not be used** for the purpose of making employment or housing decisions." (*Id.*) As the Court previously found, the Lease Decision reports at issue in this case are consumer reports governed by the FCRA. *Moreland v. CoreLogic SafeRent LLC*, No. SACV 13–470 AG (ANx), 2013 WL 5811357, at *3–4 (Oct. 25, 2013). As such, they may only be released for permissible purposes, of which SafeRent argues tenant screening is one. (Dkt. 60 at 2–3; Dkt. 46 at 9.) When, as Plaintiff alleges, SafeRent cautions its customers *against* using Lease Decision

---

[2] The CCRAA contains nearly identical language limiting the release of consumer credit reports. *See* CAL. CIV. CODE § 1785.14(a) ("No consumer credit reporting agency may furnish a consumer credit report to any person unless the consumer credit reporting agency has reasonable grounds for believing that the consumer credit report will be used by the person for the purposes listed in Section 1785.11."). To the extent SafeRent seeks dismissal of Plaintiff's CCRAA Count VI on the same arguments as Plaintiff's Section 1681e(a) Count V, Plaintiff makes the same arguments against dismissal of her Count VI claim. Plaintiff addresses the CCRAA's coverage of Lease Decision reports in Section II.B.

4

reports for tenant screening (a permissible purpose), SafeRent necessarily advises those customers to instead use the reports for *impermissible* purposes. (Dkt. 57 ¶¶ 18–19.) Plaintiff has therefore sufficiently stated her claim that SafeRent sells consumer reports knowing and intending that they will be used for impermissible purposes, in violation of 15 U.S.C. § 1681e(a).

SafeRent's reference to the Court's decision on Plaintiff's prior claim under Section 1681e(a) and its citation to *Washington v. CSC Credit Services*, 199 F.3d 263 (5th Cir. 2000) are unavailing. In *Washington*, the Fifth Circuit addressed the question of whether the plaintiffs could "bring an action *for failure to 'maintain [the] reasonable procedures' required by § 1681e(a)* without first showing that a report was disclosed in violation of § 1681b." 199 F.3d at 266 (emphasis added). That court answered in the negative, finding that "a general claim of improper procedures is by itself inadequate." *Id.* at 267. The *Washington* court's holding specifically addresses only plaintiffs "bringing a claim that a reporting agency violated the 'reasonable procedures' requirement of § 1681e . . . ." *Id.*[3] This Court, in dismissing Plaintiff's claim under FCRA Section 1681e(a) in her Second Amended Complaint, likewise specified that a claim regarding the "reasonable procedures" requirement

---

[3] As SafeRent points out in its Motion, courts that find no actionable claim for failure to maintain reasonable procedures pursuant to Section 1681e(a) have drawn significantly upon case law under FCRA Section 1681e(b), which likewise contains a "reasonable procedures" requirement. (Dkt. No. 60 at 3–4 n.4); 15 U.S.C. § 1681e(b) ("Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."). As described above, however, Plaintiff's current claim does not relate to SafeRent's "procedures," but rather to SafeRent's clear noncompliance with the explicit prohibition contained in the statute. A more apt parallel to the statutory language on which Plaintiff's current claim is based is found in FCRA Section 1681c(a), which declares that "no consumer reporting agency may make any consumer report" containing any of a list of types of information. 15 U.S.C. § 1681c(a); *see, e.g.*, *Massey v. On-Site Manager, Inc.*, 285 F.R.D. 239, 248 (E.D.N.Y. 2012) (holding in FCRA class action that Section 1681c(a) "is a flat-out prohibition against doing exactly what the defendant did here" and finding statutory damages appropriate regardless of whether class members suffered actual damages).

must include an allegation that a report was used for an impermissible purpose. *Moreland*, 2013 WL 5811357, at *6.

The claim Plaintiff now brings, however, is not a general claim regarding the "reasonableness" of SafeRent's "procedures" to limit the furnishing of reports, such as obtaining permissible purpose certifications. Instead, Plaintiff specifically alleges that SafeRent furnishes consumer reports with grounds to believe that the report will be used for an impermissible purpose. (Dkt. No. 57 ¶¶ 17–19, 84.) In fact, Plaintiff alleges that SafeRent actively prohibits purchasers of its consumer reports from using them for permissible purposes. Plaintiff's Third Amended Complaint properly sets forth this new claim under FCRA Section 1681e(b), and SafeRent's Motion seeks dismissal on a now-inapplicable ground. (*Id.*) Therefore, SafeRent's Motion to Dismiss should be denied.

**B. Plaintiff Properly Pleads Violations of the CCRAA, Making Dismissal of Claim VI Inappropriate**

**1. The pertinent portions of the CCRAA**

The CCRAA "limits the dissemination of consumer credit information." *McClain v. Octagon Plaza, LLC*, 71 Cal. Rptr. 3d 885, 898 (Cal. Ct. App. 2008). Success on her claim under the CCRAA requires that Plaintiff first establish that the SafeRent report on her fits the CCRAA definition of "consumer credit report." *Dunmore v. County of Placer*, No. CIV S-05-1806 LKK DAD PS, 2007 WL 1217591, at *8 (E.D. Cal. Apr. 24, 2007). The CCRAA defines "consumer credit report" as:

> [A]ny written, oral, or other communication of any information by a consumer credit reporting agency bearing on a consumer's credit worthiness, credit standing, or credit capacity, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing the consumer's eligibility for: (1) credit to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) hiring of a dwelling unit, as defined in subdivision (c) of Section 1940, or (4) other purposes authorized in Section 1785.11.

6

CAL. CIV. CODE § 1785.3(c). Courts generally regard the CCRAA's definition of "consumer credit report" as more limited than the FCRA's definition of "consumer report," because it focuses on three aspects—credit worthiness, credit standing, and credit capacity—rather than the seven factors in the FCRA's "consumer report" definition. *Larson v. Trans Union, LLC*, No. 12-cv-05726-WHO, 2013 WL 5665629, at *4 (N.D. Cal. Oct. 15, 2013). Against that backdrop, however, plays the long-held position of California courts that remedial statutes be construed liberally:

> "[A] remedial statute must be liberally construed, so as to effectuate its object and purpose. Although due regard will be given the language used, such an act will be construed, when its meaning is doubtful, so as to suppress the mischief at which it is directed, and to advance or extend the remedy provided, and bring within the scope of the law every case which comes clearly within its spirit and policy."

*Butler v. Resurgence Fin., LLC*, 521 F. Supp. 2d 1093, 1096 (C.D. Cal. 2007) (quoting *Lande v. Jurisich*, 139 P.2d 657, 659 (Cal. Ct. App. 1943)); *Thompson v. 10,000 RV Sales, Inc.*, 31 Cal. Rptr. 3d 18, 35 (2005); *see Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (noting that the "consumer oriented objectives support a liberal construction of the FCRA"). In its earlier opinion on SafeRent's first Motion to Dismiss (Dkt. 46), the Court dismissed Plaintiff's CCRAA claims because she did not plead sufficient facts to place the Lease Decision report SafeRent prepared about her within the CCRAA's definition of consumer credit report. *Moreland v. Corelogic SafeRent LLC*, No. SACV 13-470 AG (ANx), 2013 WL 5811357, at *5 (C.D. Cal. Oct. 25, 2013). The allegations in Plaintiff's Third Amended Complaint cure this shortcoming.

> **2. Since Plaintiff alleges that the information in the Lease Decision report bears on credit and the landlord used the report as part of his housing decision, the report qualifies as a "consumer credit report" under the CCRAA**

SafeRent's Motion focuses on the presence of address information in the Lease Decision report, with SafeRent arguing that address or employment information have no bearing on a consumer's credit and therefore cannot be a

7

"consumer credit report" under the CCRAA. (Dkt. 60 at 5–6 (citing *Gomon v. TRW, Inc.*, 34 Cal. Rptr. 2d 256, 261 (Cal. Ct. App. 1994)).) This is so, SafeRent states, because it provided only "header information" on Plaintiff. (*Id.* at 8.) SafeRent further argues that Plaintiff's CCRAA claim fails because Raul Ramos, the landlord who procured the Lease Decision report, did not use the address information in it to determine Plaintiff's credit worthiness, credit standing, or credit capacity. (*Id.* at 5 n.5, 8.) The Court should disregard these arguments, as they attempt to parse the definition of "consumer credit report" too finely and fail to account for the actual information that SafeRent reported about Plaintiff.

The *Gomon* court, on which SafeRent exclusively relies in its discussion of the address information in Plaintiff's report, does not lend the level of support to SafeRent's position that SafeRent hopes. In that case, the CRA provided "limited address and/or employment information" to the user as opposed to a full credit history available in other products. 34 Cal. Rptr. 2d at 259. The opinion does not expressly state that the information was a single entry of Gomon's then-current address, but the discussion throughout the case indicates that this was all the CRA included in the IDV inquiry. *See id.* at 259 ("In other cases, authorized users receive only limited address and/or employment information, which is called an 'IDV' inquiry."); *id.* ("In August 1989, Super Bureau made an inquiry of Gomon's address and employment."); *id.* at 261 ("TRW supplied Super Bureau with Gomon's address and employment information which eventually found its way into the hands of CNN."). Here, as Plaintiff has alleged, more than simply a single address is involved—SafeRent attempts to provide a comprehensive residence history, placing multiple addresses in its Lease Decision reports and including the length of time consumers lived at those addresses. (Dkt. 57 ¶¶ 22, 88.) But even if *Gomon* does revolve around multiple addresses rather than one, that case is still distinguishable.

Plaintiff has also alleged that, unlike *Gomon*, SafeRent includes not only multiple former addresses, but also the length of time Plaintiff supposedly lived at those addresses. (*Id.* ¶ 88.) Plaintiff further alleges that such information:

> "[B]ears on" the consumer's "consumer's credit worthiness, credit standing, or credit capacity" under the CCRAA. Whether a person lives in an upscale neighborhood, moves frequently, or rents rather than buys housing, as examples, can have some bearing on that individual's credit worthiness, standing, or capacity for purposes of the CCRAA.

(*Id.* ¶ 89.) These allegations place the Lease Decision report squarely within the definition of "consumer credit report" for purposes of the CCRAA. *See* CAL. CIV. CODE § 1785.3(c). They are likewise enough to defeat SafeRent's Motion.

Moreover, SafeRent makes a great deal of the fact that Mr. Ramos' testimony appears to show that he did not use the Lease Decision report specifically to analyze Plaintiff's credit. (Dkt. 60 at 5 n.5.) The language of the CCRAA, however, does not support SafeRent's position that individual items of the information communicated must be used for specific aspects of the transaction at issue. Rather, the CCRAA's definition of "consumer credit report" is more broad, requiring that the information: (1) bear on "a consumer's credit worthiness, credit standing, or credit capacity," and (2) be used or be "expected to be used, or collected in whole or in part, for the purpose of *serving as a factor in*" an eligibility decision such as whether to rent an individual housing. CAL. CIV. CODE § 1785.3(c) (emphasis added). The statute does not require, as SafeRent posits, a particularized breakdown of the uses to which each item of information in a report is put. (*See* Dkt. 60 at 5–7.) The information must simply, in this case, be *a factor* in the overall decision to rent housing. CAL. CIV. CODE § 1785.3(c). To attempt to break-out each statement or bit of information by category and analyze the use to which it is put is simply an unworkable scheme, particularly in the context of a motion to dismiss—discovery would be required in every case to evaluate the uses of the information. Plaintiff properly alleges that the information in the SafeRent report "bears on" credit

capacity, credit standing, or credit worthiness under the CCRAA and that the information was used as part of the decision to rent Plaintiff housing. (Dkt. 57 ¶¶ 1, 13, 20, 89.) In this context, nothing more is required for this Count to survive.

And although Plaintiff feels it improper to consider evidence in the context of a motion to dismiss,[4] Mr. Ramos' testimony verifies that he used the Lease Decision report for precisely the purpose of making a housing decision for Plaintiff, placing the report squarely within the CCRAA's ambit. Mr. Ramos testified that he used the Lease Decision report, along with a separate credit report, to verify Plaintiff's bankruptcy filing as he evaluated her application for housing. (Ex. 1, Ramos Dep. at 71:15–21.) Mr. Ramos also cross-referenced the Lease Decision report with the credit report because there were inconsistencies in the two. (*Id.* at 88:20–89:6.) He used the Lease Decision report in his evaluation of Plaintiff's application (*id.* at 120:21–25), and so that he would, as SafeRent also noted in its Motion, "be able to identify her appropriately to *consider her as an applicant for the property*." (*Id.* at 143:19–144:4 (emphasis added); *see* Dkt. 60 at 5 n.5 (noting that the landlord used the report as part of the application process, and identifying the same testimony).) Because Mr. Ramos used a report containing information bearing on Plaintiff's credit worthiness, credit standing, or credit capacity as a factor in rendering his decision to rent Plaintiff housing, the Lease Decision report qualifies as a "consumer credit report" under the CCRAA. CAL. CIV. CODE § 1785.3(c). Plaintiff's factual allegations mirror these circumstances. (Dkt. 57 ¶¶ 13, 20–24, 89.) Presuming her factual allegations to be true and drawing all reasonable inferences in Plaintiff's favor, the Court should deny SafeRent's Motion.

### III. CONCLUSION

For these reasons, Plaintiff requests that the Court deny SafeRent's Motion.

---

[4] *Black v. The Ritz-Carlton Hotel Co., LLC*, __ F. Supp. 2d __, No. SACV12-0545-DOC-(MLGx), 2013 WL 5603994, at *10 (C. D. Cal. Oct. 10, 2013)

Date: April 7, 2014

Respectfully submitted,

**CADDELL & CHAPMAN**

   /s/ Michael A. Caddell
Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
Craig C. Marchiando (SBN 283829)
1331 Lamar, Suite 1070
Houston TX 77010
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

Leonard A. Bennett (*pro hac vice*)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1A
Newport News VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

James A. Francis (*pro hac vice*)
 jfrancis@consumerlawfirm.com
John Soumilas (*pro hac vice*)
jsoumilas@consumerlawfirm.com
David A. Searles (*pro hac vice*)
dsearles@consumerlawfirm.com
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2014, I electronically filed the foregoing document titled PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS CLAIMS V AND VI OF PLAINTIFF'S THIRD AMENDED COMPLAINT with the Clerk of Court using the Court's CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Michael A. Caddell
Michael A. Caddell