NANCY R. THOMAS (CA SBN 236185)
NThomas@mofo.com
MORRISON & FOERSTER
555 West Fifth Street, Suite 3500
Los Angeles, CA 90013
Phone: (213) 892-5561
Fax: (213) 892-5454

JAMES F. MCCABE (CA SBN 104686)
JMcCabe@mofo.com
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105-2482
Phone: (415) 268-7011
Fax: (415) 268-7522

RONALD I. RAETHER (admitted *pro hac vice*)
rraether@ficlaw.com
DONALD E. BURTON (admitted *pro hac vice*)
dburton@ficlaw.com
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402-1818
Phone: (937) 227-3733
Fax: (937) 227-3717

Attorneys for Defendant
CORELOGIC SAFERENT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN E. MORELAND, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CORELOGIC SAFERENT, LLC,<br><br>Defendant. | Case No. SACV 13-00470 AG (ANx)<br><br>**REPLY MEMORANDUM OF DEFENDANT CORELOGIC SAFERENT, LLC TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CLAIMS V AND VI OF PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Hon. Andrew J. Guilford<br><br>Date:  April 28, 2014<br>Time:  10:00 a.m.<br>Courtroom:  10D<br><br>Action filed:  March 25, 2013<br>TAC filed:  February 25, 2014 |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION AND SUMMARY.................................................................... 1

II. THE COURT SHOULD DISMISS CLAIMS V AND VI BECAUSE PLAINTIFF HAS NOT ALLEGED THAT HER REPORT WAS USED FOR AN IMPERMISSIBLE PURPOSE. .................................................................................. 2

III. CLAIM VI SHOULD ALSO BE DISMISSED BECAUSE THE IDENTIFY REPORT DOES NOT MEET THE DEFINITION OF "CONSUMER CREDIT REPORT" UNDER THE CCRAA. ....................................................................... 5

IV. CONCLUSION .................................................................................................... 7

# **TABLE OF AUTHORITIES**

## **CASES**

Page(s)

*Bresgal v. Brock,*
   843 F.2d 1163 (9th Cir. 1987)........................................................................... 2

*Clapper v. Amnesty Int'l USA,*
   568 U.S. ___, 133 S. Ct. 1138 (2013)............................................................... 3

*Gomon v. TRW, Inc.,*
   28 Cal. App. 4th 1161, 34 Cal. Rptr. 2d 256 (1994)......................................... 7

*Guimond v. Trans Union Credit Info. Co.,*
   45 F.3d 1329 (9th Cir. 1995)............................................................................. 4

*Howard v. Blue Ridge Bank,*
   371 F. Supp. 2d 1139 (N.D. Cal. 2005) ........................................................... 4

*Moreland v. CoreLogic SafeRent LLC,*
   No. SACV 13-470 AG (ANx), 2013 U.S. Dist. Lexis 157302
   (C.D. Cal. Oct. 25, 2013) ...................................................................1, 4, 5, 6, 7

*Pintos v. Pac. Creditors Ass'n,*
   605 F.3d 665 (9th Cir. 2010), *cert. denied,* ___ U.S. ___,
   131 S. Ct. 900 (2011) ........................................................................................ 4

*Ramirez v. MGM Mirage, Inc.,*
   524 F. Supp. 2d 1226 (D. Nev. 2007) ............................................................... 4

*United States v. Menasche,*
   348 U.S. 528, 75 S. Ct. 513 (1955)................................................................... 2

*Washington v. CSC Credit Services, Inc.,*
   199 F.3d 263 (5th Cir.), *cert. denied,* 530 U.S. 1261,
   120 S. Ct. 2718 (2000)............................................................................1, 3, 4, 5

**STATUTES**

Cal. Civ. Code
  § 1785.14(a) ......................................................................................... 2, 5

15 U.S.C.
  § 1681a(d)(1) ............................................................................................ 5
  § 1681b .................................................................................................. 1, 5
  § 1681b(a)(3)(F)(i) ................................................................................... 5
  § 1681e(a) ........................................................................................ 1, 2, 3, 5

## I. INTRODUCTION AND SUMMARY

The Third Amended Complaint (Doc. No. 57) ("TAC") adds nothing new or that otherwise requires this Court to alter its earlier decision dismissing Plaintiff's FCRA 15 U.S.C. § 1681e(a) claim for failure to allege that the SafeRent Identify report was used for an impermissible purpose. Doc. No. 51, p. 9; *Moreland v. CoreLogic SafeRent LLC*, No. SACV 13-470 AG (ANx), 2013 U.S. Dist. LEXIS 157302, at *14-15 (C.D. Cal. Oct. 25, 2013) ("October Order"). In Plaintiff's Opposition to Motion to Dismiss Claims V and VI of Plaintiff's Third Amended Complaint ("Opposition") (Doc. No. 61), she concedes that she has not suffered the harm that § 1681e(a) was meant to prevent, namely, use of her information for an impermissible purpose. While it matters not which sentence of § 1681e(a) is at issue, Plaintiff "'must first show that the reporting agency released the report in violation of § 1681b.' *Washington v. CSC Credit Servs.*, 199 F.3d 263, 266 ([5]th Cir. 2000)." Doc. No. 51, p. 9; *Moreland*, 2013 U.S. Dist. LEXIS 157302, at *14. Plaintiff admits she cannot do so. As this Court already concluded, such an admission is fatal to Claims V and VI.

Likewise, Claim VI should be dismissed for the same reason the Court dismissed it from the Second Amended Complaint ("SAC"). This Court already considered Plaintiff's argument that the Identify report included a number of possible addresses and allegedly included length of residency and concluded that such information does not bear on the characteristics identified in the CCRAA. Doc. No. 51, p. 8; *Moreland*, 2013 U.S. Dist. LEXIS 157302, at *13. As the law has not changed on this issue, the Court's conclusion should not change either. Accordingly, this Court should dismiss Claims V and VI of the TAC.

## II. THE COURT SHOULD DISMISS CLAIMS V AND VI BECAUSE PLAINTIFF HAS NOT ALLEGED THAT HER REPORT WAS USED FOR AN IMPERMISSIBLE PURPOSE.

Despite this Court's prior ruling that Plaintiff's failure to plead that her report was used for an impermissible purpose was fatal to her claims, Plaintiff's TAC still fails to allege, and her Opposition fails to identify, any impermissible use of the Identify report. The repeated omission of this critical element in establishing her § 1681e(a) and CCRAA § 1785.14(a) claims requires that this Court dismiss Claims V and VI for the same reasons it dismissed the permissible purpose claims previously.

Without citing any authority, and ignoring the language of § 1681e(a), Plaintiff now suggests that she can assert a claim under § 1681e(a) without ever having suffered the harm that section was meant to prevent, namely, an impermissible use. To make this argument, Plaintiff awkwardly parses the language of § 1681e(a) in a manner offensive to the canon that statutes must be construed so as to give effect to all of their words. *United States v. Menasche*, 348 U.S. 528, 538-39, 75 S. Ct. 513, 520 (1955) ("It is our duty to give effect, if possible, to every clause and word of a statute.") (internal quotation marks and citation omitted); *Bresgal v. Brock*, 843 F.2d 1163, 1166 (9th Cir. 1987).

Section 1681e(a) states in its entirety:

> "Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title."

15 U.S.C. § 1681e(a).

Section 1681e(a), when correctly read as a whole, requires reasonable procedures to prevent impermissible use of consumer reports. There are no subsections within § 1681e(a); therefore the sentences following the first topic sentence imposing reasonable procedures must be read in conjunction. Indeed, the last three sentences of § 1681e(a) list what those procedures must include: *e.g.*, obtaining a certification, making a reasonable effort to verify the identity of the user, and employing procedures to detect misuse. Thus, the prohibition on furnishing a consumer report to a person where there are reasonable grounds for believing the person will misuse it is one of the reasonable procedure requirements of § 1681e(a), and not a separate and distinct claim. Thus, a § 1681e(a) claim requires an allegation of an impermissible purpose regardless of which sentence of § 1681e(a) is at issue.

Even if the language of § 1681e(a) could be contorted to support a separate claim not dependent on "reasonable procedures," the sentence at issue concludes by stating "the consumer report will not be used for a purpose listed in section 1681b of this title." In other words, unlike the sentence of § 1681e(a) considered in the Court's October Order and *Washington v. CSC Credit Services, Inc.*, 199 F.3d 263, 266 (5th Cir.), *cert. denied*, 530 U.S. 1261, 120 S. Ct. 2718 (2000), an impermissible purpose is explicitly identified as a requirement in the sentence at issue and the harm meant to be avoided. Absent an allegation that the Plaintiff's report was used for an impermissible purpose, Claims V and VI fail as a matter of law.[1]

---

[1] Indeed, in the absence of an impermissible purpose, Plaintiff lacks Article III standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. ___, ___, 133 S. Ct. 1138, 1147-55 (2013) (a reasonable likelihood that their communications would be intercepted under FISA was not enough to show future injury for standing purposes.). Plaintiff states that she "specifically alleges that SafeRent furnishes consumer reports with grounds to believe that the report will be used for an impermissible purpose" and that "SafeRent actively prohibits purchasers of its consumer reports from using them for permissible purposes." Opposition (Doc. No. 61, Page ID# 740:5-10). Plaintiff has not alleged that she suffered the harm
(footnote cont'd...)

Even the case cited by Plaintiff supports this conclusion. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 676-77 (9th Cir. 2010), *cert. denied*, ___ U.S. ___, 131 S. Ct. 900 (2011), does not stand for the proposition that § 1681e(a) creates an obligation to "determine that no reasonable grounds exist for suspecting impermissible use" without there having to be an impermissible use to support the claim. In reality, *Pintos* primarily concerned whether the user had a permissible purpose for obtaining the plaintiff's credit report, citing to *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995), which is clearly a case challenging reasonable procedures. Only after the Court found that the use was impermissible did it examine whether the defendant could meet its reasonable procedures obligation by relying solely on a blanket certification (simply checking a box) that the user would use the reports only for a permissible purpose. The Court concluded that such procedures were not reasonable and that Defendant should have made further, reasonable efforts to confirm that the certifications were true. *Pintos*, 605 F.3d at 677. *Pintos* is not distinguishable from *Washington v. CSC Credit Services, Inc.*, cited in SafeRent's motion to dismiss, but instead supports this Court's prior ruling that to violate § 1681e(a) the defendant agency must first furnish the consumer's report for an impermissible purpose. Doc. No. 51, p. 9; *Moreland v. CoreLogic SafeRent, LLC*, No. SACV 13-470 AG (ANx), 2013 U.S. Dist. LEXIS 157302, at *14 (C.D. Cal. Oct. 25, 2013).

---

(...cont'd)
prohibited by the statute, *i.e.* distribution of the report for an impermissible purpose. Likewise, Plaintiff cannot claim for purposes of standing that she seeks to prevent future conduct, since that is in the realm of injunctive relief, and the FCRA does not provide for injunctive relieve in a private action. *Washington*, 199 F.3d at 268-69; *Ramirez v. MGM Mirage, Inc.*, 524 F. Supp. 2d 1226, 1236-37 (D. Nev. 2007) (citing *Washington*); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1145 (N.D. Cal. 2005) (finding that "the FCRA does clearly preclude injunctive relief").

4

In sum, there is no actionable claim under § 1681e(a) (or § 1785.14(a)) unless there has first been a disclosure to a person who actually lacked a purpose for which consumer reports or consumer credit reports may be used under the FCRA or CCRAA. Doc. No. 51, p. 9; *Moreland*, 2013 U.S. Dist. LEXIS 157302, at *14 (citing *Washington*, 199 F.3d at 266). Since Plaintiff has still not alleged an impermissible use, her claim under § 1681e(a) (and its California law equivalent) fail as a matter of law and should be dismissed.

### III. CLAIM VI SHOULD ALSO BE DISMISSED BECAUSE THE IDENTIFY REPORT DOES NOT MEET THE DEFINITION OF "CONSUMER CREDIT REPORT" UNDER THE CCRAA.

Plaintiff's amendments in the TAC do not cure the legal defect which caused this Court to dismiss Plaintiff's claim under § 1785.14(a) from the SAC, namely, that the report at issue does not fit the definition of "consumer credit report" under the statute.[2] Rather, the Opposition merely restates the arguments from Plaintiff's opposition to the motion to dismiss the SAC, which already have been rejected and are still unavailing.

---

[2] Plaintiff erroneously states that this Court "previously found, the Lease Decision reports at issue in this case are consumer reports governed by the FCRA," Opposition (Doc. No. 61, Page ID# 738:17-18), presumably concerned by the undisputed evidence developed in discovery that the Identify report did not bear on the seven characteristics and was not a factor in determining eligibility. The October Order actually reads "SafeRent hasn't met its burden under the motion to dismiss standard, so its motion to dismiss is DENIED as to Moreland's fourth claim." Doc. No. 51, p. 7, *Moreland v. CoreLogic SafeRent LLC*, No. SACV 13-470 AG (ANx), 2013 U.S. Dist. LEXIS 157302, at *11 (C.D. Cal. Oct. 25, 2013).

Plaintiff also blatantly misconstrues the disclaimer from the Identify report. She alleges that it instructs users "that the reports 'shall not be used for the purpose of making employment or housing decisions.'" Doc. No. 61, Page ID# 738:15-17 (emphasis omitted). The disclaimer actually states that the results of the Identify report "shall not be used *directly* for the purpose of making employment or housing decisions," i.e. determining eligibility. *See* SafeRent's motion to dismiss the Second Amended Complaint, Exhibit A (Doc. No. 46-1, Page ID# 362) (emphasis added). Indeed the information at issue could be used consistent with the permissible purposes under § 1681b – *e.g.*, in connection with a business transaction (§ 1681b(a)(3)(F)(i)) – without being used for determining eligibility as required to meet the definition of consumer report under § 1681a(d)(1).

5

Plaintiff's argument for a broader interpretation of the definition of "consumer credit report" has already been rejected by this Court. "[T]he plain language of the text [of the CCRAA's definition of "consumer credit report"] provides for protection of consumer *credit* reports, rather than just consumer reports of any flavor, which supports a narrower reading of the CCRAA definition." Doc. No. 51, p. 8; *Moreland v. CoreLogic SafeRent LLC,* No. SACV 13-470 AG (ANx), 2013 U.S. Dist. LEXIS 157302, at *12 (C.D. Cal. Oct. 25, 2013) (emphasis in original). Thus, "there's a strong likelihood that when the CCRAA's drafters narrowed the FCRA-provided definition from it seven characteristics to just the three listed, they did so with thought and purpose." Doc. No. 51, p. 8, *Moreland*, 2013 U.S. Dist. LEXIS 157302, at *13. Plaintiff concedes that success on her CCRAA claim is predicated upon a finding that the Identify report satisfies the definition of "consumer credit report" (Doc. No. 61, Page ID# 740:18-20) and that "[c]ourts generally regard the CCRAA's definition of 'consumer credit report' as more limited than the FCRA's definition of 'consumer report[.]'" Doc. No. 61, Page ID# 741:1-3. Because of Plaintiff's concessions and this Court's prior ruling, there is no reason to reverse course and broadly interpret the definition.

Likewise, neither the TAC nor the Opposition adds new factual matter let alone allegations that alter the Court's previous determination. Plaintiff argues that the information in the Identify report bears on credit because it reports the length of residence. Doc. No. 61, Page ID# 743:1-10. However, this is not a new argument. In the SAC, Plaintiff alleged that the Identify report included "the date on which successive residencies at particular addresses began" (Doc. No. 41, ¶ 20 Page ID# 293), and Plaintiff argued this point in her opposition to the motion to dismiss (Doc. No. 49, Page ID# 433:1-12 & n.1, Page ID # 434:2-3, 9-23, Page ID# 435:21-28, and Page ID# 436:1-13); thus this issue was resolved in this

6

Court's prior order. Doc. No. 51, p. 8; *Moreland*, 2013 U.S. Dist. LEXIS 157302, at *13. Therefore, the Court can reject this argument because it has already addressed it, and for the same reasons.[3]

In sum, there is no reason to alter the Court's previous ruling that the type of information at issue, demographic and identifying information, does not "bear on" the type of information identified in the CCRAA. Thus, Claim VI should be dismissed.

## IV. CONCLUSION

For the above reasons and those stated in SafeRent's motion to dismiss (Doc. No. 60), this Court should dismiss Claims V and VI of Plaintiff's Third Amended Complaint.

---

[3] The Plaintiff refers to a brief summary, in footnote 5 of the opening motion to dismiss, as "SafeRent mak[ing] a great deal of the fact that Mr. Ramos' testimony appears to show that he did not use the [Identify] report specifically to analyze Plaintiff's credit." Doc. No. 61, Page ID# 743:10-13. While there is no need to address this issue here to dismiss Claim VI, all of the references to the testimony of Mr. Ramos, including those by Plaintiff, confirm that the purpose for using such information was not a factor used to determine eligibility, but rather a check on whether the right person was being considered. Properly identifying Plaintiff allows the landlord to then evaluate information concerning criminal and eviction history, and credit history – information admittedly within the definition of "consumer report" permitted to be used as a factor in establishing eligibility. Identity verification, per *Gomon v. TRW, Inc.*, 28 Cal. App. 4th 1161, 1167, 34 Cal. Rptr. 2d 256, 261 (1994), is not used to determine eligibility; a decision controlling in this case (as it was in the Court's October Order). Doc. No. 51, p. 8; *Moreland*, 2013 U.S. Dist. LEXIS 157302, at *13. Indeed, taken to its logical (or illogical) extreme, Plaintiff's argument would require that a report that verifies an applicant's name, date of birth or social security number would be a consumer credit report if the user, satisfied that he is dealing with the right person, then turns to deciding eligibility by pulling up credit information, even though the information conclusively does not "bear on". This interpretation of the FCRA runs counter to the import of the "bear on" element and what information was intended to be a consumer report. *See*, the FTC Report attached as Exhibit A to SafeRent's motion to dismiss (Doc. No. 60-1, Page ID# 627-628).

| | | |
|---|---|---|
| 1 | Dated: April 14, 2014 | FARUKI IRELAND & COX P.L.L. |
| 2 | | |
| 3 | | By: /s/ Ronald I. Raether |
| | |      Ronald I. Raether |
| 4 | | |
| 5 | | FARUKI IRELAND & COX P.L.L. |
| 6 | | Attorneys for Defendant |
| 7 | | CoreLogic SafeRent, LLC |

833547.2