UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-470 AG (ANx) | Date | May 12, 2014 |
|---|---|---|---|
| Title | SUSAN E. MORELAND v. CORELOGIC SAFERENT LLC | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER GRANTING MOTION TO DISMISS CLAIMS FIVE AND SIX OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

In this purported class action, Plaintiff Susan E. Moreland alleges that Defendant CoreLogic SafeRent LLC's policies concerning consumer reports violate federal and state consumer credit reporting statutes. Defendant now moves to dismiss two claims in Plaintiff's Third Amended Complaint ("TAC," Dkt. No. 57). ("Motion," Dkt. No. 60.) The Motion is GRANTED.

## BACKGROUND

The facts of this case have been discussed in previous orders. (*See, e.g.*, Order Granting in Part and Denying in Part Defendant's Motions to Dismiss, "SAC Order," Dkt. No. 51.) In summary, Defendant produced a "lease decision report" about Plaintiff that identified five incorrect aliases, including three that misidentified her as male, and several inaccurate former addresses, including some out-of-state addresses. (TAC ¶¶ 22-24.) A landlord decided not to rent an apartment to Plaintiff based on the report. (*Id.* ¶ 27.) Plaintiff alleges six claims under the Fair Credit Reporting Act ("FCRA") and the California Consumer Credit Reporting Agencies Act ("CCRAA").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-470 AG (ANx) | Date | May 12, 2014 |
|---|---|---|---|
| Title | SUSAN E. MORELAND v. CORELOGIC SAFERENT LLC | | |

## LEGAL STANDARD

A court should grant a motion to dismiss when, "accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party," a complaint fails to state a claim upon which relief can be granted. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012); Fed. R. Civ. P. 12(b)(6). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). But the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

Defendant argues that claims five and six of the TAC should be dismissed. The Court agrees.

1.  **CLAIM FIVE**

Under FCRA section 1681e(a) ("1681e(a)"),

> (1) Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title. (2) These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. (3) Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-470 AG (ANx) | Date | May 12, 2014 |
|---|---|---|---|
| Title | SUSAN E. MORELAND v. CORELOGIC SAFERENT LLC | | |

uses certified by such prospective user prior to furnishing such user a consumer report. (4) No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.

15 U.S.C.A. § 1681e(a) (numbers before each sentence added).

"[A] plaintiff bringing a claim that a reporting agency violated the 'reasonable procedures' requirement of § 1681e must first show that the reporting agency released the report" for an impermissible purpose under section 1681b. *Washington v. CSC Credit Servs.*, 199 F.3d 263, 266 (10th Cir. 2000). If a plaintiff can't show the report was released for an improper purpose, there is no basis to challenge the consumer reporting agency's preventative procedures. *Id.*; *Baker v. Trans Union LLC*, CV-10-8038-PCT-NVW, 2010 WL 2104622, *4 (D. Ariz. May 25, 2010).

The Court previously dismissed Plaintiff's 1681e(a) claim because Plaintiff hadn't pleaded that her report was used for an impermissible purpose. (SAC Order at 9.) Plaintiff still has not pleaded that her report was used for an impermissible purpose. Instead, Plaintiff argues she doesn't have to plead that her report was used for an impermissible purpose because the 1681e(a) claim in her TAC is different from the 1681e(a) claim in her SAC. Specifically, the 1681e(a) claim in her TAC emphasizes the fourth sentence of 1681e(a), while her SAC emphasized the first sentence. (Opposition at 3:14-4:8; 5:6-6:13.) Plaintiff argues that the impermissible purpose pleading requirement doesn't apply to claims emphasizing the fourth sentence. (*Id.*)

But Plaintiff offers no authority for her argument that the impermissible purpose pleading requirement somehow disappears between the first and fourth sentences of 1681e(a). (*See* SAC Order at 9 (stating that Plaintiff didn't provide authority showing that a plaintiff bringing a 1681e(a) claim doesn't have to show that her report was used for an improper purpose).) And the Court sees no reason that it would. The FCRA seeks to stop improper disclosure of consumer reports, "not the mere *risk* of improper disclosure." *Washington*, 199 F.3d at 267 (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13-470 AG (ANx) | Date | May 12, 2014 |
|---|---|---|---|
| Title | SUSAN E. MORELAND v. CORELOGIC SAFERENT LLC | | |

Further, the second, third, and fourth sentences of 1681e(a) appear to be examples of reasonable procedures agencies should adopt. *See* 15 U.S.C. § 1681e(a); (Reply at 3:1-12.) They are not bases for separate claims. There is no reason why pleading requirements would change based on which sentence of 1681e(a) a plaintiff emphasizes.

Since Plaintiff still has not pleaded that her report was used for an impermissible purpose, the Court GRANTS the Motion as to claim five.

**2.    CLAIM SIX**

The Court has already considered Plaintiff's arguments as to whether the report Defendant produced is a consumer credit report under the CCRA. The Court concluded it is not. Specifically, the Court stated that "[t]he plain language of the [CCRA's] text provides for protection of consumer *credit* reports, rather than just consumer reports of any flavor, which supports a narrower reading of the CCRAA definition" than the FCRA definition. (SAC Order at 8.) The Court further stated that "there's a strong likelihood that when the CCRAA's drafters narrowed the FCRA-provided definition from its seven characteristics to just the three listed, they did so with thought and purpose." (*Id.*)

The only allegation in Plaintiff's TAC that was not in her SAC supporting claim six states as follows:

> Address information, including the time for which an individual lived at a particular address, "bears on" the consumer's "consumer's [sic] credit worthiness, credit standing, or credit capacity" under the CCRA. Whether a person lives in an upscale neighborhood, moves frequently, or rents rather than buys housing, as examples, can have some bearing on that individual's credit worthiness, standing, or capacity for purposes of the CCRAA.

TAC ¶ 89. But this idea was alleged in Plaintiff's Second Amended Complaint ("SAC"), and the Court already found this argument unpersuasive in considering Defendant's Motion to Dismiss the SAC. (*See* SAC ¶ 20; *see, e.g.*, Plaintiff's Opposition to Motion to Dismiss Plaintiff's SAC, Dkt. No. 49, at 7:1-13; SAC Order.) Further, this allegation is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 13-470 AG (ANx) | Date | May 12, 2014 |
|---|---|---|---|
| Title | SUSAN E. MORELAND v. CORELOGIC SAFERENT LLC | | |

legal conclusion that the Court does not have to accept as true at this stage. *Iqbal*, 556 U.S. at 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Plaintiff has still not pleaded enough facts to show that Defendant's report is a "consumer credit report" under the CCRAA. The Court GRANTS Defendant's motion as to Plaintiff's sixth claim.

### 3.     LEAVE TO AMEND

This is Plaintiff's Third Amended Complaint. In dismissing parts of Plaintiff's SAC, the Court reminded Plaintiff that "[a] district court may deny a plaintiff leave to amend . . . if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." (SAC Order at 9 (quoting *Telesaurus VPC*, 623 F.3d at 1003).) Plaintiff has had three opportunities to amend her complaint and has repeatedly failed to cure the deficiencies in claims five and six. The Court thus grants the Motion without leave to amend.

### **DISPOSITION**

The Motion is GRANTED.

                                                                                              :    0

                                        Initials of
                                        Preparer           lmb