# EXHIBIT 11

1   NANCY R. THOMAS (CA SBN 236185)
    NThomas@mofo.com
2   MORRISON & FOERSTER
    555 West Fifth Street, Suite 3500
3   Los Angeles, CA  90013
    Phone:  (213) 892-5561
4   Fax:  (213) 892-5454

5   JAMES F. MCCABE (CA SBN 104686)
    JMcCabe@mofo.com
6   MORRISON & FOERSTER
    425 Market Street
7   San Francisco, CA  94105-2482
    Phone:  (415) 268-7011
8   Fax:  (415) 268-7522

9   RONALD I. RAETHER (admitted *pro hac vice*)
    rraether@ficlaw.com
10  DONALD E. BURTON (admitted *pro hac vice*)
    dburton@ficlaw.com
11  FARUKI IRELAND & COX P.L.L.
    500 Courthouse Plaza, S.W.
12  10 North Ludlow Street
    Dayton, OH 45402-1818
13  Phone:  (937) 227-3733
    Fax:  (937) 227-3717
14
    Attorneys for Defendant
15  CORELOGIC SAFERENT, LLC

16                  UNITED STATES DISTRICT COURT

17                 CENTRAL DISTRICT OF CALIFORNIA

18

19  SUSAN E. MORELAND, on behalf        Case No. SACV 13-00470 AG (ANx)
    of herself and all others similarly
20  situated,                          **DEFENDANT'S [AMENDED]**
                                        **RESPONSES TO PLAINTIFF'S**
21              Plaintiff,              **FIRST SET OF**
                                        **INTERROGATORIES**
22         v.
                                        Hon. Andrew J. Guilford
23  CORELOGIC SAFERENT, LLC,
                                        Action filed:  March 25, 2013
24              Defendant.              FAC filed:     June 6, 2013
                                        SAC filed:     August 20, 2013
25

26

27

28

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant CoreLogic SafeRent LLC ("SafeRent") objects and responds to Plaintiff Susan E. Moreland's ("Plaintiff") First Set of Interrogatories directed to Defendant as follows:

### GENERAL OBJECTIONS

The following General Objections are made as to each of Plaintiff's interrogatories. Where a Specific Objection is inserted in any response, that assertion does not waive other objections as to that interrogatory.

1.      SafeRent objects to the interrogatories to the extent that they seek information that is not reasonably calculated to lead to the discovery of admissible evidence or that is otherwise irrelevant to the claims or defenses of Plaintiff and SafeRent.

2.      SafeRent objects to the interrogatories to the extent that they are unduly burdensome, harassing, and oppressive in that compliance would require SafeRent to undertake a burden or expense that is outweighed by its likely benefit. The interrogatories are particularly unduly burdensome to the extent they request "all" or "every" or "each" bit of information on a particular topic.

3.      SafeRent objects to the interrogatories to the extent that they seek information outside of the relevant timeframe for this matter.

4.      SafeRent objects to the interrogatories to the extent that they seek material or information that is privileged by statute or common law, including privileged communications between attorney and client or attorney work product. Fed. R. Civ. P. 26(b)(3) or (4) or (5). Any material or information protected by privilege shall not be provided, and any inadvertent disclosure of material or information protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection from discovery is not intended and should not be construed to constitute a waiver, either generally or specifically, with respect to such information or material or the subject matter thereof, either in this action or

1

any other federal or state action.  Fed. R. Evid. 502(b), (d).  All of the responses to these document requests are subject to objections as to privilege, and, by making these responses to interrogatories, SafeRent is not waiving or failing to assert any privilege available to it.

5.    SafeRent objects to the interrogatories to the extent that they are vague and ambiguous and require SafeRent to speculate about their reasonable meaning. To the extent, if any, that SafeRent is able to fashion its own reasonable interpretation of any vague and ambiguous term or phrase, it shall not be bound by any inconsistent interpretation that Plaintiff applies.

6.    SafeRent objects to the interrogatories to the extent that they seek information that can be obtained more efficiently through other means of discovery, and to the extent they call for a lengthy factual narrative or itemization.  Fed. R. Civ. P. 26(b)(2)(C).

7.    SafeRent objects to the interrogatories to the extent that they seek information that constitutes, contains, or otherwise reflects confidential business, financial, commercial, or proprietary information.  SafeRent has certain obligations of confidentiality to third parties relating to a variety of subjects, some of which may be sought by Plaintiff.  SafeRent will disclose any such confidential information, if required, subject to a protective order.

8.    SafeRent objects to the interrogatories to the extent that they seek disclosure by SafeRent of any information pertaining to any individual, customer or representative, member, partner or agent of SafeRent, the disclosure of which is or may be an invasion of his, her, or its privacy rights, or is privileged from discovery by applicable law.  SafeRent further objects to the interrogatories to the extent that they seek disclosure of any other confidential personal or financial information subject to state or federal privacy laws or other applicable privileges, immunities, laws, or regulations.  Any inadvertent disclosure of such private information shall

2

not be deemed to be a waiver by SafeRent or the affected individual or entity of his, her, or its right to privacy.

9.    SafeRent objects to the interrogatories to the extent that they seek information more readily or equally available to Plaintiff through public records or sources, or through other sources, such as Defendant Equifax Information Services, LLC.

10.    The General Objections are common to all interrogatories, and all answers of SafeRent to Plaintiffs' interrogatories are made subject to and without waiving each one of these objections. Where a specific objection is asserted in any answer, that assertion does not waive other objections regarding that interrogatory.

## SPECIFIC RESPONSES AND OBJECTIONS

INTERROGATORY NO. 1:    Please state the number of Lease Decision reports you sold between (a) March 25, 2008 and the present, and (b) March 25, 2011 and the present, and identify the persons about whom the reports were sold.

RESPONSE:    SafeRent specifically objects to this Interrogatory as vague and ambiguous, particularly as to the term "Lease Decision reports" (as no such report exists), which is not defined. SafeRent objects on grounds of relevance to the reference to Lease Decision reports rather the SafeRent Identify product at issue in this case. SafeRent objects to this Interrogatory to the extent that it seeks information that constitutes confidential business, financial, commercial, and proprietary information. SafeRent objects to this Interrogatory as neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence because it requests consumer-identifying information outside the scope of the applicable FCRA provisions and therefore seeks information that is outside the bounds of the classes as defined in the Second Amended Complaint. SafeRent objects that this request seeks information outside of the timeframe relevant to this matter, and it is therefore unduly burdensome and

3

overbroad.  SafeRent objects to identifying persons other than Plaintiff prior to certification of a class.

<u>INTERROGATORY NO. 2</u>:    Please identify the exact criteria, including the matching logic and databases involved, you use to match data to a consumer who is the subject of a Lease Decision report.

<u>RESPONSE</u>:      SafeRent specifically objects to this Interrogatory as vague and ambiguous, particularly as to the term "Lease Decision reports" (as no such report exists), which is not defined.  SafeRent objects on grounds of relevance to the reference to Lease Decision reports rather the SafeRent Identify product at issue in this case.  SafeRent objects to this request to the extent that it seeks information that constitutes confidential business, financial, commercial, and proprietary information, including trade secrets.

<u>INTERROGATORY NO. 3</u>:    Please explain the flow of data you use to prepare Lease Decision reports from the time the data is first acquired by you until a report is created, including the sources of such data and the names of the databases or computer files in which the data is stored while in your possession.

<u>RESPONSE</u>:      SafeRent specifically objects to this Interrogatory as vague and ambiguous, particularly as to the term "Lease Decision reports" (as no such report exists), which is not defined.  SafeRent objects on grounds of relevance to the reference to Lease Decision reports rather the SafeRent Identify product at issue in this case.  SafeRent objects to this request to the extent that it seeks information that constitutes confidential business, financial, commercial, and proprietary information, including trade secrets.  SafeRent objects on grounds of relevance to providing the "names of the databases or computer files."

<u>INTERROGATORY NO. 4</u>:    Please identify, by category of information *(e.g.,* alias, address, criminal history)*,* all sources from which you obtained information or data you used to prepare Plaintiff s Lease Decision report.

<u>RESPONSE</u>:      SafeRent specifically objects to this Interrogatory as vague and ambiguous, particularly as to the term "Lease Decision reports" (as no such report exists), which is not defined.  SafeRent objects on grounds of relevance to the reference to Lease Decision reports rather the SafeRent Identify product at issue in

4

1

2  this case.  SafeRent objects to this request to the extent that it seeks information that

3  constitutes confidential business, financial, commercial, and proprietary

4  information, including trade secrets.  SafeRent objects on grounds of relevance to

5  providing the "names of the databases or computer files."

6

7  **INTERROGATORY NO. 5:**    For each category of information described in your
   answer to Interrogatory No.4, please identify the databases in which you store that
   information.

8  **RESPONSE:**  See Objections to Interrogatory No. 4.

9

10 **INTERROGATORY NO. 6:**    Please explain in detail the procedure you have
   followed, if any, since March 2008 to assure that the information included in the
11 Lease Decision reports you prepare and sell to third parties relates to the consumer
   who is the subject of the report and not to any other person.

12 **RESPONSE:**     SafeRent specifically objects to this Interrogatory as vague and

13 ambiguous, particularly as to the term "Lease Decision reports" (as no such report

14 exists), which is not defined.  SafeRent objects on grounds of relevance to the

15 reference to Lease Decision reports rather the SafeRent Identify product at issue in

16 this case.  SafeRent objects to this interrogatory to the extent that it suggests that

17 the SafeRent product is subject to the provision of the FCRA relating to maximum

18 possible accuracy of a "consumer report" under the FCRA.  SafeRent objects that

19 this request seeks information outside of the timeframe relevant to this matter.

20 SafeRent objects to this request to the extent that it seeks information that

21 confidential business, financial, commercial, and proprietary information, including

22 trade secrets.

23 **INTERROGATORY NO. 7:**     Please identify the person(s) at your company most
   knowledgeable about the procedures, if any, that Defendant uses to assure that
24 information included in Lease Decision reports prepared and sold by Defendant
   relates to the subject of the report and not to any other person.

25 **RESPONSE:**     SafeRent specifically objects to this Interrogatory as vague and

26 ambiguous, particularly as to the term "Lease Decision reports" (as no such report

27 exists), which is not defined.  SafeRent objects on grounds of relevance to the

28 reference to Lease Decision reports rather the SafeRent Identify product at issue in

1this case.  SafeRent objects to this interrogatory to the extent that it suggests that the SafeRent product is subject to the provision of the FCRA relating to maximum possible accuracy of a "consumer report" under the FCRA.  SafeRent objects to this request to the extent that it seeks information that constitutes confidential business, financial, commercial, and proprietary information.   Subject to and without waiving those objections, SafeRent refers the Plaintiff to the individuals disclosed on SafeRent's initial disclosure provide on November 11, 2013.

INTERROGATORY NO. 8:    Please identify all consumer disputes, complaints, and lawsuits brought against you from 5 years prior to the filing of this action until the present in which any individual asserted any claims under the FCRA with regard to a Lease Decision report.

RESPONSE:     SafeRent specifically objects to this request as vague and ambiguous, particularly as to the terms "Lease Decision report" (as no such report exists), "consumer disputes," and "complaints," none of which are defined. SafeRent objects on grounds of undue burden to the extent that "complaints" and "lawsuits" are public documents equally available to Plaintiff's counsel.  SafeRent objects on grounds of relevance to the reference to Lease Decision reports rather the SafeRent Identify product at issue in this case.  SafeRent objects to this request on grounds of overbreadth and relevance to the extent that it seeks "all" information on this topic.  SafeRent objects that this request seeks information outside of the timeframe relevant to this matter.  SafeRent objects on grounds of relevance to the extent the request seeks information on consumer disputes, as the claims in this case are not based on consumer contact with SafeRent to dispute allegedly inaccurate information.  SafeRent objects to the request to the extent it seeks information on any dispute involving a consumer other than Plaintiff prior to any class being certified, due to privacy issues and to the extent such a disclosure may violate the FCRA if extended beyond Identify reports.  SafeRent objects to this request to the extent that it seeks information that constitutes confidential business, financial, commercial, and proprietary information.  SafeRent objects to this request

6

to the extent that it seeks attorney-client privileged information or information protected by the work product doctrine.

INTERROGATORY NO. 9:    Please identify the number of consumer disputes (including lawsuits) that you received from 5 years prior to the filing of this action until the present which allege that you placed inaccurate name, address, date of birth, or social security number information on a Lease Decision report that you sold to a third party.

RESPONSE:    SafeRent specifically objects to this request as vague and ambiguous, particularly as to the terms "Lease Decision report" (as no such report exists), and "consumer disputes," none of which are defined. SafeRent objects on grounds of relevance to the reference to Lease Decision reports rather the SafeRent Identify product at issue in this case. SafeRent objects to this request to the extent that it seeks information that constitutes confidential business, financial, commercial, and proprietary information. SafeRent objects that this request seeks information outside of the timeframe relevant to this matter. SafeRent objects on grounds of relevance to the extent the request seeks information on consumer disputes, as the claims in this case are not based on consumer contact with SafeRent to dispute allegedly inaccurate information. SafeRent objects to this Interrogatory as neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence because it requests consumer-identifying information outside the scope of the applicable FCRA provisions and therefore seeks information that is outside the bounds of the classes as defined in the Second Amended Complaint. SafeRent objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, as SafeRent does not index the subjects of disputes and providing an estimate in response would require an exhaustive examination of each and every dispute record. SafeRent objects to the request to the extent it seeks information on any dispute involving a consumer other than Plaintiff prior to any class being certified, due to privacy issues and to the extent such a disclosure may violate the FCRA if extended beyond Identify reports.

7

1

2 __INTERROGATORY NO. 10:__   Please state the total number of individuals who
have requested their files from you between (a) March 25, 2008 and the present,
3 and (b) March 25, 2011 and the present, and identify such persons.

4 __RESPONSE:__      SafeRent specifically objects to this request as vague and

5 ambiguous, particularly as to the term "files," which is not defined.  SafeRent

6 objects that this request seeks information outside of the timeframe relevant to this

7 matter.  SafeRent objects to this request to the extent that it seeks information that

8 constitutes confidential business, financial, commercial, and proprietary

9 information.  SafeRent objects to this Interrogatory as neither relevant to the subject

10 matter of this litigation nor reasonably calculated to lead to the discovery of

11 admissible evidence because it requests consumer-identifying information outside

12 the scope of the applicable FCRA provisions and therefore seeks information that is

13 outside the bounds of the classes as defined in the Second Amended Complaint.

14 SafeRent objects to identifying persons other than Plaintiff prior to certification of a

15 class.

16 __INTERROGATORY NO. 11:__   Please state the total number of individuals who
submitted to you a "Consumer Disclosure Request Form" between (a) March 25,
17 2008 and the present, and (b) March 25, 2011 and the present, and identify such
persons.

18 __RESPONSE:__      SafeRent objects to this interrogatory on grounds of relevance, as

19 there is no record that Plaintiff submitted a Consumer Disclosure Request Form.

20 SafeRent objects to this Interrogatory as neither relevant to the subject matter of

21 this litigation nor reasonably calculated to lead to the discovery of admissible

22 evidence because it requests consumer-identifying information outside the scope of

23 the applicable FCRA provisions and therefore seeks information that is outside the

24 bounds of the classes as defined in the Second Amended Complaint.  SafeRent

25 objects to this request to the extent that it seeks information that constitutes

26 confidential business, financial, commercial, and proprietary information.

27 SafeRent objects that this request seeks information outside of the timeframe

28

8

relevant to this matter. SafeRent objects to identifying persons other than Plaintiff prior to certification of a class.

INTERROGATORY NO. 12:   Please state the total number of individuals who submitted to you a "Consumer Disclosure Request Form" between (a) March 25, 2008 and the present, and (b) March 25, 2011 and the present who had <u>not</u> submitted such a request in the 12 months prior to the individual' request, and identify such persons.

RESPONSE:      SafeRent objects to this interrogatory on grounds of relevance, as there is no record that Plaintiff submitted a Consumer Disclosure Request Form. SafeRent objects to this Interrogatory as neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence because it requests consumer-identifying information outside the scope of the applicable FCRA provisions and therefore seeks information that is outside the bounds of the classes as defined in the Second Amended Complaint. SafeRent objects to this request to the extent that it seeks information that constitutes contain confidential business, financial, commercial, and proprietary information. SafeRent objects that this request seeks information outside of the timeframe relevant to this matter. SafeRent objects to identifying persons other than Plaintiff prior to certification of a class.

INTERROGATORY NO. 13:   Please state the total number of individuals to whom you provided, free of charge, a complete copy of their files between (a) March 25, 2008 and the present, and (b) March 25, 2011 and the present, and identify such persons.

RESPONSE:      **[AMENDED]** SafeRent specifically objects to this request as vague and ambiguous, particularly as to the term "files," which is not defined. SafeRent objects to this Interrogatory as neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence because it requests consumer-identifying information outside the scope of the applicable FCRA provisions and therefore seeks information that is outside the bounds of the classes as defined in the Second Amended Complaint. SafeRent objects to this request to the extent that it seeks information that constitutes

9

confidential business, financial, commercial, and proprietary information.  SafeRent

objects that this request seeks information outside of the timeframe relevant to this

matter.  SafeRent objects to the request to the extent it seeks the identity of any

consumer other than Plaintiff prior to any class being certified, due to privacy

issues as such information is protected under the FCRA.  Subject to and without

waiving those objections, through January 24, 2014, (a) is 46,102 and (b) is 28,846.

INTERROGATORY NO. 14:   Please identify the circumstances in which you
would provide a consumer with a copy of his or her consumer file under Section
1681g(a) of the FCRA and Sections 1785.10 and 1785.15 of the CCRAA.

RESPONSE:       SafeRent objects to this request to the extent that it seeks

information that constitutes confidential business, financial, commercial, and

proprietary information.  SafeRent objects that this request seeks information

outside of the timeframe relevant to this matter.  Subject to and without waiving

those objections, the written policy summarizing the process will be provided upon

entry of an appropriate protective order.

INTERROGATORY NO. 15:   Describe in detail any databases, lists, memoranda
or other documents that you used to record requests received for copies of any
consumer's SafeRent file.

RESPONSE:       SafeRent specifically objects to this request as vague and

ambiguous, particularly as to the term "SafeRent file," which is not defined.

SafeRent objects to this request to the extent that it seeks information that

constitutes confidential business, financial, commercial, and proprietary

information, including trade secrets.  SafeRent objects that this request seeks

information outside of the timeframe relevant to this matter.  SafeRent objects to

the vagueness of the term "databases."

INTERROGATORY NO. 16:   State the total number of consumers who requested
copies of their full SafeRent files from (a) March 25, 2008 to the present and (b)
March 25, 2011 to the present, who, in your view, failed to provide sufficient
identifying information for you to provide the requesting consumer with a copy of
his/her SafeRent file.

**RESPONSE:**     SafeRent specifically objects to this request as vague and ambiguous, particularly as to the term "SafeRent file," which is not defined. SafeRent objects to this Interrogatory as neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence because it requests consumer-identifying information outside the scope of the applicable FCRA provisions and therefore seeks information that is outside the bounds of the classes as defined in the Second Amended Complaint. SafeRent objects to this request to the extent that it seeks information that constitutes confidential business, financial, commercial, and proprietary information. SafeRent objects that this request seeks information outside of the timeframe relevant to this matter.

**INTERROGATORY NO. 17:**   If you contend that you did not willfully violate the FCRA in any way, state all facts that form the basis for your contention.

**RESPONSE:**     See General Objections No. 2 and 6. Subject to and without waiving those objections to this contention interrogatory, SafeRent responds that, under prevailing caselaw and administrative interpretations the procedures described above for responding to consumer requests are compliant with the FCRA and that the information in question in Plaintiff's SafeRent Identify Report is not information "bearing on" the seven characteristics such as to implicate the FCRA.

**INTERROGATORY NO. 18:**   If you contend that you have any "reading" of the FCRA that provides a safe harbor defense to you with respect to Plaintiff's claim in this lawsuit under *Safeco* v. *Burr*, 551 U.S. 47 (2007), please state: what your reading is, who made the reading; when the reading was made; and what actions, if any, you took based upon any such reading prior to the filing of this lawsuit. Identify every person, excluding attorneys, who has provided you with advice concerning compliance with the FCRA or who recommended any changes to the way in which you prepare consumer reports or file disclosure from 5 years prior to the filing of this action until the present.

**RESPONSE:**     SafeRent objects to this interrogatory to the extent that it seeks attorney-client privileged information or information protected by the work product doctrine. This interrogatory also seeks work product in the sense that the request is inappropriately directed to legal arguments of the attorneys rather than evidentiary

11

information. It seeks SafeRent's pre-lawsuit subjective interpretation of the statute, which, under *Safeco*, the case cited in the request, is irrelevant. Under *Safeco*, Plaintiff must demonstrate that an interpretation of FCRA advanced in litigation is "objectively unreasonable." "Evidence of subjective bad faith or intent of the defendant is irrelevant when there is an objectively reasonable interpretation of the statute that would allow the conduct in question. *See Safeco*, 551 U.S. at 70 n.20; see also *Long v. Tommy Hilfiger U.S.A.*, 671 F.3d 371, 377 (3d Cir. 2012) ("Thus, Long's allegation about Hilfiger's actual knowledge or intent as to FACTA's requirements is immaterial to the objective reasonableness analysis. For these same reasons, we are also unpersuaded by Long's argument that he requires discovery to establish Hilfiger's subjective knowledge."

INTERROGATORY NO. 19:   Identify all SafeRent employees and/or agents who, from March 25, 2011 to the present, have had responsibility for communicating with any consumer who requests from you a copy of his/her consumer file disclosure or who had any decision-making authority concerning the form of any file disclosure that you provide to consumers.

RESPONSE:      SafeRent specifically objects to this request as vague and ambiguous, particularly as to the terms "consumer file disclosure," and "file disclosure," none of which are defined. SafeRent objects to the timeframe of this interrogatory as it is beyond the potential class period. SafeRent objects to the compound nature of this interrogatory. SafeRent objects on grounds of undue burden and relevance to identifying every person who may have responded to consumers requesting their files in the requested time period.

Subject to and without waiving those objections, SafeRent refers the Plaintiff to the individuals disclosed on SafeRent's initial disclosure provide on November 11, 2013.

12

Dated:  February 3, 2014

FARUKI IRELAND & COX PLL

By: _____

Donald E. Burton

Attorneys for Defendant
CoreLogic SafeRent, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2014, I served the Defendant's [Amended] Responses to Plaintiff's First Set of Interrogatories via email to the following counsel of record:

Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
Craig C. Marchiando (SBN 283829)
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston TX 77010
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

Leonard A. Bennett (pro hac vice)
James A. Francis (pro hac vice)
jfrancis@consumerlawfirm.com
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News VA 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

John Soumilas (pro hac vice)
David A. Searles (pro hac vice)
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

Attorneys for Plaintiff

_____
Donald E. Burton

14

## VERIFICATION OF DEFENDANT CORELOGIC SAFERENT, LLC [AMENDED] RESPONSES OF DEFENDANT CORELOGIC SAFERENT, LLC TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

State of California       )
                        )  :ss
County of San        )
Diego _____

       Angie Barnard, Director, Operations at CoreLogic Credco, LLC, being first duly sworn, deposes and states that she is a representative of SafeRent for purposes of making the foregoing [Amended] Responses of Defendant CoreLogic SafeRent, LLC to Plaintiff's First Set of Interrogatories ("Responses"), and that while she does not have personal knowledge of all of the facts recited in these Responses, the information contained herein has been collected and made available to her by others, and these Responses are true to the best of her knowledge, information, and belief based upon the information made available to her; and that these Responses are verified on behalf of CoreLogic SafeRent LLC in this litigation.

                                         _____
                                         Angie Barnard

       SWORN TO BEFORE ME and subscribed in my presence this ____ day of February, 2014.

                                           _____
                                       Notary Public, State of California

                                         My Commission Expires: _____

805233.1

15