NANCY R. THOMAS (CA SBN 236185)
NThomas@mofo.com
MORRISON & FOERSTER
555 West Fifth Street, Suite 3500
Los Angeles, CA  90013
Phone:  (213) 892-5561
Fax:  (213) 892-5454

JAMES F. MCCABE (CA SBN 104686)
JMcCabe@mofo.com
MORRISON & FOERSTER
425 Market Street
San Francisco, CA  94105-2482
Phone:  (415) 268-7011
Fax:  (415) 268-7522

RONALD I. RAETHER (admitted *pro hac vice*)
rraether@ficlaw.com
DONALD E. BURTON (admitted *pro hac vice*)
dburton@ficlaw.com
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH 45402-1818
Phone:  (937) 227-3733
Fax:  (937) 227-3717

Attorneys for Defendant
CORELOGIC SAFERENT, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN E. MORELAND, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CORELOGIC SAFERENT, LLC,<br><br>Defendant. | Case No. SACV 13-00470 AG (ANx)<br><br>**MOTION OF CORELOGIC SAFERENT, LLC FOR SUMMARY JUDGMENT ON CLAIMS I, II AND III**<br><br>Hon. Andrew J. Guilford<br><br>Hearing Date:  July 21, 2014<br>Hearing Time:  10:00 a.m.<br>Courtroom:       10D<br>Action filed:  March 25, 2013<br>TAC filed:  February 25, 2014 |

## **NOTICE OF MOTION AND MOTION**

Please take notice that on July 21, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Andrew J. Guilford, United States District Court, Central District of California, 411 West Fourth Street, Room 1053 Santa Ana, CA 92701-4516, Defendant CoreLogic SafeRent, LLC will, and hereby does, move the Court for an order granting Defendant's Motion for Summary Judgment on Claims I, II and III.

This Motion is based on this Notice of Motion and Motion, the brief in support thereof, the pleadings and other files herein, and such other written and oral argument as may be presented to the Court.  This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 19, 2014.

Dated:  June 23, 2014

FARUKI IRELAND & COX P.L.L.


By: /s/ Ronald I. Raether
       Ronald I. Raether


FARUKI IRELAND & COX P.L.L.

Attorneys for Defendant
CoreLogic SafeRent, LLC

# TABLE OF CONTENTS

**Page**

I.   SAFERENT IS ENTITLED TO SUMMARY JUDGMENT ON
     CLAIM III BECAUSE PLAINTIFF'S "OUT OF POCKET COSTS"
     ARE NOT "CHARGES" PROHIBITED BY THE FCRA. ............................6

II.  SAFERENT IS ENTITLED TO SUMMARY JUDGMENT ON
     PLAINTIFF'S FILE REQUEST CLAIMS PREMISED ON
     WILLFULNESS BECAUSE SAFERENT FAILED TO DELIVER
     HER DISCLOSURE DUE TO AN ISOLATED INSTANCE OF
     HUMAN ERROR. .................................................................................10

III. SAFERENT IS ENTITLED TO SUMMARY JUDGMENT ON
     PLAINTIFF'S FILE REQUEST CLAIMS PREMISED ON
     NEGLIGENCE BECAUSE SHE HAS NOT SUFFERED ANY
     ACTUAL DAMAGES ATTRIBUTABLE TO NON-DELIVERY
     OF HER CONSUMER FILE. ................................................................12

IV.  PLAINTIFF'S CLAIM UNDER THE CCRAA RELATING TO HER
     FILE REQUEST (CLAIM II) SHOULD BE DISMISSED FOR THE
     SAME REASONS AS CLAIMS I AND III UNDER THE FCRA. .............14

CONCLUSION ....................................................................................................14

# **TABLE OF AUTHORITIES**

**CASES**

Page(s)

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2502 (1986) .............6

*Banga v. Chevron U.S.A., Inc.*, C-11-01498 JCS,
2013 U.S. Dist. LEXIS 2271 (N.D. Cal. Jan. 7, 2013).................................12, 14

*Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469 (2d Cir. N.Y. 1995),
*cert. denied*, 517 U.S. 1150, 116 S. Ct. 1452 (1996)..............................................13

*Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986)..........................5

*Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285 (9th Cir. 1998) ..........................6

*In re Deep Vein Thrombosis*, 356 F. Supp. 2d 1055 (N.D. Cal. 2005) ................6

*Legge v. Nextel Commc'ns, Inc.*, No. CV 02-8676 DSF (VBKx),
2004 U.S. Dist. LEXIS 30333 (C.D. Cal. June 25, 2004)...................... 10-11, 12

*Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314 (11th Cir. 2009).......10

*Lewis v. Trans Union, LLC*, No. 1:13-CV-00229-LJO-BAM,
2013 U.S. Dist. LEXIS 55160 (E.D. Cal. Apr. 16, 2013) ...................................14

*Mathews v. Gov't Emps. Ins. Co.*, 23 F. Supp. 2d 1160 (S.D. Cal. 1998)10-11, 11,
12

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
106 S. Ct. 1348 (1986)................................................................................... 5-6

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S. Ct. 2201 (2007) .......8, 10, 12

*Sheffer v. Experian Info. Solutions, Inc.*, No. 02-7407, 2003 U.S. Dist. LEXIS
12728 (E.D. Pa. July 24, 2003).........................................................................11

*Singletery v. Equifax Info. Servs. LLC*, No. 2:09-cv-489-TMP, 2011
U.S. Dist. LEXIS 156215 (N.D. Ala. Sept. 21, 2011), *aff'd*, 540
Fed. Appx. 939 (11th Cir. 2013)............................................................. 9-10, 10

*Spector v. Equifax Info. Servs.*, 338 F. Supp. 2d 378 (D. Conn. 2004)..............13

*Taylor v. Screening Reports, Inc.*, 294 F.R.D. 680 (N.D. Ga. 2013) ........... 12-13

*Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*,
594 F.2d 730 (9th Cir. 1979) ...............................................................................6

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
809 F.2d 626 (9th Cir. 1987) ...............................................................................5

*Trujillo v. First Am. Registry, Inc.*, 157 Cal. App. 4th 628, 68 Cal. Rptr. 3d 732
(Cal. App. 4th Dist. 2007)............................................................................12, 14

ii

## STATUTES

Cal. Civ. Code

§ 1785.10 ...................................................................................1, 5, 14

§ 1785.10(a) ...............................................................................14

§ 1785.15 ...................................................................................1, 5, 14

§ 1785.15(a) ...............................................................................14

§ 1785.15(b) ...............................................................................14

§ 1785.31(a)(2)(B) ......................................................................5

12 C.F.R. § 1022.123 ...................................................................9

16 C.F.R. § 614 ...........................................................................9

12 U.S.C. § 5581(b)(5) .................................................................9

15 U.S.C.

§ 1681a(p) ..................................................................................8

§ 1681e(b) ..................................................................................1

§ 1681(g) ....................................................................................7- 8, 8-9, 14

§ 1681g(a) ..................................................................................1, 5

§ 1681g(a)(1) .............................................................................6

§ 1681h .......................................................................................7, 9

§ 1681h(a)(1) .............................................................................9

§ 1681j ........................................................................................10, 14

§ 1681j(a) through (d) ...............................................................8

§ 1681j(a) ...................................................................................1, 4, 7, 8, 9

§ 1681j(a)(1) ..............................................................................7

§ 1681j(a)(1)(A) .........................................................................7

§ 1681j(b) ...................................................................................7

§ 1681j(c) ...................................................................................7

§ 1681j(d) ...................................................................................7, 8

§ 1681j(e) ...................................................................................7, 8

§ 1681j(f) .................................................................................... 7, 8

§ 1681j(f)(1) .................................................................................... 2

§ 1681j(f)(1)(A) .................................................................................... 8-9

§ 1681n .................................................................................... 4, 5

§ 1681o .................................................................................... 4, 5

**<u>RULES</u>**

Fed. R. Civ. P. 56(a) .................................................................................... 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff attempted to send a letter to SafeRent, a consumer reporting agency, seeking disclosure of the contents of her "file," as is her right under the Fair Credit Reporting Act. 15 U.S.C. § 1681g(a). At the direction of her counsel, she sent the letter by registered mail to the wrong address. When the letter was eventually forwarded to the right company, an employee mistakenly handled the letter as a dispute about the accuracy of information in Plaintiff's file, rather than as a request for a full file disclosure. The employee sent Plaintiff a letter regarding the dispute process, and failed to send Plaintiff the requested full file disclosure. In her discovery responses and deposition testimony, Plaintiff has identified nothing that happened to her as a result of the non-delivery of her requested full file disclosure. Plaintiff asserts a variety of claims related to this experience.

Defendant CoreLogic SafeRent, LLC ("SafeRent") now moves for summary judgment[1] on claims I, II and III of Plaintiff's third amended complaint. In those claims – the "file request claims" -- Plaintiff alleges that SafeRent violated the Fair Credit Reporting Act ("FCRA") and its state law equivalent, the California Consumer Credit Reporting Agencies Act ("CCRAA"),[2] by failing to provide Plaintiff with a copy of her consumer file and to do so "free of charge." SafeRent is entitled to summary judgment for three reasons.

---

[1] The Parties' joint Rule 26(f) Report (Doc. No. 47) proposed a cutoff date of August 11, 2014 for motions for summary judgment. SafeRent is filing this motion now on the claims for relief on which Plaintiff has moved for class certification because it may save unnecessary effort if this motion narrows, clarifies, or eliminates altogether the claims on which Plaintiff has moved for class certification. SafeRent may later move for summary judgment on Plaintiff's accuracy claim under 15 U.S.C. § 1681e(b) (Claim For Relief IV), which is not pled as a class claim.

[2] 15 U.S.C. § 1681g(a) (Claim I), 15 U.S.C. ¶ 1681j(a) (Claim III); Cal. Civ. Code § 1785.10 & 15 (Claim II).

1

First, the undisputed evidence shows that SafeRent neither imposed nor sought to impose a "charge" upon Plaintiff for obtaining a copy of a consumer file. Plaintiff claims that SafeRent violated the statute because she incurred out-of-pocket *expenses* requesting her file in the manner her lawyers told her to use. As a matter of statutory interpretation, the "out of pocket" expenses consumers incur in corresponding with consumer reporting agencies are not "charges" within the meaning of 15 U.S.C. § 1681j(f)(1).

Second, the undisputed evidence demonstrates that SafeRent's failure to send Plaintiff a full file disclosure once it eventually received her misaddressed letter was the result of a single employee's misinterpretation of what was being requested in that letter, not reckless disregard of Plaintiff's right to receive her full file disclosure. SafeRent is thus entitled to summary judgment on Plaintiff's claims for willful failure to respond to her file request.

Finally, the undisputed evidence demonstrates that Plaintiff has not suffered any actual damages as a result of the non-delivery of her full file disclosure. Since actual damage is an element of claims for negligent violation of the FCRA and the CCRAA, Safe Rent is also entitled to summary judgment on Plaintiff's claims for negligent failure to respond to her file request.

## RELEVANT FACTS NOT IN MATERIAL DISPUTE

In April, 2012, Plaintiff successfully applied, with a co-applicant, to rent residential property in Vista, California. Defendant's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment on Claims I, II and III ("Statement"), ¶ 1. In connection with leasing the property, her prospective landlord obtained a SafeRent Lease Decision & Reports set of reports on Plaintiff. *Id.*, ¶ 2. The landlord provided her with a copy of her reports. *Id.*, ¶ 3. Plaintiff believed there were inaccuracies in the SafeRent Identify report she

1  received from her landlord, and she began investigating the means by which to

2  correct the alleged inaccuracies. *Id.*, ¶ 4.

3       Plaintiff retained counsel, who drafted for her a letter to send to SafeRent that

4  stated "Dear SafeRent: Please provide me with everything in my consumer file.

5  Sincerely, [s/] Susan E. Moreland." *Id.*, ¶ 5. The location in Poway to which

6  Plaintiff's attorneys instructed Plaintiff to mail the letter was not one at which

7  SafeRent had to that date ever operated. The building was occupied by a different

8  consumer reporting agency owned by SafeRent's parent company, CoreLogic.[3] *Id.*,

9  ¶ 6. Before Plaintiff sent her October 18, 2012 letter to Poway, SafeRent

10  consistently disclosed a Rockville, Maryland address on its website,

11  advertisements, and Consumer Request Disclosure forms. *Id.*, ¶ 7. After

12  CoreLogic in late November 2012 relocated some SafeRent operations to Poway,

13  personnel in Poway forwarded Plaintiff's October 18 letter to SafeRent's Rockville

14  office bundled with a group of letters disputing information in consumer files.

15  Plaintiff's letter was received in Rockville on January 16, 2013. *Id.*, ¶¶ 8, 9.

16  SafeRent's Rockville office mistakenly treated Plaintiff's October 18 letter as a

17  consumer claim that a report was erroneous rather than as a request for disclosure

18  of the contents of Plaintiff's file. *Id.*, ¶ Small Depo.10.

19       SafeRent has neither collected nor sought to collect any fee or charge from

20  Plaintiff in connection with her request for disclosure of the contents of her

21  consumer file. *Id.*, ¶ 12. Plaintiff claims to have incurred less than $20 of out-of-

22  pocket expenses in sending her file disclosure request to SafeRent by registered

23  mail. *Id.*, ¶ 13. Plaintiff also claims to have spent two hours driving to UPS,

24  Federal Express, then, finally, the post office to send in her correspondence to

25  SafeRent, but she incurred no gasoline expense in doing so. She borrowed her

26

27  [3] The record does not disclose why Plaintiff's counsel gave her an incorrect address
   for SafeRent.

28

roommate's car and did not compensate him for gasoline. *Id.*, ¶ 14.  Plaintiff claims that she incurred out-of-pocket expenses related to medical treatment for multiple sclerosis—which she was diagnosed with 30 years ago but Plaintiff does not know if this is part of her claim against SafeRent and has produced no documentary evidence of such expenses or their relationship to SafeRent's failure to respond to Plaintiff's request for a full file disclosure. *Id.*, ¶ 15.  Plaintiff's alleged emotional stress, if any, was caused by the information in her SafeRent Identify report only, and she began having this stress when she first saw her SafeRent Identify report in April, 2012. *Id.*, ¶ 16.

## THE CLAIMS AT WHICH THIS MOTION IS DIRECTED

**Claim III**.  Plaintiff alleges that SafeRent's "Consumer Disclosure Request Form" requires her to fill out a written request for a file disclosure, make photocopies of two forms of identification, and mail the form and copies to SafeRent.  (Third Amended Complaint ("TAC"), ¶ 35.)  Plaintiff alleges that with this process, consumers "are required to expend moneys on printing Defendant's paper forms, photocopying one or two forms of identification, and traveling to a post office and mailing to Defendant its required form and related photocopies." *Id.*, ¶ 37.  Plaintiff alleges that this form "effectively deprives consumers such as Plaintiff from obtaining a copy of their files free of charge."  In Claim III of her Third Amended Complaint, Plaintiff alleges that SafeRent violates 15 U.S.C. § 1681j(a), which requires nationwide consumer reporting agencies to supply file disclosures annually "without charge to the consumer", by employing "a complicated system requiring consumer to expend, time, effort and money in order to obtain their files." *Id.*, ¶ 79.  Plaintiff alleges both negligent and willful violation of the statute. *Id.*, ¶ 78 (citing both 15 U.S.C. § 1681n (willful violations of the FCRA) and 1681o (negligent violations of the FCRA)).

**Claims I and II.**  Plaintiff alleges that she requested that SafeRent disclose the contents of her file (*id.,* ¶¶ 29-31), but that SafeRent failed to provide her with such disclosure.  (*Id.,* ¶ 32.)  In Claim I, Plaintiff alleges two separate claims under 15 U.S.C. § 1681g(a), which requires consumer reporting agencies to disclose to consumers, on their request, the information in such consumers' files.  Plaintiff claims both that SafeRent willfully violated section 1681g(a), and that SafeRent negligently violated section 1681g(a).  *Id.,* ¶ 69 (citing both 15 U.S.C. § 1681n (willful violations of the FCRA) and 1681o (negligent violations of the FCRA.)  In Claim II, Plaintiff alleges that SafeRent violated California Civil Code sections 1785.10 and 1785.15, which impose on "consumer credit reporting agencies" file disclosure obligations similar to those found in 15 U.S.C. § 1681g(a), again by failing to provide her with a file disclosure.  *Id.,* ¶ 75.  Plaintiff does not expressly allege any willful violation of the California statutes (*see, id.,* ¶¶ 71-76), but she seeks statutory damages (*id.,* ¶ 76), which are available only on a showing of a willful violation of the statute.  Cal. Civ. Code § 1785.31(a)(2)(B).

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) requires summary judgment where "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  When, as here, the non-moving party bears the burden of proof at trial, the moving party's burden is satisfied by demonstrating an absence of evidence to support an essential element of the non-moving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986).  If the moving party satisfies its initial burden, the burden shifts to the non-moving party to set forth specific facts that demonstrate there is a genuine issue for trial—"the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  To carry this burden,

the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986).

In order for a fact to be material, it is not enough for the responding party to point to the mere allegations or denials contained in the pleadings. Instead, the party must set forth, by admissible evidence, specific facts demonstrating the existence of an actual issue for trial. Such facts must be more than merely "colorable." *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288 (9th Cir. 1987). Rather than providing a mere "scintilla" of support, the responding party must show that the trier-of-fact could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979*); In re Deep Vein Thrombosis*, 356 F. Supp. 2d 1055, 1061 (N.D. Cal. 2005) ("Speculation and conclusions . . . are insufficient to raise a genuine issue of material fact.").

## ARGUMENT

### I.   SAFERENT IS ENTITLED TO SUMMARY JUDGMENT ON CLAIM III BECAUSE PLAINTIFF'S "OUT OF POCKET COSTS" ARE NOT "CHARGES" PROHIBITED BY THE FCRA.

The FCRA requires that consumer reporting agencies disclose to consumers "all information in the consumer's file at the time of the [consumer's] request" (15 U.S.C. § 1681g(a)(1), and further requires that nationwide consumer reporting agencies make such disclosures "once during any 12-month period *upon request of the consumer* and *without charge to the consumer*." 15 U.S.C. § 1681j(a)(1)(A) (emphasis added).

Plaintiff does not allege that SafeRent imposed a charge as a condition of providing her with a full file disclosure. Indeed, it is undisputed that SafeRent

6

never demanded money from Plaintiff, and Plaintiff never paid SafeRent any money.  Statement, ¶ 12.  Plaintiff instead alleges that SafeRent violated section 1681j(a)(1)(A) by adopting "a complicated system requiring consumers to expend time, effort, and money in order to obtain their files."  (TAC ¶ 79; *see also* ¶¶ 35, 37.)  She claims to have incurred "out of pocket" costs sending the letter her attorneys drafted for her to the wrong address her attorneys supplied her.  Statement, ¶¶ 5-6.

Plaintiff simply misconstrues the statute.  Section 1681j(a) prohibits a nationwide consumer reporting agency from collecting a "charge" from the consumer as a condition of making a full file disclosure.  It does not require consumer reporting agencies to insure that consumers incur zero out of pocket costs in requesting such disclosures.  This is clear from (a) the language of section 1681j(a); (b) similar language in section 1681j(b), 1681j(c) and 1681j(d); (c) variant language in sections 1681j(e) and 1681j(f); and (d) the conditions to full file disclosure imposed on consumer reporting agencies by 15 U.S.C. § 1681h.

Section 1681j(a)(1) by its terms, makes a "request of the consumer" a precondition to the obligation of a nationwide consumer reporting agency to provide a full file disclosure "without charge to the consumer."  It plainly leaves any cost burden of making a request on the consumer, and simply prohibits the consumer reporting agency from charging the consumer a fee for providing the disclosure.

The same or similar phrasing is used to the same effect in other subsections of section 1681j.  Sections 1681j(b), 1681j(c), and 1681j(d) also each involve full file disclosures "without charge to [the] consumer."  Each of those statutes also conditions a consumer reporting agency's obligation to provide a "free" disclosure on some antecedent action of the consumer.  For a "[f]ree disclosure after adverse notice to the consumer," the consumer must first "make[] a request under

[§ 1681g]." 15 U.S.C. § 1681j(b).  For a "[f]ree disclosure[] under certain other

circumstances," the consumer reporting agency must make the disclosures '[u]pon

request of a consumer" after the consumer "certifies in writing" that certain facts

are true.  15 U.S.C. § 1681j(c).  A nationwide consumer reporting agency must

make "[f]ree disclosure in connection with fraud alerts," "[u]pon request of a

consumer."  15 U.S.C. § 1681j(d).  None of these statutes suggest or imply that the

obligated agency must not only furnish the full file disclosure for free, but also

reimburse the consumer for any costs she incurred in requesting the disclosure.

　　　　This is unsurprising, since sections 1681j(e) and 1681j(f) confirm that

"without charge to the consumer" used four times with minor variation in sections

1681j(a) through (d), is properly read as "without charge *imposed* (and collected)

by the consumer reporting agency *for providing* the disclosure."  Section 1681j(e)

provides that *"[a] consumer reporting agency shall not impose any charge* on a

consumer *for providing any notification* required by this title *or making any*

*disclosure* required by this title, except as authorized by subsection (f)."  15 U.S.C.

§ 1681j(e) (emphasis added.)  The words "impose" and "for providing . . . or

making" are significant.  Section 1681j(e) provides that a consumer reporting

agencies may not demand compensation to the agency as condition of (i.e., "for")

meeting their notice and disclosure obligations under the FCRA.  Section 1681j(f)

provides an exception to this rule.  For full file disclosure requests that fall outside

sections 1681j(a) through (d),[4] "a consumer reporting agency may *impose a*

---

[4] Given the "less-than-pellucid" text of the FCRA, (*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70, 127 S. Ct. 2201, 2215 (2007)), the interplay between sections 1681j(a) and 1681j(f) does not leap from the page.  In general, the FCRA imposes obligations on "consumer reporting agencies."  However, the Act imposes additional or in some cases more restrictive obligations on *nationwide* consumer reporting agencies, (15 U.S.C. § 1681a(p)), a subset of "consumer reporting agencies" that includes, for example, the "Big Three" credit reporting agencies.  The "free annual disclosure" requirement of section 1681j(a) applies only to certain nationwide consumer reporting agencies.  Non-nationwide consumer reporting agencies may, under section 1681j(f), charge the consumer a fee for providing a full file disclosure.

reasonable *charge* on a consumer . . . *for making a disclosure* to the consumer pursuant to section [1681g]." 15 U.S.C. § 1681j(f)(1)(A) (emphasis added).[5] Section 1681j(a) simply prohibits the mirror image of what section 1681j(f) permits: nationwide consumer reporting agencies cannot collect a charge from consumers for making annual full file disclosures. That does not mean they are obligated to cover consumers' costs in requesting such disclosures.

Plaintiff's argument that the cost to the consumer of providing SafeRent proof of identity constitutes a prohibited "charge" to the consumer is inconsistent with a related provision of the FCRA. 15 U.S.C. § 1681h(a)(1) provides that "[a] consumer reporting agency shall require, as a condition of making [full file disclosures] that the consumer furnish proper identification." The Federal Trade Commission, the federal agency then responsible for promulgating regulations to enforce the FCRA, in October 2004 promulgated regulations defining the "proper identification" required for full file disclosures. The FTC included as "reasonable information requirements for proof of identity" the very costs Plaintiff claims were improper, namely "copies of government issued identification documents, utility bills, and/or other methods of authentication of a person's identity ...." 16 C.F.R. § 614.[6]

Another district court has rejected the notion that a nationwide credit bureau's requirement of identity verification violates section 1681j(a). Under section 1681h, "the credit-reporting agency must require that the requesting consumer properly identify himself in order to reduce the risk of improper disclosure and the attendant risk of identity theft." *Singletery v. Equifax Info. Servs.*

---

[5] As of January 1, 2014, the Consumer Financial Protection Bureau caps the allowable charge at 411.50. 78 F. Reg., 797410 (De. 31, 2013).
[6] This regulation, originally issued by the FTC, was republished in 2011 by the Consumer Financial Protection Bureau, which was given FCRA enforcement authority by the Dodd-Frank Wall Street Reform and Consumer Protection Act. 12 U.S.C. § 5581(b)(5). The current citation is 12 C.F.R. § 1022.123.

*LLC*, No. 2:09-cv-489-TMP, 2011 U.S. Dist. LEXIS 156215, at *33 (N.D. Ala. Sept. 21, 2011), aff'd, 540 Fed. Appx. 939 (11th Cir. 2013).  Indeed, "[w]hen a request is made for a free annual disclosure . . . the requester is not necessarily known to [the credit reporting agency], and § 1681h mandates that [the credit reporting agency] take reasonable steps to require the requester to identify himself as the consumer whose credit file is being requested."  *Id.* at *48 (applying the "proper identification" requirement to a request made to nationwide consumer reporting agency Equifax under § 1681j).

Because the undisputed facts establish that SafeRent neither collected a charge from Plaintiff nor sought to collect a charge from Plaintiff for providing her with a full file disclosure, SafeRent is entitled to summary judgment on Plaintiff's Claim III.

**II.   SAFERENT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FILE REQUEST CLAIMS PREMISED ON WILLFULNESS BECAUSE SAFERENT FAILED TO DELIVER HER DISCLOSURE DUE TO AN ISOLATED INSTANCE OF HUMAN ERROR.**

To prove a willful violation of the FCRA, the plaintiff must first show, at a minimum, recklessness, with proof of "conduct violating an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known."  *Safeco Ins. Co. of Am.,* 551 U.S. at 68 (internal quotation marks and citation omitted); *see also Levine v. World Fin. Network Nat'l Bank,* 554 F.3d 1314, 1318 (11th Cir. 2009) (citing *Safeco* for the proposition that "[t]o prove a willful violation, a consumer must prove that a consumer reporting agency either knowingly or recklessly violated the requirements of the Act").  Further, courts in the Central District have recognized that willful noncompliance with the FCRA is rarely attributed to isolated instances of human error involving a single plaintiff.  *Legge v. Nextel Commc'ns, Inc.,* No. CV 02-8676 DSF (VBKx), 2004 U.S. Dist. LEXIS 30333, at *51 (C.D. Cal. June 25, 2004) (citing *Mathews v. Gov't Emps.*

*Ins. Co.*, 23 F. Supp. 2d 1160, 1165 (S.D. Cal. 1998)). "[F]inding of willful noncompliance with the FCRA is more likely if the defendant's violations result from a failure to maintain reasonable procedures as opposed to an isolated instance of human error involving a single plaintiff." *Id.* (explaining in a parenthetical the reasoning of *Mathews*, 23 F. Supp. 2d at 1165); *see also Sheffer v. Experian Info. Solutions, Inc.*, No. 02-7407, 2003 U.S. Dist. LEXIS 12728, at *12 (E.D. Pa. July 24, 2003) (noting that a willful violation may be found "where the evidence shows that inaccuracies in credit reports arise from something more than 'an isolated instance of human error which [the agency] promptly cures.'") (citation omitted).

The undisputed evidence shows that SafeRent failed to provide Plaintiff with a file disclosure only because of a series of human errors (including that of Plaintiff's lawyers) that involved Plaintiff and no other consumer. Before Plaintiff sent her letter in October 2012, SafeRent consistently advised consumers that its business location was in Rockville, Maryland. (Statement, ¶ 7.) However, Plaintiff's attorneys instructed her to mail her October, 2012 file disclosure request to a location in Poway, California, which had not to that date ever been SafeRent's address. *Id.* ¶ 6. After CoreLogic in late November relocated some SafeRent functions to Poway, Plaintiff's letter was forwarded to SafeRent's Rockville office, but was bundled with "disputes" from other consumers. *Id.* ¶¶ 8, 9. A SafeRent employee misread Plaintiff's letter as a "dispute," rather than as a request for disclosure of the information in Plaintiff's file. *Id.* ¶ 10.

Plaintiff took the depositions of five SafeRent representatives. During those depositions, her attorneys did not discover any conduct, action, or systemic issues to show that consumers regularly sent their file requests to addresses that were not SafeRent's, and thus that SafeRent should have had a process for handling re-directed requests. Indeed, Plaintiff has adduced no evidence that anyone other than

1   she ever sent a file disclosure request to any location other than those disclosed and

2   advertised by SafeRent. *Id.*, ¶ 11.

3         To establish a willful violation of the obligation to provide a file disclosure

4   upon a consumer request, Plaintiff bears the burden of adducing evidence showing

5   a practice of SafeRent that created a known, high risk that consumer file disclosure

6   requests made to SafeRent (or made to others, and somehow passed on to SafeRent)

7   would not be fulfilled.  Plaintiff cannot come forward with any facts to meet her

8   burden.  The evidence elicited shows that Plaintiff's case involves, if anything, an

9   isolated instance of human error. *Legge*, 2004 U.S. Dist. LEXIS 30333 at *51

10  (citing *Mathews*, 23 F. Supp. 2d at 1165).  Further, this error did not entail "an

11  unjustifiably high risk of harm that is either known or so obvious that it should be

12  known." *Safeco*, 551 U.S. at 68, 127 S. Ct. at 2215 (quotations omitted).

13  Therefore, the Court should grant summary judgment in favor of SafeRent on

14  Plaintiff's claims that SafeRent willfully violated the law in failing to provide her

15  with a full file disclosure in response to a letter her lawyers instructed her to send to

16  the wrong address.

17  **III.   SAFERENT IS ENTITLED TO SUMMARY JUDGMENT ON
        PLAINTIFF'S FILE REQUEST CLAIMS PREMISED ON**

18  **NEGLIGENCE BECAUSE SHE HAS NOT SUFFERED ANY
        ACTUAL DAMAGES ATTRIBUTABLE TO NON-DELIVERY OF**

19  **HER CONSUMER FILE.**

20        Plaintiff claims that SafeRent violated the CCRAA and negligently violated

21  the FCRA by failing to provide her with a copy of her report as she requested.

22  Proof of actual damages is a required element of both claims. *Banga v. Chevron*

23  *U.S.A., Inc.*, C-11-01498 JCS, 2013 U.S. Dist. LEXIS 2271, at *40 (N.D. Cal.

24  Jan. 7, 2013); *Trujillo v. First Am. Registry, Inc.*, 157 Cal. App. 4th 628, 637–39,

25  68 Cal. Rptr. 3d 732, 738-39 (Cal. App. 4th Dist. 2007).

26        Initially, Plaintiff may recover only for those damages incurred *after*

27  SafeRent allegedly received her file request, as SafeRent's duty to provide Plaintiff

28

with her file triggers only "upon request." *See Taylor v. Screening Reports, Inc.*, 294 F.R.D. 680, 686 (N.D. Ga. 2013). In other words, before SafeRent received Plaintiff's file request, it had no duty to provide Plaintiff with a copy. Therefore, any damages that Plaintiff incurred prior to SafeRent receiving her file request, assuming one was properly made, are not attributable to the alleged harmful event, i.e., the failure to provide Plaintiff with her consumer file. *Spector v. Equifax Info. Servs.*, 338 F. Supp. 2d 378, 385 (D. Conn. 2004) (finding that expenses incurred for mailing a file request are not actual damages "because they were expended prior to [a Plaintiff's] making a request for his credit file and thus cannot be causally linked to a subsequent failure to disclose") (citing *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. N.Y. 1995), cert. denied, 517 U.S. 1150, 116 S. Ct. 1452 (1996)).

The undisputed evidence shows that Plaintiff has not sustained any actual damages as a result of an unfulfilled file request. Although Plaintiff claims that she incurred out-of-pocket expenses related to mailing her file request to SafeRent, such expenses were obviously incurred before SafeRent received a copy of Plaintiff's file request, and were not caused by SafeRent's failure to deliver a file disclosure to her. *Casella*, 56 F.3d at 474 (finding that "expenses incurred merely to notify [a consumer reporting agency] of inaccurate credit information… cannot be compensable as 'actual damages' for a violation of the FCRA").

In addition, Plaintiff's alleged emotional stress cannot be attributed to SafeRent's failure to deliver a file disclosure to her. Plaintiff testified that her emotional distress derived not from SafeRent's non-response to her October 2012 file disclosure request, but from what she perceived to be inaccuracies in the SafeRent Identify report, which she obtained from her landlord when she rented her apartment in April 2012. Statement, ¶¶ 2-3, 16. When asked if she had any emotional stress other than that caused by information in her Identify report,

Plaintiff replied "no." *Id.* ¶ 17. This alleged emotional distress may relate to Plaintiff's separate claim that SafeRent did not follow procedures to assure maximum possible accuracy in consumer reports (*see* TAC "Count" IV, ¶¶ 80-82), but it plainly does not relate to SafeRent's non-delivery of a file disclosure. Absent actual damages attributable to the alleged failure to respond to her file request, Plaintiff's claim fails as a matter of law. *Chevron U.S.A.*, 2013 U.S. Dist. LEXIS 2271 at *40; *Trujillo*, 157 Cal. App. 4th at 637–39, 68 Cal. Rptr. 2d at 738-39.

## IV. PLAINTIFF'S CLAIM UNDER THE CCRAA RELATING TO HER FILE REQUEST (CLAIM II) SHOULD BE DISMISSED FOR THE SAME REASONS AS CLAIMS I AND III UNDER THE FCRA.

In Claim II, Plaintiff asserts a claim under the CCRAA's provisions on disclosure of files citing Cal. Civil Code § 1785.10 and § 1785.15. Section 1785.10(a) requires a consumer reporting agency "upon request and proper identification of any consumer" to permit the consumer to inspect the files maintained about the consumer at the time of the request. Section 1785.15(a) parallels §§ 1681g, and 1681j of the FCRA by requiring a consumer reporting agency to provide a file at the consumer's request only upon furnishing of "proper identification." Cal. Civil Code § 1785.15(b). Looking to interpretation of the FCRA for guidance (*Lewis v. Trans Union, LLC*, No. 1:13-CV-00229-LJO-BAM, 2013 U.S. Dist. LEXIS 55160, at *6-7 (E.D. Cal. Apr. 16, 2013)), this Court should dismiss Claim II under the CCRAA for the same reasons that Plaintiff's claims under § 1681g (Claim I) and § 1681j (Claim III) of the FCRA should be dismissed as set forth above.

## CONCLUSION

For the foregoing reasons, the Court should grant summary judgment in favor of SafeRent on each of Plaintiff's file request claims (Claims I-III).

14

Dated:     June 23, 2014                    FARUKI IRELAND & COX P.L.L.


By: /s/ Ronald I. Raether
        Ronald I. Raether


FARUKI IRELAND & COX P.L.L.

Attorneys for Defendant
CoreLogic SafeRent, LLC

855652.1