Michael A. Caddell (SBN 249469)
mac@caddellchapman.com
Cynthia B. Chapman (SBN 164471)
cbc@caddellchapman.com
Craig C. Marchiando (SBN 283829)
ccm@caddellchapman.com
**CADDELL & CHAPMAN**
1331 Lamar, Suite 1070
Houston TX 77010
Tel: (713) 751-0400, Fax: (713) 751-0906

Leonard A. Bennett (*pro hac vice*)
lenbennett@clalegal.com
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1A
Newport News VA 23606
Tel: (757) 930-3660, Fax: (757) 930-3662

James A. Francis (*pro hac vice*)
jfrancis@consumerlawfirm.com
John Soumilas (*pro hac vice*)
jsoumilas@consumerlawfirm.com
David A. Searles (*pro hac vice*)
dsearles@consumerlawfirm.com
**FRANCIS & MAILMAN, P.C.**
100 South Broad Street, 19th Floor
Philadelphia PA 19110
Tel: (215) 735-8600 Fax: (215) 940-8000

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SUSAN E. MORELAND, on behalf of herself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>CORELOGIC SAFERENT, LLC,<br><br>                    Defendant. | Case No. 8:13-cv-00470-AG-AN<br><br>**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF HER RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   September 22, 2014<br>Time:   10:00 a.m.<br>Place:  Courtroom 10D |

Case No. 8:13-cv-00470

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF HER RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

| Fact and Allegedly Supporting Evidence | Plaintiff's Response |
|---|---|
| **SafeRent's Reports on Plaintiff** | |
| 1.  In April, 2012, Plaintiff successfully applied with a co- applicant, to rent residential property in Vista, California.<br>• Deposition of Susan Moreland, pp. 59:14-20, 64:25-65:4. ("Moreland Depo.") (excerpts attached as 1). | Disputed in part. It is admitted that Plaintiff applied to rent an apartment in Visa, CA in April 2012.  It is denied that Plaintiff's application was "successful." |
| 2. In connection with leasing the property, her prospective landlord obtained a SafeRent Lease Decision & Reports set of reports on Plaintiff.<br>• *Id.* at 82:2-19. | Undisputed. |
| 3.  The landlord provided her with a copy of her reports.<br>• *Id.* at 82:2-19. | Undisputed. |
| 4.  Plaintiff believed there were inaccuracies in the SafeRent Identify report she received from her landlord, and she began investigating the means by which to correct the alleged inaccuracies.<br>• *Id.* at  82:2-19; 101:15-102:10 | Undisputed. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF HER RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Correspondence with SafeRent | |
|---|---|
| 5.  In October 2012, Plaintiff's attorneys prepared for her a letter to send to SafeRent that stated "Dear SafeRent: Please provide me with everything in my consumer file. Sincerely, [s/] Susan E. Moreland."<br>• *Id.* at  154:3-5; Ex. 14 to Moreland Depo. (attached as 2) | Undisputed. |
| 6.  The address in Poway to which Plaintiff's attorneys instructed Plaintiff to mail the letter was not one at which SafeRent had ever operated. The building housed operations of a CoreLogic subsidiary other than SafeRent.<br>• Moreland Depo. at 153:11-20; 152:18-19; Deposition of Robyn Small, pp. 80:10-13, 82:2-6. ("Small Depo.") (excerpts attached as 3). | Undisputed.  Plaintiff denies that this information is relevant or dispositive to the true claims at issue.  *See* Plaintiff's Statement of Facts, *infra*. |
| 7.  When Plaintiff sent her October 18, 2012letter to SafeRent, SafeRent was listing its Rockville MD address on its website, advertisements, and Consumer Request Disclosure forms. | Undisputed.  Plaintiff denies that this information is relevant or dispositive to the true claims at issue.  *See* Plaintiff's Statement of Facts, *infra*. |

| | |
|---|---|
| • Ex. 2 to Deposition of Angela Barnard ("Barnard Depo.") (attached as 4) (FIRST Advantage SafeRent Consumer Disclosure Forms and Instructions); Barnard Depo. at 16:5 (excerpts attached as 5). | |
| 8. After November 26, 2012, SafeRent's parent company, CoreLogic, relocated some SafeRent business operations such that SafeRent's responses to file disclosure requests were handled from Poway, and its responses to consumer claims that reports about them contained errors were handled from Rockville.<br><br>• Small Depo. at 10:17-12:5; 25:10-26:15. | Undisputed. Plaintiff denies that this information is relevant or dispositive to the true claims at issue. *See* Plaintiff's Statement of Facts, *infra*. |
| 9. After the November changes in the location of business operations, personnel in Poway forwarded the October 18 letter that Plaintiff had sent to the wrong address to SafeRent's Rockville location bundled with a group of letters disputing information in consumer files. Plaintiff's letter was received in Rockville on January 16, 2013.<br><br>• *Id.* at 77:9-17, 78:16-19, 84:4-14; 93:22-95:6 | Undisputed. Plaintiff denies that this information is relevant or dispositive to the true claims at issue. *See* Plaintiff's Statement of Facts, *infra*. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF HER RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| 10.  An employee in SafeRent's Rockville office mistakenly treated Plaintiff's October 18, 2012 1etter as a consumer claim that a report was erroneous rather than as a request for disclosure of the contents of Plaintiff's file.<br>• *Id.* at 89:18-92:1. | Disputed in part.  Defendant's failure to treat Plaintiff's request as a disclosure request was due to Defendant's procedures, including not instructing representatives to read correspondence from consumers.  Dkt. No. 73-5, Small Dep. at 83:24-85:1.   Plaintiff denies that this information is relevant or dispositive to the true claims at issue.  *See* Plaintiff's Statement of Facts, *infra*. |
| 11.  There is no evidence that any person other than Plaintiff sent a SafeRent file request to the Poway, California address prior to November 26, 2012.<br>• *Id.* at 80:21-81:10 | Undisputed.  Plaintiff denies that this information is relevant or dispositive to the true claims at issue.  *See* Plaintiff's Statement of Facts, *infra*. |
| 12.  SafeRent has neither collected nor sought to collect any fee or charge from Plaintiff in connection with her request for disclosure of the contents of her consumer file.<br>• *Id.* at 23:25-24:14 (no fee collected from consumers); Barnard Depo. at 77:23-78:13; (no fee collected from consumers since Credco assumed responsibility for responding to | It is undisputed that SafeRent did not collect any fee or monies from Plaintiff.   Plaintiff denies that this information is relevant or dispositive to the true claims at issue.  *See* Plaintiff's Statement of Facts, *infra*. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF HER RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| disclosure requests); Moreland Depo., at 190:2-23, 192:25- 193:4 (Plaintiff's list of out pocket expenses includes mailing costs, but not a fee paid to SafeRent). | |

**Plaintiff's Contentions Regarding Damages**

| | |
|---|---|
| 13.  Plaintiff claims to have incurred less than $20 of out-of-pocket expenses due to sending her file disclosure request to SafeRent by registered mail.<br>• *Id.* at 187:19-190:23. | Undisputed. |
| 14.  Plaintiff also claims to have spent two hours driving to UPS, Federal Express, then, finally, the post office to send in her correspondence to SafeRent, but she incurred no gasoline expense in doing so. She borrowed her roommate's car and did not compensate him for gasoline.<br>• *Id.* at 188:5-190:1. | Undisputed. |
| 15.  Plaintiff claims that she incurred out-of-pocket expenses related to medical treatment for multiple sclerosis—which she was diagnosed with 30 years ago (Id. at 185:13-1)--but Plaintiff does not know if this is part of her claim against SafeRent and has produced no documentary evidence of such expenses | Disputed in part.  It is undisputed that Plaintiff claims as damages medical expenses related to additional treatment for stress-related aggravation of an existing medical condition.  Plaintiff disputes Defendant's implication that |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF HER RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| or their relationship to SafeRent's failure to respond to Plaintiff's request for a full file disclosure.<br>• *Id.* at 122:13-123:6. | "documentary evidence" of damages is required. |
| 16.  Plaintiff's alleged emotional stress was caused by the information in her SafeRent Identify report only, and she began having this stress when she first saw her SafeRent Identify report in April, 2012.<br>• *Id.* at 195:13-17, 193:24-194:16. | Disputed.  Plaintiff's emotional distress is equally attributable to Defendant's failure to provide her with a copy of her SafeRent file, because such failure prevented her from attaining her goal of correcting the inaccuracies on the SafeRent report and preventing inaccurate information from being reported in the future.   Dkt. No. 73-2, Moreland Dep. at 101:21-102:10, 108:15-20, 123:4-6. |
| 17. When Plaintiff was asked during her deposition if she had any other emotional stress besides that caused by information in her Identify report, Plaintiff replied "No."<br>• *Id.* at 195:13-17. | Plaintiff disputes that a single answer to an objectionable question accurately represents Plaintiff's damages claims. *See* Plaintiff's Statement of Facts, *infra*. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF HER RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

# PLAINTIFF'S STATEMENT OF FACTS

| Fact | Evidence |
|------|----------|
| **The Experience of Plaintiff Susan Moreland** | |
| 1. In April 2012, SafeRent sold a highly inaccurate consumer report about Plaintiff Susan E. Moreland in connection with her application to rent a house. | Dkt. No. 73-1, Moreland Report; Dkt. No. 73-2 Moreland Dep. at 87:25–88:1. |
| 2. The report attributed to Plaintiff multiple full names and last names that she never used, identified her as multiple different men although she is a woman, and included numerous inaccurate previous addresses. | Dkt. No. 73-2, Moreland Dep. at 91:25–92:5, 92:23–93:15, 94:16–95:11, 95:23–96:6, 96:16–22, 130:7–12, 136:9–16, 137:9–25. |
| 3. The prospective landlord saw a problem regarding Plaintiff's identity due to the inaccurate SafeRent report, but ultimately rented to Plaintiff and her boyfriend because they had applied jointly. | Dkt. No. 3, Ramos Dep. at 77:14–25, 47:25–48:9. |
| 4. After being notified of the existence of these multiple aliases and other serious inaccuracies, Plaintiff attempted to correct the problem. | Dkt. No. 73-2, Moreland Dep. at 102:11–105:10. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF HER RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| 5.   Plaintiff sent a letter to Defendant identifying the inaccuracies in her report in approximately April 2012, but received no response. | *Id.* |
| 6.   She also contacted SafeRent directly through its website by submitting an electronic form, but again received no response. | *Id.* at 105:11-107:4. |
| 7.   When her multiple attempts to reach SafeRent proved unsuccessful, Plaintiff sought the assistance of counsel to write a letter to SafeRent requesting her complete consumer file. | *Id.* at 153:8-154:5; Dkt. No. 73-4, 10/19/2012 Letter. |
| 8.   In the letter, Plaintiff included her full name and address, Social Security number, date of birth, and her prior married name. | Dkt. No. 73-4. |
| 9.   Despite the clarity of the letter and the comprehensive information included therein, SafeRent again did not send Plaintiff a copy of her file disclosure. | Dkt. No. 73-2, Moreland Dep. at 156:21-24. |
| 10.   Discovery has revealed that although the letter was mailed to one of Defendant's published and established addresses for receiving consumer correspondence, an office in Poway, California, it languished there for over | Dkt. No. 73-5, Small Dep. at 77:9-78:3. |

Case No. 8:13-cv-00470

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF HER RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| three months until it was forwarded to Defendant's office in Rockville, Maryland. | |
| 11.   SafeRent's records confirm that no one responded to Plaintiff's request during those three months. | *Id.* at 76:18–77:8, 77:25–78:15, 82:21–83:7. |
| 12.   Even after Plaintiff's letter reached the Rockville office, however, SafeRent still failed to send Plaintiff her file disclosure.  Instead, despite Plaintiff's specific request for "everything in [her] consumer file," Defendant sent Plaintiff a letter explaining that she had provided "insufficient information" to process her request, along with a form for her to fill out, requiring her to provide even more information and authentication documentation. | Dkt. No. 73-4, 10/19/2012 Letter; Dkt. No. 73-5, Small Dep. at 87:3–15; Dkt. No. 73-6. |
| 13.   According to Defendant's corporate representative, SafeRent employees reviewing consumer correspondence were not instructed to read the contents of letters they received from the Poway office, a policy that led to Defendant processing Plaintiff's letter as a dispute of information rather than a request for her file. | Dkt. No. 73-5, Small Dep. at 83:25–85:1, 90:23–91:2, 92:3–24. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF HER RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| 14.   Still seeking a copy of her SafeRent file, Plaintiff returned to the SafeRent website, where she obtained Defendant's Consumer Disclosure Request Form, known in this litigation as the CRD-001 Form. | Dkt. No. 73-2, Moreland Dep. at 123:10-25.; Dkt. No. 73-7. |
| 15.  The instructions for that lengthy form require consumers to include in their correspondence:<br><br>• Photocopy of a valid driver's license, non-driver's license **OR** state, federal or military government-issued photo ID.<br><br>Alternatively, you may provide a photocopy of <u>two (2)</u> of the following pieces of identification:<br><br>• Social Security Card or ITIN<br>• Non-Government issued photo ID (such as Employment ID or Student ID)<br>• Recent Utility Bill (electric, gas or telephone bill) | Dkt. No. 73-7 at SR000080 (emphasis in original). |
| 16.   Plaintiff followed the instructions on the Consumer Disclosure Request Form, made copies of her identification documents, drove to the post office, and paid for postage to send the request for her file to SafeRent. | Dkt. No. 73-2, Moreland Dep. at 123:10-25. |

| | |
|---|---|
| 17.   Once again, however, SafeRent did not respond or provide Plaintiff with a copy of her file. | *Id.* at 126:11-12. |
| 18.   Although Plaintiff's requests, including that made using Defendant's proprietary request form, contained sufficient information to identify her, SafeRent never sent Plaintiff the contents of her file. | Dkt. No. 73-5, Small Dep. at 82:21–83:7, 87:3–25. |
| 19.   SafeRent's burdensome and convoluted procedures for handling consumer file requests cost Plaintiff time and money in trying to obtain her file after SafeRent failed to respond to her first request. | Dkt. No. 80-1, Moreland Dep. at 187:19-190:23. |
| 20.   Defendant's failure to send Plaintiff a copy of her consumer file upon request also caused her significant stress. | Dkt. No. 73-2, Moreland Dep. at 101:21-102:10, 108:15-20, 123:4-6. |
| 21.   She was worried about the inaccurate information in her SafeRent file, and wanted to correct the problem and prevent inaccurate information from being further reported in the future. | *Id.* |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF HER RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| SafeRent's Uniform and Cumbersome System for Handling Consumer File Requests | |
|---|---|
| 22.  Plaintiff's experience was not unusual.  SafeRent maintains uniform, deliberately-adopted procedures purportedly for providing consumers with copies of their files. | Dkt. No. 73-5, Small Dep. at 22:3–23:24, 28:7–29:17. |
| 23.  Unlike other national CRAs, which maintain procedures allowing consumers to request their consumer files over the telephone and on the Internet, SafeRent's procedures revolve around the use of the CRD-001 Form. | *Id.*; Ex. A, Declaration of Evan Hendricks (Hendricks Decl.). |
| 24.  Although Defendant maintains a toll-free telephone number, consumers who call the number are sent into a "phone tree," an automated system by which  consumers receive a series of message prompts, one of which consumers are instructed to select if they want to obtain a copy of their file disclosure. | Dkt. No. 73-5, Small Dep. at 35:11–38:20. |

| | |
|---|---|
| 25. If the consumer selects the "file-disclosure" prompt, they are then directed to an automated message instructing them to leave a message with their personal identifying information. | *Id.* |
| 26. In response to these messages, SafeRent will not send the consumers their file disclosures, but instead will send the CRD-001 Form which instructs consumers to fill out the information and supply the documentation described on it. | *Id.* at 36:7–10, 38:3–20, 45:6–47:24, 51:25–52:22. |
| 27. Consumers who attempt to order their file disclosures through the Internet are subjected to the same process. Defendant's website instructs consumers who wish to order their file disclosures to download the CRD-001 Form and send it in along with the specified documentation. | *Id.* at 36:15–37:5. |
| 28. For consumers who are somehow able to find SafeRent's fax number or write to SafeRent directly, SafeRent will sometimes send them their file disclosures, while at other times it sends the CRD-001 Forms. | *Id.* at 31:17–32:11. |

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF HER RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| 29.   Other CRAs have established disclosure-request procedures which allow millions of consumers to obtain their consumer files instantly on the internet or by calling a toll-free number, without requiring consumers to incur expenses or submit documentation. | Ex. A, Hendricks Decl. |
| 30.     Ironically, when a *paying* customer wants to buy a consumer report, SafeRent does not require the CRD-001 Form or the same level of information in order to identify the consumer and deliver his or her file. | Ex. B, Doyle Dep. at 52:4-54:17. |
| 31.   Although SafeRent allows paying customers to enter minimum identifying information into an online form in order to obtain a report on a consumer, it does not provide a similar option for consumers seeking their free file disclosure. | *Id.*; Dkt. No. 73-5, Small Dep. at 36:15–37:5. |

Date:   August 11, 2014

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

*/s/ John Soumilas*
James A. Francis (*Pro Hac Vice*)
John Soumilas (*Pro Hac Vice*)
David A. Searles (*Pro Hac Vice*)

**CADDELL & CHAPMAN**
Michael A. Caddell
Cynthia B. Chapman
Craig C. Marchiando

**CONSUMER LITIGATION ASSOCIATES, P.C.**
Leonard A. Bennett (*Pro Hac Vice*)

*Attorneys for Plaintiff*

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF HER RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 11, 2014, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ *John Soumilas*
John Soumilas

PLAINTIFF'S STATEMENT OF GENUINE DISPUTES IN SUPPORT OF HER RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT