1   JAMES F. McCABE (CA SBN 104686)
    jmccabe@mofo.com
2   NANCY R. THOMAS (CA SBN 236185)
    NThomas@mofo.com
3   MORRISON & FOERSTER
    707 Wilshire Blvd.
4   Los Angeles, CA  90017-3543
    Phone: (213) 892-5561
5   Fax: (213) 892-5454

6   RONALD I. RAETHER (admitted *pro hac vice*)
    rraether@ficlaw.com
7   DONALD E. BURTON (admitted *pro hac vice*)
    dburton@ficlaw.com
8   FARUKI IRELAND & COX P.L.L.
    500 Courthouse Plaza, S.W.
9   10 North Ludlow Street
    Dayton, OH 45402-1818
10  Phone: (937) 227-3733
    Fax: (937) 227-3717

11

12  Attorneys for Defendant
    CORELOGIC SAFERENT, LLC

13

14                  UNITED STATES DISTRICT COURT

15                 CENTRAL DISTRICT OF CALIFORNIA

16  | SUSAN E. MORELAND, on behalf | Case No. SACV 13-00470 AG (ANx) |
17  | of herself and all others similarly situated, | |
    | | **REPLY OF DEFENDANT** |
18  | Plaintiff, | **CORELOGIC SAFERENT, LLC** |
    | | **IN SUPPORT OF ITS MOTION** |
19  | v. | **FOR SUMMARY JUDGMENT** |
    | | **ON CLAIMS I, II, AND III** |
20  | CORELOGIC SAFERENT, LLC, | |
    | | Hon. Andrew J. Guilford |
21  | Defendant. | |
    | | Hearing Date:    September 22, 2014 |
22  | | Hearing Time:    10:00 a.m. |
    | | Location:    Courtroom 10D |
23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

**Page**

I.    SUMMARY ................................................................................. 1

II.   SAFERENT IS ENTITLED TO SUMMARY JUDGMENT ON
      CLAIM III BECAUSE PLAINTIFF CANNOT SHOW THAT
      SAFERENT ATTEMPTED TO COLLECT A "CHARGE" AS A
      CONDITION OF PROVIDING HER FILE ................................................ 2

      A.    Section 1681j Consistently Uses the Term "Charge" to Refer to
            a Fee Demanded by A Consumer Reporting Agency ......................... 2

      B.    Plaintiff's Reliance on Dictionary Definitions Instead of
            Statutory Context Confirms Congress's Intent to Limit "Charge"
            to a Fee ............................................................................ 4

      C.    Plaintiff's Reliance on Section 1681j(A)(1)(C) is Misplaced as It
            Bears No Relation to the Meaning of "Charge" ............................. 6

      D.    Plaintiff's Arguments About a "Streamlined Process" Bear No
            Relevance to the Plaintiff or the Class She Seeks to Represent .......... 7

      E.    In Regard to Plaintiff, SafeRent Had A Streamlined File
            Disclosure Process ................................................................ 8

      F.    Plaintiff's Untimely "Expert" Testimony Should Be Stricken
            and is Nonetheless Irrelevant to Determining the Meaning of
            Charge ............................................................................. 12

III.  SAFERENT IS ENTITLED TO SUMMARY JUDGMENT ON
      CLAIMS I AND II because PLAINTIFF DID NOT COME
      FORWARD WITH EVIDENCE OF A WILLFUL VIOLATION OF
      SECTION 1681G, PRECLUDING STATUTORY DAMAGES AND
      FAILED TO IDENTIFY ACTUAL DAMAGES CAUSED BY THE
      FAILURE TO PROVIDE A COPY OF HER FILE UPON REQUEST ..... 13

IV.   CONCLUSION ......................................................................... 17

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Barber v. Thomas*, 560 U.S. 474, 130 S. Ct. 2499 (2010).........................................3

*Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010)......................................10

*Garrison v. Equifax Info. Servs.*, LLC, No. 10-13990, 2012 U.S. Dist. LEXIS 52942 (E.D. Mich. Apr. 16, 2012)...........................................5

*Gillespie v. Equifax Info. Servs., L.L.C.*, 484 F.3d 938 (7th Cir. 2007) .................10

*Henson v. Fid. Nat'l Fin. Inc.*, No. 2:14-cv-01240-ODW (RZx), 2014 U.S. Dist. LEXIS 59536 (C.D. Cal. Apr. 29, 2014)..........................................3, 4

*Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262 (9th Cir. 1991) ...............................17

*Knight v. Yarborough*, No. CV 03-01210-AG (VBK), 2011 U.S. Dist. LEXIS 113710 (C.D. Cal. Aug. 22, 2011) (Kenton, M.J.)...........................14

*Larson v. Trans Union, LLC*, No. 12-cv-05726-WHO, 2014 U.S. Dist. LEXIS 51446 (N.D. Cal. Apr. 14, 2014) ...........................................10

*Legge v. Nextel Commc'ns, Inc.*, No. CV 02-8676 DSF (VBKx), 2004 U.S. Dist. LEXIS 30333 (C.D. Cal. June 25, 2004) ........................................ 14, 16

*Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018 (9th Cir. 2003) .............9

*Lonberg v. City of Riverside*, 571 F.3d 846 (9th Cir. 2009), *cert. denied*, __ U.S. __, 131 S. Ct. 78 (2010)..........................................7

*Mathews v. Gov't Emps. Ins. Co.*, 23 F. Supp. 2d 1160 (S.D. Cal. 1998) ..............16

*Meyer v. Nat'l Tenant Network, Inc.*, No. C-13-03187 JSC, 2014 U.S. Dist. LEXIS 6797 (N.D. Cal. Jan. 17, 2014)..........................................10

*Miller v. Trans Union, LLC*, No. 3:12-cv-01715, 2013 U.S. Dist. LEXIS 139589 (M.D. Penn. Sept. 27, 2013) ..........................................10

*Moreland v. CoreLogic SafeRent, LLC*, No. SACV 13-470 AG (ANx), 2013 U.S. Dist. LEXIS 157302 (C.D. Cal. Oct. 25, 2013) ........................ 5-6

*Myers v. Bennett Law Offices*, 238 F. Supp. 2d 1196 (D. Nev. 2002) ...................17

*Pence v. Andrus,* 586 F. 2d 733 (9th Cir. 1978) ...........................................................9

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S. Ct. 2201 (2007).......... 11-12, 16

*Singletery v. Equifax Info Servs., LLC, No. 2:09-cv-489-TMP (N.D. Ala. Sept. 22, 2011)*..................................................................................6

*Spector v. Equifax Info. Servs.*, 338 F. Supp. 2d 378 (D. Conn. 2004) ...................16

*Subotincic v. 1274274 Ontario Inc.*, No. SACV 10-01946 AG (PSWx), 2013 U.S. Dist. LEXIS 110726 (C.D. Cal. Apr. 9, 2013)..............................12

*Taylor v. List*, 880 F.2d 1040 (9th Cir. 1989) ..........................................................14

*United States v. Stevens*, 559 U.S. 460, 474, 130 S. Ct. 1577 (2010) ......................3

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001)........12

*Zaun v. J.S.H. Inc.*, No. 10-2190 (DWF/JJK), 2010 U.S. Dist. LEXIS 102062 (D. Minn. Sept. 28, 2010).......................................................14

**STATUTES**

Cal. Civ. Code

§1785.10.................................................................................................13

§1785.15.................................................................................................13

§1785.31(a)(1) ......................................................................................16

§1785.31(a)(2)(B)...............................................................................16

12 C.F.R.

§1022.123................................................................................................5

§1022.137..............................................................................................11

§1022.137(a)........................................................................................10

§1022.137(a)(1)(i) ....................................................................... 10-11, 11

12 U.S.C. 5581(b)(5)(A) .........................................................................8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

15 U.S.C.

§1681a(p) ......................................................................6, 12

§1681a(p)(1) ........................................................................13

§1681a(p)(2) ........................................................................13

§1681a(w)(2) ........................................................................13

§1681a(x) ...............................................................................6

§1681e(a) ...............................................................................5

§1681g ...............................................................................2, 13

§1681g(a) ................................................................................4

§1681g(a)(1) .........................................................................10

§1681h .................................................................... 5, 8, 10, 17

§1681h(a)(1) .................................................................. 4, 5, 13

§1681j ............................................................. 2, 3, 5, 6, 7, 11

§1681j(a) .................................................................................3

§1681j(a)(1)(A) ........................................................ 1, 3, 4, 6, 7

§1681j(a)(1)(B) ......................................................................12

§1681j(a)(1)(C) ............................................................... 6, 7, 8

§1681j(a)(1)(C)(i) ....................................................................6

§1681j(b) ............................................................................3, 7

§1681j(c) .................................................................................3

§1681j(d) ................................................................................3

§1681j(e) .................................................................................3

§1681j(f) ..............................................................................3, 5

§1681j(f)(1) .............................................................................4

§1681n .................................................................................................. 7

1681n(a)(1)(A) ................................................................................. 2, 16

§1681o(a)(1) ......................................................................................... 16

§1681s(a)(1) ........................................................................................... 8

Fed. R. Civ. P.

26(a)(2) .................................................................................................. 12

26(f) ...................................................................................................... 12

37(c)(1) .................................................................................................. 12

56(c)(2) .................................................................................................. 12

401 ........................................................................................................ 13

**OTHER AUTHORITIES**

78 Fed. Reg. 79410 (Dec. 30, 2013) .................................................. 3

I.    <u>SUMMARY</u>

Plaintiff's opposition to Defendant CoreLogic SafeRent, LLC's ("SafeRent") summary judgment motion is based on erroneous interpretations of the Fair Credit Reporting Act ("FCRA") and assertions of "fact" that are unsupported (and in some cases squarely contradicted) by the record.  To avoid summary judgment on her claim under 15 U.S.C. § 1681j(a)(1)(A) (Claim III), it was incumbent upon Plaintiff to show that Defendant demanded or collected from her a charge (*i.e.*, a fee) as a condition of providing her with a copy of her file.  Plaintiff admits that no such fee or charge was demanded or paid, and hence admits the facts that entitle Defendant to summary judgment on Claim III.

Plaintiff's attempt to redefine her "without charge" claim as one about SafeRent's supposed lack of "a streamlined process" for the fulfillment of file disclosure requests is similarly unavailing: it is contrary to the characterization of the claim in Plaintiff's motion for class certification, and it misconstrues the statute.  Even if Plaintiff could state a revised claim regarding "a streamlined process" in the face of a pending summary judgment motion, SafeRent would still be entitled to summary judgment on the undisputed evidence.  The actual record evidence (as distinct from Plaintiff's unsupported argument) establishes that SafeRent *had* streamlined procedures for file disclosure requests and further establishes that Plaintiff *didn't use them* – instead, at the direction of her counsel, she mailed her file disclosure request to a location where Defendant had no operations, rather than to the Defendant's published address for file requests.

SafeRent is also entitled to summary judgment on Claims I and II, since the record evidence supports neither statutory nor actual damages for non-delivery of a file disclosure, where Plaintiff sent her request to the wrong address, and seems to have been the only consumer ever to have done so.  To recover statutory damages, Plaintiff must show (a) that mailing a letter to an address at which SafeRent had not to that time operated constituted a "request" to which the FCRA required SafeRent

1    to respond (*see* 15 U.S.C. § 1681g (requiring file disclosures "upon request,"

2    subject to "proper identification")), and (b) if so, that SafeRent's non-delivery of a

3    file disclosure in response to a misaddressed letter was a *willful* violation of the

4    statute. 15 U.S.C. § 1681n(a)(1)(A). Plaintiff does not dispute that she sent her

5    letter to a location at which SafeRent had not to that time operated. The Court can

6    thus conclude on the undisputed facts that Plaintiff cannot establish a "request"

7    requiring a file disclosure, and that summary judgment in SafeRent's favor is

8    properly granted on Claims I and II. Even if Plaintiff's misaddressed letter could

9    amount to a "request," "willful" violations do not include isolated instances of error

10   to which the plaintiff herself materially contributes. Plaintiff presented no evidence

11   that SafeRent received in diverse parts of its organization misaddressed letters from

12   a sufficient number of consumers that it needed an organization-wide policy for

13   dealing with such letters. Plaintiff also cannot recover actual damages. Her

14   testimony shows that she suffered no actual damages as a result of not receiving a

15   second copy of her file. Plaintiff's landlord furnished her with a copy of SafeRent's

16   report about her when she rented her house.

17       This Court should grant summary judgment based on the undisputed facts

18   and the absence of evidence to support Plaintiff's assertions. SafeRent is entitled to

19   summary judgment on Claims I, II, and III.

20   II.     SAFERENT IS ENTITLED TO SUMMARY JUDGMENT ON

21         CLAIM III BECAUSE PLAINTIFF CANNOT SHOW THAT
           SAFERENT ATTEMPTED TO COLLECT A "CHARGE" AS

22        A CONDITION OF PROVIDING HER FILE

23        A.     Section 1681j Consistently Uses the Term "Charge" to Refer
             to a Fee Demanded by A Consumer Reporting Agency

24       Plaintiff's admission that she "never claimed that [SafeRent] billed her for

25   her file" (Plaintiff's Opposition to Defendant's Motion for Summary Judgment on

26   Claims I, II and III (Doc. No. 83) ("Pl.'s Mem.," p. 2) requires entry of summary

27   judgment in SafeRent's favor on Claim III.

28

1    Section 1681j of the FCRA is entitled "Charges *for* Certain Disclosures"

2  (emphasis added).  It specifies circumstances in which consumer reporting agencies

3  must make *free* disclosures (§1681j(a) ("Free annual disclosure"); §1681j(b) ("Free

4  disclosure after adverse notice to consumer"); §1681j(c) "Free disclosure under

5  certain other circumstances"; and §1681j(d) ("Free disclosures in connection with

6  fraud alerts") as well as circumstances in which "Reasonable charges [are] *allowed*

7  for certain disclosures," 15 U.S.C. §1681j(f) (permitting certain consumer reporting

8  agencies to "impose a reasonable charge" not to exceed $8[1] for making a full file

9  disclosure) (emphasis added).  Section 1681j(e), entitled "Other charges

10  prohibited," states that consumer reporting agencies may "not *impose any charge*

11  on a consumer *for* providing any notification required by [the FCRA] or *making*

12  *any disclosure* required by [the FCRA], except as authorized by [15 U.S.C.

13  §1681j(f)]."  (emphasis added.)  Section 1681j is plainly concerned only with when

14  consumer reporting agencies may and may not collect fees from consumers in

15  connection with their discharge of FCRA obligations.

16    Claim III concerns § 1681j(a)(1)(A), which requires two types of consumer

17  reporting agencies to make "Free annual disclosure."  The statutory text requires

18  that disclosures be made "without charge to the consumer."  "A court may clarify a

19  word's meaning by considering surrounding words and phrases …." *Henson v. Fid.*

20  *Nat'l Fin. Inc.*, No. 2:14-cv-01240-ODW (RZx), 2014 U.S. Dist. LEXIS 59536, at

21  *7 (C.D. Cal. Apr. 29, 2014 (citing *United States v. Stevens*, 559 U.S. 460, 474, 130

22  S. Ct. 1577, 1588 (2010)) as "[t]here is a presumption that Congress used a given

23  term to mean the same thing throughout a statute." *Henson,* 2014 U.S. Dist. LEXIS

24  59536, at *7 (citing *Barber v. Thomas*, 560 U.S. 474, 483-84, 130 S. Ct. 2499, 2506

25  (2010)).  In a statute that repeatedly refers to "free" disclosures, and refers to when

26

27  _____

[1] As of January 1, 2014, the Consumer Financial Protection Bureau caps the
allowable charge at $11.50.  78 Fed. Reg. 79410 (Dec. 30, 2013).

28

a consumer reporting agency may or may not "impose a charge on a consumer," the phrase "without charge" unmistakably means "without imposing a charge on the consumer," *i.e.*, without a demand for money in connection with file disclosure requests.  Nothing in § 1681j(a)(1)(A) relieves a consumer of the cost or burden of making the "request" to a consumer reporting agency that triggers a disclosure obligation (15 U.S.C. § 1681g(a), or of the cost or burden of providing the consumer reporting agency the "proper identification" it must require before responding to a disclosure request.  15 U.S.C. § 1681h(a)(1).

Plaintiff admits that SafeRent did not collect any money from her, Defendant's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment on Claims I, II and III (Doc. No. 80) ("Statement"), p. 3 (¶ 12), so SafeRent is entitled to summary judgment on Claim III.

> B.  Plaintiff's Reliance on Dictionary Definitions Instead of Statutory Context Confirms Congress's Intent to Limit "Charge" to a Fee

Initially, no further analysis is needed, as Plaintiff presents no counterpart to the detailed statutory analysis included in SafeRent's brief.[2]  "If the language is unambiguous, the court may look no further; a court may consult extrinsic materials such as legislative history only if the language is unclear."  *Henson*, 2014 U.S. Dist. LEXIS 59536, at *7.  Instead, Plaintiff ignores the language in the balance of the statute adopted by Congress and relies on Black's Law Dictionary and Miriam Webster.  Pl.'s Mem., p. 17 (Doc. No. 83).  The resulting interpretation of the statute creates numerous inconsistencies and contradictions.  If "without charge" in section 1681j(a)(1(A) means without "the costs of photocopying, transportation, and postage," as asserted by Plaintiff (Pl.'s Mem., p. 17), then the "reasonable charge" limitation of section 1681j(f)(1) has to take account of such costs, too.

---

[2] Plaintiff cites *no* caselaw on point that supports her interpretation of the statute.

1   Plaintiff offers no explanation of how a consumer reporting agency is to determine

2   when a consumer incurs costs and out-of-pocket expenses in excess of $8, now

3   $11.50, and thus impose a charge in excess of what is permitted by § 1681j(f).

4   Such a question is not only absurd, but also contrary to the mandates of 15 U.S.C.

5   § 1681h(a)(1), which requires that the CRA release a file only when it is satisfied

6   that the requester has presented "proper identification."[3]   The types of expenses

7   Plaintiff claims to be prohibited are instead permitted (and in some instances

8   required) to comply with §1681h.  12 C.F.R. § 1022.123; *Garrison v. Equifax Info.*

9   *Servs., LLC*, No. 10-13990, 2012 U.S. Dist. LEXIS 52942, at *15-18 (E.D. Mich.

10   Apr. 16, 2012).  To assert, as Plaintiff does, that "without charge" prohibits a CRA

11   from requiring a requester to verify their identity because Black's Law Dictionary

12   defines "charge" to include "'an assigned duty or task; responsibility'" Pl.'s Mem.,

13   p. 16 (Doc. No. 83), would require this Court to determine that §1681h does not

14   apply to requests under §1681j – such a conclusion is contrary to the statutory

15   structure of the FCRA and at odds with the holding of this Court and other courts

16   that §1681h applies to requests made under §1681j.  *Moreland v. CoreLogic*

17

18   _____

     [3] Plaintiff's comment that "[i]ronically, when a *paying* customer wants to buy a

19   consumer report, SafeRent does not require the CRD-001 Form or the same level of
     information in order to identify the consumer and deliver his or her file" is not only

20   unsupported by the record, but also contradicted and irrelevant.  Pl.'s Mem., p. 7
     (Doc. No. 83) (emphasis in original).  Plaintiff is citing to testimony regarding what

21   information a previously vetted end user customer must input to conduct a search
     for a consumer report, which is simply irrelevant to what steps are required for one-

22   off requests from an unknown inquirer.  Indeed, an end user customer of SafeRent,
     a landlord for example, has to verify its identity, and agree to a contract, and then

23   comply with 15 U.S.C. § 1681e(a) by certifying that it has a permissible purpose
     prior to requesting a report on a consumer.  Deposition of Jason Doyle ("Doyle

24   Depo."), pp. 50:12-53:2 (excerpts attached as Exhibit 1).  There will have been no
     equivalent of the initial "on-boarding" and verification of a new customer (*id.* at

25   49:9-50:4) at the time an individual first calls in and requests her file.  It is for this

26   reason that § 1681h deals with making sure that both the proper report is delivered
     and the inquirer is who they say they are.

27

28

*SafeRent LLC*, No. SACV 13-470 AG (ANx), 2013 U.S. Dist LEXIS 157302, at *7 (C.D. Cal. Oct. 25, 2013); *Singletery v. Equifax Info. Servs., LLC*, No. 2:09-cv-489-TMP, 2011 U.S. Dist. LEXIS 156215, at *32-33 (N. D. Ala. Sept. 22, 2011).

C.     Plaintiff's Reliance on Section 1681j(A)(1)(C) is Misplaced as It Bears No Relation to the Meaning of "Charge"

Recognizing the futility of her argument that "charge" means something other than a "fee imposed by the consumer reporting agency," Plaintiff asserts vaguely (Pl.'s Mem., p. 17 (Doc. No. 83)) that §1681j "as a whole is aimed at preventing CRAs from erecting unnecessary barriers to consumers seeking their consumer files" citing to a subsection of §1681j authorizing the FTC to issue regulations requiring particular types of CRAs to establish "a streamlined process for consumers to request consumer reports." This argument that the reference to "a streamlined process" broadens the meaning of "charge" is defective and misplaced. Initially, the term "charge" does not appear in §1681j(a)(1)(C). Thus, there is no basis to say that a failure to institute "a streamlined process" under §1681j(a)(1)(C) constitutes a "charge" as used in §1681j(a)(1)(A).

A review of the structure of §1681j ends any further consideration of Plaintiff's attempt to inject the "streamlined process" requirements to suggest a misreading of the term "charge." Section 1681j(a)(1)(A), requiring annual file disclosures "without charge," the section that SafeRent is alleged to have violated, applies not only to "nationwide specialty consumer reporting agenc[ies]," but also to "nationwide... consumer reporting agenc[ies]" defined under § 1681a(p) (essentially, the three credit bureaus, Experian, Equifax, and TransUnion). However, the "streamlined process" language which appears in §1681j(a)(1)(C)(i) applies only to nationwide *specialty* consumer reporting agencies as defined in §1681a(x).[4] Congress could not have intended "without charge" to have one

_____

[4] Section 1681a(x) defines a nationwide *specialty* consumer reporting as "a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis relating to -- (1) medical records or payments; (2) residential or

6                                                                    (footnote cont'd...)

1    meaning for specialty CRAs and a different meaning for Experian, Equifax, and

2    TransUnion.

3         Indeed, §1681j(b) requires **all** consumer reporting agencies (regardless of

4    type) to disclose the consumer's file "without charge" when the consumer has

5    received an adverse action notice pursuant to §1681n.  There is no textual basis to

6    interpret the term "without charge" differently when it appears in §1681j(b) than

7    when it appears in §1681j(a)(1)(A) or the other places where "without charge" is

8    used and is not limited to specialty consumer reporting agencies.  Thus, "without

9    charge" must be interpreted without reference to the concept of "streamlined

10   process," which appears nowhere in §1681j(a)(1)(A) or §1681j(b).  Plaintiff's

11   reference to a provision empowering the FTC to set rules for a limited type of CRA

12   has no relevance to the consistent use of "without charge" in §1681j to mean a fee

13   prohibited or collected by all types of CRAs.

14        D.    Plaintiff's Arguments About a "Streamlined Process" Bear No
              Relevance to the Plaintiff or the Class She Seeks to Represent
15

16        In her Memorandum of Points and Authorities in Support of Plaintiff's

17   Motion for Class Certification (pp. 8-9), Plaintiff unambiguously states that the

18   "The FCRA Provision[] at Issue" for Claim III is §1681j(a)(1)(A), not

19   §1681j(a)(1)(C).  This point is affirmed by looking at her proposed class definition,

20   which includes as an element that the putative class member had not made a file

21   request in the past year, a requirement which only appears in §1681j(a)(1)(A).

22   Indeed, Plaintiff cannot be asserting a separate claim under section §1681j(a)(1)(C),

23   as the regulations authorized by that provisions are not enforceable by a private

24   right of action.  *Lonberg v. City of Riverside*, 571 F.3d 846, 850-51 (9th Cir. 2009)

25   ("Only those regulations effectuating the statute's clear prohibitions or

26   _____

     (...cont'd)
27   tenant history; (3) check writing history; (4) employment history; or (5) insurance
     claims."
28

7

1   requirements are enforceable through the statute's private right of action;

2   regulations that do not encapsulate the statutory right and corresponding remedy are

3   not privately enforceable."), *cert. denied*, __ U.S. __, 131 S. Ct. 78 (2010).

4   Section 1681j(a)(1)(C) merely authorizes regulations ("The Commission shall

5   prescribe regulations ...."). Those regulations of course may be enforced by the

6   appropriate agency under 15 U.S.C. §1681s(a)(1) (formerly the FTC, now the

7   Consumer Financial Protection Bureau, 12 U.S.C. § 5581(b)(5)(A)), but not by a

8   private party.

9        E.    In Regard to Plaintiff, SafeRent Had A Streamlined File
      Disclosure Process

10

11        Regardless, even if such a claim existed, the undisputed facts establish that as

12   far as Plaintiff was concerned, SafeRent *had* a streamlined file disclosure request

13   process; Plaintiff just failed to use it. The uncontroverted testimony of SafeRent

14   employees is that SafeRent provided file disclosures in response to requests

15   received in its file disclosure unit without regard to how the consumer

16   communicated identifying information (letter, voicemail message, submitted

17   Consumer Disclosure Request form) so long as the consumer's communication

18   contained sufficient information to meet SafeRent's statutory obligation to require

19   personal identification before disclosing a file.[5] The letter that Plaintiff wrote to

20   _____

21   [5] At the time Plaintiff made her request, SafeRent accepted file disclosure requests
      via the phone, fax, by form or by any writing such as a letter. Deposition of Robyn
      Small ("Small Depo."), pp. 37:6-22, 38:15-20 (phone) (excerpts attached as

22   Exhibit 2); *Id* at 21:10-21 (fax); Deposition of Angela Barnard ("Barnard Depo."),
      pp. 21:19-22 (email) (excerpts attached as Exhibit 3); Small Depo., pp. 31:25–34:3

23   (letter); Barnard Depo., pp. 43:3-44:1 (letter with sufficient identifying information
      and copy of ID could be used instead of form).) SafeRent employees determined

24   whether a consumer's file disclosure request contained sufficient identifying
      information on a case by case basis. Small Depo., pp. 31:25-35-9; 85:14-87:2.

25   This effort required an individualized review of the information submitted by the

26   consumer to (a) identify the file that matched the consumer making the request, and
      (b) verify the identity of the person making the inquiry, as required by §1681h. *Id.*

27   SafeRent individually reviewed each file request to determine whether a consumer

28   provided sufficient background information to match up with a unique file, and to

(footnote cont'd...)

1    SafeRent contained sufficient information under SafeRent's procedures to trigger a

2    file disclosure, and it would have done so *if Plaintiff had followed SafeRent's*

3    *procedures by mailing it to the right address.*  Deposition of Robyn Small ("Small

4    Depo."), pp. 85:14–87:2 (excerpts attached as Exhibit 2).  Plaintiff does not (and

5    cannot) argue that a process under which a consumer reporting agency will provide

6    a full file disclosure in response to a properly directed letter stating "[p]lease

7    provide me with everything in my consumer file," and containing the sender's

8    name, date of birth and social security number is not "streamlined."  As to Plaintiff,

9    the only evidence in the record is that SafeRent failed to respond to Plaintiff's letter

10    due to her misdirection of the letter itself and a clerical error in the business unit

11    that did not handle file requests to which her letter was fortuitously directed, not

12    because SafeRent's processes demanded more of Plaintiff than her letter provided.

13    Small Depo., pp. 89:18–92:1.

14        Plaintiff's arguments about "streamlined process" are irrelevant as to her, and

15    misrepresent both the facts and the law.  An individual plaintiff cannot avoid

16    summary judgment by complaining of a process to which someone else was

17    allegedly subjected.  *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018,

18    1022 (9th Cir. 2003) ("'In class actions, the named representatives must allege and

19    show that they personally have been injured, not that injury has been suffered by

20    other, unidentified members of the class to which they belong and which they

21    purport to represent.'" (quoting *Pence v. Andrus*, 586 F.2d 733, 736-37 (9th Cir.

22    1978))).  There is no allegation that Plaintiff used any of the various methods

23    SafeRent made available for consumers to request file copies or that SafeRent

24

25    _____
      (…cont'd)

26    verify that the requesting party was the person who was the subject of the file.  *Id.*
      at 33:22–35:9, 85:14–87:2.  If it was able to match the request to a unique file, then

27    SafeRent would provide the consumer with a copy of his file so long as the
      SafeRent employee did not have reason to suspect identity theft.  *Id.*

28

                                         9

1    required more information from Plaintiff than was necessary to comply with

2    §1681h.[6]  Plaintiff instead asserts, without any evidence, that "SafeRent's

3    burdensome and convoluted procedures for handling consumer file requests cost

4    Plaintiff time and money in trying to obtain her file."  However, the evidence cited

5    by Plaintiff (her deposition) does not support this statement, but instead merely

6    describes Plaintiff's efforts to send in a written request; that testimony does not

7    establish that SafeRent's procedures required Plaintiff to undertake that effort.

8         Plaintiff's argument regarding a "streamlined process" was made based on

9    incomplete quotes from 12 C.F.R. § 1022.137(a)(1)(i).  The quote on page 14 of

10   Plaintiff's memorandum in particular omits crucial context.  12 C.F.R.

11   § 1022.137(a) provides:

12            "Any nationwide specialty consumer reporting agency
13            shall have a streamlined process for accepting and
              processing consumer requests for annual file disclosures.
14            The streamlined process required by this part shall:

15

16   [6] The cases that Plaintiff claims hold that "CRAs must provide all information in a
     consumer's file upon *any* request" (Pl.'s Mem. 10-11) (Doc. No. 83) (emphasis
17   added) do not actually ignore the requirements of 1681h.  In fact, *Meyer v. Nat'l
     Tenant Network, Inc.*, No. C-13-03187 JSC, 2014 U.S. Dist. LEXIS 6797, at *11
18   (N.D. Cal. Jan. 17, 2014), confirms SafeRent's point that the obligation to provide a
     full file disclosure upon request is subject to the "proper identification" requirement
19   of § 1681h.  *Meyer*, and the other cases cited by Plaintiff, either merely cite § 1681g
     for the full file disclosure obligation (without discussing what type of request
20   suffices under § 1681h) or address the issue of whether the CRA provided "all"
     information.  *Id.* at *11-12 (the file disclosure was allegedly incomplete); *Cortez v.*
21   *Trans Union, LLC*, 617 F.3d 688, 711 (3d Cir. 2010) (the CRA argued that it did
     not need to disclose, as part of a full file disclosure, "OFAC" and "HAWK" alerts);
22   *Gillespie v. Equifax Info. Servs., L.L.C.*, 484 F.3d 938, 941 (7th Cir. 2007) ("This
     case requires us to determine whether Equifax's procedure of using the 'Date of
23   Last Activity' complies with § 1681g(a)(1)'s requirement to 'clearly and accurately
     disclose ... all information' in the plaintiffs' consumer file.") (omission of text in
24   original); *Larson v. Trans Union, LLC*, No. 12-cv-05726-WHO, 2014 U.S. Dist.
     LEXIS 51446, *9-10 (N.D. Cal. Apr. 14, 2014) (ruling, at motion to dismiss stage,
25   that plaintiff had sufficiently pled that the full file disclosure violated § 1681g by
     not being clear and accurate); *Miller v. Trans Union, LLC*, No. 3:12-cv-01715,
26   2013 U.S. Dist. LEXIS 139589, at *17-18 (M.D. Pa. Sept. 27, 2013) (same).

27

28

(1) *Enable consumers to request annual file disclosures by a toll-free telephone number that:*

(i) *Provides clear and prominent instructions for requesting disclosures by any additional available request methods*, that do not interfere with, detract from, contradict, or otherwise undermine the ability of consumers to obtain annual file disclosures through the streamlined process required by this part . . . ."

12 C.F.R. § 1022.137(a)(1)(i) (emphasis added).

Plaintiff quotes only the passage beginning with "interfere with," omitting crucial context showing that SafeRent's procedures complied with the regulation. Specifically, Plaintiff presents no facts to dispute that SafeRent has set up a toll-free number that "[e]nables consumers to request annual file disclosures" as required by the regulation; further, there is no allegation in the complaint that the toll-free number fails to provide adequate instructions on requesting a file, which instructions are all that § 1022.137(a)(1)(i), the section selectively quoted by Plaintiff, requires. More broadly, there is no allegation in the complaint that SafeRent has violated *any* specific provisions of 12 C.F.R. § 1022.137, most of which address having adequate capacity to handle consumers' calls.

Plaintiff's interpretation of the "without charge" requirement of 15 U.S.C. § 1681j is incorrect as a matter of law. Nor does Plaintiff's misplaced citation to a subsection of 1681j have any bearing on the meaning of the term "charge." Plaintiff's admission that she was not charged a fee is fatal and SafeRent is entitled to summary judgment on Claim III.[7]

---

[7] At a minimum, the Court should grant summary judgment as to the pursuit of statutory damages for Claim III. A defendant cannot willfully violate the FCRA unless the Act's requirements, in the circumstances at issue, are "clearly established." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70, 127 S. Ct. 2201, 2216 (2007). Where the statutory text and relevant agency and court guidance allow for more than one reasonable interpretation of "less-than-pellucid" language of the Act, a defendant that acts consistently with one of those interpretations may not be held liable for penalties or punitive damages. *Id.* at 70 & n.20 127 S. Ct. at 2216 & n.20. And whether or not the defendant "thought" or "knew" it was violating the FCRA

11

(footnote cont'd...)

F.   Plaintiff's Untimely "Expert" Testimony Should Be Stricken and is Nonetheless Irrelevant to Determining the Meaning of Charge

Plaintiff's declaration from purported expert Evan Hendricks on the subject of toll-free numbers and websites set up by Experian, Equifax and TransUnion is untimely and should be stricken.  The Parties' Joint Rule 26(f) Report set the deadline for expert reports at May 29, 2014 (Doc. No. 47, p. 6)).  Fed. R. Civ. P. 37(c)(1) precludes expert testimony that has not been the subject of timely disclosure under Rule 26(a)(2) unless the failure to disclose is proven to be substantially justified and harmless.  *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *Subotincic v. 1274274 Ontario Inc.*, No. SACV 10-01946 AG (PSWx), 2013 U.S. Dist. LEXIS 110726, at *34 (C.D. Cal. Apr. 9, 2013).  Here, Hendricks' declaration is inadmissible under Rule 37 and should therefore not be considered in ruling on SafeRent's motion for summary judgment.  Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.")

In any event, the declaration adds nothing to the discussion.  The declaration describes only the procedures used by the Big Three credit reporting agencies (Equifax, Experian, and TransUnion) to carry out a file disclosure process applicable to them alone, 15 U.S.C. § 1681j(a)(1)(B):  the Big Three are the only companies that meet the definition of a "nationwide" CRA under § 1681a(p), referred to in the statute as FCRA section 603(p).  *See* "Key Dimensions and Processes in the U.S. Credit Reporting System" (Consumer Financial Protection Bureau, December 2012), p. 40 (excerpts attached as Exhibit 4).  The declaration

_____

(...cont'd)
is utterly irrelevant; the bright line threshold depends only on the objective clarity of the law.  *Id.*  Not only did SafeRent act consistently with a reasonable interpretation, it acted consistently with the only interpretation aligned with how "without charge" is used throughout 1681j.

1  notes that the Big Three use challenge questions derived from their troves of credit-

2  related information about consumers (*see* 15 U.S.C. § 1681a(p))(2)) as a means of

3  verifying the identity of the person requesting a credit file disclosure.

4       Plaintiff does not allege any facts to support the conclusion that SafeRent is

5  the fourth member of the Big Three, *i.e.*, that it maintains for the purpose of

6  preparing consumer reports regarding consumers residing nationwide both public

7  record information (15 U.S.C. § 1681a(p)(1)) and "[c]redit account information

8  from persons who furnish that information regularly and in the ordinary course of

9  business." 15 U.S.C. § 1681a(p)(2). A "nationwide *specialty* consumer reporting

10  agency" compiles reports on consumers on a nationwide basis relating to residential

11  or tenant history. 15 U.S.C. § 1681a(w)(2). While, like any CRA, it is obligated to

12  provide file disclosures "upon request," its methods for confirming "proper

13  identification" (15 U.S.C. § 1681h(a)(1)) cannot be compared to those used by

14  entities that, by definition, have vast troves of credit information with which to

15  effect such identifications. The declaration is thus also irrelevant under Federal

16  Rule of Evidence 401.

17  III.    SAFERENT IS ENTITLED TO SUMMARY JUDGMENT ON
        CLAIMS I AND II BECAUSE PLAINTIFF DID NOT COME

18          FORWARD WITH EVIDENCE OF A WILLFUL VIOLATION
        OF SECTION 1681G, PRECLUDING STATUTORY DAMAGES

19          AND FAILED TO IDENTIFY ACTUAL DAMAGES CAUSED
        BY THE FAILURE TO PROVIDE A COPY OF HER FILE

20          UPON REQUEST

21       In Claims I and II, Plaintiff claims that she made a request for her file, and

22  that SafeRent did not provide it, in violation of 15 U.S.C. § 1681g and Cal. Civ.

23  Code §§ 1785.10 and 15. However, Plaintiff does not dispute that she mailed her

24  letter to an address at which SafeRent did not operate. That admission negates an

25  essential element of her "file request" claims, *i.e.*, that she made an effective

26  "request" that triggered a file disclosure obligation in SafeRent. Even if that were

27  not the case, Plaintiff cannot establish a "willful" violation of § 1681g (which is a

28

1    prerequisite to an award of a statutory damages) and also cannot show actual

2    damages (to the extent there was a negligent violation).

3        Plaintiff contends that the issue of willfulness is "ill-suited for summary

4    judgment" (Pl.'s Mem., p. 10 (Doc. No. 83)) because of "the highly fact-specific

5    nature of the inquiry" (*id.* at 10 n.6).  However, Plaintiff does not refute the point in

6    SafeRent's memorandum that willful noncompliance with the FCRA is rarely

7    attributed to isolated instances of human error involving a single consumer. *Legge*

8    *v. Nextel Commc'ns, Inc.*, No. CV 02-8676 DSF (VBKx), 2004 U.S. Dist. LEXIS

9    30333, at *51 (C.D. Cal. June 25, 2004). *See also Zaun v. J.S.H. Inc.*, No. 10-2190

10   (DWF/JJK), 2010 U.S. Dist. LEXIS 102062, at *5, *7-8 (D. Minn. Sept. 28, 2010)

11   (dismissing FCRA claim for willfulness based on employee's mistake in handing

12   customer what was intended to be the merchant copy of a credit card receipt, rather

13   than the customer copy that omitted his card's expiration date).

14       Plaintiff instead tries to portray her situation as more than an isolated

15   incident, asserting that SafeRent's "policies and procedures" regarding file requests

16   are evidence of willfulness as to Plaintiff (Pl.s Mem., p. 11 (Doc. No. 83)), because

17   "[a]s described in Plaintiff's motion for class certification, Defendant's policies are

18   uniform and onerous." *Id*.  Plaintiff misses the point that her individual claim

19   depends on what happened to her, not on what she imagines happened to others.

20   And Plaintiff's imagination is contradicted by the evidence.  A court is not

21   compelled to accept a party's characterization of the facts if unsupported by

22   material in the record. *Knight v. Yarborough*, No. CV 03-01210-AG (VBK), 2011

23   U.S. Dist. LEXIS 113710, at *23 (C.D. Cal. Aug. 22, 2011) (Kenton, M. J.)

24   ("Summary judgment cannot be avoided by relying solely on conclusory allegations

25   unsupported by factual data." (*citing Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

26   1989))).  Plaintiff imagines that SafeRent would not respond to a consumer's

27   request for a file disclosure unless the consumer completed a particular form.

28   Indeed, the undisputed facts support the contrary.  Memorandum of CoreLogic

SafeRent, LLC in Opposition to Plaintiff's Motion for Class Certification (Doc. No. 84) ("Memo. in Opp. to Motion for Class Cert."), pp. 6-7.

However, none of the above is relevant as Plaintiff still does not link her failure to receive a second copy of her file to those fictitious "policies and procedures," or even the actual policies discussed in the record. She alleges that "[c]ustomers seeking copies of their SafeRent files cannot obtain them over the phone" (Pl.'s Mem., p. 11 (Doc. No. 83)) an allegation the evidence shows to be untrue), but Plaintiff herself did not attempt to obtain her file via the telephone. Plaintiff also points to the fact that she wrote a letter to SafeRent to request her file (*id.* at 12) but does not refute the evidence that -- uniquely -- her letter was misdirected (Plaintiff's Statement, pp. 2-4 (¶¶ 5-11) (Doc. No. 83-2), first by Plaintiff's counsel then by SafeRent itself, and that, had it gone to the right address in the first instance, SafeRent would have sent her a copy of her file. Memo. in Opp. to Motion for Class Cert., p. 21 (Doc. No. 84).[8]

Plaintiff's idiosyncratic facts are insufficient as a matter of law to make out a claim for willfulness. Plaintiff does not dispute that she bears the burden of adducing evidence showing a practice of SafeRent that created a known, high risk that letters seeking file disclosure requests received in the wrong business units within SafeRent would not be fulfilled. Since Plaintiff has not shown that SafeRent ever received any file request letter other than Plaintiff's in the wrong business unit,

---

[8] Plaintiff again confuses argument with the facts in asserting that SafeRent had a policy of not reading the contents of letters forwarded from the new SafeRent operation in Poway. (Pl.'s Mem., p. 4 (Doc. No. 83)). Plaintiff's citation to the record conveniently omits the entire sequence of the testimony on this issue where Ms. Small explains that the Plaintiff's letter should have been "red flagged" but was not for some unknown reason and that the clerical error occurred in Poway when the file request letter was inadvertently included in a stack of dispute letters. Small Depo., pp. 91:3-92:1. Plaintiff does not and cannot point to any policy that Poway employees were told to systematically not read letters or that her circumstances were anything more than an isolated, clerical mistake. Indeed, Plaintiff has not identified a single other consumer that shared her experience.

1   Plaintiff cannot show that non-response to her letter was, at the time she sent her

2   letter, a "known" risk.  The evidence elicited shows that Plaintiff's case involves, if

3   anything, an isolated instance of human error.  *Legge*, 2004 U.S. Dist. LEXIS

4   30333 at *51 (citing *Mathews v. Gov't Emps. Ins. Co.*, 23 F. Supp. 2d 1160, 1165

5   (S.D. Cal. 1998)).  Further, this error did not entail "an unjustifiably high risk of

6   harm that is either known or so obvious that it should be known" as no consumer

7   acted like Plaintiff in sending a file request to an address that has never been

8   affiliated with SafeRent.  *Safeco*, 551 U.S. at 68, 127 S. Ct. at 2215 (internal

9   quotation marks and citation omitted).

10         As to her remaining claim for actual damages for a negligent violation of

11   Claims I and II[9] Plaintiff cannot create a genuine dispute of fact based on argument

12   and conjecture.  Since her claim in Claims I and II is for failure to receive her file,

13   her actual damages can only be those that are *caused* by that failure.  Plaintiff

14   claims that she expended an admittedly small out of pocket sum ("less than $20;"

15   Pl.'s Mem., p. 9 (Doc. No. 83)) to request her file after SafeRent initially failed to

16   respond to her request, but there is no factual evidence of receipt of this second

17   request.  Memo. in Opp. to Motion for Class Cert., p. 23 (Doc. No. 84), and

18   Declaration of A. Montgomery in Support of Memorandum of Defendant

19   CoreLogic SafeRent, LLC in Opposition to Plaintiff's Motion for Class

20   Certification (Doc. No. 84-6), ¶¶ 3-4.  Nonetheless, these expenses, incurred for

21   mailing a file request, are not damages *caused by a failure to receive* a file "because

22   they were expended prior to [Plaintiff] making a request for [her] credit file and

23   thus cannot be casually linked to a subsequent failure to disclose." *Spector v.*

24   *Equifax Info. Servs.*, 338 F. Supp. 2d 378, 385 (D. Conn. 2004).

25   _____

26   [9] As discussed above, Plaintiff cannot show willfulness, which is a prerequisite to
     recovering statutory damages. 15 U.S.C. § 1681n(a)(1)(A); Cal. Civ. Code

27   § 1785.31(a)(2)(B).  Plaintiff's alternative, then, to pursue a claim, is to show actual
     damages. 15 U.S.C. § 1681o(a)(1); Cal. Civ. Code § 1785.31(a)(1).

28

As to non-monetary damages (Pl.'s Mem., pp. 8-9 (Doc. No. 83)), there are none attributable to Plaintiff's failure to receive her file. She testified that she was upset only by allegedly incorrect information in her SafeRent Identify report (Statement, p. 5, ¶¶ 16-17 (Doc. No. 80)), which is the subject of Claim IV, not Claims I and II. That testimony is consistent with the undisputed fact that she had already been provided with a copy of her SafeRent report by her landlord. Plaintiff's Statement of Undisputed Facts and Conclusions of Law in Support of Motion for Summary Judgment on Claims I, II, and III, (Doc. No. 83-2 ("Plaintiff's Statement"), p. 1, ¶ 3.)[10]

Plaintiff's Statement, p. 6 (¶ 17), disputes the above testimony, but it is well-established that a plaintiff cannot create an issue of fact on summary judgment by contradicting her deposition testimony. *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("[A] party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."). Here, Plaintiff's opposition does not even present a contradictory declaration, instead relying on argument, which is never sufficient to create an issue of fact. Summary judgment should be granted in SafeRent's favor as to Claims I and II.

IV.   UNDERLINE CONCLUSION

Plaintiff's admission that SafeRent never charged her a fee for a copy of her file is determinative of Claim III. The consistent use of "charge" throughout §1681j establishes that "charge" means a fee. Any other interpretation would create a conflict with the requirements of §1681h to first verify the identity of the inquirer before disclosing the personal and private information included in a file. SafeRent

---

[10] Plaintiff also does not present any corroborating evidence that her distress was related to the failure to receive a copy of her file, which is necessary to create an issue of fact on emotional distress damages. *Myers v. Bennett Law Offices*, 238 F. Supp. 2d 1196, 1206 (D. Nev. 2002).

is also entitled to summary judgment on Claims I and II as (a) Plaintiff has failed to establish that she made a "request" triggering an obligation in SafeRent to provide her with a file disclosure, (b) an isolated clerical error cannot form the basis for a willful violation as a matter of law, and (c) Plaintiff has not come forward with any evidence that her alleged damages were caused by the failure to receive a copy of her file.  For these reasons, this Court should grant judgment in favor of SafeRent on Claims I through III.

Dated:     September 8, 2014          FARUKI IRELAND & COX PLL


                                      By: /s/ Ronald I. Raether
                                          Ronald I. Raether


                                      FARUKI IRELAND & COX P.L.L.

                                      Attorneys for Defendant
                                      CoreLogic SafeRent, LLC

878527.1