1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3      HONORABLE ANDREW J. GUILFORD, JUDGE PRESIDING

4   SUSAN E. MORELAND,                )
                                      )
5                                     )
                                      )
6                      Plaintiffs,    )
                                      )
7                                     )
                                      )
8        Vs.                          )   No. SACV 13-470-AG
                                      )
9                                     )
                                      )
10  CORELOGIC SAFERENT, LLC,          )
                                      )
11                                    )
                                      )
12                     Defendant.     )
                                      )
13  _____  )

14

15

16          REPORTER'S TRANSCRIPT OF PROCEEDINGS

17               SANTA ANA, CALIFORNIA

18             MONDAY, SEPTEMBER 22, 2014

19

20

21          MIRIAM V. BAIRD, CSR 11893, CCRA
           OFFICIAL U.S. DISTRICT COURT REPORTER
22         411 WEST FOURTH STREET, SUITE 1-053
               SANTA ANA, CALIFORNIA 92701
23                  (714) 894-5384
                  MVB11893@aol.com
24

25

1                    **A P P E A R A N C E S**

2

3    **IN BEHALF OF THE PLAINTIFFS,**      MICHAEL A. CADDELL
     **SUSAN MORELAND:**                   CADDELL AND CHAPMAN
4                                          1331 LAMAR SUITE 1070
                                           HOUSTON, TX 77010-3027
5                                          713-751-0400

6

7

8

9

     **IN BEHALF OF THE DEFENDANT,**       RONALD I. RAETHER , JR
10   **CORELOGIC SAFERENT, LLC:**          FARUKI IRELAND AND COX PLL
                                           500 COURTHOUSE PLAZA SW 10
11                                         NORTH LUDLOW STREET
                                           DAYTON, OH 45402
12                                         937-227-3733

13                                         - AND-

14                                         JIM MC CABE
                                           MORRISON AND FOERSTER LLP
15                                         555 WEST 5TH STREET
                                           LOS ANGELES, CA 90013-1024
16                                         213-892-5200

17

18

19

20

21

22

23

24

25

```
 1    SANTA ANA, CALIFORNIA; MONDAY, SEPTEMBER 22, 2014; 10:22 A.M.

 2                              ---

 3

 4

 5            THE CLERK:  SACV13-0470-AG Susan E. Moreland, et

 6    al., vs. Corelogic, Inc.

 7            MR. CADDELL:  Good morning, Your Honor.

 8            THE COURT:  Yes, sir.  Appearances, please.

 9            MR. CADDELL:  Michael Caddell for Susan Moreland.

10            MR. RAETHER:  Ronald Raether for defendant

11    Corelogic.

12            MR. MC CABE:  Jim McCabe also for defendant.

13            THE COURT:  Folks, we've been through this a number

14    of times.  It's an interesting case.  I've done my best on

15    the tentative.  If anyone issue wishes to address the

16    tentative ruling, it's best to identify what specifically you

17    take issue with in the tentative.

18            So we'll start with the plaintiff, Mr. Caddell.

19            MR. CADDELL:  Thank you, Your Honor.

20            THE COURT:  Interesting case.  We've been around

21    and around on this, haven't we?

22            MR. CADDELL:  Yes, sir.  Judge, I think that I want

23    to focus on, perhaps, just three points.  I want to put this

24    in context because I think it's important for the Court to

25    keep this in mind.  The motion for class certification was
```

|    |    |
|----|----|
| 1 | filed on May 27th.  We didn't have a schedule or anticipated |
| 2 | a summary judgement motion.  That was filed subsequent to |
| 3 | that.  With the Court's tentative, if it were to be -- become |
| 4 | final, there would not be issue preclusion with respect to |
| 10:24AM  5 | the class, only with respect to Ms. Moreland. |
| 6 | I raise that for one important point which is -- |
| 7 | I'll get to it in a minute -- I think what makes the most |
| 8 | sense here is once the Court has sorted out the summary |
| 9 | judgement issues, I am going to propose that we have an |
| 10:24AM  10 | opportunity to revise the class definition.  I think that |
| 11 | would make the most sense.  I think it would be fair, |
| 12 | frankly, in light of the schedule and the way it played out. |
| 13 | Let me tell you first what I don't want to talk |
| 14 | about.  I don't want to talk about charge.  Except for not |
| 10:25AM  15 | knowing that there was a Blue Bayou at Disneyland -- and I |
| 16 | always that was a Linda on song.  I thought that was a point |
| 17 | well taken.  We're not going to discuss charge. |
| 18 | THE COURT:  It's also a Nolan Ryan pitch. |
| 19 | MR. CADDELL:  That's right.  I'm from Houston. |
| 10:25AM  20 | You're right, yes, Your Honor. |
| 21 | THE COURT:  Oh. |
| 22 | MR. CADDELL:  I will circle back around to Count 3 |
| 23 | because I do want to address just briefly -- I understand the |
| 24 | Court's point on it, but I want to talk a little bit about |
| 10:25AM  25 | streamlining, but let me -- this is what I really want to |

UNITED STATES DISTRICT COURT

| | |
|---|---|
| 1 | talk about.  This is the most important issue. |
| 2 | In looking at the Court's tentative, which I really |
| 3 | appreciate getting early.  It's the -- well, I won't name a |
| 4 | name, but in the Central District in Los Angeles there's a |
| 10:25AM  5 | federal judge, and typically we get a 75-page tentative |
| 6 | 25 minutes before the hearing.  It is a frantic exercise to |
| 7 | try to get through and figure out what you're going to say. |
| 8 | I really appreciate it.  It helps clarify my thinking. |
| 9 | So -- |
| 10:26AM  10 | THE COURT:  Then again, when I was kind of proudly |
| 11 | telling my daughter who used to be an associate at a large |
| 12 | firm that I get those tentatives out on Friday, she says |
| 13 | well, you think you're hot stuff; what you do is you destroy |
| 14 | the weekend for associates.  This came out I think on |
| 10:26AM  15 | Wednesday? |
| 16 | MR. MC CABE:  Friday. |
| 17 | MR. CADDELL:  Friday, Your Honor.  It didn't |
| 18 | destroy -- my weekend was affected, but not an associate's |
| 19 | weekend. |
| 10:26AM  20 | THE COURT:  Well, we are actually trying to get |
| 21 | them out a little earlier than Friday keeping in mind what my |
| 22 | daughter told me years ago. |
| 23 | MR. CADDELL:  I appreciate it, Your Honor.  I |
| 24 | really do. |
| 10:26AM  25 | THE COURT:  Okay. |

```
 1          MR. CADDELL:  It served to focus my thinking.  What
 2   this case is really about is what we believe to be unduly
 3   onerous procedures to get your file.  It's really not much
 4   more than that in terms of a class.  Obviously, Ms. Moreland
 5   has issues with respect to the inaccuracies in her file and
 6   the reinvestigation issues, but the real problem was it took
 7   her so long to get the file, and even if you look at the
 8   CRD001, the form, it is -- it, frankly, imposes a burden that
 9   is inappropriate in today's world with the internet, with
10   telephone, with the access to information with computer
11   databases and things of that nature.
12          So you start with that and then you ask yourself,
13   okay, did we couch that properly in our complaint?  I get the
14   Court's point.  I understand and appreciate that we're on our
15   third amended complaint.  At some point, the Court has to
16   say -- I recognize that, you know, this is not -- you can
17   only get so many do-overs and at some point the Court has to
18   say halt.  I -- I -- I mention that because I would point out
19   to the Court that under the Court's tentative, if adopted,
20   the case will continue.  So we're not talking about a
21   situation where the case is either over or it will
22   continue --
23          THE COURT:  One of the things I wanted to mention
24   is when does Ms. Moreland want her trial date?  Is that how
25   you're speaking of the case continuing?
```

| | |
|---|---|
| 1 | MR. CADDELL:  Well, yes, Your Honor. |
| 2 | So -- but my point is what we really have an issue |
| 3 | with is the unduly onerous.  We've referenced this in the |
| 4 | summary judgement briefing.  In our opposition to the motion |
| 10:28AM 5 | for summary judgement specifically with respect to the |
| 6 | California statute, 1785.15 subsection small c it |
| 7 | identifies -- Your Honor, do you mind if I get a little |
| 8 | water? |
| 9 | THE COURT:  Not at all. |
| 10:29AM 10 | MR. CADDELL:  Thank you. |
| 11 | That provision in the California Credit Reporting |
| 12 | Act statute identifies what is proper identification.  The |
| 13 | Court notes in its tentative that both the federal statute |
| 14 | and the California statute allow a credit reporting agency to |
| 10:29AM 15 | request proper identification.  I agree with that.  That |
| 16 | makes sense.  You don't want your file disclosed to someone |
| 17 | who is not you.  So that makes sense.  But implicit first |
| 18 | in -- in the mere choice of the term proper identification, I |
| 19 | think is a notion that there is some forms of identification |
| 10:30AM 20 | that would be improper and it -- it may, in fact, be unduly |
| 21 | onerous. |
| 22 | In the California statute, however, it's explicit. |
| 23 | In the California statute, proper identification is defined |
| 24 | as that information or identification, quote, "generally |
| 10:30AM 25 | deemed sufficient to identify a person."  Closed quotes. |

1        Now, in the context of this case, Ms. Small, one of

2   the directors for one of the managment personnel for the

3   defendant, has said that what they need to identify a person

4   is only name, address, Social Security Number, and date of

10:30AM  5   birth.  Now, I would -- I would point out as an aside to the

6   Court that Mr. Doyle testified and he's -- he deals with the

7   paying customers.  That if you're paying for your file, all

8   you need is your name and your address.  Apparently, people

9   that pay are entitled to a certain level of -- of

10:31AM  10   authenticity or credibility that the rest of us are not if

11   you want your free file disclosure.  Nonetheless, Ms. Small

12   says it's okay, as long as you have name, address, Social

13   Security Number, and date of birth.

14        Now, what they actually require, however, is not

10:31AM  15   just name, address, and date of birth, but, in fact, copies

16   of information such as two copies of the -- a photocopy copy

17   of a valid driver's license, non-driver's license, or state,

18   federal, or military government issued photo I.D.

19   Alternatively, a photo copy of two of the following:  Social

10:32AM  20   Security Number card, or ITIN, non-government issued photo

21   I.D. such as --

22        THE COURT:  Okay.  I got the facts.

23        MR. CADDELL:  Okay.

24        So, Judge, I think first and foremost, I think it's

10:32AM  25   inappropriate to grant summary judgement on Count 2, which is

1   the California corollary to the FCRA on what you need to do

2   to get your file disclosed.

3        I think as to willfulness, given their own

4   testimony as to what they need, the fact that they continued

10:32AM  5   to maintain a form that goes far beyond that is clearly a

6   violation of the California statute.

7        Now, that leads me back then around to class

8   definition because what we really should have as a class

9   definition, and I think would be appropriate and we can

10:33AM  10   revisit this is -- is we really just need to have a class

11   defined for California of individuals who were required

12   telephone, Internet, e-mail, pony express, whatever to fill

13   out CRD001 in order to obtain their file disclosure from the

14   defendant in California.

10:33AM  15        THE COURT:  Okay.  So you're requesting the

16   opportunity to redefine the class.

17        Now, when you started off, you mentioned that the

18   summary judgement was not class wide.  Then you went into the

19   notion of redefining the class.  I'm trying to figure out

10:33AM  20   exactly what you want me to do.  How the former is related to

21   the latter, or maybe it is not related.  Tell me the

22   procedure you're now proposing?

23        MR. CADDELL:  Well, it's related only in the sense

24   that I think it's appropriate from the standpoint of judicial

10:34AM  25   economy.

```
 1            THE COURT:  Tell me the procedure you're now
 2    proposing?
 3            MR. CADDELL:  I am proposing that once the Court's
 4    summary judgement ruling is final, that if, in fact, the
 5    California claim survives, Count 2, as I think it should for
 6    the reasons I've just outlined, that we then be permitted to
 7    revise our class definition as to Count 2 and propose a
 8    California only class.
 9            THE COURT:  So the procedure -- you're obviously
10    not acquiescing in the summary judgement, but you're
11    suggesting that if the summary judgement -- if the tentative
12    ruling -- if the tentative ruling remains the ruling of the
13    Court, you're telling me the next thing you're going to do is
14    redefine the class.
15            MR. CADDELL:  No, Your Honor.
16            THE COURT:  Again, I'm just trying to get the
17    procedure.  I'm hearing lots of thing about summary judgment,
18    not class wide.  I'm trying to understand the procedure
19    you're proposing.
20            MR. CADDELL:  If the Court's tentative remains as
21    it is and becomes final, then effectively we only have the
22    two negligence claims for -- under the federal statute and
23    the California statute for Ms. Moreland.  We will deal with
24    those, and it will be -- will be done with Ms. Moreland, but
25    there will be no --
```

```
 1              THE COURT:  Let me cut to the chase.

 2              MR. CADDELL:  Yes, sir.

 3              THE COURT:  You're saying alter the tentative

 4    ruling as to Count 2 California so that you can then amend

 5    the class?  Is that what you're saying?

 6              MR. CADDELL:  Yes, sir.

 7              THE COURT:  Okay.  I got it.

 8              MR. CADDELL:  Yes, sir, I apologize.

 9              THE COURT:  No.  Maybe it should have been obvious

10    to me that's where you were going.  I get it.

11              MR. CADDELL:  Because otherwise, Your Honor,

12    frankly, somebody, whether it's me or someone else, will find

13    another class rep and will do this all over again.  I think

14    it would be a waste of the Court's resources.  There would

15    nothing to preclude them from doing so.  There's been no

16    class determination.  Just been a determination with respect

17    to Ms. Moreland on -- it would not be, I don't think --

18              THE COURT:  I got it.

19              Let's hear what the defense has to say about that.

20              MR. RAETHER:  Good morning, Your Honor.

21              THE COURT:  Good morning.

22              Would it have been best for plaintiffs' attorney to

23    excuse the imagery lay in the grass, let this tentative be

24    the ruling of the Court, re-file, perhaps, in front of a

25    judge who would not be so skeptical of the claims, and assert
```

```
 1    this redefined class?
 2              MR. RAETHER:  Your Honor, just to continue the
 3    sports analogy from earlier.  To me this is a Hail Mary pass
 4    after the clock has expired.
 5              THE COURT:  Not good -- not a good analogy in the
 6    pac-12 after the Arizona/Cal game.
 7              MR. RAETHER:  I'm a Big Ten guy, Your Honor, so I
 8    have to apologize --
 9              THE COURT:  You guys never do pay attention.
10              MR. RAETHER:  -- for my lack of knowledge of the
11    pac-12.
12              THE COURT:  How did Michigan do this week?  Go
13    ahead.
14              MR. RAETHER:  It really is, Your Honor.
15              So first of all, in any class action, until there's
16    been a class certified, if a motion to dismiss or motion for
17    summary judgement is granted, it's only effective as to the
18    individual plaintiff.
19              THE COURT:  True.
20              MR. RAETHER:  To me this is, you know, an issue
21    that the Mail Hary (sic) pass after the clock has expired.
22              Mr. Caddell --
23              THE COURT:  You actually said Mail Hary.
24              MR. RAETHER:  I'm sorry.
25              THE COURT:  I did hear that.
```

1          MR. RAETHER:  Mail Hary is a little bit better.

2     Maybe it's the Disneyland analogies that I really appreciate

3     as well as Dynamite.  I don't get a chance to talk about that

4     since they conceded claim three.

10:37AM   5          There's a couple of points I think with respect to

6     this procedural attempt to try to change the game after the

7     it clock has expired.

8          First of all, as plaintiff and Mr. Caddell

9     acknowledged, they've had three amended complaints at this

10:38AM  10     point.  I think more importantly -- I'm not sure how

11     plaintiff would amend their class definition for claim two.

12          THE COURT:  Wait.  I thought Mr. Caddell was pretty

13     straightforward about that.

14          MR. RAETHER:  Well, I think, Your Honor, if you

10:38AM  15     look at your opinion, and you did an excellent job of looking

16     at this.  The fact that plaintiffs' theory has always been

17     that we are disregarding file requests requiring a form that

18     that form is onerous or obstructive.  You pointed that out on

19     Page 4 of your tentative ruling.  That's been a theory that

10:38AM  20     has existed in this case from the very onset.

21          So if you look at the third amended complaint in

22     paragraphs 45 and 70, this argument that plaintiff is now

23     claiming is new and not thought of before is articulated in

24     both of those paragraphs.  They are both talking about a

10:38AM  25     complicated system requiring consumers to expend time,

1    effort, and money in order to obtain their files in violation

2    of the FCRA or the CCRA.  So that has been there all along.

3          In fact, in their memorandum in opposition to the

4    motion for summary judgement, again, at Page 11, they make

10:39AM   5    the same argument that we're deliberately employing tactics

6    to obstruct consumers' rights to get access.  Your Honor

7    you've mentioned we've been here before and we have,

8    including on the motion to dismiss the second amended

9    complaint back -- I think last fall, early winter.

10:39AM   10          In their memorandum in opposition on Page 17, the

11    same argument that they are saying is new and novel was made

12    back then.  It's not, Your Honor.  It's addressed in your

13    order.  It's been addressed in the briefing.  It's been in

14    this case from the very onset.

10:39AM   15          More importantly, as Your Honor pointed out on

16    Page 5 of the order, there are no facts to establish that, in

17    fact, there was an obstructive process in place.  There are

18    no facts that a form was required or that plaintiff picked up

19    and tried to use the telephone and call the 1(800) number.  I

10:40AM   20    think Your Honor did a very good job in the order of

21    identifying these facts.

22          I want to point out two additional facts that I

23    think are important that were in the record for summary

24    judgement that bolster Your Honor's conclusion that plaintiff

10:40AM   25    has not met their burden to come forward with evidence.

```
 1    In -- and I think one of them was a document that Mr. Caddell
 2    referenced.  It's Exhibit 7 to the class.  You will recall,
 3    Your Honor, in the memo in opp (verbatim) to summary
 4    judgement, plaintiff referred to their record on the class
 5    certification motion.  So it's Exhibit 7 and Exhibit 1 of the
 6    reply in support of class certification, which is,
 7    Your Honor, a form that we were not aware of through the
 8    entirety of discovery.
 9            We asked plaintiff for a copy of the form she
10    submit -- allegedly submitted to Corelogic in her deposition.
11    I was told by her counsel that they couldn't find the form.
12    Then I think August 28th, so after we had briefed our memo in
13    opp (verbatim) to class certification, this form mysteriously
14    appears.  I think it's instructive and illustrative of the
15    Court's conclusion that the form was not required.
16            THE COURT:  Hold on.  That's the key point.  I'm
17    trying to get the relevance.  It's instructive that the form
18    was not required.  Tell me how?
19            MR. RAETHER:  Sure.  And that the I.D.s were not
20    required.  If you look at Exhibit 1 of reply in support of
21    motion for summary judgement, in particular, you look at
22    section c, it says include a copy of your valid and
23    verifiable government issued photo identification for faster
24    processing.  So if you want an expedited response, you can
25    include your two forms of I.D.  The language is not
```

```
 1   saying that it is obligated --
 2           THE COURT:  The language is ambiguous most likely
 3   interpreted the way you're going, but it could be interpreted
 4   as a requirement.  Could be.
 5           MR. RAETHER:  Well, I think that's --
 6           MR. CADDELL:  I apologize.  I just can't find the
 7   document.  Can you tell me where that is again?
 8           MR. MC CABE:  It's Moreland 46, Exhibit 1.
 9           MR. CADDELL:  Exhibit 1 to the --
10           MR. MC CABE:  Reply.
11           MR. CADDELL:  On summary judgement?  On class.
12   Okay.  Sorry, Your Honor.  Thank you.
13           THE COURT:  All right.
14           MR. RAETHER:  It is consistent with the testimony
15   that Your Honor cited in the opinion from Ms. Barnard and
16   Ms. Small, which unequivocally said two forms of I.D. are not
17   required.  They file process file requests without having two
18   forms of I.D.  Plaintiff has not come forward with any
19   evidence to show that, in fact, there was a process that was
20   obstruction, you know, that obstructed plaintiffs and
21   consumers generally in terms of the file requests.
22           Likewise, Your Honor, if you look at the
23   instructions, which is Moreland 50, part of Exhibit 1 to the
24   reply in support of class certification --
25           THE COURT:  Uh-huh.  Yes.
```

1          MR. RAETHER:  -- obtaining your consumer file,

2    there's a heading on that page.  You go down to Number 3.

3    Again, it says, "To help expedite your disclosure request,

4    please sign and attached form CRD001," the form at issue.

10:43AM   5    This is consistent with the testimony of Ms. Small and Ms.

6    Barnard that the form was made available to consumers out of

7    convenience to assist them when they needed assistance.  If

8    they had submitted the form in a writing, not on the form,

9    but just a letter, that would have been processed.  Likewise,

10:44AM  10    if they had faxed it in or called in, there are occasions in

11    which those were processed.

12          THE COURT:  If the IRS said to you, to help us get

13    your tax return back as soon as possible, please fill out

14    form 1040, you think they would be giving you the option of

10:44AM  15    not using 1040?

16          MR. RAETHER:  Not sure about the IRS, Your Honor,

17    but in this case, Corelogic SafeRent did so.  They gave the

18    consumer that option.

19          THE COURT:  Okay.

10:44AM  20          MR. RAETHER:  There's plenty of evidence in the

21    record.  Again, it's not our burden.  We've done enough under

22    Rule 56 to shift the burden to plaintiff.  They haven't come

23    forward with any evidence to contradict that.

24          THE COURT:  Okay.

10:44AM  25          MR. RAETHER:  The only thing I want to address

1    quickly is this notion that SafeRent has a blank uniform

2    process for dealing with 1681(h) which is the proper

3    identification requirement that goes hand in hand with

4    1681(g).

10:45AM   5          Mr. Caddell in his argument said that these were,

6    you know, these were standards.  If you provided this

7    information, you would automatically get your file request.

8    That's not what the record evidence says, Your Honor.  In

9    fact, what Ms. Small said and what the process is, you have

10:45AM  10   to look at each request individually, and there is some art

11   to this as well.  By looking at this data, do I feel like the

12   inquirer is the consumer.  Is there any other evidence that

13   there might be identity theft or fraud occurring.  That is

14   applied in the process.  So while there are instances -- my

10:45AM  15   name is fairly unique.  If I'm James Wiliams, my name and my

16   address may not be sufficient enough to verify my identity.

17   So there's going to be variation there.  That is supported in

18   the record as well.

19          That's it, Your Honor, unless you have any

10:45AM  20   questions.

21          THE COURT:  Let me hear Mr. Caddell to close.

22          MR. CADDELL:  Yes, Your Honor.

23          THE COURT:  I will say at this point.  Based on the

24   arguments that have been made, I will take the matter under

10:46AM  25   submission to just review what Mr. Raether and Mr. Caddell

```
 1   have said.

 2            Do you have any response to what you've heard?

 3            MR. CADDELL:  Yes, Your Honor.  At the motion for

 4   summary judgement at page -- I'm sorry, the response for

 5   motion for summary judgement.  I'm glad to hear Mr. Raether

 6   say this is not a new argument.  At Page 13 of the motion for

 7   summary judgement response, we specifically articulate the

 8   distinction between the FCRA and the California corollary

 9   where the California corollary defines proper identification

10   to mean information generally deemed sufficient to identify a

11   person.

12            On Page -- and then we go through and note that

13   from Ms. Small's deposition, their representative, that they

14   are able to sufficiently identify consumers using first name,

15   last name, address, Social Security Number, and date of birth

16   without the need for photocopies, bills, licenses, or

17   anything else.

18            We repeat that on the following page, again, that,

19   in fact, sometimes -- this is on Page 15 of the motion for

20   summary judgement response -- we point out that SafeRent can

21   produce file disclosures using only name, Social Security

22   Number, et cetera.

23            There is no response in the defendant's reply on

24   the motion for summary judgement, they never address not with

25   a word, not a sentence, not a paragraph, much less a sentence
```

```
 1    or paragraph, the requirement of the California statute that
 2    proper identification only be that generally deemed to be
 3    sufficient.  We have their own testimony as to what is
 4    generally deemed to be sufficient.
 5        So the fact that they have a form and they say, oh,
 6    you don't have to file the form, et cetera, nowhere does it
 7    tell you explicitly you don't have to.  In fact, you send a
 8    form.  It's on your Web site.  If you call in, it's
 9    undisputed if you call and you leave a message, they send
10    you -- you -- you submit your name and address over the
11    phone.  They send you the form.  On the Internet, they say
12    you can download the form.
13        Now, their argument is in some cases we go ahead
14    and process it without that information, or the form just
15    expedites things.  That is why the class definition for the
16    California class would only be those individuals who actually
17    filled out the form, because those people were put to a
18    higher test than the law requires.  That's the violation.
19    That's the statutory violation.
20            THE COURT:  Okay.
21            MR. RAETHER:  Your Honor --
22            THE COURT:  30 seconds.
23            MR. RAETHER:  Yeah, I mean -- I think, Your Honor,
24    our briefing on the motion to dismiss the second amended
25    complaint, if you will look in that, you will see the
```

1    standards for proper identification under the federal statute

2    and state statute really are identical, otherwise I've

3    addressed the factual --

4            THE COURT:  I'll take a look at all.  It's under

10:49AM    5    submission.  Thank you, Counsel.

6            (Proceedings concluded at 10:50 a.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                         CERTIFICATE

 2    I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

 3    TRANSCRIPT OF THE STENOGRAPHICALLY RECORDED PROCEEDINGS IN

 4    THE ABOVE MATTER.

 5    FEES CHARGED FOR THIS TRANSCRIPT, LESS ANY CIRCUIT FEE

 6    REDUCTION AND/OR DEPOSIT, ARE IN CONFORMANCE WITH THE

 7    REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

 8

 9    /s/ Miriam V. Baird            02/03/2015

10    MIRIAM V. BAIRD                         DATE
      OFFICIAL REPORTER
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```